ORIGINAL          VITALIANO , J.          BLOOM, M.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF NEW YORK

CV 21 - 2758

Civil Action No._____

MAURICE OPARAJI,

                              Plaintiff,

        -against-

HOME RETENTION CORP,
BORCHERT AND LASPINA, P.C.,
ROBERT W. FROMMER,
AKERMAN LLP,
JORDAN M. SMITH.

                              Defendants.

**COMPLAINT FOR:**
1. Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227
2. New York Telephone Consumer Protection Act ("New York TCPA")
3. Injunctive relief enjoining any further violations of the TCPA
4. Conspiracy
5. Intentional Misrepresentation
6. Negligent Misrepresentation
7. Willful Misconduct

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. The Defendants, acting in concert as a conspiracy, failed to honor the National Do

    Not Call Registry, which is required by the consumer-privacy provisions of the

    Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. They did not just

    violate the consumer-privacy provisions of the Telephone Consumer Protection Act

    ("TCPA"), 47 U.S.C. § 227, but also misrepresented a material fact which they knew

    was untrue with the intent to deceive plaintiff and the plaintiff relied on the false

    statement, and the plaintiff suffered damages as a result of his reliance on the

    defendants' false statements.

1



RECEIVED
MAY 1 4 2021
PRO SE OFFICE

# PARTIES

2.  Plaintiff Maurice Oparaji a "person" as defined by 47 U.S.C. § 153(39), currently resides in New York:
    MAURICE OPARAJI
    245-11 133 Road
    Rosedale, New York 11422
    Phone: 718-978-3581

3.  Defendant Home Retention Corp is a New York corporation with its principal place of business in Long Island City, New York:
    HOME RETENTION CORP
    28-07 Jackson Ave 5th floor
    Long Island City, NY 11101.
    Phone: 718-974-8234
    Phone: (347) 682-2812
    Phone: (917) 477-2988

4.  Defendant Borchert & LaSpina, P.C is a New York corporation with its principal place in Whitestone, New York
    BORCHERT AND LASPINA, P.C.
    19-02 Whitestone Expwy, Suite 302
    Whitestone, NY 11357
    Phone Number: (718) 767-3333

5.  Defendant Robert W. Frommer is a "person" as defined by 47 U.S.C. § 153(39), currently resides in New York:
    ROBERT W. FROMMER
    19-02 Whitestone Expwy, Suite 302
    Whitestone, NY 11357
    Phone Number: (718) 767-3333

6.  Defendant Akerman LLP is a New York corporation with its principal place in New York, New York
    AKERMAN LLP
    1251 Avenue of the Americas, 37th Floor
    New York, NY 10020
    Phone Number: (212) 880-3800

7.  Defendant Jordan M. Smith is a "person" as defined by 47 U.S.C. § 153(39),
    currently resides in New York:
    JORDAN M. SMITH
    1251 Avenue of the Americas, 37th Floor
    New York, NY 10020
    Phone Number: (212) 880-3800

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

    1331, 28 U.S.C. § 1332, as a civil action brought by citizens of the United States,

    and arising in other respects also under federal law and the U.S. Constitution.

9.  Venue is proper because the events herein occurred within this District.

10. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C.

    § 1367.

11. The amount in controversy—the amount the plaintiff claims the defendant owes or

    the amount at stake—is more than $75,000, not counting interest and costs of court,

    because *(explain)*:  $1,000,000.

## FACTUAL ALLEGATIONS

12. This action concerns violations of the Federal Telephone Consumer Protection Act

    ("TCPA"), 47 U.S.C. § 227, the New York Telephone Consumer Protection Act

    ("New York TCPA") by the Home Retention Corp, ("Retention Defendant"), the

    egregious misrepresentations and omissions of Robert W. Frommer, a principal of,

    and the law firm of, Borchert & LaSpina, P.C, ("Borchert Defendants"), Jordan M.

Smith, a partner in, and the law firm of, Akerman LLP ("Akerman Defendants"), causing damages in excess of $1,000,000.

13. On and before December 1, 2020, Mr. Jorge Sanchez of Home Retention Corp called plaintiff and told him that Robert W. Frommer directed him to call him because he is looking to sell his property located at 245-11 133 Road Rosedale, New York 11422, that is for foreclosure. Jorge Sanchez told plaintiff that he wants to buy the property as is and pay cash within 24 hours. Plaintiff told Jorge Sanchez that he is not selling his property. That he wants to buy the property as is and pay cash within seven days. Plaintiff Jorge Sanchez that he is not interested. But Jorge Sanchez did not believe plaintiff; hence, the calls continued. (Attachment 3).

14. But Mr. Jorge Sanchez did not believe plaintiff; hence, the calls continued. (Attachment 3).

15. Plaintiff did not tell Robert W. Frommer that he is looking to sell his property located at 245-11 133 Road Rosedale, New York 11422.

16. On April 27, 2021 at about 4:21 pm, Liomar Crespo ((347) 334-6951) called plaintiff; Liomar Crespo told plaintiff that one Mr. Jordan Smith informed her that plaintiff is seeking to refinance his existing loan. Plaintiff told Liomar Crespo that he is not seeking for refinance. Liomar Crespo identified herself to plaintiff as a secretary with Home Retention Corp.

17. Plaintiff never told Jordan Smith that he is seeking to refinance his existing loan.

18. Plaintiff's telephone number (718) 978-3581, is listed on the National Do Not Call Registry.

19. Plaintiff has been on the Do Not Call Registry since June 12, 2016.

20. Plaintiff's telephone number (718) 978-3581, is a residential telephone number that is not used for business purposes.

21. The Home Retention Corp's telephone numbers that were used in calling plaintiff's telephone number (718) 978-3581 are: (347) 682-2812; (917) 477-2988; (718) 880-8886; (510) 356-2859; (347) 826-6931; (347) 379-4416; (347) 334-6951.

22. The calls were meant and designed to solicit Plaintiff Maurice Oparaji to refinance or sell his property located at 245-11 133 Road Rosedale, New York 11422

23. Plaintiff was not interested and informed the callers of that; however, the calls continued.

24. These calls were placed by Home Retention Corp and its employees without the prior express written consent of the plaintiff.

25. In total, plaintiff believes he received at least 20 calls from Home Retention Corp. (Attachment 3).

26. The actions described herein were in violation of the TCPA.

27. Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls.

28. Plaintiff Maurice Oparaji ("Plaintiff") brings this action under the TCPA alleging that
    Home Retention Corp conspired with Robert W. Frommer of Borchert & LaSpina, P.C
    and others, to send the unsolicited calls to plaintiff's residential number listed on the
    National Do Not Call Registry, which is prohibited by Telephone Consumer Protection
    Act (TCPA) and New York TCPA.

29. Plaintiff brings this Complaint to: (1) stop Defendants' practice of placing calls
    using an automatic telephone dialing system ("ATDS") without their prior express
    written consent; (2) stop Defendants' practice of placing calls using an artificial or
    prerecorded voice to the cellular and landline telephones of consumers nationwide
    without their prior express written consent; (3) enjoin Defendants from continuing
    to place calls using an ATDS to consumers who did not provide their prior express
    written consent to receive them; and (4) obtain redress for all persons injured by its
    conduct. (Attachment 3).

30. Jordan M. Smith or/and Akerman LLP; and Robert W. Frommer or/and Borchert &
    LaSpina, P.C.; are not, and had not been, the attorney of record in the matter in the
    Supreme Court of the State of New York, Queens County, <u>CitiMortgage, Inc. v.
    Maurice Oparaji, et al.; Index No. 704318/2019</u>

31. The attorney of record in the matter in the Supreme Court, Queens County,
    <u>CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019</u> is David Gallo of
    David A. Gallo & Associates LLP, 99 Powerhouse Road, First Floor, Roslyn Heights,

NY 11577, 516-583-5330, dgallo@msgrb.com. David Gallo of David A. Gallo &

Associates LLP has not been changed/substituted in accordance with CPLR §321(b).

The New York Consolidated Laws, Civil Practice Law and Rules - CVP § 321(b),

provides as follows:

> "Unless the party is a person specified in section 1201 , an attorney
> of record may be changed by filing with the clerk a consent to the
> change signed by the retiring attorney and signed and acknowledged
> by the party.   Notice of such change of attorney shall be given to the
> attorneys for all parties in the action or, if a party appears without an
> attorney, to the party.
>
> An attorney of record may withdraw or be changed by order of the
> court in which the action is pending, upon motion on such notice to
> the client of the withdrawing attorney, to the attorneys of all other
> parties in the action or, if a party appears without an attorney, to the
> party, and to any other person, as the court may direct". CPLR §
> 321(b). (Attachments 4).

32. In New York State, there is no legal authority exists that allows the Borchert

Defendants and Akerman Defendants to file papers, make motions, and amend a

complaint without properly substitution. (Kitsch v Riker Oil Co., 23 AD2d 502, 502,

256 NYS2d 536 [2d Dept. 1965]).

33. The Borchert Defendants and Akerman Defendants lacked standing to file papers, make

motions, and amend a complaint. *Dobbins v. County of Erie,* 58 AD2d 733 (4th Dept.,

1977). See also Ottaviano v Genex Coop., Inc., 15 AD3d 924, 790 NYS2d 791 [4th

Dept 2005]; Elite 29 Realty LLC v Pitt, 39 AD3d 264, 833 NYS2d 456 [1st Dept

2007]); (second attorney prohibited from applying for relief to court when plaintiff already represented by counsel).

34. The Borchert Defendants and Akerman Defendants misrepresented the truth of the matter; they claim that they are the attorney of record. Sometimes, they claim that they are co-counsel of plaintiff. Yet again, sometimes, they claim they are counsel to counsel of the plaintiff in the matter CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/20. (Attachments 7-9, 13-14, 17).

35. The Borchert Defendants and Akerman Defendants knew or should have known that their representations were false. (Attachments 1-2, 4-10, 13-14, 17).

36. The Borchert Defendants and Akerman Defendants knew or should have known that the representation was made for the purpose of inducing this plaintiff to rely upon it. (Attachments 1-2, 4-10, 13-14, 17).

37. The Borchert Defendants and Akerman Defendants knew or should have known that second attorney is prohibited from applying for relief to court when plaintiff already represented by counsel. (Attachments 1-2, 4-10, 13-14, 17).

38. Because they are attorneys of many years in practice, plaintiff rightfully rely on their representation, in ignorance of its falsity; hence, plaintiff has been having problem sleeping since the occurrence. (Attachments 1-2, 4-10, 13-14, 17).

39. The Akerman Defendants, acting in their individual capacity, represented as an attorney of record, which later was discovered that they are not (Attachment 9).

40. The Akerman Defendants, acting in their individual capacity, represented as the co-counsel of record, which later discovered that they are not (Attachment 7).

41. The Akerman Defendants representing as the co-counsel of record for the plaintiff, CitiMortgage, Inc., successor by merger to ABN Amro Mortgage Group opposing plaintiff's Motion to enjoin the defendants, Robert W. Frommer and Jordan M. Smith, at the Supreme Court, Queens County, <u>CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019.</u> (Attachments 4-10, 13-14, 17).).

42. The Borchert Defendants, acting in their individual capacity, represented as an attorney of record, which later was discovered that they are not (Attachment 9).

43. The Borchert Defendants, representing as a counsel to Akerman LLP, the counsel of record for plaintiff, CitiMortgage, Inc., successor by merger to ABN Amro Mortgage Group opposing plaintiff's Motion to enjoin the defendants, Robert W. Frommer and Jordan M. Smith, at the Supreme Court, Queens County, <u>CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019</u> (Attachment 9).

44. On August 16, 2019 at the Supreme Court, Queens County Courthouse, located at 88-11 Sutphin Boulevard, Jamaica, New York Jordan M. Smith accosted plaintiff and told him that "you have no business in New York Supreme Court; this is not African Court, I will do everything within my power to stop you". Plaintiff told Jordan M. Smith "you are not more American than me, you cannot stop me".

45. On September 5, 2019, plaintiff filed a motion for a default judgment, Jordan M.

Smith, claiming to be attorney for the plaintiff CitiMortgage, filed a cross motion

asking the Supreme Court to bar plaintiff from filing any further *pro se* actions without

first seeking leave of the appropriate Administrative Justice, Jordan M. Smith's cross

motion stated as follows:

> "Jordan M. Smith, pursuant to CPLR 2106, and under the
> penalties of perjury, affirms as follows:
> 1. I am an attorney admitted to practice law in New York State, and a
> partner in Akerman LLP, the attorneys for plaintiff/counter-defendant
> CitiMortgage, Inc. successor by merger to ABN Amro Mortgage
> Group, Inc.,1 and am admitted to practice law in the State of New
> York. I am fully familiar with the facts set forth in this affirmation. I
> also make out the following points of law.1 ABN Amro Mortgage
> Group merged into CitiMortgage, Inc., in 2007 and has not existed
> since that time. A true copy of the Certificate of Merger is attached to
> the Complaint in this action. [NYSCEF Doc. No, 1.]
> PRELIMINARY STATEMENT
> 2, I submit this affirmation in opposition to Maurice Oparaji's
> motion for entry of default judgment against ABN Amro Mortgage
> Group, Inc., Citibank, N.A., and Terry Johnson, I also submit this
> affirmation in support of CitiMortgage's cross-motion to dismiss
> this action as against Citibank, N.A. and Terry Johnson, and to
> enjoin the Oparajis from further *pro se* filings.
> BACKGROUND
> 3. CitiMortgage has been litigating the same issues with the
> Oparajis for over 12 years, including numerous appeals
> throughout the court system, and in proceedings from Civil
> Court to the Court of Appeals. *The 2011 Civil Court Action*
> 4. This action stems from a default under a mortgage
> securing a loan on the property located at 245-11 133rd Road
> in Rosedale, New York. The Oparajis defaulted on their
> mortgage loan, resulting in a foreclosure action being
> commenced in Queens County Supreme Court styled

*ABN Amro Mortgage Group, Inc. v. Maurice Oparaji, et al.,*
Index No. 6889/2007. That foreclosure action was settled,
whereby the Oparajis agreed to reinstate their loan, and to
reimburse CitiMortgage for all real property taxes
CitiMortgage had paid on their behalf. The Oparajis were
sent a written demand in April 2018 to reimburse
CitiMortgage, which as successor-by-merger to ABN Amro
Mortgage Group, for the real property taxes they agreed to
repay in the stipulation of settlement. The Oparajis failed to
reimburse CitiMortgage for those real property taxes.
Because of this, CitiMortgage properly held the Oparajis'
account delinquent.

5. The Oparajis commenced an action against CitiMortgage
in Civil Court on April 8, 2011, claiming it breached the
settlement of the 2007 foreclosure action.2 By order entered
July 17, 2012, the Civil Court (Hon. Anna Culley) granted
Citi defendants summary judgment and dismissed the
complaint.3 Mr. Oparaji appealed to the Appellate Term,
which by order dated April 9, 2014, reversed summary
judgment on the grounds Mr. Oparaji was not properly
served with the motion papers.

6. CitiMortgage moved for summary judgment a second time in
May 2014, this time effecting proper service of the motion papers
on Mr. Oparaji. By order dated August 18, 2014,
the Civil Court (Hon. Jodi Orlow) granted CitiMortgage summary
judgment.5 Mr. Oparaji moved to renew and reargue, which was
denied by order entered November 28, 2014.6

7. Mr. Oparaji appealed and in May 2017 the Appellate Term
affirmed the order granting summary judgment on grounds
CitiMortgage "established its prima facie entitlement to
judgment as a matter of law dismissing the complaint and that
appellant did not raise a triable issue of fact in opposition."7 Mr.
Oparaji moved to reargue the Appellate Term's decision and
for permission to appeal to this Court. The Appellate Term
entered a decision and order on September 28, 2017, denying this
motion in its entirety.

8. Not satisfied, Mr. Oparaji moved the Appellate Division for
permission to appeal the Appellate Term's decision affirming
summary judgment. The Appellate Division denied permission to
appeal in December 2017,9 Mr. Oparaji then moved to reargue and

for leave to appeal to the Court of Appeals, which was denied by decision and order dated March 15, 2018. Mr. Oparaji moved to reargue again, which was denied by decision and order dated July 27, 2018.

9. Mr. Oparaji moved the Court of Appeals directly for permission to appeal. The Court of Appeals dismissed the motion in November 2018 because that Court lacks jurisdiction to entertain a motion for leave to appeal an order of the Appellate Division in an action originating in the Civil Court of the City of New York. *The 2018 Supreme Court Action*

10. Mr. Oparaji commenced another action in April 2018 asserting the same general causes of action made in the April 2011 complaint.13 The Supreme Court (Hon. Pam Jackson Brown) entered an order in October 2018 dismissing the complaint in its entirety as against the Citi defendants. That order is currently on appeal before the Second Department. *The 2019 Federal Action*

11. Ms. Oparaji commenced an action against ABN Amro Mortgage Group, Citibank, N.A., Terry Johnson, and Richard Babeck in U.S. District Court for the Eastern District of New York in March 2019. A second amended complaint was filed on July 12, 2019. All allegations arise out of the mortgage loan at issue in this foreclosure. A motion to dismiss the second amended complaint remains pending before the federal court. *The 2019 Foreclosure Action*

12. CitiMortgage, Inc. commenced this action to foreclose the Oparajis' mortgage in March 2019. [NYSCEF Doc. No. 1.]

13. Ada Oparaji answered the complaint on April 8, 2019 naming CitiMortgage, Inc., ABN Amro Mortgage Group, Inc., Citibank, N.A., Richard M. Babeck, and Terry Johnson as counter-defendants. [NYSCEF Doc. No. 10.] The affidavit of service states the answer with counterclaim was served on CitiMortgage, Inc., ABN Amro Mortgage Group, Inc., Richard M. Babeck and Terry Johnson on April 8, 2019. [NYSCEF Doc. No. 11.] The affidavit does not state the method of service, nor is there any proof of service on Citibank, N.A. *[Id.]*

14. Maurice Oparaji answered the complaint on April 9, 2019. Although he does not list them in his caption, Mr. Oparaji purports to name CitiMortgage, Inc., ABN Amro Mortgage Group, Inc., Citibank, N.A., Richard M. Babeck; and Terry Johnson as counter-defendants. [NYSCEF Doc. No. 12.] The affidavit of service states

the answer with counterclaim was served on CitiMortgage, Inc., ABN Amro Mortgage Group, Inc., Richard M. Babeck, and Terry Johnson on April 9, 2019. [NYSCEF Doc. No. 13.] The affidavit does not state the method of service, nor is there any claim of service on Citibank, N.A. *[Id.]*

15. Ms. Oparaji filed notice of removal to federal court in April 2019 on the basis of diversity jurisdiction. [NYSCEF Doc. No. 14.] Mr. Oparaji consented to removal. [NYSCEF Doc, No. 161

16. Ada Oparaji filed an amended answer with counterclaim in the federal court on May 15, 2019.16 Maurice Oparaji also filed an amended answer with counterclaims in the federal court on May 16, 2019.17 CitiMortgage answered Mr. Oparaji's counterclaims on May 29, 2019. (Oparaji Motion, Ex, 3) Despite CitiMortgage's answer, the Oparajis moved the federal court for entry of default. The federal court entered an order on August 14, 2019 remanding this action to this Court without ruling on the motion for default. [NYSCEF Doc. No.29.]

17. Mr. Oparaji moves for a default judgment against ABN Amro Mortgage Group, Inc., Citibank, N.A., Richard M. Babeck, and Terry Johnson for failure to respond. [NYSCEF Doc. No. 32.] The motion should be denied and the Oparajis enjoined from further *pro se* filings.

ARGUMENT

*No Default Judgment May Enter*

18. "When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed,
the plaintiff may seek a default judgment against him." CPLR 3215(a). No default against Citibank, N.A. or Terry Johnson may enter because neither was properly added as a defendant to this action, and there is no proof of service on either.

19. "Where a person not a party is alleged to be liable a summons and answer containing the counterclaim shall be filed, whereupon he or she shall become a defendant." Fed. R. Civ. P. 14; *compare* CPLR 1007. Mr. Oparaji never filed any summonses with his answer containing the counterclaim, nor did the U.S. District Court of the Eastern District of New York ever issue a summons. Neither Citibank nor Ms. Johnson ever became parties to this action. They cannot be defaulted.

20. Mr. Oparaji is also not entitled to a default judgment because he never effected service of process on Citibank or Ms. Johnson.

"On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice." CPLR 3215(0. "Adequate proof that a defendant was properly served with process is a prerequisite to the entry of a default judgment against that defendant." *Cordero v, Barreiro-Cordero,* 129 A.D.3d 899, 900 (2d Dep't 2015).

21. As stated, no summonses ever issued to Citibank, N.A. or Terry Johnson. No proofs of service as required by CPLR 306 are filed. In the absence of proof of service, no default judgments as to these counter-defendants may enter. Mr. Oparaji includes an affidavit of service of his amended counterclaims with his current motion papers as Exhibit 2. Even that affidavit does not state a summons was served and so fatally undermines his claim to have made adequate service as to the third parties Citibank and Johnson. It does not even claim service of anything on Citibank.

22. Mr. Oparaji is also not entitled to a default judgment against plaintiff/counter defendant CitiMortgage, Inc., successor-by-merger to ABN Amro Mortgage Group, Inc. "Except where otherwise prescribed by law or order of the court, there shall be an answer or reply to an amended or supplemental pleading if an answer• or reply is required to the pleading being amended or supplemented. Service of such an answer or reply shall be made within twenty days after service of the amended or supplemental pleading to which it responds." CPLR 3025(d). At the time Mr. Oparaji amended his counterclaims, on or about May 16, 2019, the case was pending in federal court. CitiMortgage timely answered the counterclaims on May 29, 2019, a copy of which Mr. Oparaji attaches to his moving papers. *(Id.,* Ex. 3.) Therefore, CitiMortgage is not in default, having answered the counterclaims three months before Mr. Oparaji served this motion. *(Id.)*

*The Oparajis Should be Barred from Further Pro Se Filings.*

23. "While public policy mandates free access to the courts, a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will." *Graham v. Rawley,* 145 A.D.3d 721, 722-23 (2d Dep't 2016). The Oparajis have a history of abusing the judicial process. 24, The First Department recently enjoined Mr. Oparaji from filing any further litigation in another matter due to his abuse. *See Oparaji v.*

*Yablon*, 159 A.D.3d 539 (1st Dep't 2018) ("Plaintiffs are enjoined from commencing any further litigation relating to this matter without permission of this Court. The Clerk of this Court is directed to accept no filings from plaintiffs as to this matter without prior leave of the Court."). Mr. Oparaji is a prolific litigant. His name appears throughout the New York Reports. *See, e.g., Oparaji v, Books & Rattles,* 29 N.Y.3d 918 (2017); *Oparaji v. New York Mortgage Co, LLC,* 13 N.Y.3d 765 (2009); *Oparaji v. Vessup,* 158 A.D.3d 686 (2d Dep't 2018); *Oparaji v. 245-02 Merrick Blvd, LLC,* 149 A.D.3d 1092 (2d Dep't 2017); *Oparaji v. Books & Rattles,* 147 A.D.3d 1165 (3d Dep't 2017); *Oparaji v. New York Mortgage Co., LLC,* 55 A.D.3d 429 (1st Dep't 2008); *Oparaji v. Scheiner,* 50 A.D.3d 753 (2d Dep't 2008); *Oparaji v. Duran,* 18 A.D.3d 725 (2d Dep't 2005); *Oparaji v. Madison Queens-Guy Brewer, LLC,* 302 A.D.2d 439 (2d Dep't 2003); *Oparaji v. Weston,* 293 A.D.2d 592 (2d Dep't 2002); *Oparaji v. Alabi,* 39 Misc, 3d 138(A) (App. Term 1st Dep't 2013); *Oparaji v. United Home Mortg, Inc.,* 29 Misc, 3d 126(A) (App. Term 1st Dep't 2010); *Oparaji v, Blvd. Auto Wrecking, Inc.,* 20 Misc. 3d 138(A) (App. Term 2d Dep't 2008); *Oparaji v, United Home Mortg., Inc.,* 16 Misc. 3d 131(A) (App. Term 1st Dep't 2007); *Oparaji v. Hickson,* 12 Misc.3d 127(A) (App. Term 2d Dep't 2006); *Oparaji v. Holmes, 10* Misc.3d 145(A) (App. Term 2d Dep't 2006); *Oparaji v. Pep Boys,* 5 Misc.3d 138(A) (App. Term 2d Dep't 2004); *Oparaji v. Carver Fed. Say. Bank,* 2002 WL 1311650 (App. Term 2d Dep't 2002); *Oparaji v. New York Mortgage Co., LLC,* 24 Misc. 3d 1230(A) (Sup. Ct. Bronx Co.2007).

25. This court should follow the First Department's lead and prevent further abuse of the judicial process by the Oparajis. They have harassed CitiMortgage for over a decade with his groundless accusations about his home mortgage loan—with constant frivolous motions for reargument or for leave to appeal. When the Appellate Division finally denied leave to appeal to the Court of Appeals in March 2018 Citi thought this abuse was finally over. Not so. Mr. Oparaji immediately commenced another action in April 2018. Ms. Oparaji commenced her own federal action March 2019.

26. The Oparajis now bring these meritless counterclaims and Mr. Oparaji has filed a frivolous motion for default against unserved non-parties and CitiMortgage, whose answer from May he attaches

to the motion for default. Once denied, Mr. Oparaji will, as he always does, appeal and move to reargue in order to harass CitiMortgage and its counsel. This need not continue. The Oparajis should be barred from filing any further *pro se* actions or motions arising out of their mortgage loan without first seeking leave of the appropriate Administrative Justice,

CONCLUSION

27. Because the Oparajis have failed to name or serve the new counterclaim defendants no default may lie against them. Instead, the Oparajis should be barred from filing any further *pro se* actions arising out of their mortgage loan without leave of the appropriate Administrative Justice. Mr. Oparaji also appears throughout the United States federal reporter. *See, e.g., Oparaji v. NE Auto-Marine Terminal,* 565 U.S. 1189 (2012); *Oparaji v. Atlantic Container Line,* 562 U.S. 1214 (2011); *Oparaji v. New York Mortgage Company LLC,* 559 U.S. 954 (2010); *Oparaji v. New York City Dep't of Edue.,* 552 U.S. 918 (2007); *Oparaji v. United Fed. of Teachers,* 552 U.S. 912 (2007); *Oparaji v. NE Auto-Marine Terminal,* 437 Fed, Appx. 190 (3d Cir. 2011); *Oparaji v. Atlantic Container Line,* 363 Fed. Appx. 778 (2d Cir. 2010); *Oparaji v. Virgin Atlantic Airways,Ltd.,* 258 Fed, Appx. 374 (2d Cir. 2007); *Oparaji v. New York City Dep't of Educ.,* 172 Fed. Appx. (2d Cir. 2006).

WHEREFORE, your affirmant prays for an order denying any default judgment in favor of the Oparajis, barring the Oparajis from filing any further *pro se* actions against the CitiMortgage arising out of their mortgage loan without first seeking leave of the appropriate Administrative Justice, and for such other relief as the Court deems just and proper.

Dated: New York, New York

      September 5, 2019

/s/ Jordan M. Smith
Jordan M. Smith
Attorneys for CitiMortgage, Inc. successor
by merger to ABN Amro Mortgage Group,
Inc. and Purported Additional Parties
Citibank, NA., and Terry Johnson" (Attachments 13).

46. In an Order and Decision by Hon. Janice A. Taylor, dated January 7, 2020 Hon. Taylor denied Akerman Defendants' Cross Motion to enjoin further pro se filings, stating that "no legal basis for the relief sought". (Attachments 14).

47. Plaintiff received information from someone who wants to remain anonymous because of future engagements; the individual told plaintiff that some persons are being recruited to forge property documents and bear witness in the ongoing case in the Supreme Court, Queens County, CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019 (Attachment 9).

48. Plaintiff wrote to the Court and plaintiff in the matter that persons of dubious character are being solicited and recruited to forge documents and be witnesses in this action. (Attachments 1-2).

49. Forgery is define as any alteration or modification of an official document, such as a state-issued identification or locally issued permit, with intent to defraud, could be considered forgery. Typically, the purpose of creating a forgery is to try to pass it off as genuine in order to obtain services, money, or something else of value. It could also be intended to deprive someone else of something of value, such as if a person modifies a deed conveying real property by removing a grantee's name or changing the terms of the conveyance. (Attachments 2).

50. Plaintiff sent out notices to Cease-and- Desist such future conduct described in the letters dated September 4, and 6, 2020, failure "will be officially served with a lawsuit. BE WARNED". (Attachment 1).

51.  The Borchert Defendants and Akerman Defendants ignored plaintiff's Notices to Cease-and- Desist such future conduct described in the letters dated September 4, and 6, 2020, and intensified their action. (Attachments 5-8).

52. The Borchert Defendants and the Akerman Defendants, acting in their individual capacity, had forged documents, filed papers and motions with the forged document to amend a pending action in which they are not effectively engaged or retained (Attachments 5-10).

53. Without properly substituted, the Borchert Defendants stated that they are appearing for the sole "purpose of contesting the allegation that defendants did not sign the subject note and mortgage or that their signatures on same are forged" (Attachment 17).

54. The Borchert Defendants and the Akerman Defendants ignored plaintiff "notices to Cease-and- Desist such future conduct described in the letters dated September 4, and 6, 2020, failure will be officially served with a lawsuit. BE WARNED". (Attachment 1).

55. The information that plaintiff received from someone who wants to remain anonymous, was indeed correct, the Borchert Defendants and the Akerman defendants had indeed recruited John A. Caminiti and Jeremy Shapiro of Park Place Home Mortgage Corp. (Attachment 11-12).

56. John A. Caminiti and Jeremy Shapiro of Park Place Home Mortgage Corp forged HUD-1 statement, as at March 13, 2020, never existed. (Attachment 20).

57. See other forged documents by John A. Caminiti and Jeremy Shapiro of Park Place Home Mortgage Corp (Attachment 6).

58. Document Attachments "5" and "6" Uniform Residential Loan Application and HUD-1 statement, because plaintiff and his wife never executed any loan with ABN Amro Mortgage Group, Inc. Moreover, these documents did not exist at the time CitiMortgage Complaint was file at the Supreme Court, Queens County and never existed before March 13, 2020. (Attachments 17, 20).

59. ABN Amro Mortgage Group, Inc never lend money to Plaintiff and his wife. Citibank, N.A is the lender for the loan Account #: 78672050 dated October 24, 2003 executed by plaintiff Maurice Oparaji and his wife Ada Oparaji.

60. Plaintiff and his wife never executed any loan with ABN Amro Mortgage Group, Inc. The purported Mortgage, note, and all document(s), dated March 31, 2004 and April 1, 2004 are fake, including attachment Uniform Residential Loan Application and HUD-1 statement. (Attachments 20, 30).

61. Plaintiff and his wife executed with Citibank, N.A. ("Citibank"), d/b/a/ CitiMortgage, Inc in June 15, 1993. The Loan was refinanced in October 24, 2003; plaintiff and his wife never taken any other loan on the property.

62. The mortgage purporting to have been executed by plaintiff Maurice Oparaji and his wife Ada Oparaji; and the note, and all and any document(s), dated March 31, 2004 and April 1, 2004, including Uniform Residential Loan Application and HUD-1 statement, purported to have been executed by plaintiff Maurice Oparaji or/and his wife with ABN Amro Mortgage Group, Inc is forged. (Attachment 30).

63. Because the attorney of record, David Gallo of David A. Gallo & Associates LLP, does not want to engage in manufacturing evidence to foreclose plaintiff's property, these defendants conspired to manufacture evidence.

64. First, these defendants claimed to be attorney of record; second, they claim to be attorney of attorney of record. Third, they solicited and recruited persons of dubious character to forge documents and be witnesses. (Attachments 1-2).

65. Defendants manufactured documents for the sole purpose of foreclosing and selling plaintiff's property located at 245-11 133rd Road, Rosedale, New York, Queens County.

66. Having armed with the forged document, HUD-1 statement, Borchert Defendants and the Akerman Defendants moved the Supreme Court, Queens County, to amend the Complaint, with the forged HUD-1 statement by John A. Caminiti and Jeremy Shapiro of Park Place Home Mortgage Corp, annexed to the amended complaint as "Exhibit C". (Attachments 5-6).

67. The Borchert Defendants and the Akerman Defendants moved the Supreme Court to enjoin the plaintiff from filing pro se. (Attachments 13-14).

68. The Borchert Defendants and the Akerman Defendants interfered in the matter CitiMortgage, Inc. v. Maurice Oparaji; Index No. 704318/2019 prevented this plaintiff from defending or/and prosecuting the action in; they filed motions. (Attachments 6- 9).

69. The Borchert Defendants and the Akerman Defendants file motion to amend complaint the forged Exhibit "C" HUD-1 statement, which never existed. (Attachments 5).

70. The Borchert Defendants' affirmation in support of Proposed Amended Complaint, stated in pertinent part, as follows:

> "Robert W. Frommer, Esq., an attorney admitted to practice law in and before the courts of the State of New York, affirms that the following statements are true and accurate and subject to the penalties of perjury:
>
> 1. I am a principal of the law firm of Borchert & LaSpina, P.C., of counsel to Akerman LLP, the counsel of record for plaintiff in this action. As such, I am fully familiar with the facts and circumstances recited herein.
> 2. I submit this affirmation in support of plaintiff's motion pursuant to CPLR 3025(b) for leave to interpose an amended complaint in the form annexed hereto as Exhibit "A". A copy of the proposed amended complaint is annexed hereto as Exhibit "A". A copy of the original complaint is annexed hereto as Exhibit "B".
> 3. The difference between the original complaint and the proposed amended complaint is that the proposed amended complaint has added a cause of action on the theory of equitable subrogation.
> 4. The equitable subrogation claim is founded in the payoff of a

prior mortgage as well as the payment of taxes and carrying charges. The HUD-1 statement from plaintiff's mortgage shows the payoff of that prior mortgage in the sum of $251,748.82. A copy of that HUD 1 statement is annexed hereto as Exhibit "C".

5. Equitable subrogation is a well-established and meritorious doctrine in this State. Great Eastern Bank v. Chang, 227 A.D.2d 589, 643 N.Y.S.2d 203 (2d Dept. 1996); King v. Pelkofski, 20 N.Y.2d 326, 282 N.Y.S.2d 753 (1967); Long Island City Savings and Loan Assoc'n v. Skow, 25 A.D.2d 880, 270 N.Y.S.2d 234 (2d Dept. 1966).

6. Granting this motion will not prejudice any other parties. No depositions have been conducted and the assertion of a meritorious claim is not prejudicial. Dolan v. Garden City Union Free Schoci. District, 113 A.D.2d 781, 493 N.Y.S.2d 217 (2d Dept. 1985).

7. The law of this state emphatically provides that leave to amend the pleadings is to be liberally granted. CPLR 3025(b); Siegel, N2 Practice 2d Edition § 237, at 352 (1991 & Supp. 1997); Thompson v. Alleva, 76 A.D.2d 1022, 429 N.Y.S.2d 481 (3d Dept. 1980).

8. Generally, even the merits of the proposed amendment will not be considered on a motion to amend. Sunshine v. Green Bus Lines. Inc., 41 Misc.2d 1037, 247 N.Y.S.2d 369 (Sup. 1963).

9. Based on the foregoing, the instant motion should be granted its entirety.

WHEREFORE, plaintiff requests that it be granted leave to interpose an amended complaint in the form annexed hereto as Exhibit "A" and that plaintiff be granted such other, further and different relief as this court deems just and proper". (Attachments 5).

71. The Borchert Defendants and the Akerman Defendants' Proposed Amended Complaint, signed by both Jordan M. Smith and Robert W. Frommer, states in pertinent part, as follows:

"AS AND FOR A SECOND CAUSE OF ACTION
(Action to Determine Title/Equitable Subrogation/Equitable Mortgage/Equitable Lien)

33. Plaintiff repeats, restates and realleges each of the foregoing allegations as if fully set forth herein.

34. This cause of action is brought in equity and under the provisions

of Article 15 of the Real Property and Proceedings Law for a determination of Plaintiff's mortgage and lien interests and claims in and to the premises in Queens County, New York known as 245-11 133rd Road, Rosedale, New York and by a Queens County tax map designation of Block 13209 and Lot 80 and more particularly described in Exhibit "A" annexed hereto ("Premises").

35. Defendant Maurice H. Oparaji a/k/a Maurice Oparaji a/k/a Maurice UD Oparaji ("Maurice Oparaji") claims to have an ownership interest or other interest in the Premises.

36. Defendant Ada Patience Oparaji a/k/a Ada P. Oparaji a/k/a Ada Oparaji ("Ada Oparaji") claims to have an ownership interest or other interest in the Premises.

37. On October 24, 2003, Maurice Oparaji and Ada Oparaji executed and delivered a mortgage to Citibank, N.A. encumbering the Premises as security for a loan and debt in the principal sum of $252,000.00. That mortgage was recorded against the Premises on July 2, 2004 ("Citibank Mortgage"). A copy of the recorded Citibank Mortgage is annexed hereto as Exhibit "I".

38. As noted in the first cause of action in this complaint, the mortgage plaintiff seeks to foreclose in this action is dated March 31, 2004 and was recorded in the Office of the City Register of the City of New York on October 20, 2004. A copy of that mortgage is annexed hereto as Exhibit "H" ("Plaintiff's Mortgage").

39. Plaintiffs Mortgage was executed and delivered by both Maurice Oparaji and Ada Oparaji to ABN Amro Mortgage Group, inc. with the full intent to encumber the Premises as set forth in Plaintiff's Mortgage and as security for the annexed note.

40. Citimortgage, Inc. is the successor by merger to ABN Amro Mortgage Group, Inc. as set forth above. See Exhibit "J" annexed hereto.

41. $251,748.82 of the proceeds of Plaintiff's Mortgage paid off and satisfied the Citibank Mortgage.

42. The Citibank Mortgage was satisfied of record by written instrument dated November 15, 2004 and recorded in the Office of the City Register of the City of New York on December 3, 2004. A copy of that recorded document is annexed hereto as Exhibit "K".

43. Plaintiff and plaintiff's predecessors in interest have paid taxes and other carrying charges to the benefit of the Premises and which payments have had the effect of benefitting the defendants.

44. Plaintiff's Mortgage is a valid, first priority mortgage and lien encumbering the Premises and the interests of all defendants are subject

and subordinate thereto.

45. Plaintiff is entitled to be subrogated to the position of the Citibank Mortgage and all prior mortgages and liens that were paid off, satisfied and discharged with the proceeds of Plaintiff's Mortgage by virtue of the doctrine of assignment by equitable subrogation and the doctrine of unjust enrichment and to have a corresponding equitable lien on the Premises with interest thereon from March 31, 2004 and continuing.

46. Plaintiff is entitled to be subrogated to the position of the taxes and other carrying charges affecting the Premises by virtue of the doctrine of assignment by equitable subrogation and the doctrine of unjust enrichment with interest thereon from the dates of payment and continuing Citibank Mortgage and all prior mortgages and liens that were paid off, satisfied and discharged with the proceeds of Plaintiffs Mortgage by virtue of the doctrine of assignment by equitable subrogation and to have a corresponding equitable lien on the Premises with interest thereon from March 31, 2004 and continuing.

47. Plaintiff further seeks and is entitled to judgment declaring that Plaintiff holds a first priority equitable mortgage and equitable lien encumbering all of the defendants' interests in the Premises in accordance with the terms of the Citibank Mortgage in which Plaintiff has rights asaforesaid.

48. The defendants herein claim, or it appears from the public records and the allegations of this complaint, that the defendants might claim an estate or interest in the Premises adverse to Plaintiff.

49. The defendants herein are of full age and sound mind and are not absentees, infants, incompetents, or alcohol abusers.

50. A judgment herein will not affect a person or persons not in being or ascertained at the commencement of this action, who by any contingency contained in a device or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the Premises.

51. There are no persons not in being or ascertained at the commencement of this action, who by any contingency contained in any devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the Premises; and every person in being who have been entitled to such estate or interest if such event had happened immediately before the commencement of this action is named as a party hereto.

52. None of the parties to this action are unknown and none are infants, or incompetent to manage themselves or their affairs.

53. No personal claim is made, in this action, against any defendant other than a defendant who shall assert a claim adverse to the claim of

Plaintiff set forth in this complaint.

54. Plaintiff further seeks and is entitled to a judgment to the effect that the Plaintiff's Mortgage and lien is a valid encumbrance on the Premises and that the interests of all defendants are subject and subordinate to Plaintiff's Mortgage and lien on the Premises.

55. Plaintiff has no adequate remedy at law.

56. If Plaintiff's Mortgage and lien interest in the Premises is not established superior to all defendants herein, then all defendants will have reaped a windfall and become unjustly enriched all to the detriment, damage and hardship of Plaintiff.

57. No previous application for the relief requested herein has been made to this or any other court except to the extent requested in the original complaint filed in this action.

WHEREFORE, plaintiff demands judgment as follows:

(I) On the First Cause of Action,

**A**. That each and all of the defendants in this action, and any and all persons claiming by, through and under any of them, subsequent to the commencement of this action and the filing of the notice of pendency of this action, may be forever barred and foreclosed of any and all right, title and interest, claim, lien and equity of redemption in the mortgage Premises;

**B**. That the Court direct that the Premises can be sold according to law, in one parcel or otherwise as equity may require;

**C**. That the monies arising from the sale of the Premises may be brought into Court or paid to the plaintiff in accordance with RPAPL§ 1354.

**D**. That the monies due to plaintiff on the Mortgage may be adjudged and computed;

**E**. That plaintiff may be paid the amount adjudged to be due on the Mortgage with interest at the time of such payment, together with any monies advanced and paid pursuant to any term or provision of the Mortgage so as to protect the lien of the Mortgage, and together with taxes, insurance premiums and all other charges and liens paid thereon with interest upon said amount from the date of the respective payments and advances, together with all amounts due by virtue of statutory costs, allowances and attorney's fees, together with any reasonable attorney's fees over and above the amounts covered by the statutory attorney's fees, together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

**F**. That if the proceeds of the sale of the Premises are insufficient

to pay the amount found due to plaintiff as set forth in the immediately preceding paragraph, the officer making the sale be required by the judgment of sale herein to specify the amount of such deficiency in the report of sale so that application may be made by plaintiff to the Court pursuant to Section 1371 of the Real Property Actions and Proceedings Law for a deficiency judgment against the defendant, MAURICE H. OPARAJl A/K/A MAURICE OPARAJl A/K/A MAURICE UD OPARAJI, which will include the amount of any such deficiency, unless discharged in bankruptcy;

**G.** If the Court, upon such application shall so direct, plaintiff should have judgment against the defendant, MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, for the amount of such deficiency, unless discharged in bankruptcy;

**H**. That plaintiff be awarded reasonable attorney's fees as provided in the Note and Mortgage, as well as the costs and disbursements of this action; and

**I.** That plaintiff has such other and further relief as may be just and proper; and

**(II)** On the Second Cause of Action,

**(a)** declaring that Plaintiff's Mortgage validly encumbers the Premises and is superior to all claims and interests of the defendants, and directing the Queens County Clerk and the Office of the City Register of the City of New York to record the Judgment of this Court granting the relief requested herein and/or otherwise reflect in the real property records and indices thereof the Mortgage and lien interests of Plaintiff, and

**(b)** declaring that the interests of the defendants are subject and subordinate to Plaintiffs Mortgage and lien and interests, and

**(c)** declaring Plaintiff to be equitably subrogated to the position of the Citibank Mortgage with all applicable interest from the date of payment and continuing and that Plaintiff be equitably subrogated to the position of all liens, obligations, and mortgages that encumbered the Premises that Plaintiff and Plaintiff's predecessors in interest paid off and satisfied or reduced in amount with applicable interest thereon from the dates of payment and continuing, and declaring Plaintiff to be equitably subrogated to the position of all real estate taxes and other carrying charges paid by Plaintiff and by Plaintiff's predecessors in interest with applicable interest thereon from the dates of payment and continuing, and

**(d)** declaring Plaintiff to have a first priority

equitable mortgage and equitable lien encumbering the Premises
with applicable interest from the dates of payment and continuing
for all of the foregoing, and awarding costs and disbursements to
Plaintiff as against any defendant that answers the second cause of
action; and
**(III)** granting such other and further relief to Plaintiff as the Court may
deem just and proper.

Dated: November 2, 2020
Akerman LLP
By: /s/ Jordan M. Smith
Jordan M. Smith, Esq.
Attorneys for Plaintiff
520 Madison Avenue, 20th, Floor
New York, New York 10022
(212) 880-3800

Borchert & LaSpina, P.C.
By: /s/Robert W. Frommer
Robert W. Frommer, Esq.
Of Counsel to Akerman LLP
19-02 Whitestone Expressway, Suite 302
Whitestone, New York 11357
(718) 767-3333". (Attachments 5).

72. The Borchert Defendants and the Akerman Defendants, acting in their individual

capacity, moved the Court for a protective Order to stop the defendant to take

depositions of witness for defense and prosecution of a case in which they are not

part of, thereby interfering with the defense or/and prosecution of a case.

(Attachment 9).

73. The Defendants knowingly and purposefully agreed, acting as part of a

conspiracy with Retention Defendant, fraudulently using forged documents by

John A. Caminiti and Jeremy Shapiro of Park Place Home Mortgage Corp to perform the acts complained of herein with the knowledge, and for the sole purpose, that such acts facilitate their mutual goals of foreclosing on plaintiff's property located at 245-11 133 Road Rosedale, New York 11422.

74. By reason of the wrongful conduct of Defendants, this plaintiffs, including his wife and family members who have lost consortium, have suffered conscious pain, suffering, severe emotional distress, attendant physical ailments and the fear of imminent serious bodily injury or death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physical injuries.

75. Defendants, conspiring and/or acting in concert, jointly and severally, undertook their actions willfully, wantonly, intentionally, maliciously, and in reckless disregard for plaintiff's rights, and as a direct, foreseeable, and proximate result thereof Plaintiffs suffered economic and emotional and attendant physical damage in a total amount to be proven at trial. Therefore, Plaintiffs seek punitive damages in an amount sufficient to deter Defendants and others from similar future wrongful conduct.

## PRAYER FOR RELIEF

76. Plaintiffs demand that judgment be entered against Defendants, jointly and severally,

for compensatory and actual damages because of their inflicted demonstrable

financial, physical and emotional, reputational injury to Plaintiffs, punitive damages

because of Defendants' callous and reckless indifference to the Plaintiffs' rights,

giving rise to a jury verdict and judgment for damages in excess of $1,000,000 USD,

to be trebled where appropriate, and such other relief the Court may deem just and

proper, including equitable relief, and an award of attorney's fees and costs.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial on all issues so triable.

> I agree to provide the Clerk's Office with any changes to my address
> where case-related papers may be served.  I understand that my
> failure to keep a current address on file with the Clerk's Office may
> result in the dismissal of my case.

> I certify under penalty of perjury that the foregoing is true and correct.

Executed on: May 14, 2021

MAURICE OPARAJI
245-11 133 Road
Rosedale, New York 11422
Phone: 718-978-3581
mroparaji@yahoo.com

PLAINTIFF'S ATTACHMENT TO THIS COMPLAINT 1 through 30

## PLAINTIFF'S ATTACHMENT TO COMPLAINT LIST

1. Final Notice, plaintiff requested that Robert W. Frommer and Jordan M. Smith to Cease-and- Desist such future conduct described in the letters dated September 4, and 6, 2020, failure "will be officially served with a lawsuit. BE WARNED".

2. Affidavit, plaintiff swears that he never applied or/and received a loan from ABN Amro Mortgage Group, Inc and information he received indicates persons of questionable character is being recruited to forge and bear witness by the defendants.

3. Foil, plaintiff's request for calls made between December 1, 2020 and February 28, 2021 on Account Number 718-978-3581.

4. NYS CPLR Section 321, CPLR 321(b) (1) provides that an attorney of record may be changed by filing a consent to change attorney signed by the retiring attorney and the party. Notice must be given to adverse parties. A party may not be represented by more than one attorney in an action (*Matter of Kitsch v Riker Oil Co.*, 23 A.D.2d 502) and the acts of an attorney who has not been substituted in accordance with CPLR 321 (subd [b]) should be disregarded (*Palmer v Palmer*, 62 Misc.2d 73, 76; cf. *Hess v Tyszko*, 46 A.D.2d 980).

5. Armed with forged document, defendants, Robert W. Frommer and Jordan M. Smith, moved the Supreme Court, Queens County, to amend the Complaint, with "Exhibit C" forged by John A. Caminiti and Jeremy Shapiro of Park Place Home Mortgage Corp.

6. Defendants Robert W. Frommer and Jordan M. Smith's forged documents, by John A. Caminiti and Jeremy Shapiro of Park Place Home Mortgage Corp that never existed until defendants Robert W. Frommer and Jordan M. Smith interfered.

7. Defendant Jordan M. Smith, representing as a partner in Akerman LLP, and the co-counsel of record for the plaintiff, CitiMortgage, Inc., successor by merger to ABN Amro Mortgage Group opposing plaintiff's Motion to enjoin the defendants, Robert W. Frommer and Jordan M. Smith, at the Supreme Court, Queens County, CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019.

1

8. Defendant Robert W. Frommer representing as a principal of the law firm of Borchert & LaSpina, P.C., of counsel to Akerman LLP, the counsel of record for plaintiff, CitiMortgage, Inc., successor by merger to ABN Amro Mortgage Group opposing plaintiff's Motion to enjoin the defendants, Robert W. Frommer and Jordan M. Smith, at the Supreme Court, Queens County, <u>CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019</u>

9. Defendant Jordan M. Smith, representing as a partner in Akerman LLP, and the attorneys of record for the plaintiff, CitiMortgage, Inc., successor by merger to ABN Amro Mortgage Group, Inc, and Defendant Robert W. Frommer representing as a principal of the law firm of Borchert & LaSpina, P.C., of counsel to Akerman LLP, moving for a protective Order, not to take depositions of witnesses, in the Supreme Court, Queens County, <u>CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019.</u>

10. Consent to Change of Attorneys was filed on 9/28/2020; it was rejected because it did not comply with CPLR 321 (b) (2). Another Consent to Change of Attorneys was filed on 10/27/2020; once more, defendants Jordan M. Smith, a partner in Akerman LLP, and Robert W. Frommer, a principal of the law firm of Borchert & LaSpina, P.C., of counsel to Akerman LLP, were unable to comply with CPLR 321 (b) (2).

11. NYS Department of State's entity information of Park Place Home Mortgage Corp., inactive - Dissolution (March 31, 2008).

12. Order and Opinion (2005-05583) of the Supreme Court of the State of New York, Appellate Division, Second Department, ordering pursuant to Judiciary Law § 90, effective immediately, John A. Caminiti is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, {**40 AD3d at 13} board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

13. Akerman Defendants' Notice of Cross Motion and Affirmation in Opposition and Cross Motion to Enjoin Further Pro se Filings.

14. Order and Decision by Hon. Janice A. Taylor, dated January 7, 2020 denying Akerman Defendants' Cross Motion to Enjoin Further Pro se Filings that "no legal basis for the relief sought".

15. Affidavit of Service of Settlement Conference Request, dated 4/23/2019, by David Gallo of David A. Gallo & Associates LLP.

16. Request for Judicial Intervention, dated 3/12/2019, by David Gallo of David A. Gallo & Associates LLP.

17. Notice of Appearance for the purpose of contesting the allegation that defendants did not sign the subject note and mortgage or that their signatures on same are forged, dated August 20, 2019.

18. Plaintiff Maurice Oparaji's Notice of Deposition, upon oral examination of witnesses, dated August 26, 2019.

19. Affidavit of Service of Plaintiff Maurice Oparaji's request for admissions, notice to produce, notice of deposition, dated August 26, 2019.

20. Letter, dated March 13, 2020 forwarding CitiMortgage's copies of documents bates Stamped as Citi0001 through Citi0174

21. Plaintiff Maurice Oparaji's Notice of Motion and Motion to Compel and Preclude, dated October 23, 2019.

22. Affidavit of Service of Plaintiff Maurice Oparaji's request for Combined Demands for Disclosure of Witness Expert and Party Statements, dated January 6, 2020.

23. Affidavit of Service of Summons, dated 4/22/2019, by David Gallo of David A. Gallo & Associates LLP.

24. Request that the Court take judicial notice of the contents of the case CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019; no record of consent to change, no substitute of attorney, and no Order of the Court to withdraw or be changed. Jordan M. Smith of Akerman LLP is not the attorney of record.

25. Affidavit of Service of Plaintiff Maurice Oparaji's Verified
Answer with Counterclaims, 1303 Notice, and Notice of Opt-Out
from participation in action subject to mandatory electronic filing

26. Affidavit of Service of Summons Verified Complaint, Certificate
of Merit, Statement of Authorization for electronic filing, Notice of
Pendency, by David Gallo of David A. Gallo & Associates LLP.

27. Mortgage dated May 10, 1993 executed by plaintiff Maurice Oparaji
and his wife Ada Oparaji with owner and lender, Citibank, N.A.

28. Satisfaction of Mortgage dated May 10, 1993; Document Date:
01-28-2004; Preparation Date: 02-0602004

29. Mortgage dated October 24, 2003 executed by plaintiff Maurice Oparaji
and his wife Ada Oparaji with owner and lender, Citibank, N.A.

30. AFFIDAVIT OF FORGERY MORTGAGE FRAUD ALLEGATIONS AT
ABN AMRO MORTGAGE GROUP, INC AND OTHERS

4



# Attachment 1 to Complaint

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

| | |
|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., et al.<br>Plaintiff,<br>-against-<br>ADA OPARAJI,  MAURICE OPARAJI,<br>Defendants, | Index No. 704318/2019<br><br>**Final Notice: Ignoring Defendants/ Counter-Claimant's Cease-and-Desist Letter Dated September 4 and 6, 2020 (Herein Exhibit "A"; and  "B")** |
| ADA OPARAJI, MAURICE OPARAJI,<br>Defendants/Counter-claimants,<br><br>-against-<br>CITIMORTGAGE, INC; ABN AMRO MORTGAGE GROUP, INC; CITIBANK, N.A RICHARD M. BABECK; TERRY JOHNSON,<br>Counter-defendants. | |

TO:  CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO
      MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC
      399 Park Avenue
      New York 10043
      Phone: (646) 291-2727

      Robert W. Frommer
      Borchert & LaSpina, P.C.
      19-02 Whitestone Expwy, Suite 302,
      Whitestone, NY 11357
      Tel: 718-767-3333
      Email: rfrommer@blpcny.com

      Jordan Michael Smith
      Akerman LLP
      520 Madison Avenue, 20th Floor
      New York, New York 10022
      (212) 880-3800
      jordan.smith@akerman.com

1

I am the defendants/counter-claimants in the above titled action. Record

indicates that the attorney of record in the above action is David Gallo of:

> David A. Gallo & Associates LLP
> 99 Powerhouse Road
> First Floor
> Roslyn Heights, NY 11577
> 516-583-5330
> dgallo@msgrb.com.

Despite the fact that David Gallo of David A. Gallo & Associates LLP is the

attorney of record, on or about September 1, 2020 I discovered that plaintiff

counter-defendant CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO

ABN AMRO

MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC

commissioned Robert W. Frommer of Borchert & LaSpina, P.C., 19-02

Whitestone Expwy, Suite 302, Whitestone, NY 11357 and Jordan Michael Smith

of Akerman LLP, 520 Madison Avenue, 20th Floor, New York, New York 10022,

who are not attorneys of record in the action to solicit and recruit persons of

dubious character to forge documents and be witnesses in this action. I wrote a

cease-and-desist letter dated September 4, 2020 (Herein Exhibit "A"), to Robert

W. Frommer and Jordan Michael Smith. In addition, I wrote a cease-and-desist

letter dated September 6, 2020 (Herein Exhibit "B") to plaintiff counter-defendant

2

CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC.

Robert W. Frommer, Jordan Michael Smith, CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC ignored my letters.

Today October 5, 2020 I received a paper signed by Robert W. Frommer and Jordan Michael Smith on behalf of CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC ignoring my letters; what's more, they ignored Civil Practice Law and Rules 321 (CPLR 321).

By this letter (final notice) I am requesting that you Robert W. Frommer, Jordan Michael Smith, and CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC, cease any future conduct(s) described above.

Any such future conduct(s), you Robert W. Frommer, Jordan Michael Smith, and CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC will be officially served with a lawsuit. BE WARNED.

**RESPECTFULLY SUBMITTED** this 5th day of October, 2020.

3

/S/Maurice Oparaji
Maurice Oparaji
Defendant/Counter-claimant
245-11 133 Road
Rosedale, NY 11422
(347) 650-7895
mroparaji@yahoo.com

cc: The Clerk's Office
Queens County Supreme Court, Civil Term
88-11 Sutphin Blvd.,
Jamaica, NY 11435

Justice Janice A. Taylor
Civil Term -Part 15, Courtroom 41
88-11 Sutphin Blvd.
Jamaica, NY 11435

David Gallo
David A. Gallo & Associates LLP
Attorneys for plaintiff/ Counter-defendant CitiMortgage, Inc
99 Powerhouse Road
First Floor
Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com

Ada Oparaji
Defendant/Counter-claimant
12 Boylan Street
Newark, New Jersey 07106
(347) 276-6451
Email: queenoparaji@yahoo.com

4



EXHIBIT

A

NYSCEF DOC. NO. 135                                    RECEIVED NYSCEF: 09/05/2020

Maurice Oparaji
245-11 133 Road
Rosedale, NY 11422
Tel: 347-276-6451
Email: mroparaji@yahoo.com
September 4, 2020

Robert W. Frommer
Borchert & LaSpina, P.C.
19-02 Whitestone Expwy, Suite 302
Whitestone, NY 11357
Tel: 718-767-3333
Email: rfrommer@blpcny.com

Dear Sir/Madam:

RE: Index #: 704318/2019; CITIMORTGAGE, INC., SUCCESSOR BY
    MERGER TO ABN AMRO MORTGAGE
    GROUP, INC. v. MAURICE H. OPARAJI et al
    Assigned Case Judge: Janice A Taylor

Cease and Desist any Continuing or Future Filing in this Action and Cease
and Desist any Continuing or Future Soliciting and Recruiting Persons of
Questionable Character to be Witnesses in this Action.

        We are the defendants/counter-claimants in the above titled action. As such, we

have personal knowledge with the facts of this action and the proceedings heretofore.

We have in several occasions informed you that you are not the attorney of record,

and until an attorney of record is effectively discharged; the attorney of record in this

action is David Gallo of:

                        David A. Gallo & Associates LLP
                        99 Powerhouse Road
                        First Floor

                                    1

NYSCEF DOC. NO. 135                                    RECEIVED NYSCEF: 09/05/2020

Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com

On August 25, 2020, the defendants/counter-claimants in this action,

Maurice Oparaji and Ada Oparaji, requested that you follow and comply with the

New York Consolidated Laws, Civil Practice Law and Rules - CVP § 321(b),

which provides as follows:

> "Unless the party is a person specified in section 1201 , an attorney of record may
> be changed by filing with the clerk a consent to the change signed by the retiring
> attorney and signed and acknowledged by the party.  Notice of such change of
> attorney shall be given to the attorneys for all parties in the action or, if a party
> appears without an attorney, to the party.
>
> An attorney of record may withdraw or be changed by order of the court in which
> the action is pending, upon motion on such notice to the client of the withdrawing
> attorney, to the attorneys of all other parties in the action or, if a party appears
> without an attorney, to the party, and to any other person, as the court may direct".

In addition, defendants/counter-claimants, Maurice Oparaji and Ada

Oparaji, attached a sample consent to change attorney (also attached herein

as Exhibit "A") for you to follow as required by CPLR 321. Instead, you

ignored the defendants/counter-claimants August 25, 2020 request and

made unauthorized filings. Furthermore, it has come to the

defendants/counter-claimants' knowledge that you are engaging in conduct

that is illegal that violates the Rules of Professional Conduct and other law

by soliciting and recruiting persons of questionable character to be

witnesses in this action.

2

In view of this, we are requesting that you cease any continuing or future

filing in this action; until you comply with the provisions of CPLR 321.

In addition, you are warned to cease any continuing or future

soliciting and recruiting persons of questionable character for the purpose

of violating the Rule of Law in this action.

The undersigned Maurice Oparaji and Ada Oparaji, defendants/counter-claimants,

attached herein another sample of consent to change Attorney. Exhibit "A".

**RESPECTFULLY SUBMITTED** this 4th day September, 2020.

/S/Maurice Oparaji
Maurice Oparaji
Defendant/Counter-claimant
245-11 133 Road
Rosedale, NY 11422
(347) 650-7895
mroparaji@yahoo.com

/S/Ada Oparaji
Ada Oparaji
Defendant/Counter-claimant
12 Boylan Street
Newark, New Jersey 07106
(347) 276-6451
Email: queenoparaji@yahoo.com

cc: David Gallo
David A. Gallo & Associates LLP
99 Powerhouse Road, First Floor
Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com

3

NYSCEF DOC. NO. 135

RECEIVED NYSCEF: 05/05/2020

CONSENT TO CHANGE ATTORNEY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _____

_____ X

                               Plaintiff,              Index No. _____

     -against-                         CONSENT TO
                                       CHANGE ATTORNEY

                              Defendant.

_____ X

      IT IS HEREBY CONSENTED that ATTORNEY & ATTORNEY LLP, of _____ Avenue, _____, New York  11501, be substituted as attorney of record for the undersigned party in the above-entitled action in place and stead of the undersigned attorney as of the date hereof.

      PLEASE TAKE NOTICE that no service of papers hereafter by electronic transmission is authorized. Any papers so served will be treated as a nullity.

Dated: Garden City, New York
        June 24, 20___

                             HENRY JONES, P.C.
                             Outgoing Attorneys

                             _____

                         ATTORNEY & ATTORNEY LLP
                         Incoming Attorneys

                         By:  _____
                             Attorney A. Attorney

                         _____
                             _____, Defendant

STATE OF NEW YORK  )
                    ) ss:
COUNTY OF _____  )

      On the 24th day of June, 20___, before me, the undersigned, a Notary Public in and for said State, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her individual capacity, and that by her signature on the instrument, the individual, or the person upon behalf of whom the individual acted, executed the instrument.

                             Notary Public

NYSCEF DOC. NO. 135

RECEIVED NYSCEF: 09/05/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF __Queens__

STATEMENT OF AUTHORIZATION FOR
ELECTRONIC FILING
(Single Attorney Authorizing Individual Filing Agent)

I, __David A. Gallo__ , Esq., (Attorney Registration No. _____) am an authorized user of the New York State Courts Electronic Filing System ("NYSCEF") (User ID _____), I hereby authorize __Rosemary A. LaVigna of *__ ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on my behalf and at my direction in any e-filed matter in which I am counsel of record through the NYSCEF system, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which I have previously consented to e-filing, to any mandatory matter in which I have recorded my representation, and to any matter in which I may authorize the filing agent to record my consent or representation in the NYSCEF system.

This authorization extends to any and all documents I generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which I am counsel of record, shall be deemed to accompany any document filed in that matter by the filing agent.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account I maintain with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until I revoke it in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: __7/25/14__

X _____
Signature
__David A. Gallo__
Print Name
__Sweeney, Gallo, et al.__
Firm/Department
__95-25 Queens Blvd.__
Street Address

__Rego Park NY 11374__
City, State and Zip Code
__718-459-9000__
Phone
__Cynthia @ msgrb.com__
E-Mail Address

(6/6/13)

*Alstate Process Service Inc./Allcounty Legal Support Inc.

1 of 1

NYSCEF DOC. NO. 135                                              RECEIVED NYSCEF: 09/05/2020

Index #: 704318/2019; CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO
MORTGAGE GROUP, INC. v. MAURICE H. OPARAJI et al - Robert W. Frommer of
Borchert & LaSpina, P.C. to Cease and Desist any Continuing or Future Filing in this
Action and Cease and Desist any Continuing or Future Soliciting and Recruiting
Persons of Questionable Character to be Witnesses in this Action..

From:  prince oparaji (mroparaji@yahoo.com)

To:    rfrommer@blpcny.com

Cc:    dgallo@msgrb.com; efilings@msgrb.com; beth.schwartz@usdoj.gov; serbyv@gmail.com;
       stefan.canizares@akerman.com; jordan.smith@akerman.com

Bcc:   mroparaji@yahoo.com; queenoparaji@yahoo.com; ezeudo3@outlook.com

Date:  Friday, September 4, 2020, 9:08 AM PDT


VIA EMAIL AND REGULAR MAIL

Robert W. Frommer
Borchert & LaSpina, P.C.
16-02 Whitestone Expwy, Suite 302
Whitestone, NY 11357
Tel: 718-767-3333
Email: rfrommer@blpcny.com

Dear Sir/Madam:

Attached is Notice to Robert W. Frommer of Borchert & LaSpina, P.C. to Cease and Desist any Continuing or
Future Filing in this Action and Cease and Desist any Continuing or Future Soliciting and Recruiting Persons of
Questionable Character to be Witnesses in this Action... ... —... in action with Index #: 704318/2019;
CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE  GROUP, INC. v.
MAURICE H. OPARAJI et al; Assigned Case Judge: Janice A Taylor.

RESPECTFULLY SUBMITTED this 4th day September, 2020.

/S/Maurice Oparaji
Maurice Oparaji
Defendant/Counter-claimant
245-11 133 Road
Rosedale, NY 11422
(347) 650-7695
mroparaji@yahoo.com


/S/Ada Oparaji
Ada Oparaji
Defendant/Counter-claimant
12 Boylan Street
Newark, New Jersey 07108
(347) 276-6461
Email: queenoparaji@yahoo.com


cc: David A. Gallo & Associates LLP
99 Powerhouse Road
First Floor
Roslyn Heights, NY 11577


of 2                                                          9/4/2020, 12:47 PM

NYSCEF DOC. NO. 195
dealla@msarb.com

RECEIVED NYSCEF: 09/05/2020

cease and desist - Exhibit A.jpg
930.8kB

cease and desist - Exhibit B.jpg
1.2MB

cease and desist.docx
19.8kB

9/4/2020, 12:47 PM



EXHIBIT

B

NYSCEF DOC. NO. 137

RECEIVED NYSCEF: 09/06/2020

Maurice Oparaji
245-11 133 Road
Rosedale, NY 11422
Tel: 347-276-6451
Email: mroparaji@yahoo.com
September 6, 2020

CitiMortgage, Inc. a successor by merger to ABN AMRO Mortgage Group, Inc.
399 Park Avenue
New York, NY 10043
(646) 291-2727

Through:

David Gallo
Attorney of Record, CitiMortgage, Inc. *a successor* by merger to ABN AMRO
Mortgage Group, Inc.
David A. Gallo & Associates LLP
99 Powerhouse Road, First Floor
Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com

Dear Sir/Madam:

RE: Index #: 704318/2019; CITIMORTGAGE, INC., SUCCESSOR BY
     MERGER TO ABN AMRO MORTGAGE
     GROUP, INC. v. MAURICE H. OPARAJI et al

     Assigned Case Judge: Janice A Taylor

**Cease and Desist any Continuing or Future Commissioning of Individual or Entity**
**from Making a Motion or/and Filing, Signing, any Document(s) in this Action.**

        We are defendants/counter-claimants in the above titled action. Record

indicates that the attorney of record in the above action is David Gallo of:

1

NYSCEF DOC. NO. 137                                    RECEIVED NYSCEF: 09/06/2020

David A. Gallo & Associates LLP
99 Powerhouse Road
First Floor
Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com

Despite the fact that David Gallo of David A. Gallo & Associates LLP is the attorney of record, you have commissioned other individuals to solicit and recruit persons of questionable character to be witnesses in this action. Your action is blatant violation of the provisions of the Civil Practice Law and Rules and pertinent to Local Court Rules; specially, the CPLR 321.

In view of this, we are requesting that you cease any continuing or future commissioning of individual or entity from making a motion or/and filing, signing, any Document(s) in this Action. Exhibits "B" thro' "M" attached herein.

You should comply with CPLR 321 and follow New York Supreme Court and Appellate Divisions' controlling precedent; H. WACHTELL, NEW YORK PRACTICE UNDER THE CPLR 66-67 (5thed. 1976); accord Carlisle v. County of Nassau, 64 App. Div. 2d 15, 19, 408 N.Y.S.2d 114, 117(2d Dep't 1978) (although party represented by counsel at trial may not act, he may help plan trial strategy). Compare Chase Manhattan Bank (N.A.) v. O'Flynn, N.Y.L.J., June 22, 1984, at 12, col. 5 (Sup. Ct. N.Y. County June 21, 1984) (despite contention that such was delay tactic, defendant who properly discharged his attorney could act on his own behalf)

2

NYSCEF DOC. NO. 137                                    RECEIVED NYSCEF: 09/06/2020

with Cann v. Cann, 204 Misc. 1069, 1071, 127 N.Y.S.2d 55, 58 (Sup. Ct. N.Y.

County 1954) (once defendant represented by counsel, counsel can be served on

defendant's behalf).The rule against pro se representation by a party represented by

counsel predates the codification of civil procedure in New York. See Webb v. Dill,

18 Abb. Pr. 264, 264 (Sup. Ct.1st Dist. 1865). This principle is closely related to the

premise permitting a party to retain only one attorney of record in a particular action.

Cf. Dobbins v. County of Erie, 58 App. Div. 2d 733, 733, 395 N.Y.S.2d 865, 866-67

(4th Dep't 1977) (mem.) (second attorney not formally substituted for attorney of

record lacked standing to make motion to dismiss); Kitsch v. Riker Oil Co., 23 App.

Div. 2d 502, 503, 256 N.Y.S.2d 536, 536 (2d Dep't 1965) (mem.) (second attorney

prohibited from applying for relief to court when plaintiff already represented by

counsel); Jackson v. Trapier, 42 Misc. 2d 139, 141, 247 N.Y.S.2d 315, 316(Sup. Ct.

Queens County 1964) (prohibiting two attorneys from representing insured

party).Thus, an attorney who is not the attorney of record has no authority to

represent a party in an action. See Dobbins, 58 App. Div. 2d at 733, 395 N.Y.S.2d at

866-67; Kitsch, 23 App. Div.2d at 503, 256 N.Y.S.2d at 536; Trapier, 42 Misc. 2d at

141, 247 N.Y.S.2d at 316. But see Deacon's Bench, Inc. v. Hoffman, 88 App. Div. 2d

734, 735, 451 N.Y.S.2d 861, 862 (3d Dep't1982) (mem.).

3

NYSCEF DOC. NO. 137                                    RECEIVED NYSCEF: 09/06/2020

The undersigned Maurice Oparaji and Ada Oparaji, defendants/counter-claimants in this action, attached herein sample of consent to change Attorney.

Exhibit "A".

**RESPECTFULLY SUBMITTED** this 6th day September, 2020.

/S/Maurice Oparaji
Maurice Oparaji
Defendant/Counter-claimant
245-11 133 Road
Rosedale, NY 11422
(347) 650-7895
mroparaji@yahoo.com

/S/Ada Oparaji
Ada Oparaji
Defendant/Counter-claimant
12 Boylan Street
Newark, New Jersey 07106
(347) 276-6451
Email: queenoparaji@yahoo.com

cc: David Gallo
David A. Gallo & Associates LLP
99 Powerhouse Road, First Floor
Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com

The Clerk's Office
Queens County Supreme Court, Civil Term
88-11 Sutphin Blvd.,
Jamaica, NY 11435

4

NYSCEF DOC. NO. 137

RECEIVED NYSCEF: 09/06/2020

# EXHIBIT A.

NYSCEF DOC. NO. 137                                              RECEIVED NYSCEF: 09/06/2020

CONSENT TO CHANGE ATTORNEY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF

_____

_____
JUDGMENTS

                        Plaintiff                    Index No.

          -against-                                  CONSENT TO
                                                     CHANGE ATTORNEY
_____

                        Defendant

IT IS HEREBY CONSENTED that ATTORNEY & ATTORNEY LLP, of Attorney Avenue, Attorney City, New York 11501, be substituted as attorney of record for the undersigned party in the above-entitled action, in place and stead of the undersigned attorney as of the date hereof.

PLEASE TAKE NOTICE that no service of papers by telefax or electronic transmission is authorized. Any papers so served will be treated as a nullity.

Dated: Garden City, New York
       June 24, 20___

                                          HENRY J. Attorney
                                          Outgoing Attorneys

                                          _____

                                          ATTORNEY & ATTORNEY LLP
                                          Incoming Attorneys

                                          By: _____
                                              Attorney A. Attorney

                                          _____
                                          [illegible] Defendant

STATE OF NEW YORK )
                  ):
COUNTY OF _____ )

    On the 24th day of June, 20___, before me, the undersigned, a Notary Public in and for said State, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her individual capacity, and that by her signature on the instrument, the individual, or the person upon behalf of whom the individual acted, executed the instrument.

                              Notary Public

NYSCEF DOC. NO. 137

RECEIVED NYSCEF: 09/06/2020

# EXHIBIT B.

NYSCEF DOC. NO. 137

Calendar Number _____

RECEIVED NYSCEF: 09/06/2020

PC _62119119_
CC _____ 4/15/20_
NI _____ 7/17/20

## SUPREME COURT OF THE STATE OF NEW YORK
## QUEENS COUNTY: IAS PART

PRESENT: HON. _Robert_ ʹ A TAYLOR

_____

_Citimortgage_ Plaintiff(s),

- against -

_Oparaji_

Defendant(s).
_____x

**Preliminary Conference Order**

Index Number: _703418/19_

Date RJI Filed: _4/23/19_

**APPEARANCES**

Plaintiff(s) _Akerman LLP by Stefan Canizares_

_Brochert & LaSpina by Stacy Spodick_

Defendant(s) _Ji'Anu'lo Oparaji_

_____
_____

Following a Preliminary Conference, it is hereby ORDERED that disclosure shall proceed as follows:

**N/A**    **(1) Insurance Coverage:** (a) If not yet done, defendant shall disclose in writing the existence and contents of any insurance agreement, including umbrella or excess coverage, as described in CPLR §3101(f) on or before _____ (b) plaintiff shall disclose any Uninsured Motorist/Supplemental Uninsured Motorist coverage on or before _____.

**(2) Bill of Particulars:**
(a) A demand for a Bill of Particulars or interrogatories shall be served by _Deft_ on or before _1/10/20_
(b) A bill of particulars or interrogatories shall be served by _Piff_ _Atty 20_ on or before _2/7/20_
(c) If an affirmative defense or counterclaim is asserted, a demand for a bill of particulars or interrogatories shall be served by _Piff_ _by 1/10/20_. A response to such demand shall be served by _2/7/20_
(d) A supplemental Bill of Particulars shall be served by _____ on or before _____
as to items: _____
_____
_____

**(3) Medical Report(s), Record(s) and Authorization(s):** On or before _____ a duly executed written authorization(s) shall be furnished by _____ for the following: (Check as apply)
__ Physician, and/or hospital, pharmacy and/or autopsy records;
__ Employment and/or attendance records for the period _____
**N/A**   __ No-fault file;
__ Diagnostic tests and films;
__ Collateral source authorizations / workers comp records;
__ W2 and/or tax return records for self-employed individuals (if there is a loss of wages claim) for the period of _____
__ Other (specify) _____

**FILED**

JAN 02 2020

COUNTY CLERK
QUEENS COUNTY

**N/A**

(4) **Physical Examinations:**

    (a) Examination(s) of plaintiff shall be held on or before _____

    (b) Pursuant to 22 NYCRR §202-17(b), at least 20 days before such examination, _____ shall serve upon all other parties copies of the medical reports of those physicians who have previously treated or examined him/her.

    (c) A copy of the examining physician's report shall be furnished to all parties by _____ within _____ days of the examination.

(5) **Depositions:**

    (a) Examinations before trial shall be conducted as follows:

Plaintiff(s) shall appear for examination before trial at a *Queens location* on *Apr. 10, 2020* at _____ a.m./p.m. and shall produce all relevant books, papers, records, and other material for use at the deposition, including _____

Defendant(s) shall appear for examination before trial at a *Queens location* on *Apr. 10, 2020* at _____ a.m./p.m. and shall produce all relevant books, papers, records, and other material for use at the deposition, including _____

    (b) Unless otherwise directed prior to the examinations before trial, attorneys seeking rulings on objections or making application for any other relief pertaining to the depositions shall promptly appear at Chambers of the assigned IAS Justice, with their reporter, or shall communicate with the Emergency Justice, for a determination.

    (c) Once begun, a deposition shall continue until completed and shall not be adjourned without further order of the Court.

    (d) The transcript of an examination before trial shall be delivered to the party deposed within thirty (30) days of the deposition, and shall be returned, duly executed, pursuant to CPLR § 3116.

    (e) Subpoenas for the examination before trial of any non-party witness shall be served no later than 45 days after the completion of party depositions, provided such witness is known by completion of party depositions, and if not known at that time, within 45 days of first disclosure or identification of such witness or within the discretion of the Court.

(6) **Other Disclosure:**

    (a) On or before *1/20/20*, all parties shall exchange names and addresses of all witnesses, and shall exchange statements of opposing parties and photographs, or, if none, shall provide an affirmation to that effect.

    (b) All parties shall exchange information relating to expert witnesses in compliance with CPLR §3101(d)(i).

    (c) Medicare Liens: If plaintiff is a medicare recipient or eligible, plaintiff shall, within 30 days, provide defendant(s) with the details of said lien(s), or if unknown, copies of correspondence to Medicare, evidencing plaintiff's efforts to determine the outstanding claim against said plaintiff/beneficiary, should one exist.

    (d) Additional Disclosure Issues: With respect to additional disclosure issues, the parties shall comply with the following agreement:

*Defendant parties to respond to outstanding discovery (or within 30 days by 12/20/19 1/31/20)*

_____

_____

_____

_____

NYSCEF DOC. NO. 137                                    RECEIVED NYSCEF: 09/06/2020

(7) **Impleader:** All third-party actions shall be commenced on or before the Compliance Conference date. Joinder of a third-party action beyond this date without leave of Court may result in a severance.

(8) **Completion of Disclosure:** All disclosure shall be completed on or before the Compliance Conference date.

(9) **Compliance Conference:**

(a) Unless a Note of Issue/Certificate of Readiness shall have been filed prior thereto, counsel for all parties shall appear at a Compliance Conference which shall be held in the Compliance Conference/Settlement Part on ~~_____~~ 4/15/20

(b) Filing of a Note of Issue prior to the Compliance Conference must include a written stipulation fully executed by all parties acknowledging that all discovery has been completed. Failure to comply with this provision will result in vacatur of the prematurely filed Note of Issue.

(c) Copies of medical reports and pleadings are to be brought to the Compliance Conference and attending attorneys must be knowledgeable about the case and be prepared to discuss settlement at that time.

(10) **Note of Issue:** Plaintiff shall file a Note of Issue/Certificate of Readiness on or before ~~_____~~ 7/17/20

(11) **Motions for Summary Judgment:** Pursuant to CPLR Rule 3212(a), any motion for summary judgment shall be made no later than ~~_____~~ days after the filing of the note of issue, but under no circumstances beyond 120 days of the filing of the Note of Issue absent further order of the court.

(12) **Stipulations of settlement or discontinuance** are to be filed by defendant, pursuant to 22 NYCRR 202.28, with the County Clerk and must also give a copy to the Part of Court to which the action has been assigned, within 20 days of such discontinuance.

SO ORDERED:

_____ J.S.C.

Dated: 12/31/19

I, the undersigned have read the preceding and fully understand the provisions contained herein shall constitute an Order of the Court. Failure to comply with any provision of this order may result in the imposition of costs, sanctions or other penalties provided by law.

_____
Attorney for Plaintiff

_____
Attorney for Defendant

_____
Attorney for Plaintiff

Maurice Opargi Pro Se
_____
Attorney for Defendant

_____
Attorney for Plaintiff

_____
Attorney for Defendant

**FILED**

JAN 02 2020

COUNTY CLERK
QUEENS COUNTY

-3-



# EXHIBIT

## C

Index #: 704318/2019; CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. v. MAURICE H. OPARAJI et al - Final Notice: Ignoring Defendants/Counter-Claimant's Cease-and-Desist Letter Dated September 4 and 6, 2020 (Herein Exhibit "A"; and "B").

From: prince oparaji (mroparaji@yahoo.com)

To: rfrommer@blpcny.com; jordan.smith@akerman.com; dgallo@msgrb.com; queenoparaji@yahoo.com; ezeudo3@outlook.com

Date: Monday, October 5, 2020, 7:46 PM EDT

VIA EMAIL AND REGULAR MAIL

Gentlemen and Ladies:

Attached is the Final Notice: Ignoring Defendants/Counter-Claimant's Cease-and-Desist Letter Dated September 4 and 6, 2020 (Herein Exhibit "A"; and "B").

Thank you,

/S/Maurice Oparaji


2020_10_05_19_29_36-cease.pdf
1.6MB



# Attachment 2 to Complaint

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM
NYSCEF DOC. NO. 169

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/09/2020

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC., et al.

              Plaintiff,

against-

ADA OPARAJI,  MAURICE OPARAJI,

              Defendants.

Index No. 704318/2019

Hon. Justice Janice Taylor
Courtroom: 41

AFFIDAVIT IN SUPPORT

Motion Seq. #: 7
Returnable: 11/24/2020

ADA OPARAJI, MAURICE OPARAJI,

          Defendants/Counter-claimants,

     -against-

CITIMORTGAGE, INC; ABN AMRO
MORTGAGE GROUP, INC; CITIBANK, N.A.;
RICHARD M. BABECK; TERRY JOHNSON,

         Counter-defendants,

Maurice Oparaji, being duly sworn, deposes and says as follows:

1. I am the defendant/counter-claimant in the above titled action. As such, I have
personal knowledge with the facts of this action and the proceedings heretofore.
My wife Ada Oparaji is also a defendant/counter-claimant in the action.  I am
making this Affidavit in support of Defendant/Counter-claimant Maurice
Oparaji's motion for an Order:

1

(a) Disregarding and dismissing the motion to amend by Robert W. Frommer of Borchert & LaSpina, P.C because Robert W. Frommer was, and is, not properly substituted as attorney of record. Robert W. Frommer of Borchert & LaSpina, P.C lacked standing to make the motion to amend. *Dobbins v. County of Erie,* 58 AD2d 733 (4th Dept., 1977). In New York State, there is no authority for a party to be represented by more than one attorney in an action (Kitsch.v. Riker Oil Co., 23 AD2d 502, 502, 256 NYS2d 536 [2d Dept 1965]), and the actions of an attorney not properly substituted in accordance with CPLR §321(b) as counsel should be disregarded (Dobbins v Erie County, 58 AD2d 733, 733, 3 95 NYS2d 865 [1977]; see Ottaviano v Genex Coop., Inc., 15 AD3d 924, 790 NYS2d 791 [4th bept 2005]; Elite 29 Realty LLC v Pitt, 39 AD3d 264, 833 NYS2d 456 [ l st Dept 2007]); (second attorney prohibited from applying for relief to court when plaintiff already represented by counsel).

(b) Imposing financial sanctions against Robert W. Frommer of Borchert & LaSpina, P.C pursuant to 22 NYCRR 130-1.1 as a result of his actions with respect to his overall misconduct and in respect to his November 2, 2020 motion to amend without authority, falsely made affirmation dated November 2, 2020. **NYSECF No. 154**; and offered a forged instrument to the Court. **NYSECF No. 158**. Robert W. Frommer signed and filed the November 2, 2020 motion to amend; the motion was frivolous and grounded in bad faith.

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM
NYSCEF DOC. NO. 169

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/09/2020

Additionally, Robert W. Frommer's motion had no chance of success under existing law and precedent, and failed to advance a reasonable argument to extend, modify or reverse existing law. Further, Robert W. Frommer's allegations of equitable subrogation theory which is founded in the fraudulently manufactured HUD-1 Settlement Statement, which never existed but for Robert W. Frommer and his fraudsters. **See Exhibits O and P.**

(c) Enter an Order preventing documents from being filed by attorney(s) not properly substituted in accordance with CPLR §321(b) as counsel of record; attorney(s) cannot be permitted to violate the longstanding rule in the Second Judicial Department that prohibits attorneys that are not properly substituted as attorneys of record to make motions, because they lacked standing to make the motion. *Dobbins v. County of Erie*, 58 AD2d 733 (4th Dept., 1977). As well, the Court in *Kitsch v. Riker Oil Co.*, 23 AD2d 502, pointed out that a party may not be represented by more than one attorney in an action, and the acts of an attorney who has not been substituted in accordance with CPLR §321(b) should be disregarded. *Kitsch v. Riker Oil Co.*, 23 AD2d 502.

(d) And such other and further relief as this Court may seem just and proper.

2. On 10/8/2003, Terry Johnson, the mortgage manager of Citibank had called me and my wife (Defendants/Counter-claimants in this action), to inform us that a refinance of our 1993 loan application has been approved for a 30-year

3

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM

NYSCEF DOC. NO. 169

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/09/2020

residential loan for $252,000.00 at a yearly fixed rate of 5.250%. **NYSECF No.**

**78 - AFFIDAVIT OF FORGERY, Exhibits A; B.**

3. On 10/24/2003, the loan closing was held at one of the Citibank's branch.

Defendants/Counter-claimants were presented with a stack of documents bound

by a metallic clip and were directed to sign where "sign here" sticky notes had

been placed on the documents. An explanation of the individual documents was

not provided to the defendants/Counter-claimants. Included in the stack of

documents was 10/24/2003 mortgage and note. Defendants/Counter-claimants

signed all of the closing documents, including the 10/24/2003 mortgage and note

in the principal amount of $252,000.00 at a yearly rate of 5.250%. **NYSECF No.**

**78 - AFFIDAVIT OF FORGERY, Exhibits C.**

4. Terry Johnson, Citibank's representative, told the defendants/Counter-claimants

that they will receive copies of the Mortgage and the Note in the mail.

5. Defendants/counter-claimants received a copy of the Mortgage in the mail, but

not the Note. **NYSECF No. 78 - AFFIDAVIT OF FORGERY, Exhibits C.**

6. In May 24, 2012, at the Civil action against Citibank for breach of Stipulation,

Citibank's representative/counsel Richard Babeck, filed papers in the Civil Court

that showed two mortgages, 10/24/2003mortgage, and 03/31/2004-04/01/2004

mortgage, that was the first time Defendants/counter-claimants became aware of

4

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM
NYSCEF DOC. NO. 169

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/09/2020

the forgery of the 03/31/2004-04/01/2004 Mortgage and the Note. **NYSECF No. 78 - AFFIDAVIT OF FORGERY, Exhibit D.**

7. Defendants/counter-claimants have never apply for a loan with ABN Amro Mortgage Group, Inc. No Loan has ever been approved by Amro Mortgage Group, Inc. Defendants/counter-claimants never executed a Loan with Amro Mortgage Group, Inc. Defendants/counter-claimants never appeared in a closing on March 31, 2004. Defendants/counter-claimants never appeared in a closing on April 1, 2004. Defendants/counter-claimants never appeared before a Notary Public on March 31, 2004. Defendants/counter-claimants never appeared before a Notary Public on April 1, 2004.

8. Defendants/counter-claimants immediately reported to the State of New York, Office of the Attorney General. In a letter dated August 7, 2012, File Number: 2012-1032547, Ronald Furan of the State of New York, Office of the Attorney General, Bureau of Consumer Frauds and Protection forwarded our correspondence to the District Attorney of Queens County. **NYSECF No. 78 - AFFIDAVIT OF FORGERY, Exhibit E.**

9. Investigation by the District Attorney of Queens County led to the arrest of the Citibank's representative/counsel Richard Babeck. Richard Babeck was arraigned on charges of filing False Instrument and Unlawful Practice of Law without a License. Richard Babeck pled guilty stating that he was directed by

5

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM
NYSCEF DOC. NO. 169

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/09/2020

Citibank, N.A. d/b/a/ CitiMortgage, Inc to file the 03/31/2004 and 04/01/2004

Mortgage and the Note. In July 10, 2013 Richard Babeck was sentenced for

filing False Instrument and Unlawful Practice of Law without a License.

**NYSECF No. 78 - AFFIDAVIT OF FORGERY, Exhibit F.**

10. Since May 24, 2012, Defendants/counter-claimants discovered the 03/31/2004

and 04/01/2004 Note, we have made several demands/attempts to ABN AMRO

MORTGAGE GROUP, INC and CITIBANK, N.A., d/b/a/ CITIMORTGAGE to

provide the 10/24/2003 Note to us, or make the Note available for us to sight and

make copies, but ABN AMRO MORTGAGE GROUP and CITIBANK, N.A.,

d/b/a/ CITIMORTGAGE have failed to do so because the 03/31/2004 and

04/01/2004 Note was copied from the 10/24/2003 Note, that was signed and

executed by Mr. and Mrs. Oparaji. **NYSECF No. 78 - AFFIDAVIT OF**

**FORGERY, Exhibits I; J; and K.**

11. On 04/03/2019 defendants/counter-claimants received SUMMONS AND

VERIFIED COMPLAINT AND NOTICE OF PENDENCY AND E-FILE

NOTICE; CERTIFICATE OF MERIT Bearing Index Number 704318/2019 and

date of filing of 03/12/2019. **NYSECF No. 9.**

12. In the CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B, bearing

Index Number 704318/2019, filed 03/12/2019, David Gallo of David A. Gallo &

Associates LLP, Attorney of Record of Plaintiff/Counter defendant CitiMortgage,

6

Inc a successor by merger to ABN AMRO Mortgage Group, Inc, stated under

New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR

Part 130, as follows:

> "I am an attorney at law duly licensed to practice in the State
> of New York, and am affiliated with the law firm of DAVID
> A. GALLO & ASSOCIATES LLP, attorney for plaintiff,
> CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO
> ABN AMRO CITIMORTGAGE GROUP, INC., in this action.

> This residential foreclosure action involves a home loan, as
> such term is defined in Real Property Actions and Proceedings
> Law 1304. Upon information and belief, Defendant, Maurice
> H. Oparaji A/K/A Maurice Oparaji A/K/A Maurice Ud Oparaji
> And Ada Patience Oparaji A/K/A Ada P. Oparaji A/K/A Ada
> Oparaji, is a resident of the property subject to foreclosure.

> I have reviewed the facts of this case and reviewed pertinent
> documents, including the mortgage, security agreement and
> note or bond underlying the mortgage executed by defendant,
> all instruments of assignment (if any), and all other instruments
> of indebtedness including any modification, extension, and
> consolidation.

> I have consulted about the facts of this case with the following
> representatives of plaintiff:

| Name | Title |
|------|-------|
| WILMAMYIOW | VICE PRESIDENT DOCUMENT EXECUTION FOR CENLAR FSB SERVICER OF CITIMORTGAGE, INC., |

Upon this review and consultation, to the best of my knowledge,
information, and belief, I certify that there is a reasonable basis
for the commencement of this action, and that plaintiff is the
creditor entitled to enforce rights under these documents.

7

Listed in Exh. A and attached hereto are copies of the following documents not otherwise included as attachments to summons and complaint: the mortgage, security agreement and note or bond underlying the mortgage executed by defendant, all instruments of assignment (if any), and all other instruments of indebtedness including any modification, extension, and consolidation. (Check box if no documents are attached in Exh. A :)

Listed in Exh. B and attached hereto are supplemental affidavits attesting that certain documents as described in paragraph 5 supra are lost, whether by destruction, theft, or otherwise. (Check box if no documents are attached in Exh. B :)

I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130". **NYSECF No. 3.**

13. HUD-1 Settlement Statement was not mentioned in the Plaintiff/Counter-Defendant CitiMortgage, Inc.'s verified complaint. HUD-1 Settlement Statement was not listed in Exh. A. HUD-1 Settlement Statement was not listed in Exh. B; and HUD-1 Settlement Statement was not listed in Exh. C. **NYSECF No. 1-3.**

14. On August 26, 2019 Defendant/Counter-Claimant Maurice Oparaji, pursuant to CPLR §§ 3120 and 3101, served Plaintiff/Counter-Defendant CitiMortgage, a notice to produce. In the notice to produce, defendant/Counter-claimant, demanded that Plaintiff/Counter-Defendant CitiMortgage, Inc make available for inspection, photographing, copying, within 20 days, the following:

"All documents which are related to the subject loan transaction including but not limited to the Notes, security agreements, mortgages, assignments, allonges, insurance agreements, pooling and servicing agreements and any and all other documents that relate or

8

reference in any way the loan, or Plaintiff's ability to service the loan, which is the subject of this instant litigation". **NYSECF No. 36 ¶ 6.**

"All executed or unexecuted, recordable or non-recordable assignments associated in any way with the subject loan including, but not limited to, assignments, transfers, allonges or any other document that purports to transfer the interest in the subject note and mortgage to any party from the date of its inception until the date of answering these requests for production". **NYSECF No. 36 ¶ 14.**

"All contracts, agreements and any other documents which show how and when the note and mortgage that are at dispute in this transaction came into possession of the Plaintiff/Counter-Defendant CitiMortgage or to another party". **NYSECF No. 36 ¶ 16.**

"All assignments of mortgage upon which Plaintiff/Counter-Defendant CitiMortgage relies on". **NYSECF No. 36 ¶ 21.**

"All documents that Plaintiff/Counter-Defendant CitiMortgage intends to rely on at trial". **NYSECF No. 36 ¶ 22.**

"Provide all documents, including Mortgage disclosure under the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), Closing Disclosure, Loan Estimate, good faith, and closing documents to the March 31, 2004 mortgage". **NYSECF No. 36 ¶ 30.**

15. Plaintiff/Counter-Defendant CitiMortgage, Inc never provided any of the

discovery demands. **NYSECF No. 36.**

16. While David Gallo of David A. Gallo & Associates LLP was, and still is, the

attorney of record, retained by Plaintiff/Counter defendant CitiMortgage, Inc a

successor by merger to ABN AMRO Mortgage Group, Inc, there were filings by

Robert W. Frommer of Borchert & LaSpina, P.C.; and filings by Akerman LLP.

9

17. Defendant/Counter-claimant Maurice Oparaji discovered that Robert W. Frommer of Borchert & LaSpina, P.C and Akerman LLP are not of the same law firm.

18. On 08/25/2020 Defendant/Counter-claimant reminded the Court and the party(s) that "the record indicates that the attorney of record in this case is David Gallo of David A. Gallo & Associates LLP, and requested that the Court take judicial notice of the contents of this case; no record of consent to change, no substitute of attorney, and no Order of the Court to withdraw or be changed". **EXHIBIT A; NYSECF No. 131.**

19. On 09/05/2020 Defendant/Counter-claimant demanded that non attorney of record should cease and desist any continuing or future filing in this action and cease and desist any continuing or future soliciting and recruiting persons of questionable character to be witnesses in this action. **EXHIBIT A; NYSECF No. 135. See also Exhibits O and P.**

20. On 09/05/2020 Defendant/Counter-claimant demanded that plaintiff/counter defendant CitiMortgage, Inc a successor by merger to ABN AMRO Mortgage Group, Inc cease and desist any continuing or future commissioning of individual or entity, that are not attorney of record, from making a motion or/and filing, signing, any document(s). **EXHIBIT C; NYSECF No. 137.**

10

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM
NYSCEF DOC. NO. 169

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/09/2020

21. On 09/08/2020 Defendant/Counter-claimant demanded for Signature(s) on the Check disbursed from the March 31, 2004 Mortgage; and copy of the Check disbursing the proceeds from the March 31, 2004 Mortgage. **EXHIBIT D; NYSECF No. 138.**

22. On 10/05/2020 Defendant/Counter-claimant wrote a final notice. The letter dated October 5, 2020, reads:

"I am the defendant/counter-claimant in the above titled action. Record indicates that the attorney of record in the above action is David Gallo of:

David A. Gallo & Associates LLP
99 Powerhouse Road
First Floor
Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com.

Despite the fact that David Gallo of David A. Gallo & Associates LLP is the attorney of record, on or about September 1, 2020 I discovered that plaintiff counter-defendant CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC commissioned Robert W. Frommer of Borchert & LaSpina, P.C., 19-02 Whitestone Expwy, Suite 302, Whitestone, NY 11357 and Jordan Michael Smith of Akerman LLP, 520 Madison Avenue, 20th Floor, New York, New York 10022, who are not attorneys of record in the action to solicit and recruit persons of dubious character to forge documents and be witnesses in this action.

I wrote a cease-and-desist letter dated September 4, 2020 (Herein Exhibit "A"), to Robert W. Frommer and Jordan Michael Smith.

In addition, I wrote a cease-and-desist letter dated September 6, 2020 (Herein Exhibit "B") to plaintiff counter-defendant CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN

11

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM
NYSCEF DOC. NO. 169

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/09/2020

AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC.

Robert W. Frommer, Jordan Michael Smith, CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC ignored my letters.

Today October 5, 2020 I received a paper signed by Robert W. Frommer and Jordan Michael Smith on behalf of CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC ignoring my letters; what's more, they ignored Civil Practice Law and Rules 321 (CPLR 321).

By this letter (final notice) I am requesting that you Robert W. Frommer, Jordan Michael Smith, and CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC, cease any future conduct(s) described above.

Any such future conduct(s), you Robert W. Frommer, Jordan Michael Smith, and CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC will be officially served with a lawsuit. BE WARNED". **EXHIBIT E; NYSECF No. 144. See also Exhibits O and P.**

23. On 10/16/2020 Defendant/Counter-claimant received a consent to change

attorneys that was not properly executed. **NYSECF No. 146.**

24. Defendant/Counter-claimant rejected the consent to change attorneys stating that:

"New York Consolidated Laws, Civil Practice Law and Rules - CPLR 321 prohibits party from being represented by more than one attorney; Jackson v. Trapier, 42 Misc. 2d 139, 141, 247 N.Y.S.2d 315, 316 (Sup. Ct. Queens County 1964) (if more than one attorney "plaintiff would be required to serve duplicate papers"); Title Guar. & Trust Co. v. Uniform Fibrous Talc Co., 127 Misc. 183, 187, 215N.Y.S. 437, 441 (Sup. Ct. Bronx County 1926) ("This rule is designed to... insure to an opposing party that an attorney assuming

12

to act for a party is authorized to do so, to the end that such party may know upon whom necessary notices or papers may be served"). See generally CPLR 2103(b) (Supp. 1984-1985) ("Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon his attorney. **EXHIBIT F; NYSECF No. 149.**

25. On 10/27/2020 Defendant/Counter-claimant received another consent to change attorneys that was again not properly executed. **NYSECF No. 150.**

26. On 11/02/2020 Defendant/Counter-claimant wrote a final notice. The Notice of Return and Rejection dated November 2, 2020 reads:

> "PLEASE TAKE NOTICE that defendants/counter-claimants Maurice Oparaji and Ada Oparaji hereby are returning and rejecting the plaintiff/counter-defendant CitiMortgage's Consent to Change of Attorneys dated 10/27/2020 because it did not comply with the New York Consolidated Laws, Civil Practice Law and Rules - CPLR 321.

> Plaintiff/counter-defendant CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC's "consent to change of Attorneys" dated 10/27/2020 stated:

> WHEREAS, plaintiff CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC desires that AKERMAN LLP and BORCHERT & LaSPINA, P. C. represent in this action."

> THEREFORE, we, the undersigned, do hereby consent and agree the attorneys of record for the plaintiff David A. Gallo & Associates LLP, be changed, and that the following attorneys be substituted in their place as attorneys of record for such plaintiff". (See NYSECF No. 150).

> Defendants/counter-claimants Maurice Oparaji and Ada Oparaji reiterates that CPLR 321 prohibits party from being represented by more than one attorney. (See NYSECF No. 149).

13

PLEASE TAKE FURTHER NOTICE that under New York law, electronic signatures are not approved for documents, such as wills, trusts, powers of attorney, consent to change attorney, and certain negotiable instruments. Until plaintiff/counter-defendant CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC complies with the New York Consolidated Laws, Civil Practice Law and Rules 321 (CPLR 321) and the New York's Electronic Signatures and Records Act (ESRA), David A. Gallo & Associates LLP's status as attorney of record continues unabated". **EXHIBIT G; NYSECF No. 151.**

27. On 11/02/2020 Robert W. Frommer of Borchert & LaSpina, P.C served and filed the notice and motion to amend plaintiff/counter-defendant CitiMortgage's Complaint.

28. The Proposed Complaint was not verified by plaintiff/counter-defendant CitiMortgage.

29. The Affirmation of Robert W. Frommer submitted in support of the motion to amend, stated in pertinent part, as follows:

"Robert W. Frommer, Esq., an attorney admitted to practice law in and before the courts of the state of New York, affirms that the following statements are true and accurate and subject to the penalties of perjury:

I am a principal of the law firm of Borchert & LaSpina, P.C., of counsel to Ackerman LLP, the counsel of record for plaintiff in this action. As such, I am fully familiar with the facts and circumstances recited herein.

I submit this affirmation in support of plaintiff's motion pursuant to CPLR 3025(b) for leave to interpose an amended complaint in the form annexed hereto as Exhibit "A". A copy of the proposed amended complaint in the form annexed

14

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM

NYSCEF DOC. NO. 169

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/09/2020

hereto as Exhibit "A". A copy of the original complaint is annexed hereto as Exhibit B". **NYSECF No. 154.**

30. Robert W. Frommer affirmed under penalties of perjury that Ackerman LLP is the counsel of record for plaintiff in this action, which is false and inaccurate. Ackerman LLP was, and is, not properly substituted as attorney of record. **NYSECF Nos. 131; 135; 137; 144; 149; 151.**

31. Furthermore, Ackerman LLP is not a party to this action - Index No. 704318/2019; thus, Robert W. Frommer of Borchert & LaSpina, P.C lacked standing to make the motion to amend in this action - Index No. 704318/2019. **NYSECF Nos. 153-158.** See *Dobbins v. County of Erie*, 58 AD2d 733 (4th Dept., 1977).

32. As a direct result of Robert W. Frommer of Borchert & LaSpina, P.C.'s conduct in this case, Robert W. Frommer of Borchert & LaSpina, P.C is not attorney of record in this case. Robert W. Frommer of Borchert & LaSpina, P.C claims to "of counsel to Akerman LLP". And Akerman LLP is not attorney of record in this case. Robert W. Frommer of Borchert & LaSpina, P.C knew or should have known that he was operating unlawfully because he was warned three times to "Cease and Desist any Continuing or Future Filing in this Action". EXHIBIT B-NYSECF No. 135; EXHIBIT C-NYSECF No. 137; and EXHIBIT E-NYSECF No. 144. See also EXHIBIT F-NYSECF No. 149 (REJECTING CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO

15

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM
NYSCEF DOC. NO. 169

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/09/2020

MORTGAGE GROUP, INC'S CONSENT TO CHANGE ATTONEYS);

EXHIBIT G-NYSECF No. 151 (NOTICE OF RETURN AND REJECTION OF

CONSENT TO CHANGE ATTONEYS). Robert W. Frommer of Borchert &

LaSpina, P.C brought the motion to thwart the orderly administration of justice.

Although the record shows that HUD-1 Settlement Statement, never existed yet

Robert W. Frommer of Borchert & LaSpina, P.C conspired to manufacture one.

**NYSECF No. 158. See also Exhibits "O" and "P".**

33. Plaintiff/Counter-Defendant CitiMortgage, Inc never engaged or retained Robert

W. Frommer of Borchert & LaSpina, P.C as an attorney in this case bearing Index

Number 704318/2019.

34. Plaintiff/Counter-Defendant CitiMortgage, Inc never engaged or retained

Akerman LLP as an attorney in this case bearing Index Number 704318/2019.

35. David Gallo of David A. Gallo & Associates LLP was, and still is, the attorney

engaged and retained by Plaintiff/Counter-Defendant CitiMortgage, Inc as the

attorney of Record in this case bearing Index Number 704318/2019.

36. No proper substitution of attorney of record, in accordance with CPLR §321(b),

has been made in this case bearing Index Number 704318/2019.

37. Robert W. Frommer of Borchert & LaSpina, P.C lacked standing to make the

motion to amend. *Dobbins v. County of Erie*, 58 AD2d 733 (4th Dept., 1977).

16

38. There is no authority for Plaintiff/Counter-Defendant CitiMortgage, Inc to be represented by more than one attorney in this case bearing Index Number 704318/2019. (Kitsch v Riker Oil Co., 23 AD2d 502, 502, 256 NYS2d 536 [2d Dept 1965]).

39. The actions of David Gallo of David A. Gallo & Associates LLP and Akerman LLP acting contrary to CPLR §321(b) should be disregarded (Dobbins v Erie County, 58 AD2d 733, 733, 3 95 NYS2d 865 [1977]; see Ottaviano v Genex Coop., Inc., 15 AD3d 924, 790 NYS2d 791 [4th bept 2005]; Elite 29 Realty LLC v Pitt, 39 AD3d 264, 833 NYS2d 456 [l st Dept 2007]).

40. CPLR §321(b) prohibits David Gallo of David A. Gallo & Associates LLP and Akerman LLP from applying for relief to court concerning this case bearing Index Number 704318/2019.

41. Plaintiff/Counter-Defendant CitiMortgage, Inc knew or should have known that the actions of David Gallo of David A. Gallo & Associates LLP and Akerman LLP are unlawful and contrary to CPLR §321(b).

42. Plaintiff/Counter-Defendant CitiMortgage, Inc did not verified/endorsed Robert W. Frommer of Borchert & LaSpina, P.C's notice of motion to amend and the proposed amended complaint. **NYSECF Nos. 152-158.**

17

43. Robert W. Frommer of Borchert & LaSpina, P.C claimed it is moving as a
counsel to Akerman LLP, but Akerman LLP is not attorney of record in this case
and not a party to this case bearing Index Number 704318/2019.

44. The HUD-1 Settlement Statement submitted by Robert W. Frommer in support of
the motion to amend is a forged document, fraudulently manufactured, which
never existed but for Robert W. Frommer and his fraudsters. To adopt Robert W.
Frommer's proposed amended complaint is to permit a forged document to
accomplish, by the mere passage of time, what has always been forbidden - the
encumbrance and transfer of title. Neither law nor public policy nor common
sense dictates such outcome. Robert W. Frommer fails to present a compelling
reason why the HUD-1 Settlement Statement was not served, disclosed, produced,
or/and make available for inspection, photographing, copying, when
Defendant/Counter-claimant's notice to produce, pursuant to CPLR §§ 3120 and
3101, dated August 26, 2019. **NYSECF Doc. No. 36.** Maybe, at the time, the
HUD-1 Settlement Statement never existed but for Robert W. Frommer and his
fraudsters. The HUD-1 Settlement Statement was never mentioned in the
Plaintiff/Counter-Defendant CitiMortgage, Inc's verified complaint; never listed
in Exh. A; never listed in Exh. B; and never listed in Exh. C. **NYSECF No. 1-3.**
The Second Judicial Department has recognized, "parties in business transactions
depend on the certainty of settled rules, 'in real property more than any other area

18

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM

NYSCEF DOC. NO. 169

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/09/2020

of the law, where established precedents are not lightly to be set aside'" (172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Ass'n, Inc., 24 NY3d 528, 535 [2014], citing Holy Properties Ltd., L.P. v Kenneth Cole Productions, Inc., 87 NY2d 130, 134 [1995]). No less so with respect to forged documents, because landowners, banks, mortgagees, insurers, and a myriad of others depend on the simple rule that a forged document is a legal nullity that cannot divest ownership or serve to encumber real property.

45. There is no doubt that Robert W. Frommer's sole purpose here is to mislead the Court and Defendant/Counter-claimant and to thwart the orderly administration of justice; hence, Robert W. Frommer should be sanctioned. 22 NYCRR § 130-1.1.

46. 22 NYCRR § 130-1.1 provides in relevant part the following with regard to sanctions:

> (a) The court, in its discretion, may . . . impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Part.
>
> (b) The court, as appropriate, may . . . such financial sanctions against either an attorney or a party to the litigation or against both...
>
> (c) For purposes of this Part, conduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false.

19

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM
NYSCEF DOC. NO. 169

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/09/2020

47. Robert W. Frommer knew or should have known that his motion had no chance of success under existing law and precedent, and failed to advance a reasonable argument to extend, modify or reverse existing law; yet, without authority, Robert W. Frommer went ahead to disturb the Court and Defendant/Counter-claimant with intent to deceive and defraud the Court.

48. Robert W. Frommer falsely made affirmation dated November 2, 2020. NYSECF No. 154. And Robert W. Frommer offered a forged instrument to the Court. NYSECF No. 158.

WHEREFORE, defendant/counter-claimant Maurice Oparaji respectfully request this Honorable Court to grant his motion in its entirety, together with such other and further relief as this Court deems just and proper.

Maurice Oparaji
245-11 133 Road
Rosedale, NY 11422
(718) 978-3581

Sworn to before me
this __ day of __ , 2020

NOTARY PUBLIC

DONOVAN A. WILLIAMS
Notary Public State of New York
No. 01WI4998528
Qualified in Queens County
Commission Expires September 28, 20 21

20

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM

NYSCEF DOC. NO. 169

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/09/2020.



EXHIBIT

A

FILED: QUEENS COUNTY CLERK 09/08/2020 12:41 PM    INDEX NO. 704318/2019
NYSCEF DOC. NO. 152                           RECEIVED NYSCEF: 09/08/2020

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

| | |
|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., et al. | Index No. 704318/2019 |
| Plaintiff, | |
| against- | **Request for Judicial Notice for Plaintiff/Counter-Defendant's Failure to Comply with CPLR 321** |
| ADA OPARAJI,  MAURICE OPARAJI, | |
| Defendants, | |
| | |
| ADA OPARAJI, MAURICE OPARAJI, | |
| Defendants/Counter-claimants, | |
| -against- | |
| CITIMORTGAGE, INC; ABN AMRO MORTGAGE GROUP, INC; CITIBANK, N.A RICHARD M. BABECK; TERRY JOHNSON, | |
| Counter-defendants. | |

The Clerk's Office
Queens County Supreme Court, Civil Term
88-11 Sutphin Blvd.,
Jamaica, NY 11435

New York Consolidated Laws, Civil Practice Law and Rules - CVP § 321(b)

provides as follows:

"Unless the party is a person specified in section 1201 , an attorney of record may be changed by filing with the clerk a consent to the change signed by the retiring attorney and signed and acknowledged by the party.   Notice of such change of attorney shall be given to the attorneys for all parties in the action or, if a party appears without an attorney, to the party".

"An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other

1

FILED: QUEENS COUNTY CLERK 09/05/2020 12:02 PM   INDEX NO. 704313/2019
NYSCEF DOC. NO. 141   RECEIVED NYSCEF: 09/05/2020

parties in the action or, if a party appears without an attorney, to the
party, and to any other person, as the court may direct".

Record indicates that the attorney of record in this case is David Gallo of

> David A. Gallo & Associates LLP
> 99 Powerhouse Road
> First Floor
> Roslyn Heights, NY 11577
> 516-583-5330
> dgallo@msgrb.com.

The undersigned Maurice Oparaji and Ada Oparaji, defendants/counter-claimants, request

that the Court take judicial notice of the contents of this case; no record of consent to

change, no substitute of attorney, and no Order of the Court to withdraw or be changed.

The undersigned Maurice Oparaji and Ada Oparaji, defendants/counter-claimants

attached herein a sample of consent to change Attorney. Exhibit "A"

.RESPECTFULLY SUBMITTED this 25th day August, 2020.

> /S/Maurice Oparaji
> Maurice Oparaji
> Defendant/Counter-claimant
> 245-11 133 Road
> Rosedale, NY 11422
> (347) 650-7895
> mroparaji@yahoo.com
>
> /S/Ada Oparaji
> Ada Oparaji
> Defendant/Counter-claimant
> 12 Boylan Street
> Newark, New Jersey 07106
> (347) 276-6451
> Email: queenoparaji@yahoo.com

2

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM   INDEX NO. 704318/2019
FILED: QUEENS COUNTY CLERK 09/09/2020 12:41 PM   INDEX NO. 704318/2019
NYSCEF DOC. NO. 169                                RECEIVED NYSCEF: 11/09/2020

## CONSENT TO CHANGE ATTORNEY

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF
------------------------------------------------------------X

XXXXXXXX
                                    Plaintiff                    Index No.

            -against-
                                                        CONSENT TO
                                                        CHANGE ATTORNEY
XXXXXXXX
                                    Defendant.
------------------------------------------------------------X

   IT IS HEREBY CONSENTED that ATTORNEY & ATTORNEY LLP, of Attorney Avenue,
Attorney City, New York  11501, be substituted as attorneys of record for the undersigned party in the
above-entitled action in place and stead of the undersigned attorney as of the date hereof.

**PLEASE TAKE NOTICE** that no service of papers by telefax or electronic transmission is
authorized. Any papers so served sall be treated as a nullity.

*Dated:*  Garden City, New York
          June 24, 20

                                            HENRY JONES, P.C.

                                            Outgoing Attorneys

                                            By: _____
                                                XXXXXXXXX

                                            ATTORNEY & ATTORNEY LLP
                                            Incoming Attorneys

                                            By: _____
                                                Attorney A. Attorney

                                            _____
                                                XXXXXXX Defendant

STATE OF NEW YORK )
                  )
COUNTY OF         )

    On the 24th day of June, 20____, before me, the undersigned, a Notary Public  in and for
said State, personally appeared XXXXXXXX personally known to me or proved to me on the basis of
satisfactory evidence to be the individual whose name is subscribed to the within instrument and
acknowledged to me that she executed the same in her individual capacity, and that by her signature on
the instrument, the individual, or the person upon behalf of whom the individual acted, executed the
instrument.

                                            Notary Public

FILED: QUEENS COUNTY CLERK 05/08/2020 12:41 PM   *EXHIBIT I*   INDEX NO. 704318/2019
NYSCEF DOC. NO. 151   "A"   RECEIVED NYSCEF: 09/09/2020

CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019

From: prince oparaji (mroparaji@yahoo.com)

To:   dgallo@msgrb.com

Cc:   blink@msgrb.com

Bcc: ezeudo3@outlook.com

Date: Monday, August 10, 2020, 4:28 PM EDT


VIA EMAIL AND REGULAR MAIL

David Gallo
David A. Gallo & Associates LLP
99 Powerhouse Road
First Floor
Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com

Dear Mr. Gallo:

RE: CitiMortgage, Inc. v. Maurice Oparaji, et al.; Index No. 704318/2019

Please find the attached: 1) DEMAND FOR NAMES AND ADDRESSES OF EXPERT
WITNESSES; 2) RESPA Disclosure Documentations, including Good Faith Estimate (GFE), HUD-1 Settlement Statement,
and the Truth in Lending Disclosure (TIL) with Loan Estimate, and Closing Disclosure; 3) DEMAND FOR NAMES AND
ADDRESSES OF ATTORNEYS; 4) DEMAND FOR
CANCELLED CHECKS; and 5) DEMAND FOR NAMES AND ADDRESSES OF WITNESSES.

"S/Maurice Oparaji"

CITIMORTGAGE-DEMAND FOR NAMES AND ADDRESSES OF EXPERT.docx
22.5kB

CITIMORTGAGE-RESPA Disclosure Documentations, including Good Faith Estimate (GFE), HUD-1 Settlement Statement,
and the Truth in Lending Disclosure (TIL) with Loan Estimate, and Closing Disclosure.docx
224kB

CITIMORTGAGE-DEMAND FOR NAMES AND ADDRESSES OF ATTORNEYS.docx
22.9kB

Citimortgage - DEMAND FOR CANCELLED CHECKS.docx
24.1kB

CITIMORGAGE- DEMAND FOR NAMES AND ADDRESSES OF WITNESSES.docx
22.7kB

1 of 1                                                                                   8/17 2020, 1:41 PM

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM

NYSCEF DOC. NO. 170

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/09/2020

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC., et al.

                  Plaintiff,

      against-

ADA OPARAJI,  MAURICE OPARAJI,

                  Defendants.

Index No. 704318/2019

Hon. Justice Janice Taylor
Courtroom: 41

AFFIDAVIT OF SERVICE

Motion Seq. #: 7
Returnable: 11/24/2020

ADA OPARAJI, MAURICE OPARAJI,

                Defendant/Counter-claimant,

       -against-

CITIMORTGAGE, INC; ABN AMRO
MORTGAGE GROUP, INC; CITIBANK, N.A.;
RICHARD M. BABECK; TERRY JOHNSON,

               Counter-defendants,

**PRINCE OPARAJI,** being duly sworn, hereby certify that I am over eighteen

years of age, a resident of Queens County, City and State of New York; and that I am not

a party to this action. That on November 9, 2020 I serve a copy of the within

Defendant/Counter-Claimant Maurice Oparaji's NOTICE OF MOTION, AND

AFFIDAVIT IN SUPPORT, upon:

1

FILED: QUEENS COUNTY CLERK 11/09/2020 05:12 PM
NYSCEF DOC. NO. 170

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/09/2020

David Gallo of
David A. Gallo & Associates LLP
Attorney for Plaintiff/Counter-Defendant.
99 Powerhouse Road, First Floor
Roslyn Heights, NY 11577
516-583-5330
Email: dgallo@msgrb.com

Ada Oparaji
Defendant/Counter-Claimant
12 Boylan Street
Newark, New Jersey 07106
(347) 276-6451
Email: queenoparaji@yahoo.com

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-

office of the United States Postal Service within the State of New York, also via email.

PRINCE OPARAJI

Sworn to before me
this ___ day of ___, 2020

_____
NOTARY PUBLIC

DONOVAN A. WILLIAMS
Notary Public-State of New York
No. 01WI4988529
Qualified in Queens County
Commission Expires September 16, 20__

2



Attachment 3 to Complaint



Spectrum Store
13456 Springfield Blvd
Springfield Gardens, NY 11413

Payment Status: **Success**
Amount Due: $240.47
Payment Amount: $240.00
Projected Balance: $0.47

Payment Type: Cash
Tracking Number: 14383558
Authorization Number: P7AAN
Account Number: ************3522
Timestamp: 03/27/2021 17:13

Thank you for choosing Spectrum self-service
payment kiosk. This receipt only
includes charges from your last statement
and does not include recent charges incurred.
If you have any questions regarding your
account please see an Associate for
assistance.
To view and pay your bill online
go to www.spectrum.com

245-11 133 ROAD
ROSEDALE, NY 11422
princeoparaji@yahoo.com
(718) 978-3581
April 3, 2021

**USPS CERTIFIED MAIL 7014 2120 0002 9199 1178**

Spectrum
The Records Access Officer (FOIL Request)
4145 South Falkenburg Road
Riverview, FL 33578

Dear Sir/Madam:

**RE: FOIL Request Concerning All Call Made Between December 1, 2020 and February 28, 2021 On Account Number: 718-978-3581**

    This is a Freedom of Information Law Request. On March 21, 2021 I made a request concerning all calls made to 718-978-3581 between December 1, 2020 and February 28, 2021. A Job Ticket #: 39083876 was assigned; till date, we have not **received** the request indicating the calls made to 718-978-3581 between December 1, 2020 and February 28, 2021. We ask that you supply us with copies of all calls made to 718-978-3581 between December 1, 2020 and February 28, 2021.

    You may wish to forward the said request through email: info@princeoparaji.com. We thank you and look forward to hearing from you.

Prince Oparaji

Maurice Oparaji

# Spectrum

Page 2 of 6        March 11, 2021

Account Number: 8150 12 005 2563522
Security Code: 0660

MAURICE OPARAH

Have questions about your bill?
Visit us at Spectrum.net/billing
Or, call us at 1-855-70-SPECTRUM (1-855-707-7326)

## Charge Details

| | |
|---|---|
| Previous Balance | 106.47 |

Payments received after 03/11/21 will appear on your next bill.

Service from 03/11/21 through 04/10/21

| | |
|---|---|
| Starter TV | 23.69 |
| Service Discount | -3.90 |
| Set-Top Box & Remote | 11.75 |
| Recurring Paymnt For Dep | 0.00 |
| | **$31.74** |
| TV Services Total | $31.74 |

| | |
|---|---|
| Home WiFi | 5.95 |
| ELP Internet | 19.99 |
| | **$25.94** |
| Internet Services Total | $25.94 |

| | |
|---|---|
| Phone number (718) 979-3681 | |
| Home Phone National | 39.95 |
| Service Discount | -19.96 |
| Your promotional price will expire on 07/10/21 | |
| | **$19.99** |

For additional call details,
please visit spectrum.net/account

Phone Services Total    $19.99

| | |
|---|---|
| $240 Deferred Payment   4 Of 12 | 20.00 |
| Plan | 0.00 |
| Broadcast TV Fee | 16.45 |
| Taxes Total | $36.45 |

| | |
|---|---|
| Franchise Fee | 3.39 |
| Federal Universal Service Fund | 1.61 |
| State And Local Sales Tax | 1.47 |
| State Telecom Excise Tax | 0.53 |
| Local Telecom Excise Tax | 0.39 |
| Regulatory Cost Recovery Fee | 0.07 |
| Regulatory Cost Recovery Fee | 0.25 |
| Regulatory Cost Recovery Fee | 0.40 |
| E-911 Fee | 1.00 |
| Mctd 186e | 0.14 |
| Public Access Fee | 1.12 |
| State Universal Service Fund | 0.04 |
| Taxes Fees and Charges | $10.40 |

| | |
|---|---|
| **Current Charges Due By 03/28/21** | **$124.66** |
| **Total Due** | **$231.05** |

## Messages continued from page 1

Do you own a business? You are Pre-Qualified for Spectrum Business services. Spectrum Business offers the best internet, Voice and TV solutions for the best value.  **Call 1-833-921-2371** today for a FREE, no obligation quote for your business.

Download the latest version of the My Spectrum App from your device's app store. The My Spectrum App makes it easier than ever to manage your Spectrum services. A hassle-free experience with one convenient place for handling all your account needs.

Continued on the next page

Local Store: 71-40 Austin Street, Forest Hills NY 11375  Store Hours: Mon thru Sat 10:00am to 8:00pm; Sun 12:00pm to 5:00pm or The Shops at Skyview Center, 40-24 College Point Blvd, Flushing NY 11354  Store Hours: Mon thru Sat 10:00am to 9:00pm, Sun 10:00am to 6:00pm or 23-58 Bell Blvd, Bayside NY 11360 Store Hours: Mon thru Sat 10:00am to 8:00pm, Sun 12:00pm to 5:00pm

## Simplify your life with Auto Pay!

Spend less time paying your bill
and more time doing what you love.

It's Easy - No more checks, stamps or trips to the post office
It's Secure - Powerful technology keeps your information safe
It's Flexible - Use your checking, savings, debit or credit card
It's FREE - And helps save time, postage and the environment

Set up easy, automatic bill payments with Auto Pay!
Visit spectrum.net/account
*(My Account login required)*

## Payment Options

Pay Online - Sign in to spectrum.net to pay or view your bill.

Pay by Mail - Detach payment coupon and enclose with your check made payable to Spectrum

For questions or concerns, please call 1-855-707-7326.



# TN Search Report for Billing - Inbound for 7189783581

## Report Search Date : 2020-12-01 to 2021-02-28

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 8453977762 | 7189783581 | 2020-12-01 17:33:04 | 2020-12-01 17:33:04 | +17189783581 | GMT |
| 8453977762 | 7189783581 | 2020-12-01 17:36:13 | 2020-12-01 17:36:13 | +17189783581 | GMT |
| 8453977762 | 7189783581 | 2020-12-01 17:36:14 | 2020-12-01 17:36:14 | +17189783581 | GMT |
| 8453977762 | 7189783581 | 2020-12-01 17:36:47 | 2020-12-01 17:36:47 | +17189783581 | GMT |
| 8453977762 | 7189783581 | 2020-12-01 17:38:46 | 2020-12-01 18:16:48 | +17189783581 | GMT |
| 8453977762 | 7189783581 | 2020-12-01 21:21:04 | 2020-12-01 21:24:52 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-02 17:24:31 | 2020-12-02 17:24:31 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-02 17:25:45 | 2020-12-02 17:25:45 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-02 17:26:40 | 2020-12-02 17:26:40 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-02 19:03:16 | 2020-12-02 19:03:55 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-03 08:04:05 | 2020-12-03 08:04:10 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-03 08:08:15 | 2020-12-03 08:08:22 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-03 14:03:52 | 2020-12-03 14:06:44 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-03 14:11:28 | 2020-12-03 14:11:34 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-03 16:47:22 | 2020-12-03 16:48:18 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-03 16:55:31 | 2020-12-03 16:55:42 | +17189783581 | GMT |
| 2347034315896 | 7189783581 | 2020-12-03 17:56:23 | 2020-12-03 17:56:23 | +17189783581 | GMT |
| 2347034315896 | 7189783581 | 2020-12-03 17:59:09 | 2020-12-03 17:59:09 | +17189783581 | GMT |
| 9174765116 | 7189783581 | 2020-12-03 23:09:14 | 2020-12-03 23:09:14 | +17189783581 | GMT |
| 2019285118 | 7189783581 | 2020-12-03 23:41:38 | 2020-12-03 23:41:38 | +17189783581 | GMT |
| 9146392865 | 7189783581 | 2020-12-04 00:21:56 | 2020-12-04 00:22:48 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2020-12-04 08:53:56 | 2020-12-04 08:54:01 | +17189783581 | GMT |
| 7189782794 | 7189783581 | 2020-12-04 14:59:43 | 2020-12-04 15:00:06 | +17189783581 | GMT |
| 2016392991 | 7189783581 | 2020-12-04 19:09:13 | 2020-12-04 19:09:13 | +17189783581 | GMT |
| 8622820524 | 7189783581 | 2020-12-04 21:41:35 | 2020-12-04 21:43:02 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-04 22:56:16 | 2020-12-04 22:56:26 | +17189783581 | GMT |
| 2348137172363 | 7189783581 | 2020-12-05 15:35:32 | 2020-12-05 15:37:41 | +17189783581 | GMT |
| 9734323406 | 7189783581 | 2020-12-06 16:55:41 | 2020-12-06 16:56:48 | +17189783581 | GMT |
| 2348039274243 | 7189783581 | 2020-12-07 12:57:16 | 2020-12-07 12:57:16 | +17189783581 | GMT |
| 5163940324 | 7189783581 | 2020-12-07 15:52:26 | 2020-12-07 15:52:26 | +17189783581 | GMT |
| 7189783250 | 7189783581 | 2020-12-07 23:41:27 | 2020-12-07 23:41:38 | +17189783581 | GMT |
| 7735283188 | 7189783581 | 2020-12-08 16:34:03 | 2020-12-08 16:34:14 | +17189783581 | GMT |
| 2028692800 | 7189783581 | 2020-12-08 18:39:32 | 2020-12-08 18:40:10 | +17189783581 | GMT |
| 7189281323 | 7189783581 | 2020-12-08 22:03:36 | 2020-12-08 22:04:22 | +17189783581 | GMT |
| 8623297938 | 7189783581 | 2020-12-09 16:33:21 | 2020-12-09 16:34:00 | +17189783581 | GMT |
| 7189782990 | 7189783581 | 2020-12-09 19:39:34 | 2020-12-09 19:41:24 | +17189783581 | GMT |
| 5166127690 | 7189783581 | 2020-12-09 21:56:14 | 2020-12-09 21:57:32 | +17189783581 | GMT |
| 2016392991 | 7189783581 | 2020-12-10 15:54:06 | 2020-12-10 15:54:50 | +17189783581 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189782620 | 7189783581 | 2020-12-10 15:56:39 | 2020-12-10 15:56:39 | +17189783581 | GMT |
| 7187158847 | 7189783581 | 2020-12-10 20:56:49 | 2020-12-10 20:59:19 | +17189783581 | GMT |
| 2015007688 | 7189783581 | 2020-12-11 16:19:47 | 2020-12-11 17:27:44 | +17189783581 | GMT |
| 2095981193 | 7189783581 | 2020-12-11 16:50:07 | 2020-12-11 16:50:07 | +17189783581 | GMT |
| 5515747023 | 7189783581 | 2020-12-11 18:26:30 | 2020-12-11 18:26:49 | +17189783581 | GMT |
| 8008374966 | 7189783581 | 2020-12-11 20:28:55 | 2020-12-11 20:28:55 | +17189783581 | GMT |
| 8008374966 | 7189783581 | 2020-12-11 20:28:58 | 2020-12-11 20:28:58 | +17189783581 | GMT |
| 8008374966 | 7189783581 | 2020-12-11 20:29:00 | 2020-12-11 20:29:00 | +17189783581 | GMT |
| 8008374966 | 7189783581 | 2020-12-11 20:29:02 | 2020-12-11 20:29:02 | +17189783581 | GMT |
| 8008374966 | 7189783581 | 2020-12-11 20:29:10 | 2020-12-11 20:39:40 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-11 23:00:39 | 2020-12-11 23:00:51 | +17189783581 | GMT |
| 5163741491 | 7189783581 | 2020-12-12 18:35:51 | 2020-12-12 18:35:51 | +17189783581 | GMT |
| 3476507895 | 7189783581 | 2020-12-12 18:57:22 | 2020-12-12 18:57:22 | +17189783581 | GMT |
| 2163094141 | 7189783581 | 2020-12-12 19:25:25 | 2020-12-12 19:26:32 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-12 21:05:48 | 2020-12-12 21:06:31 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-12 21:40:13 | 2020-12-12 21:40:16 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-14 17:04:55 | 2020-12-14 17:06:33 | +17189783581 | GMT |
| 2029216638 | 7189783581 | 2020-12-14 18:28:08 | 2020-12-14 18:28:47 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-14 20:40:41 | 2020-12-14 20:41:09 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-14 21:56:11 | 2020-12-14 21:56:11 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-14 21:58:02 | 2020-12-14 21:58:02 | +17189783581 | GMT |
| 5166127690 | 7189783581 | 2020-12-14 22:26:22 | 2020-12-14 22:26:22 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-15 12:55:39 | 2020-12-15 12:55:39 | +17189783581 | GMT |
| 9174774087 | 7189783581 | 2020-12-15 14:43:15 | 2020-12-15 14:43:15 | +17189783581 | GMT |
| 9174774087 | 7189783581 | 2020-12-15 14:44:18 | 2020-12-15 14:44:18 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-15 17:28:14 | 2020-12-15 17:29:41 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-15 20:27:52 | 2020-12-15 20:28:10 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-15 20:54:14 | 2020-12-15 20:54:44 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-15 20:57:07 | 2020-12-15 20:57:12 | +17189783581 | GMT |
| 9176997141 | 7189783581 | 2020-12-15 22:55:13 | 2020-12-15 23:13:58 | +17189783581 | GMT |
| 7189783585 | 7189783581 | 2020-12-16 15:31:04 | 2020-12-16 15:31:04 | +17189783581 | GMT |
| 7189785055 | 7189783581 | 2020-12-16 22:49:20 | 2020-12-16 22:50:09 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-17 17:39:42 | 2020-12-17 17:39:42 | +17189783581 | GMT |
| 5166127690 | 7189783581 | 2020-12-17 17:40:41 | 2020-12-17 17:40:41 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-17 18:01:34 | 2020-12-17 18:01:34 | +17189783581 | GMT |
| 7189789464 | 7189783581 | 2020-12-17 18:01:59 | 2020-12-17 18:03:57 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-17 19:45:56 | 2020-12-17 19:46:41 | +17189783581 | GMT |
| 8335361100 | 7189783581 | 2020-12-17 20:49:49 | 2020-12-17 20:51:25 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-17 20:53:25 | 2020-12-17 20:54:03 | +17189783581 | GMT |
| 2348033201347 | 7189783581 | 2020-12-18 08:09:35 | 2020-12-18 08:09:35 | +17189783581 | GMT |
| Private | 7189783581 | 2020-12-18 13:44:33 | 2020-12-18 13:44:33 | +17189783581 | GMT |
| 7183343656 | 7189783581 | 2020-12-18 17:38:02 | 2020-12-18 17:38:49 | +17189783581 | GMT |
| 2012335322 | 7189783581 | 2020-12-18 18:35:14 | 2020-12-18 18:36:58 | +17189783581 | GMT |
| 7189787803 | 7189783581 | 2020-12-18 22:33:42 | 2020-12-18 22:34:20 | +17189783581 | GMT |
| 7187158847 | 7189783581 | 2020-12-19 20:21:48 | 2020-12-19 20:21:48 | +17189783581 | GMT |
| 7182202351 | 7189783581 | 2020-12-21 13:21:21 | 2020-12-21 13:22:10 | +17189783581 | GMT |
| 7187158847 | 7189783581 | 2020-12-21 16:25:13 | 2020-12-21 16:26:03 | +17189783581 | GMT |
| 7187158847 | 7189783581 | 2020-12-21 16:40:58 | 2020-12-21 16:42:57 | +17189783581 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 9174772988 | 7189783581 | 2020-12-21 16:58:15 | 2020-12-21 17:11:26 | +17189783581 | GMT |
| 6098152955 | 7189783581 | 2020-12-21 20:58:00 | 2020-12-21 21:00:10 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-21 21:28:29 | 2020-12-21 21:28:40 | +17189783581 | GMT |
| 9174772988 | 7189783581 | 2020-12-22 14:13:16 | 2020-12-22 14:13:16 | +17189783581 | GMT |
| 7188808886 | 7189783581 | 2020-12-22 14:16:40 | 2020-12-22 14:16:40 | +17189783581 | GMT |
| 9174772988 | 7189783581 | 2020-12-22 14:58:10 | 2020-12-22 14:58:10 | +17189783581 | GMT |
| 9174772988 | 7189783581 | 2020-12-22 17:30:28 | 2020-12-22 17:30:28 | +17189783581 | GMT |
| 8622820524 | 7189783581 | 2020-12-23 14:28:18 | 2020-12-23 14:28:18 | +17189783581 | GMT |
| 5618295440 | 7189783581 | 2020-12-23 17:22:02 | 2020-12-23 17:22:02 | +17189783581 | GMT |
| 9084607211 | 7189783581 | 2020-12-23 18:40:11 | 2020-12-23 18:40:19 | +17189783581 | GMT |
| 9174772988 | 7189783581 | 2020-12-23 22:02:15 | 2020-12-23 22:02:22 | +17189783581 | GMT |
| 8005363726 | 7189783581 | 2020-12-26 15:10:31 | 2020-12-26 15:10:31 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-29 12:29:09 | 2020-12-29 12:29:13 | +17189783581 | GMT |
| 9174772988 | 7189783581 | 2020-12-29 15:27:06 | 2020-12-29 15:29:37 | +17189783581 | GMT |
| 9732205963 | 7189783581 | 2020-12-29 15:29:41 | 2020-12-29 15:34:12 | +17189783581 | GMT |
| 2012335322 | 7189783581 | 2020-12-30 01:22:03 | 2020-12-30 01:22:06 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2020-12-30 12:28:29 | 2020-12-30 12:29:00 | +17189783581 | GMT |
| 9174772988 | 7189783581 | 2020-12-30 14:01:53 | 2020-12-30 14:01:56 | +17189783581 | GMT |
| 7188808886 | 7189783581 | 2020-12-30 14:02:57 | 2020-12-30 14:03:04 | +17189783581 | GMT |
| 9174774087 | 7189783581 | 2020-12-30 14:19:33 | 2020-12-30 14:19:42 | +17189783581 | GMT |
| 9174774087 | 7189783581 | 2020-12-30 14:20:42 | 2020-12-30 14:20:46 | +17189783581 | GMT |
| 7189748234 | 7189783581 | 2020-12-30 14:26:02 | 2020-12-30 14:26:06 | +17189783581 | GMT |
| 7189748234 | 7189783581 | 2020-12-30 14:32:11 | 2020-12-30 14:32:14 | +17189783581 | GMT |
| 2012335322 | 7189783581 | 2020-12-30 14:59:31 | 2020-12-30 15:01:25 | +17189783581 | GMT |
| 2012335322 | 7189783581 | 2020-12-30 15:04:15 | 2020-12-30 15:06:45 | +17189783581 | GMT |
| 2012335322 | 7189783581 | 2020-12-30 15:08:11 | 2020-12-30 15:08:11 | +17189783581 | GMT |
| 9732205963 | 7189783581 | 2020-12-30 15:32:56 | 2020-12-30 15:33:39 | +17189783581 | GMT |
| 3476507895 | 7189783581 | 2020-12-30 22:14:34 | 2020-12-30 22:14:34 | +17189783581 | GMT |
| 3476507865 | 7189783581 | 2020-12-30 22:24:33 | 2020-12-30 22:24:50 | +17189783581 | GMT |
| 3476507865 | 7189783581 | 2020-12-30 22:25:29 | 2020-12-30 22:25:33 | +17189783581 | GMT |
| 3476507865 | 7189783581 | 2020-12-30 22:26:22 | 2020-12-30 22:26:22 | +17189783581 | GMT |
| 6469803966 | 7189783581 | 2020-12-30 23:51:01 | 2020-12-30 23:52:20 | +17189783581 | GMT |
| 9174772988 | 7189783581 | 2020-12-31 15:50:11 | 2020-12-31 15:50:13 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-01-02 15:21:47 | 2021-01-02 15:22:11 | +17189783581 | GMT |
| Private | 7189783581 | 2021-01-02 15:46:25 | 2021-01-02 15:49:01 | +17189783581 | GMT |
| 2016392991 | 7189783581 | 2021-01-02 17:33:06 | 2021-01-02 17:34:06 | +17189783581 | GMT |
| 2016392991 | 7189783581 | 2021-01-02 17:52:22 | 2021-01-02 17:52:41 | +17189783581 | GMT |
| 2348036655195 | 7189783581 | 2021-01-03 06:33:29 | 2021-01-03 06:33:29 | +17189783581 | GMT |
| 2819543449 | 7189783581 | 2021-01-04 15:04:51 | 2021-01-04 15:04:51 | +17189783581 | GMT |
| 9174772988 | 7189783581 | 2021-01-05 16:19:42 | 2021-01-05 16:19:46 | +17189783581 | GMT |
| 7189788891 | 7189783581 | 2021-01-05 17:23:50 | 2021-01-05 17:24:00 | +17189783581 | GMT |
| 2016392991 | 7189783581 | 2021-01-05 17:27:25 | 2021-01-05 17:27:54 | +17189783581 | GMT |
| 2016392991 | 7189783581 | 2021-01-05 17:28:35 | 2021-01-05 17:29:00 | +17189783581 | GMT |
| 8629444427 | 7189783581 | 2021-01-05 18:18:27 | 2021-01-05 18:19:53 | +17189783581 | GMT |
| 9174774087 | 7189783581 | 2021-01-05 18:19:27 | 2021-01-05 18:19:27 | +17189783581 | GMT |
| 9174774087 | 7189783581 | 2021-01-05 18:19:40 | 2021-01-05 18:20:04 | +17189783581 | GMT |
| 8629444427 | 7189783581 | 2021-01-05 18:20:00 | 2021-01-05 18:20:32 | +17189783581 | GMT |
| 9174774087 | 7189783581 | 2021-01-05 18:20:16 | 2021-01-05 18:20:42 | +17189783581 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 8629444427 | 7189783581 | 2021-01-05 18:20:34 | 2021-01-05 18:20:34 | +17189783581 | GMT |
| 8629444427 | 7189783581 | 2021-01-05 18:20:59 | 2021-01-05 18:20:59 | +17189783581 | GMT |
| 9174774087 | 7189783581 | 2021-01-05 18:21:01 | 2021-01-05 18:21:26 | +17189783581 | GMT |
| 8629444427 | 7189783581 | 2021-01-05 18:21:21 | 2021-01-05 18:21:21 | +17189783581 | GMT |
| 8629444427 | 7189783581 | 2021-01-05 19:25:49 | 2021-01-05 19:27:34 | +17189783581 | GMT |
| 3154443245 | 7189783581 | 2021-01-06 20:46:52 | 2021-01-06 20:46:52 | +17189783581 | GMT |
| 3476507895 | 7189783581 | 2021-01-06 20:57:18 | 2021-01-06 20:57:18 | +17189783581 | GMT |
| 6312283990 | 7189783581 | 2021-01-06 21:26:09 | 2021-01-06 21:26:48 | +17189783581 | GMT |
| 7184324374 | 7189783581 | 2021-01-06 21:57:23 | 2021-01-06 21:57:24 | +17189783581 | GMT |
| 4704815325 | 7189783581 | 2021-01-06 22:17:23 | 2021-01-06 22:17:23 | +17189783581 | GMT |
| 8568613817 | 7189783581 | 2021-01-06 23:56:26 | 2021-01-06 23:56:26 | +17189783581 | GMT |
| 2673715525 | 7189783581 | 2021-01-07 16:10:59 | 2021-01-07 16:10:59 | +17189783581 | GMT |
| 7189783373 | 7189783581 | 2021-01-07 16:25:40 | 2021-01-07 16:25:40 | +17189783581 | GMT |
| 5709823982 | 7189783581 | 2021-01-07 17:47:06 | 2021-01-07 17:47:06 | +17189783581 | GMT |
| 5709823982 | 7189783581 | 2021-01-07 17:49:58 | 2021-01-07 17:52:42 | +17189783581 | GMT |
| 5709823982 | 7189783581 | 2021-01-07 18:04:44 | 2021-01-07 18:09:25 | +17189783581 | GMT |
| 7189544066 | 7189783581 | 2021-01-07 20:54:26 | 2021-01-07 20:55:00 | +17189783581 | GMT |
| 5166127690 | 7189783581 | 2021-01-07 21:07:21 | 2021-01-07 21:08:10 | +17189783581 | GMT |
| 5166127690 | 7189783581 | 2021-01-07 21:25:13 | 2021-01-07 21:26:27 | +17189783581 | GMT |
| 7189786034 | 7189783581 | 2021-01-08 15:37:21 | 2021-01-08 15:39:09 | +17189783581 | GMT |
| 5166127690 | 7189783581 | 2021-01-08 21:14:02 | 2021-01-08 21:14:39 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-09 18:45:45 | 2021-01-09 18:45:59 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-09 22:14:36 | 2021-01-09 22:14:41 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-09 22:16:20 | 2021-01-09 22:16:24 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-09 22:22:03 | 2021-01-09 22:22:03 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-09 22:24:21 | 2021-01-09 22:24:40 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-10 05:11:47 | 2021-01-10 05:11:47 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-10 17:50:11 | 2021-01-10 17:51:41 | +17189783581 | GMT |
| 6232553816 | 7189783581 | 2021-01-10 19:53:53 | 2021-01-10 19:54:53 | +17189783581 | GMT |
| 6468465013 | 7189783581 | 2021-01-10 22:04:33 | 2021-01-10 22:05:12 | +17189783581 | GMT |
| 2348163633335 | 7189783581 | 2021-01-12 12:17:56 | 2021-01-12 12:17:56 | +17189783581 | GMT |
| 9732205963 | 7189783581 | 2021-01-12 20:13:11 | 2021-01-12 20:14:53 | +17189783581 | GMT |
| 7189799690 | 7189783581 | 2021-01-12 22:07:28 | 2021-01-12 22:07:39 | +17189783581 | GMT |
| 7189781182 | 7189783581 | 2021-01-13 16:40:14 | 2021-01-13 16:40:14 | +17189783581 | GMT |
| 7189781182 | 7189783581 | 2021-01-13 16:40:28 | 2021-01-13 16:41:44 | +17189783581 | GMT |
| 7189788582 | 7189783581 | 2021-01-13 19:04:34 | 2021-01-13 19:04:34 | +17189783581 | GMT |
| 7189758050 | 7189783581 | 2021-01-13 20:58:18 | 2021-01-13 20:59:56 | +17189783581 | GMT |
| 7189786579 | 7189783581 | 2021-01-13 21:30:31 | 2021-01-13 21:31:41 | +17189783581 | GMT |
| 5103562859 | 7189783581 | 2021-01-13 23:25:18 | 2021-01-13 23:30:00 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-14 14:50:46 | 2021-01-14 14:50:46 | +17189783581 | GMT |
| 3022730831 | 7189783581 | 2021-01-14 15:03:22 | 2021-01-14 15:03:22 | +17189783581 | GMT |
| 5166127690 | 7189783581 | 2021-01-14 15:33:24 | 2021-01-14 15:33:28 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-14 16:39:03 | 2021-01-14 16:39:03 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-14 16:39:11 | 2021-01-14 16:39:11 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-14 16:39:25 | 2021-01-14 16:39:25 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-14 16:39:39 | 2021-01-14 16:39:39 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-14 16:40:06 | 2021-01-14 16:40:06 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-14 16:40:14 | 2021-01-14 16:42:23 | +17189783581 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 8629444427 | 7189783581 | 2021-01-14 18:27:39 | 2021-01-14 18:28:11 | +17189783581 | GMT |
| 7189783218 | 7189783581 | 2021-01-14 22:09:13 | 2021-01-14 22:10:34 | +17189783581 | GMT |
| 5103562859 | 7189783581 | 2021-01-15 16:24:51 | 2021-01-15 16:25:40 | +17189783581 | GMT |
| 9734904362 | 7189783581 | 2021-01-15 17:00:30 | 2021-01-15 17:00:30 | +17189783581 | GMT |
| 7189786753 | 7189783581 | 2021-01-15 21:01:55 | 2021-01-15 21:02:57 | +17189783581 | GMT |
| 2086611235 | 7189783581 | 2021-01-15 23:01:23 | 2021-01-15 23:02:09 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-16 01:42:42 | 2021-01-16 01:43:16 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-16 22:42:37 | 2021-01-16 22:43:10 | +17189783581 | GMT |
| 2018393021 | 7189783581 | 2021-01-17 00:44:17 | 2021-01-17 00:44:28 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-18 13:20:31 | 2021-01-18 13:20:59 | +17189783581 | GMT |
| 7189787457 | 7189783581 | 2021-01-18 15:08:52 | 2021-01-18 15:10:08 | +17189783581 | GMT |
| 5103562859 | 7189783581 | 2021-01-18 16:48:30 | 2021-01-18 16:48:35 | +17189783581 | GMT |
| 5103562859 | 7189783581 | 2021-01-18 16:49:27 | 2021-01-18 16:49:31 | +17189783581 | GMT |
| 7189781267 | 7189783581 | 2021-01-18 17:11:06 | 2021-01-18 17:11:06 | +17189783581 | GMT |
| 9173480177 | 7189783581 | 2021-01-18 20:32:34 | 2021-01-18 20:33:48 | +17189783581 | GMT |
| 2348085967487 | 7189783581 | 2021-01-19 10:52:26 | 2021-01-19 10:53:15 | +17189783581 | GMT |
| 6098152900 | 7189783581 | 2021-01-19 16:26:02 | 2021-01-19 16:29:03 | +17189783581 | GMT |
| 2819543449 | 7189783581 | 2021-01-19 19:31:05 | 2021-01-19 19:31:28 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-19 21:30:43 | 2021-01-19 21:31:27 | +17189783581 | GMT |
| 2029982892 | 7189783581 | 2021-01-20 17:14:25 | 2021-01-20 17:14:41 | +17189783581 | GMT |
| 7189789541 | 7189783581 | 2021-01-20 22:12:22 | 2021-01-20 22:12:22 | +17189783581 | GMT |
| 7189787613 | 7189783581 | 2021-01-20 22:24:54 | 2021-01-20 22:25:56 | +17189783581 | GMT |
| 2029982872 | 7189783581 | 2021-01-21 14:53:59 | 2021-01-21 14:53:59 | +17189783581 | GMT |
| 7063251757 | 7189783581 | 2021-01-21 17:12:06 | 2021-01-21 17:12:06 | +17189783581 | GMT |
| 2029982873 | 7189783581 | 2021-01-22 17:46:47 | 2021-01-22 17:46:47 | +17189783581 | GMT |
| 7189782986 | 7189783581 | 2021-01-22 22:04:44 | 2021-01-22 22:06:00 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:18:17 | 2021-01-23 00:18:17 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:18:32 | 2021-01-23 00:18:32 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:18:56 | 2021-01-23 00:18:56 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:19:12 | 2021-01-23 00:19:12 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:19:53 | 2021-01-23 00:19:53 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:20:27 | 2021-01-23 00:20:27 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:21:02 | 2021-01-23 00:21:02 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:21:53 | 2021-01-23 00:22:00 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:22:22 | 2021-01-23 00:22:22 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:26:24 | 2021-01-23 00:27:07 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:27:39 | 2021-01-23 00:27:39 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:28:02 | 2021-01-23 00:28:02 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:29:09 | 2021-01-23 00:29:09 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:29:46 | 2021-01-23 00:29:46 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:30:13 | 2021-01-23 00:30:13 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:31:32 | 2021-01-23 00:32:17 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:33:31 | 2021-01-23 00:36:33 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:37:14 | 2021-01-23 00:37:16 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:37:47 | 2021-01-23 00:37:47 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:38:14 | 2021-01-23 00:38:14 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:38:31 | 2021-01-23 00:38:31 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:41:35 | 2021-01-23 00:42:05 | +17189783581 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 3475518901 | 7189783581 | 2021-01-23 00:43:41 | 2021-01-23 00:43:41 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:45:21 | 2021-01-23 00:45:21 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:48:05 | 2021-01-23 00:48:17 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:50:56 | 2021-01-23 00:51:06 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:52:49 | 2021-01-23 00:52:54 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 00:53:41 | 2021-01-23 00:56:16 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 01:01:07 | 2021-01-23 01:01:07 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 01:03:56 | 2021-01-23 01:03:56 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 01:05:36 | 2021-01-23 01:05:36 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 01:05:59 | 2021-01-23 01:06:10 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 01:06:35 | 2021-01-23 01:06:45 | +17189783581 | GMT |
| 3475518901 | 7189783581 | 2021-01-23 01:07:30 | 2021-01-23 01:07:39 | +17189783581 | GMT |
| 2029982882 | 7189783581 | 2021-01-24 00:38:27 | 2021-01-24 00:38:27 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-24 19:37:08 | 2021-01-24 19:37:25 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-24 20:49:17 | 2021-01-24 20:49:58 | +17189783581 | GMT |
| 7189783252 | 7189783581 | 2021-01-25 15:18:48 | 2021-01-25 15:19:59 | +17189783581 | GMT |
| 9086159524 | 7189783581 | 2021-01-25 15:52:25 | 2021-01-25 15:53:17 | +17189783581 | GMT |
| 9082790553 | 7189783581 | 2021-01-25 16:49:42 | 2021-01-25 16:50:12 | +17189783581 | GMT |
| 7188665338 | 7189783581 | 2021-01-25 18:10:15 | 2021-01-25 18:11:06 | +17189783581 | GMT |
| 2252692103 | 7189783581 | 2021-01-25 19:21:28 | 2021-01-25 19:22:13 | +17189783581 | GMT |
| 7187158847 | 7189783581 | 2021-01-25 20:23:56 | 2021-01-25 20:35:36 | +17189783581 | GMT |
| 2029982862 | 7189783581 | 2021-01-25 20:27:45 | 2021-01-25 20:27:45 | +17189783581 | GMT |
| 9294992749 | 7189783581 | 2021-01-26 16:06:24 | 2021-01-26 16:06:35 | +17189783581 | GMT |
| 7189372959 | 7189783581 | 2021-01-26 19:05:23 | 2021-01-26 19:05:40 | +17189783581 | GMT |
| 3159483061 | 7189783581 | 2021-01-26 23:58:44 | 2021-01-26 23:59:05 | +17189783581 | GMT |
| 2018393021 | 7189783581 | 2021-01-27 15:25:34 | 2021-01-27 15:25:36 | +17189783581 | GMT |
| 7189791536 | 7189783581 | 2021-01-27 16:02:18 | 2021-01-27 16:02:42 | +17189783581 | GMT |
| 3473346951 | 7189783581 | 2021-01-27 19:32:32 | 2021-01-27 19:33:43 | +17189783581 | GMT |
| 3473346951 | 7189783581 | 2021-01-27 19:39:16 | 2021-01-27 19:40:32 | +17189783581 | GMT |
| 3159483061 | 7189783581 | 2021-01-27 19:41:22 | 2021-01-27 19:41:27 | +17189783581 | GMT |
| 7189786738 | 7189783581 | 2021-01-27 22:02:17 | 2021-01-27 22:03:49 | +17189783581 | GMT |
| 2029982901 | 7189783581 | 2021-01-28 15:32:55 | 2021-01-28 15:33:11 | +17189783581 | GMT |
| 8008722657 | 7189783581 | 2021-01-28 16:44:29 | 2021-01-28 16:45:02 | +17189783581 | GMT |
| 9294992749 | 7189783581 | 2021-01-28 17:01:41 | 2021-01-28 17:01:52 | +17189783581 | GMT |
| 7189782333 | 7189783581 | 2021-01-28 17:15:06 | 2021-01-28 17:15:06 | +17189783581 | GMT |
| 3159483061 | 7189783581 | 2021-01-28 17:28:21 | 2021-01-28 17:28:23 | +17189783581 | GMT |
| 8622567038 | 7189783581 | 2021-01-28 17:52:05 | 2021-01-28 17:52:13 | +17189783581 | GMT |
| Private | 7189783581 | 2021-01-28 18:01:17 | 2021-01-28 18:01:17 | +17189783581 | GMT |
| Private | 7189783581 | 2021-01-28 18:01:24 | 2021-01-28 18:01:24 | +17189783581 | GMT |
| Private | 7189783581 | 2021-01-28 18:41:19 | 2021-01-28 18:41:23 | +17189783581 | GMT |
| 6095645893 | 7189783581 | 2021-01-28 18:48:18 | 2021-01-28 18:48:26 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-28 19:18:36 | 2021-01-28 19:19:22 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-01-28 20:36:08 | 2021-01-28 20:37:00 | +17189783581 | GMT |
| 7328602747 | 7189783581 | 2021-01-29 15:18:58 | 2021-01-29 15:21:29 | +17189783581 | GMT |
| 7189789856 | 7189783581 | 2021-01-29 15:46:40 | 2021-01-29 15:47:15 | +17189783581 | GMT |
| 9294992749 | 7189783581 | 2021-01-29 16:51:41 | 2021-01-29 16:51:51 | +17189783581 | GMT |
| 9087728662 | 7189783581 | 2021-01-29 21:51:04 | 2021-01-29 21:53:15 | +17189783581 | GMT |
| 2018393021 | 7189783581 | 2021-01-29 23:27:50 | 2021-01-29 23:27:50 | +17189783581 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 9294992749 | 7189783581 | 2021-01-30 19:12:53 | 2021-01-30 19:12:53 | +17189783581 | GMT |
| 8335361100 | 7189783581 | 2021-01-30 21:20:05 | 2021-01-30 21:20:32 | +17189783581 | GMT |
| 2018393021 | 7189783581 | 2021-01-30 22:22:38 | 2021-01-30 22:22:38 | +17189783581 | GMT |
| 7189721390 | 7189783581 | 2021-01-31 00:07:53 | 2021-01-31 00:08:05 | +17189783581 | GMT |
| 8557077328 | 7189783581 | 2021-01-31 21:19:53 | 2021-01-31 21:36:56 | +17189783581 | GMT |
| 8335361100 | 7189783581 | 2021-01-31 21:33:42 | 2021-01-31 21:36:18 | +17189783581 | GMT |
| 9549510131 | 7189783581 | 2021-01-31 23:43:23 | 2021-01-31 23:43:33 | +17189783581 | GMT |
| 9549510131 | 7189783581 | 2021-02-01 00:36:47 | 2021-02-01 00:36:57 | +17189783581 | GMT |
| 9294992749 | 7189783581 | 2021-02-01 14:47:27 | 2021-02-01 14:47:50 | +17189783581 | GMT |
| 9088684740 | 7189783581 | 2021-02-01 18:32:44 | 2021-02-01 18:35:00 | +17189783581 | GMT |
| 2348137172363 | 7189783581 | 2021-02-01 19:49:35 | 2021-02-01 19:50:22 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-02-01 20:42:19 | 2021-02-01 20:42:28 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-02-01 20:51:28 | 2021-02-01 20:51:54 | +17189783581 | GMT |
| 7189328790 | 7189783581 | 2021-02-01 20:58:41 | 2021-02-01 20:59:41 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-02-01 20:58:53 | 2021-02-01 20:58:53 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-02-01 20:59:13 | 2021-02-01 20:59:13 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-02-01 21:03:21 | 2021-02-01 21:06:51 | +17189783581 | GMT |
| 9736586764 | 7189783581 | 2021-02-01 21:27:56 | 2021-02-01 21:28:33 | +17189783581 | GMT |
| 9736586764 | 7189783581 | 2021-02-01 21:29:20 | 2021-02-01 21:29:20 | +17189783581 | GMT |
| 8557077328 | 7189783581 | 2021-02-01 23:07:21 | 2021-02-01 23:07:57 | +17189783581 | GMT |
| 7189479027 | 7189783581 | 2021-02-01 23:21:53 | 2021-02-01 23:22:54 | +17189783581 | GMT |
| 7189491414 | 7189783581 | 2021-02-01 23:36:32 | 2021-02-01 23:36:46 | +17189783581 | GMT |
| 7324016438 | 7189783581 | 2021-02-01 23:59:33 | 2021-02-02 00:00:30 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-02-02 12:37:28 | 2021-02-02 12:38:37 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-02-02 13:18:01 | 2021-02-02 13:18:56 | +17189783581 | GMT |
| 9083491946 | 7189783581 | 2021-02-02 13:52:34 | 2021-02-02 13:56:01 | +17189783581 | GMT |
| 9294992749 | 7189783581 | 2021-02-02 14:35:50 | 2021-02-02 14:36:00 | +17189783581 | GMT |
| 6093374439 | 7189783581 | 2021-02-02 16:42:35 | 2021-02-02 16:52:32 | +17189783581 | GMT |
| 8557077328 | 7189783581 | 2021-02-02 17:01:52 | 2021-02-02 17:04:03 | +17189783581 | GMT |
| 2015353780 | 7189783581 | 2021-02-02 17:04:44 | 2021-02-02 17:04:56 | +17189783581 | GMT |
| 8557077328 | 7189783581 | 2021-02-02 17:32:22 | 2021-02-02 17:32:45 | +17189783581 | GMT |
| 3476350546 | 7189783581 | 2021-02-02 18:10:48 | 2021-02-02 18:11:02 | +17189783581 | GMT |
| 7189973657 | 7189783581 | 2021-02-02 19:01:03 | 2021-02-02 19:02:03 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-02-02 19:15:38 | 2021-02-02 19:15:55 | +17189783581 | GMT |
| 2347035493518 | 7189783581 | 2021-02-02 20:02:02 | 2021-02-02 20:02:31 | +17189783581 | GMT |
| 7189782624 | 7189783581 | 2021-02-02 20:33:09 | 2021-02-02 20:33:27 | +17189783581 | GMT |
| 8046656453 | 7189783581 | 2021-02-02 22:19:47 | 2021-02-02 22:20:55 | +17189783581 | GMT |
| 7189781370 | 7189783581 | 2021-02-03 15:41:14 | 2021-02-03 15:42:01 | +17189783581 | GMT |
| 3476507895 | 7189783581 | 2021-02-03 17:22:41 | 2021-02-03 17:22:41 | +17189783581 | GMT |
| 3476507895 | 7189783581 | 2021-02-03 17:23:00 | 2021-02-03 17:23:00 | +17189783581 | GMT |
| 3476507895 | 7189783581 | 2021-02-03 17:23:23 | 2021-02-03 17:23:23 | +17189783581 | GMT |
| 3476507895 | 7189783581 | 2021-02-03 17:23:47 | 2021-02-03 17:23:47 | +17189783581 | GMT |
| 3476507895 | 7189783581 | 2021-02-03 17:24:52 | 2021-02-03 17:24:52 | +17189783581 | GMT |
| 3476507895 | 7189783581 | 2021-02-03 17:25:13 | 2021-02-03 17:25:13 | +17189783581 | GMT |
| 8003471000 | 7189783581 | 2021-02-03 23:53:46 | 2021-02-03 23:54:14 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-02-04 13:52:55 | 2021-02-04 13:54:00 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-04 18:43:22 | 2021-02-04 18:43:22 | +17189783581 | GMT |
| 2013225099 | 7189783581 | 2021-02-04 20:33:24 | 2021-02-04 20:33:33 | +17189783581 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189373432 | 7189783581 | 2021-02-04 20:46:47 | 2021-02-04 20:49:27 | +17189783581 | GMT |
| 7189782346 | 7189783581 | 2021-02-04 21:01:53 | 2021-02-04 21:02:04 | +17189783581 | GMT |
| 2028695126 | 7189783581 | 2021-02-05 01:55:22 | 2021-02-05 01:57:56 | +17189783581 | GMT |
| 7189255033 | 7189783581 | 2021-02-05 15:52:28 | 2021-02-05 15:52:28 | +17189783581 | GMT |
| 3476099756 | 7189783581 | 2021-02-05 17:36:45 | 2021-02-05 17:36:53 | +17189783581 | GMT |
| 9733025147 | 7189783581 | 2021-02-06 00:28:09 | 2021-02-06 00:28:19 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-06 18:40:41 | 2021-02-06 18:40:41 | +17189783581 | GMT |
| 9736586764 | 7189783581 | 2021-02-08 18:27:55 | 2021-02-08 18:28:08 | +17189783581 | GMT |
| 9736586764 | 7189783581 | 2021-02-08 18:28:41 | 2021-02-08 18:28:41 | +17189783581 | GMT |
| 2348137172363 | 7189783581 | 2021-02-08 19:46:15 | 2021-02-08 19:46:15 | +17189783581 | GMT |
| 2348138504510 | 7189783581 | 2021-02-09 08:05:09 | 2021-02-09 08:06:02 | +17189783581 | GMT |
| 3158883180 | 7189783581 | 2021-02-09 19:46:56 | 2021-02-09 19:47:10 | +17189783581 | GMT |
| 2348038896736 | 7189783581 | 2021-02-10 13:42:42 | 2021-02-10 13:45:40 | +17189783581 | GMT |
| 9084605216 | 7189783581 | 2021-02-10 14:22:27 | 2021-02-10 14:22:29 | +17189783581 | GMT |
| 2014302801 | 7189783581 | 2021-02-10 17:04:42 | 2021-02-10 17:04:50 | +17189783581 | GMT |
| Private | 7189783581 | 2021-02-10 20:48:15 | 2021-02-10 20:48:20 | +17189783581 | GMT |
| Private | 7189783581 | 2021-02-11 01:43:51 | 2021-02-11 01:45:11 | +17189783581 | GMT |
| 3157953154 | 7189783581 | 2021-02-11 16:19:54 | 2021-02-11 16:20:06 | +17189783581 | GMT |
| 2015353780 | 7189783581 | 2021-02-11 17:24:39 | 2021-02-11 17:28:21 | +17189783581 | GMT |
| 3157953154 | 7189783581 | 2021-02-11 17:31:17 | 2021-02-11 17:31:29 | +17189783581 | GMT |
| 2018393021 | 7189783581 | 2021-02-12 15:42:31 | 2021-02-12 15:42:40 | +17189783581 | GMT |
| 9733828299 | 7189783581 | 2021-02-12 17:50:37 | 2021-02-12 17:51:50 | +17189783581 | GMT |
| 9086038177 | 7189783581 | 2021-02-14 18:26:51 | 2021-02-14 18:26:51 | +17189783581 | GMT |
| 7324016438 | 7189783581 | 2021-02-14 20:33:07 | 2021-02-14 20:35:57 | +17189783581 | GMT |
| 2348138504510 | 7189783581 | 2021-02-14 21:12:16 | 2021-02-14 21:12:16 | +17189783581 | GMT |
| 2348138504510 | 7189783581 | 2021-02-14 21:13:17 | 2021-02-14 21:13:17 | +17189783581 | GMT |
| 2348138504510 | 7189783581 | 2021-02-14 21:19:47 | 2021-02-14 21:19:51 | +17189783581 | GMT |
| 2348034085138 | 7189783581 | 2021-02-15 07:51:04 | 2021-02-15 07:51:04 | +17189783581 | GMT |
| 2348138504510 | 7189783581 | 2021-02-15 13:02:48 | 2021-02-15 13:03:05 | +17189783581 | GMT |
| 6095297739 | 7189783581 | 2021-02-15 15:59:07 | 2021-02-15 15:59:43 | +17189783581 | GMT |
| 2348138504510 | 7189783581 | 2021-02-15 19:01:28 | 2021-02-15 19:01:34 | +17189783581 | GMT |
| 8884312880 | 7189783581 | 2021-02-15 20:35:34 | 2021-02-15 20:36:16 | +17189783581 | GMT |
| 6095645893 | 7189783581 | 2021-02-15 20:57:06 | 2021-02-15 20:57:59 | +17189783581 | GMT |
| 5165732809 | 7189783581 | 2021-02-16 15:42:45 | 2021-02-16 15:44:15 | +17189783581 | GMT |
| 7184206618 | 7189783581 | 2021-02-16 15:57:10 | 2021-02-16 15:59:56 | +17189783581 | GMT |
| 6093374439 | 7189783581 | 2021-02-16 20:46:45 | 2021-02-16 20:47:21 | +17189783581 | GMT |
| 3473794416 | 7189783581 | 2021-02-17 22:13:20 | 2021-02-17 22:16:05 | +17189783581 | GMT |
| 7327194875 | 7189783581 | 2021-02-18 00:54:40 | 2021-02-18 00:54:54 | +17189783581 | GMT |
| 6095645893 | 7189783581 | 2021-02-18 18:42:46 | 2021-02-18 18:42:46 | +17189783581 | GMT |
| 3147321364 | 7189783581 | 2021-02-18 21:23:50 | 2021-02-18 21:30:09 | +17189783581 | GMT |
| 5512165374 | 7189783581 | 2021-02-18 21:39:26 | 2021-02-18 21:40:38 | +17189783581 | GMT |
| 5512165374 | 7189783581 | 2021-02-18 21:40:57 | 2021-02-18 21:44:57 | +17189783581 | GMT |
| 2018393021 | 7189783581 | 2021-02-19 16:57:08 | 2021-02-19 16:57:08 | +17189783581 | GMT |
| 7189786806 | 7189783581 | 2021-02-19 22:44:54 | 2021-02-19 22:45:27 | +17189783581 | GMT |
| 3478847145 | 7189783581 | 2021-02-20 13:34:02 | 2021-02-20 13:34:03 | +17189783581 | GMT |
| 9732205963 | 7189783581 | 2021-02-20 15:55:27 | 2021-02-20 15:55:39 | +17189783581 | GMT |
| 7189711219 | 7189783581 | 2021-02-20 16:39:46 | 2021-02-20 16:40:10 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-20 19:01:27 | 2021-02-20 19:01:30 | +17189783581 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 9732205963 | 7189783581 | 2021-02-21 14:31:52 | 2021-02-21 14:32:07 | +17189783581 | GMT |
| 3159291014 | 7189783581 | 2021-02-23 16:09:14 | 2021-02-23 16:09:14 | +17189783581 | GMT |
| 9735285776 | 7189783581 | 2021-02-23 16:39:05 | 2021-02-23 16:39:05 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-23 18:57:19 | 2021-02-23 18:57:19 | +17189783581 | GMT |
| 9737863203 | 7189783581 | 2021-02-23 19:52:39 | 2021-02-23 19:52:39 | +17189783581 | GMT |
| 5512165374 | 7189783581 | 2021-02-23 20:16:48 | 2021-02-23 20:16:51 | +17189783581 | GMT |
| 7184074120 | 7189783581 | 2021-02-23 20:45:25 | 2021-02-23 20:45:25 | +17189783581 | GMT |
| 7189255854 | 7189783581 | 2021-02-23 21:13:46 | 2021-02-23 21:13:58 | +17189783581 | GMT |
| 3159291014 | 7189783581 | 2021-02-24 14:26:30 | 2021-02-24 14:26:30 | +17189783581 | GMT |
| 9737073842 | 7189783581 | 2021-02-24 16:25:29 | 2021-02-24 16:25:29 | +17189783581 | GMT |
| 8016044797 | 7189783581 | 2021-02-24 17:39:09 | 2021-02-24 17:39:09 | +17189783581 | GMT |
| 9737863203 | 7189783581 | 2021-02-24 19:37:28 | 2021-02-24 19:37:28 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-24 20:17:40 | 2021-02-24 20:17:52 | +17189783581 | GMT |
| 7189302576 | 7189783581 | 2021-02-24 21:16:05 | 2021-02-24 21:17:34 | +17189783581 | GMT |
| 8622830071 | 7189783581 | 2021-02-25 17:28:33 | 2021-02-25 17:28:44 | +17189783581 | GMT |
| 9737863203 | 7189783581 | 2021-02-25 18:30:22 | 2021-02-25 18:30:22 | +17189783581 | GMT |
| 7184975358 | 7189783581 | 2021-02-25 19:27:55 | 2021-02-25 19:28:21 | +17189783581 | GMT |
| 7189234686 | 7189783581 | 2021-02-25 21:23:15 | 2021-02-25 21:23:27 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-25 21:36:32 | 2021-02-25 21:36:32 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-25 22:51:22 | 2021-02-25 22:51:22 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-26 15:43:45 | 2021-02-26 15:43:45 | +17189783581 | GMT |
| 5168881737 | 7189783581 | 2021-02-26 16:08:52 | 2021-02-26 16:08:52 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-26 17:04:47 | 2021-02-26 17:04:47 | +17189783581 | GMT |
| 9737863203 | 7189783581 | 2021-02-26 17:24:56 | 2021-02-26 17:24:56 | +17189783581 | GMT |
| 7743676009 | 7189783581 | 2021-02-26 18:30:08 | 2021-02-26 18:30:49 | +17189783581 | GMT |
| 6465536825 | 7189783581 | 2021-02-26 18:36:15 | 2021-02-26 18:37:52 | +17189783581 | GMT |
| 9735285776 | 7189783581 | 2021-02-26 19:49:11 | 2021-02-26 19:50:43 | +17189783581 | GMT |
| 7187127895 | 7189783581 | 2021-02-26 20:32:26 | 2021-02-26 20:32:42 | +17189783581 | GMT |
| 7189281816 | 7189783581 | 2021-02-26 20:51:06 | 2021-02-26 20:51:18 | +17189783581 | GMT |
| 7187656334 | 7189783581 | 2021-02-26 22:38:56 | 2021-02-26 22:39:01 | +17189783581 | GMT |
| 9737863203 | 7189783581 | 2021-02-26 22:42:09 | 2021-02-26 22:42:09 | +17189783581 | GMT |
| 8565020214 | 7189783581 | 2021-02-27 01:14:39 | 2021-02-27 01:14:55 | +17189783581 | GMT |
| 7189108557 | 7189783581 | 2021-02-27 18:08:09 | 2021-02-27 18:08:12 | +17189783581 | GMT |

© 2021 Charter Communications

# TN Search Report for Billing - Inbound for 7189783581

## Report Search Date : 2020-12-01 to 2021-02-28

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 8453977762 | 2020-12-01 17:34:19 | 2020-12-01 17:35:40 | +18453977762 | GMT |
| 7189783581 | 7187057655 | 2020-12-02 11:19:38 | 2020-12-02 11:20:42 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-02 11:19:39 | 2020-12-02 11:19:39 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-02 11:22:15 | 2020-12-02 11:29:56 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-02 16:38:02 | 2020-12-02 16:43:33 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-02 16:38:03 | 2020-12-02 16:38:03 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-02 16:44:17 | 2020-12-02 16:47:59 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-02 16:52:46 | 2020-12-02 16:53:53 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-02 16:59:52 | 2020-12-02 17:01:30 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-02 19:05:56 | 2020-12-02 19:21:44 | +17187057655 | GMT |
| 7189783581 | 8056377243 | 2020-12-03 03:35:00 | 2020-12-03 03:35:22 | +18056377243 | GMT |
| 7189783581 | 7187057655 | 2020-12-03 08:08:41 | 2020-12-03 08:17:00 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-03 14:12:04 | 2020-12-03 14:13:01 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-03 16:48:34 | 2020-12-03 16:49:45 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-03 16:50:09 | 2020-12-03 16:51:42 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-03 16:51:51 | 2020-12-03 16:53:29 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-03 16:55:59 | 2020-12-03 16:57:18 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-03 17:58:20 | 2020-12-03 18:00:56 | +17187057655 | GMT |
| 7189783581 | 2 | 2020-12-04 02:02:39 | 2020-12-04 02:02:39 | 2 | GMT |
| 7189783581 | 7187057655 | 2020-12-04 08:54:50 | 2020-12-04 09:01:30 | +17187057655 | GMT |
| 7189783581 | 7189782794 | 2020-12-04 15:01:15 | 2020-12-04 15:01:15 | +17189782794 | GMT |
| 7189783581 | 7187057655 | 2020-12-04 15:37:19 | 2020-12-04 15:38:46 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2020-12-04 15:39:53 | 2020-12-04 15:41:39 | +17187057655 | GMT |
| 7189783581 | 9735392312 | 2020-12-04 18:59:56 | 2020-12-04 18:59:56 | +19735392312 | GMT |
| 7189783581 | 9735392312 | 2020-12-04 19:00:00 | 2020-12-04 19:10:33 | +19735392312 | GMT |
| 7189783581 | 9735383666 | 2020-12-04 19:12:26 | 2020-12-04 19:21:54 | +19735383666 | GMT |
| 7189783581 | 7187057655 | 2020-12-06 17:14:47 | 2020-12-06 17:21:16 | +17187057655 | GMT |
| 7189783581 | 8883215880 | 2020-12-07 20:13:52 | 2020-12-07 20:13:52 | +18883215880 | GMT |
| 7189783581 | 8002349473 | 2020-12-07 20:37:02 | 2020-12-07 21:01:27 | +18002349473 | GMT |
| 7189783581 | 3476507895 | 2020-12-07 22:47:53 | 2020-12-07 22:47:53 | +13476507895 | GMT |
| 7189783581 | 7189783250 | 2020-12-07 23:42:04 | 2020-12-07 23:42:04 | +17189783250 | GMT |
| 7189783581 | 8623297938 | 2020-12-09 17:43:56 | 2020-12-09 17:43:58 | +18623297938 | GMT |
| 7189783581 | 8623297938 | 2020-12-09 17:44:00 | 2020-12-09 17:47:03 | +18623297938 | GMT |
| 7189783581 | 5164127863 | 2020-12-09 21:44:35 | 2020-12-09 21:44:35 | +15164127863 | GMT |
| 7189783581 | 5164127863 | 2020-12-09 21:44:38 | 2020-12-09 21:44:42 | +15164127863 | GMT |
| 7189783581 | 5164127863 | 2020-12-09 21:45:25 | 2020-12-09 21:45:30 | +15164127863 | GMT |
| 7189783581 | 5166127690 | 2020-12-09 21:47:09 | 2020-12-09 21:47:22 | +15166127690 | GMT |
| 7189783581 | 3478847145 | 2020-12-09 21:48:24 | 2020-12-09 21:48:56 | +13478847145 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 2016392991 | 2020-12-10 15:55:35 | 2020-12-10 16:00:26 | +12016392991 | GMT |
| 7189783581 | 7189782620 | 2020-12-10 16:16:02 | 2020-12-10 16:16:02 | +17189782620 | GMT |
| 7189783581 | 7189782620 | 2020-12-10 16:20:17 | 2020-12-10 16:20:17 | +17189782620 | GMT |
| 7189783581 | 7189782620 | 2020-12-10 16:24:48 | 2020-12-10 16:24:48 | +17189782620 | GMT |
| 7189783581 | 7189782620 | 2020-12-10 16:28:55 | 2020-12-10 16:28:55 | +17189782620 | GMT |
| 7189783581 | 8883897299 | 2020-12-11 00:50:57 | 2020-12-11 00:50:57 | +18883897299 | GMT |
| 7189783581 | 8883897299 | 2020-12-11 00:50:59 | 2020-12-11 00:53:47 | +18883897299 | GMT |
| 7189783581 | 7187158847 | 2020-12-11 01:26:13 | 2020-12-11 01:26:13 | +17187158847 | GMT |
| 7189783581 | 7187158847 | 2020-12-11 01:26:21 | 2020-12-11 01:27:18 | +17187158847 | GMT |
| 7189783581 | 8008374966 | 2020-12-11 19:34:05 | 2020-12-11 19:34:05 | +18008374966 | GMT |
| 7189783581 | 8008374966 | 2020-12-11 19:34:07 | 2020-12-11 20:28:33 | +18008374966 | GMT |
| 7189783581 | 5163741491 | 2020-12-12 18:45:46 | 2020-12-12 18:45:53 | +15163741491 | GMT |
| 7189783581 | 5163741491 | 2020-12-12 18:58:48 | 2020-12-12 18:58:58 | +15163741491 | GMT |
| 7189783581 | 5163741491 | 2020-12-12 19:00:38 | 2020-12-12 19:01:44 | +15163741491 | GMT |
| 7189783581 | 2163094141 | 2020-12-12 19:28:43 | 2020-12-12 19:32:21 | +12163094141 | GMT |
| 7189783581 | 2163094141 | 2020-12-12 19:33:01 | 2020-12-12 19:36:40 | +12163094141 | GMT |
| 7189783581 | 2163094141 | 2020-12-12 19:37:10 | 2020-12-12 19:41:17 | +12163094141 | GMT |
| 7189783581 | 2163094141 | 2020-12-12 19:41:51 | 2020-12-12 19:42:39 | +12163094141 | GMT |
| 7189783581 | 2163094141 | 2020-12-12 19:43:02 | 2020-12-12 19:45:43 | +12163094141 | GMT |
| 7189783581 | 2163094141 | 2020-12-12 19:46:20 | 2020-12-12 19:46:47 | +12163094141 | GMT |
| 7189783581 | 2163094141 | 2020-12-12 19:47:23 | 2020-12-12 19:47:56 | +12163094141 | GMT |
| 7189783581 | 8007239182 | 2020-12-14 16:42:14 | 2020-12-14 16:42:14 | +18007239182 | GMT |
| 7189783581 | 2163094141 | 2020-12-14 16:53:28 | 2020-12-14 16:57:06 | +12163094141 | GMT |
| 7189783581 | 2163094141 | 2020-12-14 16:57:34 | 2020-12-14 17:01:44 | +12163094141 | GMT |
| 7189783581 | 2163094141 | 2020-12-14 17:02:04 | 2020-12-14 17:06:26 | +12163094141 | GMT |
| 7189783581 | 5166127690 | 2020-12-14 23:34:33 | 2020-12-14 23:35:15 | +15166127690 | GMT |
| 7189783581 | 5166127690 | 2020-12-14 23:39:59 | 2020-12-14 23:40:23 | +15166127690 | GMT |
| 7189783581 | 7189785055 | 2020-12-16 22:54:07 | 2020-12-16 22:54:18 | +17189785055 | GMT |
| 7189783581 | 3478847145 | 2020-12-17 18:07:38 | 2020-12-17 18:07:45 | +13478847145 | GMT |
| 7189783581 | 8332676094 | 2020-12-17 20:28:10 | 2020-12-17 20:28:10 | +18332676094 | GMT |
| 7189783581 | 8332676094 | 2020-12-17 20:28:11 | 2020-12-17 20:34:32 | +18332676094 | GMT |
| 7189783581 | 8007717755 | 2020-12-17 21:05:22 | 2020-12-17 21:08:57 | +18007717755 | GMT |
| 7189783581 | 7182866673 | 2020-12-17 21:53:40 | 2020-12-17 21:54:22 | +17182866673 | GMT |
| 7189783581 | 7182866000 | 2020-12-17 21:58:56 | 2020-12-17 22:01:30 | +17182866000 | GMT |
| 7189783581 | 5167541841 | 2020-12-17 23:41:10 | 2020-12-17 23:41:10 | +15167541841 | GMT |
| 7189783581 | 5167541841 | 2020-12-17 23:41:53 | 2020-12-17 23:41:53 | +15167541841 | GMT |
| 7189783581 | 6094216100 | 2020-12-18 19:21:01 | 2020-12-18 19:21:01 | +16094216100 | GMT |
| 7189783581 | 6094216100 | 2020-12-18 19:21:05 | 2020-12-18 19:23:00 | +16094216100 | GMT |
| 7189783581 | 6098152955 | 2020-12-18 19:23:40 | 2020-12-18 19:26:00 | +16098152955 | GMT |
| 7189783581 | 7189787803 | 2020-12-18 23:01:03 | 2020-12-18 23:01:03 | +17189787803 | GMT |
| 7189783581 | 7189787803 | 2020-12-18 23:01:11 | 2020-12-18 23:01:11 | +17189787803 | GMT |
| 7189783581 | 8009359935 | 2020-12-20 21:32:32 | 2020-12-20 21:32:32 | +18009359935 | GMT |
| 7189783581 | 8009359935 | 2020-12-20 21:35:10 | 2020-12-20 21:40:23 | +18009359935 | GMT |
| 7189783581 | 9735429016 | 2020-12-21 03:09:25 | 2020-12-21 03:09:25 | +19735429016 | GMT |
| 7189783581 | 9735429016 | 2020-12-21 03:09:26 | 2020-12-21 03:14:51 | +19735429016 | GMT |
| 7189783581 | 9737333960 | 2020-12-21 19:14:54 | 2020-12-21 19:14:54 | +19737333960 | GMT |
| 7189783581 | 9737333960 | 2020-12-21 19:15:35 | 2020-12-21 19:15:35 | +19737333960 | GMT |
| 7189783581 | 7188808886 | 2020-12-22 16:21:35 | 2020-12-22 16:21:37 | +17188808886 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 7188808886 | 2020-12-22 16:23:19 | 2020-12-22 16:30:45 | +17188808886 | GMT |
| 7189783581 | 7187057655 | 2020-12-22 22:50:47 | 2020-12-22 22:53:02 | +17187057655 | GMT |
| 7189783581 | 2012335322 | 2020-12-30 00:25:49 | 2020-12-30 00:25:49 | +12012335322 | GMT |
| 7189783581 | 2012335322 | 2020-12-30 00:26:11 | 2020-12-30 00:27:25 | +12012335322 | GMT |
| 7189783581 | 9732205963 | 2020-12-30 15:22:20 | 2020-12-30 15:22:20 | +19732205963 | GMT |
| 7189783581 | 9732205963 | 2020-12-30 15:22:43 | 2020-12-30 15:22:48 | +19732205963 | GMT |
| 7189783581 | 3 | 2020-12-30 21:07:52 | 2020-12-30 21:07:52 | 3 | GMT |
| 7189783581 | 3 | 2020-12-30 21:07:53 | 2020-12-30 21:07:53 | 3 | GMT |
| 7189783581 | 3476507865 | 2020-12-30 22:13:08 | 2020-12-30 22:13:08 | +13476507865 | GMT |
| 7189783581 | 3476507865 | 2020-12-30 22:13:10 | 2020-12-30 22:13:20 | +13476507865 | GMT |
| 7189783581 | 3476507895 | 2020-12-30 22:14:06 | 2020-12-30 22:14:06 | +13476507895 | GMT |
| 7189783581 | 2128050175 | 2020-12-31 18:45:59 | 2020-12-31 18:45:59 | +12128050175 | GMT |
| 7189783581 | 2128050175 | 2020-12-31 18:48:23 | 2020-12-31 18:48:23 | +12128050175 | GMT |
| 7189783581 | 2127929772 | 2020-12-31 19:01:36 | 2020-12-31 19:03:05 | +12127929772 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 12:24:21 | 2021-01-02 12:58:41 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 12:24:22 | 2021-01-02 12:24:22 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 13:01:15 | 2021-01-02 13:02:54 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 13:06:56 | 2021-01-02 13:06:56 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 13:18:46 | 2021-01-02 13:29:16 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 13:32:39 | 2021-01-02 13:34:01 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 13:34:12 | 2021-01-02 13:35:31 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 13:35:45 | 2021-01-02 13:38:16 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 13:38:30 | 2021-01-02 13:40:36 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 13:45:20 | 2021-01-02 13:48:24 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 13:49:21 | 2021-01-02 15:10:30 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 15:23:44 | 2021-01-02 15:23:59 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-02 15:24:06 | 2021-01-02 15:26:18 | +17187057655 | GMT |
| 7189783581 | 9086866103 | 2021-01-02 17:11:43 | 2021-01-02 17:11:43 | +19086866103 | GMT |
| 7189783581 | 9086866103 | 2021-01-02 17:12:07 | 2021-01-02 17:12:22 | +19086866103 | GMT |
| 7189783581 | 8622161211 | 2021-01-02 17:13:10 | 2021-01-02 17:16:59 | +18622161211 | GMT |
| 7189783581 | 2016392991 | 2021-01-02 17:35:19 | 2021-01-02 17:39:22 | +12016392991 | GMT |
| 7189783581 | 7187057655 | 2021-01-03 17:13:24 | 2021-01-03 17:15:29 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-03 17:16:43 | 2021-01-03 17:19:20 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-03 17:19:47 | 2021-01-03 17:38:25 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-03 17:39:08 | 2021-01-03 17:40:26 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-03 17:40:32 | 2021-01-03 17:44:31 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-03 17:45:08 | 2021-01-03 17:46:37 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-01-03 17:46:43 | 2021-01-03 18:11:06 | +17187057655 | GMT |
| 7189783581 | 8008374966 | 2021-01-04 19:22:57 | 2021-01-04 19:22:57 | +18008374966 | GMT |
| 7189783581 | 8008374966 | 2021-01-04 19:22:58 | 2021-01-04 19:23:04 | +18008374966 | GMT |
| 7189783581 | 8008374966 | 2021-01-04 19:23:13 | 2021-01-04 20:16:13 | +18008374966 | GMT |
| 7189783581 | 2348036655 | 2021-01-05 05:26:38 | 2021-01-05 05:26:38 | +12348036655 | GMT |
| 7189783581 | 2348036655 | 2021-01-05 05:26:47 | 2021-01-05 05:26:47 | +12348036655 | GMT |
| 7189783581 | 3154443245 | 2021-01-06 20:57:51 | 2021-01-06 20:57:54 | +13154443245 | GMT |
| 7189783581 | 3154443245 | 2021-01-06 20:58:26 | 2021-01-06 20:58:29 | +13154443245 | GMT |
| 7189783581 | 7184324374 | 2021-01-06 21:58:23 | 2021-01-06 21:58:23 | +17184324374 | GMT |
| 7189783581 | 7184324374 | 2021-01-06 21:59:03 | 2021-01-06 21:59:14 | +17184324374 | GMT |
| 7189783581 | 7184324374 | 2021-01-06 21:59:38 | 2021-01-06 21:59:46 | +17184324374 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 7184324374 | 2021-01-06 22:00:07 | 2021-01-06 22:00:14 | +17184324374 | GMT |
| 7189783581 | 7184324374 | 2021-01-06 22:00:39 | 2021-01-06 22:00:47 | +17184324374 | GMT |
| 7189783581 | 4704815325 | 2021-01-06 22:17:40 | 2021-01-06 22:30:10 | +14704815325 | GMT |
| 7189783581 | 2673715525 | 2021-01-07 17:44:27 | 2021-01-07 17:46:37 | +12673715525 | GMT |
| 7189783581 | 5166127690 | 2021-01-08 04:10:34 | 2021-01-08 04:11:14 | +15166127690 | GMT |
| 7189783581 | 9294592255 | 2021-01-11 16:54:13 | 2021-01-11 16:54:13 | +19294592255 | GMT |
| 7189783581 | 9294592255 | 2021-01-11 16:54:14 | 2021-01-11 16:54:25 | +19294592255 | GMT |
| 7189783581 | 9294592255 | 2021-01-11 16:54:46 | 2021-01-11 16:55:32 | +19294592255 | GMT |
| 7189783581 | 9294592255 | 2021-01-11 16:59:52 | 2021-01-11 17:00:33 | +19294592255 | GMT |
| 7189783581 | 9294592255 | 2021-01-11 17:00:43 | 2021-01-11 17:01:09 | +19294592255 | GMT |
| 7189783581 | 9294592255 | 2021-01-11 17:01:19 | 2021-01-11 17:02:06 | +19294592255 | GMT |
| 7189783581 | 9294592255 | 2021-01-11 17:02:20 | 2021-01-11 17:02:46 | +19294592255 | GMT |
| 7189783581 | 9294592255 | 2021-01-11 17:02:58 | 2021-01-11 17:03:27 | +19294592255 | GMT |
| 7189783581 | 9294592255 | 2021-01-11 17:03:58 | 2021-01-11 17:04:45 | +19294592255 | GMT |
| 7189783581 | 8667492660 | 2021-01-11 17:07:58 | 2021-01-11 17:08:37 | +18667492660 | GMT |
| 7189783581 | 8667492660 | 2021-01-11 17:09:12 | 2021-01-11 17:09:47 | +18667492660 | GMT |
| 7189783581 | 9173103371 | 2021-01-11 17:10:15 | 2021-01-11 17:20:45 | +19173103371 | GMT |
| 7189783581 | 6093763040 | 2021-01-11 17:53:53 | 2021-01-11 17:53:53 | +16093763040 | GMT |
| 7189783581 | 6093763040 | 2021-01-11 17:54:05 | 2021-01-11 17:56:15 | +16093763040 | GMT |
| 7189783581 | 7187057655 | 2021-01-12 15:24:37 | 2021-01-12 15:24:37 | +17187057655 | GMT |
| 7189783581 | 8449198222 | 2021-01-12 16:54:47 | 2021-01-12 16:54:47 | +18449198222 | GMT |
| 7189783581 | 8449198222 | 2021-01-12 16:54:52 | 2021-01-12 16:56:19 | +18449198222 | GMT |
| 7189783581 | 8667492660 | 2021-01-12 17:22:49 | 2021-01-12 17:22:49 | +18667492660 | GMT |
| 7189783581 | 8667492660 | 2021-01-12 17:22:52 | 2021-01-12 17:23:16 | +18667492660 | GMT |
| 7189783581 | 9173103371 | 2021-01-12 17:24:58 | 2021-01-12 17:24:58 | +19173103371 | GMT |
| 7189783581 | 9173103371 | 2021-01-12 17:25:18 | 2021-01-12 17:25:18 | +19173103371 | GMT |
| 7189783581 | 9173103371 | 2021-01-12 17:25:44 | 2021-01-12 17:25:44 | +19173103371 | GMT |
| 7189783581 | 8778294692 | 2021-01-12 17:26:31 | 2021-01-12 18:18:34 | +18778294692 | GMT |
| 7189783581 | 9732205963 | 2021-01-12 19:58:47 | 2021-01-12 19:58:47 | +19732205963 | GMT |
| 7189783581 | 9732205963 | 2021-01-12 19:59:10 | 2021-01-12 19:59:38 | +19732205963 | GMT |
| 7189783581 | 7189799690 | 2021-01-12 22:09:27 | 2021-01-12 22:12:56 | +17189799690 | GMT |
| 7189783581 | 7189799690 | 2021-01-12 22:13:43 | 2021-01-12 22:13:58 | +17189799690 | GMT |
| 7189783581 | 7189799690 | 2021-01-12 22:14:29 | 2021-01-12 22:15:24 | +17189799690 | GMT |
| 7189783581 | 7189799690 | 2021-01-12 22:17:22 | 2021-01-12 22:17:36 | +17189799690 | GMT |
| 7189783581 | 7189799690 | 2021-01-12 22:17:59 | 2021-01-12 22:18:11 | +17189799690 | GMT |
| 7189783581 | 7189799690 | 2021-01-12 22:18:27 | 2021-01-12 22:19:57 | +17189799690 | GMT |
| 7189783581 | 2348163633 | 2021-01-13 08:50:14 | 2021-01-13 08:50:14 | +12348163633 | GMT |
| 7189783581 | 7189758050 | 2021-01-13 21:03:06 | 2021-01-13 21:03:09 | +17189758050 | GMT |
| 7189783581 | 3478847145 | 2021-01-14 16:38:05 | 2021-01-14 16:38:05 | +13478847145 | GMT |
| 7189783581 | 3478847145 | 2021-01-14 16:38:37 | 2021-01-14 16:38:41 | +13478847145 | GMT |
| 7189783581 | 5166127690 | 2021-01-14 16:39:46 | 2021-01-14 16:39:46 | +15166127690 | GMT |
| 7189783581 | 9734904362 | 2021-01-15 18:37:33 | 2021-01-15 18:37:33 | +19734904362 | GMT |
| 7189783581 | 7189783218 | 2021-01-15 19:28:05 | 2021-01-15 19:28:05 | +17189783218 | GMT |
| 7189783581 | 2018393021 | 2021-01-17 00:44:54 | 2021-01-17 00:45:03 | +12018393021 | GMT |
| 7189783581 | 2018393021 | 2021-01-17 00:45:21 | 2021-01-17 00:45:26 | +12018393021 | GMT |
| 7189783581 | 6093763040 | 2021-01-18 15:04:55 | 2021-01-18 15:07:00 | +16093763040 | GMT |
| 7189783581 | 7189787457 | 2021-01-18 15:15:53 | 2021-01-18 15:15:53 | +17189787457 | GMT |
| 7189783581 | 6093763040 | 2021-01-18 16:06:52 | 2021-01-18 16:08:42 | +16093763040 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 6098152950 | 2021-01-18 21:41:41 | 2021-01-18 21:41:41 | +16098152950 | GMT |
| 7189783581 | 6098152950 | 2021-01-18 21:41:43 | 2021-01-18 21:44:19 | +16098152950 | GMT |
| 7189783581 | 2029982892 | 2021-01-20 17:15:36 | 2021-01-20 17:17:10 | +12029982892 | GMT |
| 7189783581 | 2029982892 | 2021-01-20 17:29:30 | 2021-01-20 17:29:34 | +12029982892 | GMT |
| 7189783581 | 3476507895 | 2021-01-21 02:16:51 | 2021-01-21 02:16:51 | +13476507895 | GMT |
| 7189783581 | 3476507895 | 2021-01-21 02:16:57 | 2021-01-21 02:19:24 | +13476507895 | GMT |
| 7189783581 | 3476507895 | 2021-01-21 02:29:45 | 2021-01-21 02:29:51 | +13476507895 | GMT |
| 7189783581 | 2029982872 | 2021-01-21 14:55:08 | 2021-01-21 14:55:40 | +12029982872 | GMT |
| 7189783581 | 7189787613 | 2021-01-21 15:33:38 | 2021-01-21 15:33:38 | +17189787613 | GMT |
| 7189783581 | 7189787613 | 2021-01-21 15:34:20 | 2021-01-21 15:34:20 | +17189787613 | GMT |
| 7189783581 | 2029982872 | 2021-01-21 15:34:38 | 2021-01-21 15:36:12 | +12029982872 | GMT |
| 7189783581 | 7063251757 | 2021-01-21 17:12:22 | 2021-01-21 17:12:35 | +17063251757 | GMT |
| 7189783581 | 2029982873 | 2021-01-22 17:47:18 | 2021-01-22 17:47:30 | +12029982873 | GMT |
| 7189783581 | 9294992749 | 2021-01-26 18:23:57 | 2021-01-26 18:23:57 | +19294992749 | GMT |
| 7189783581 | 9294992749 | 2021-01-26 18:23:58 | 2021-01-26 18:24:09 | +19294992749 | GMT |
| 7189783581 | 7189372959 | 2021-01-26 19:08:24 | 2021-01-26 19:08:24 | +17189372959 | GMT |
| 7189783581 | 7189372959 | 2021-01-26 19:08:35 | 2021-01-26 19:08:35 | +17189372959 | GMT |
| 7189783581 | 7189372959 | 2021-01-26 19:08:46 | 2021-01-26 19:08:46 | +17189372959 | GMT |
| 7189783581 | 7189372959 | 2021-01-26 19:08:55 | 2021-01-26 19:08:55 | +17189372959 | GMT |
| 7189783581 | 3159483061 | 2021-01-27 01:39:05 | 2021-01-27 01:39:19 | +13159483061 | GMT |
| 7189783581 | 2018393021 | 2021-01-27 15:26:18 | 2021-01-27 15:26:24 | +12018393021 | GMT |
| 7189783581 | 2018393021 | 2021-01-27 15:26:33 | 2021-01-27 15:26:38 | +12018393021 | GMT |
| 7189783581 | 6463865730 | 2021-01-27 17:11:47 | 2021-01-27 17:12:22 | +16463865730 | GMT |
| 7189783581 | 6463865600 | 2021-01-27 17:17:37 | 2021-01-27 17:17:37 | +16463865600 | GMT |
| 7189783581 | 6463865601 | 2021-01-27 17:18:31 | 2021-01-27 17:18:50 | +16463865601 | GMT |
| 7189783581 | 6463865700 | 2021-01-27 17:20:12 | 2021-01-27 17:22:45 | +16463865700 | GMT |
| 7189783581 | 6463865700 | 2021-01-27 17:22:57 | 2021-01-27 17:23:48 | +16463865700 | GMT |
| 7189783581 | 6463865730 | 2021-01-27 17:24:18 | 2021-01-27 17:25:50 | +16463865730 | GMT |
| 7189783581 | 7186182500 | 2021-01-27 17:26:49 | 2021-01-27 17:30:09 | +17186182500 | GMT |
| 7189783581 | 6463865600 | 2021-01-27 17:30:43 | 2021-01-27 17:30:43 | +16463865600 | GMT |
| 7189783581 | 6463865600 | 2021-01-27 17:31:09 | 2021-01-27 17:31:09 | +16463865600 | GMT |
| 7189783581 | 6463865600 | 2021-01-27 17:36:44 | 2021-01-27 17:36:44 | +16463865600 | GMT |
| 7189783581 | 6463865600 | 2021-01-27 17:37:06 | 2021-01-27 17:37:06 | +16463865600 | GMT |
| 7189783581 | 6463865600 | 2021-01-27 17:37:39 | 2021-01-27 17:37:39 | +16463865600 | GMT |
| 7189783581 | 6463865600 | 2021-01-27 17:43:07 | 2021-01-27 17:43:07 | +16463865600 | GMT |
| 7189783581 | 6463865600 | 2021-01-27 17:47:44 | 2021-01-27 17:54:05 | +16463865600 | GMT |
| 7189783581 | 6463863033 | 2021-01-27 22:13:24 | 2021-01-27 22:13:54 | +16463863033 | GMT |
| 7189783581 | 2029982901 | 2021-01-28 15:35:44 | 2021-01-28 15:35:52 | +12029982901 | GMT |
| 7189783581 | 9294992749 | 2021-01-28 17:06:05 | 2021-01-28 17:06:19 | +19294992749 | GMT |
| 7189783581 | 3159483061 | 2021-01-28 17:50:20 | 2021-01-28 17:50:20 | +13159483061 | GMT |
| 7189783581 | 3159483061 | 2021-01-28 17:50:21 | 2021-01-28 17:51:55 | +13159483061 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 17:52:33 | 2021-01-28 17:52:40 | +18622567038 | GMT |
| 7189783581 | 2029982901 | 2021-01-28 17:53:36 | 2021-01-28 17:53:36 | +12029982901 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 17:53:46 | 2021-01-28 17:53:52 | +18622567038 | GMT |
| 7189783581 | 7189782333 | 2021-01-28 17:54:29 | 2021-01-28 17:54:39 | +17189782333 | GMT |
| 7189783581 | 9294992749 | 2021-01-28 17:54:57 | 2021-01-28 17:55:08 | +19294992749 | GMT |
| 7189783581 | 8008722657 | 2021-01-28 17:55:29 | 2021-01-28 17:56:18 | +18008722657 | GMT |
| 7189783581 | 8008722657 | 2021-01-28 17:56:27 | 2021-01-28 17:56:35 | +18008722657 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 2029982901 | 2021-01-28 17:56:58 | 2021-01-28 17:57:04 | +12029982901 | GMT |
| 7189783581 | 7189786738 | 2021-01-28 17:57:56 | 2021-01-28 18:00:59 | +17189786738 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:02:19 | 2021-01-28 18:03:01 | +18622567038 | GMT |
| 7189783581 | 7189782333 | 2021-01-28 18:04:22 | 2021-01-28 18:07:35 | +17189782333 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:08:25 | 2021-01-28 18:09:06 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:09:52 | 2021-01-28 18:10:33 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:11:10 | 2021-01-28 18:11:51 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:12:32 | 2021-01-28 18:13:00 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:13:36 | 2021-01-28 18:14:18 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:14:53 | 2021-01-28 18:15:34 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:16:09 | 2021-01-28 18:16:31 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:17:13 | 2021-01-28 18:17:54 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:18:33 | 2021-01-28 18:19:15 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:19:54 | 2021-01-28 18:20:35 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:21:12 | 2021-01-28 18:21:53 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:22:28 | 2021-01-28 18:23:10 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:23:43 | 2021-01-28 18:24:09 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:24:44 | 2021-01-28 18:25:06 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:25:45 | 2021-01-28 18:26:26 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:27:04 | 2021-01-28 18:27:45 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:28:18 | 2021-01-28 18:29:00 | +18622567038 | GMT |
| 7189783581 | 6463863033 | 2021-01-28 18:37:51 | 2021-01-28 18:38:20 | +16463863033 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:41:56 | 2021-01-28 18:42:18 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:42:57 | 2021-01-28 18:43:19 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:43:49 | 2021-01-28 18:44:31 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:45:48 | 2021-01-28 18:46:09 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:46:53 | 2021-01-28 18:47:15 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:48:10 | 2021-01-28 18:48:52 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:49:08 | 2021-01-28 18:49:29 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:49:50 | 2021-01-28 18:50:12 | +18622567038 | GMT |
| 7189783581 | 6095645893 | 2021-01-28 18:50:57 | 2021-01-28 18:51:07 | +16095645893 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:51:33 | 2021-01-28 18:52:00 | +18622567038 | GMT |
| 7189783581 | 8622567038 | 2021-01-28 18:52:35 | 2021-01-28 18:53:07 | +18622567038 | GMT |
| 7189783581 | 3478847145 | 2021-01-28 21:39:47 | 2021-01-28 21:42:05 | +13478847145 | GMT |
| 7189783581 | 2128670500 | 2021-01-28 21:43:04 | 2021-01-28 21:49:56 | +12128670500 | GMT |
| 7189783581 | 3478847145 | 2021-01-29 17:31:36 | 2021-01-29 17:31:36 | +13478847145 | GMT |
| 7189783581 | 3478847145 | 2021-01-29 17:32:09 | 2021-01-29 17:32:23 | +13478847145 | GMT |
| 7189783581 | 3478847145 | 2021-01-29 17:33:11 | 2021-01-29 17:33:33 | +13478847145 | GMT |
| 7189783581 | 2018393021 | 2021-01-30 19:10:48 | 2021-01-30 19:10:48 | +12018393021 | GMT |
| 7189783581 | 9087728662 | 2021-01-30 19:11:07 | 2021-01-30 19:11:12 | +19087728662 | GMT |
| 7189783581 | 9294992749 | 2021-01-30 19:11:36 | 2021-01-30 19:11:50 | +19294992749 | GMT |
| 7189783581 | 7189789856 | 2021-01-30 19:13:05 | 2021-01-30 19:13:05 | +17189789856 | GMT |
| 7189783581 | 7328602747 | 2021-01-30 19:13:23 | 2021-01-30 19:18:58 | +17328602747 | GMT |
| 7189783581 | 8552861736 | 2021-01-30 20:49:50 | 2021-01-30 20:49:50 | +18552861736 | GMT |
| 7189783581 | 8552861736 | 2021-01-30 20:49:51 | 2021-01-30 21:04:35 | +18552861736 | GMT |
| 7189783581 | 8552861736 | 2021-01-30 21:06:37 | 2021-01-30 21:20:30 | +18552861736 | GMT |
| 7189783581 | 8335361100 | 2021-01-30 21:21:20 | 2021-01-30 21:21:26 | +18335361100 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:08:51 | 2021-01-31 00:09:07 | +17189721390 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 7189721390 | 2021-01-31 00:09:50 | 2021-01-31 00:10:34 | +17189721390 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:11:17 | 2021-01-31 00:11:30 | +17189721390 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:12:36 | 2021-01-31 00:15:52 | +17189721390 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:16:12 | 2021-01-31 00:16:22 | +17189721390 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:17:56 | 2021-01-31 00:17:59 | +17189721390 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:18:52 | 2021-01-31 00:18:55 | +17189721390 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:20:31 | 2021-01-31 00:20:32 | +17189721390 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:22:41 | 2021-01-31 00:26:48 | +17189721390 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:27:21 | 2021-01-31 00:27:22 | +17189721390 | GMT |
| 7189783581 | 7189721390 | 2021-01-31 00:28:40 | 2021-01-31 00:28:55 | +17189721390 | GMT |
| 7189783581 | 8557077328 | 2021-01-31 21:01:09 | 2021-01-31 21:01:09 | +18557077328 | GMT |
| 7189783581 | 8557077328 | 2021-01-31 21:01:10 | 2021-01-31 21:18:22 | +18557077328 | GMT |
| 7189783581 | 9549510131 | 2021-01-31 23:44:23 | 2021-01-31 23:44:45 | +19549510131 | GMT |
| 7189783581 | 9549510131 | 2021-02-01 00:38:55 | 2021-02-01 00:39:03 | +19549510131 | GMT |
| 7189783581 | 9294992749 | 2021-02-01 14:48:05 | 2021-02-01 14:48:31 | +19294992749 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 18:49:13 | 2021-02-01 18:53:52 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 18:54:02 | 2021-02-01 18:55:19 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 18:55:28 | 2021-02-01 18:57:16 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 18:57:25 | 2021-02-01 19:02:35 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 19:02:48 | 2021-02-01 19:04:35 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 20:43:53 | 2021-02-01 20:45:23 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 20:45:32 | 2021-02-01 20:48:39 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 20:52:29 | 2021-02-01 20:56:19 | +17187057655 | GMT |
| 7189783581 | 8056377243 | 2021-02-01 20:57:32 | 2021-02-01 20:57:34 | +18056377243 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 20:57:46 | 2021-02-01 20:59:13 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-01 20:59:54 | 2021-02-01 21:03:12 | +17187057655 | GMT |
| 7189783581 | 7189328790 | 2021-02-01 21:12:31 | 2021-02-01 21:12:31 | +17189328790 | GMT |
| 7189783581 | 7189328790 | 2021-02-01 21:12:55 | 2021-02-01 21:12:55 | +17189328790 | GMT |
| 7189783581 | 7189328790 | 2021-02-01 21:13:32 | 2021-02-01 21:13:32 | +17189328790 | GMT |
| 7189783581 | 9736586764 | 2021-02-01 21:29:14 | 2021-02-01 21:32:53 | +19736586764 | GMT |
| 7189783581 | 9736586764 | 2021-02-01 21:33:39 | 2021-02-01 21:37:18 | +19736586764 | GMT |
| 7189783581 | 7189479027 | 2021-02-01 23:24:01 | 2021-02-01 23:24:01 | +17189479027 | GMT |
| 7189783581 | 7189479027 | 2021-02-01 23:24:21 | 2021-02-01 23:24:21 | +17189479027 | GMT |
| 7189783581 | 7189491414 | 2021-02-01 23:42:17 | 2021-02-01 23:42:17 | +17189491414 | GMT |
| 7189783581 | 7189491414 | 2021-02-01 23:43:58 | 2021-02-01 23:43:58 | +17189491414 | GMT |
| 7189783581 | 7189491414 | 2021-02-01 23:44:20 | 2021-02-01 23:44:20 | +17189491414 | GMT |
| 7189783581 | 7189491414 | 2021-02-01 23:44:42 | 2021-02-01 23:44:42 | +17189491414 | GMT |
| 7189783581 | 7324016438 | 2021-02-02 00:01:13 | 2021-02-02 00:01:13 | +17324016438 | GMT |
| 7189783581 | 7324016438 | 2021-02-02 00:01:30 | 2021-02-02 00:01:30 | +17324016438 | GMT |
| 7189783581 | 9294992749 | 2021-02-02 14:36:32 | 2021-02-02 14:37:46 | +19294992749 | GMT |
| 7189783581 | 6098152950 | 2021-02-02 16:36:51 | 2021-02-02 16:36:51 | +16098152950 | GMT |
| 7189783581 | 6098152950 | 2021-02-02 16:36:53 | 2021-02-02 16:38:15 | +16098152950 | GMT |
| 7189783581 | 7187057655 | 2021-02-02 19:20:01 | 2021-02-02 19:22:44 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-02 19:22:57 | 2021-02-02 19:26:26 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-02 19:26:43 | 2021-02-02 19:42:48 | +17187057655 | GMT |
| 7189783581 | 8046656453 | 2021-02-02 22:50:58 | 2021-02-02 22:50:58 | +18046656453 | GMT |
| 7189783581 | 8046656453 | 2021-02-02 22:51:03 | 2021-02-02 22:51:03 | +18046656453 | GMT |
| 7189783581 | 7189782624 | 2021-02-02 22:51:27 | 2021-02-02 22:51:27 | +17189782624 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 7189781370 | 2021-02-03 15:47:27 | 2021-02-03 15:47:27 | +17189781370 | GMT |
| 7189783581 | 7189781370 | 2021-02-03 17:24:20 | 2021-02-03 17:24:20 | +17189781370 | GMT |
| 7189783581 | 6465536825 | 2021-02-04 18:43:47 | 2021-02-04 18:43:55 | +16465536825 | GMT |
| 7189783581 | 6465536825 | 2021-02-04 18:44:16 | 2021-02-04 18:44:23 | +16465536825 | GMT |
| 7189783581 | 2013225099 | 2021-02-04 20:33:53 | 2021-02-04 20:34:04 | +12013225099 | GMT |
| 7189783581 | 3476099756 | 2021-02-05 17:38:36 | 2021-02-05 17:38:44 | +13476099756 | GMT |
| 7189783581 | 7189255033 | 2021-02-05 17:42:32 | 2021-02-05 17:47:18 | +17189255033 | GMT |
| 7189783581 | 3476099756 | 2021-02-05 17:47:59 | 2021-02-05 17:48:12 | +13476099756 | GMT |
| 7189783581 | 3476099756 | 2021-02-05 17:48:59 | 2021-02-05 17:49:21 | +13476099756 | GMT |
| 7189783581 | 8005733586 | 2021-02-05 18:37:08 | 2021-02-05 18:37:08 | +18005733586 | GMT |
| 7189783581 | 8005733586 | 2021-02-05 18:37:09 | 2021-02-05 19:28:50 | +18005733586 | GMT |
| 7189783581 | 9733025147 | 2021-02-06 00:29:54 | 2021-02-06 00:39:45 | +19733025147 | GMT |
| 7189783581 | 7187057655 | 2021-02-06 14:52:32 | 2021-02-06 14:56:14 | +17187057655 | GMT |
| 7189783581 | 6465536825 | 2021-02-06 18:41:02 | 2021-02-06 18:41:08 | +16465536825 | GMT |
| 7189783581 | 6465536825 | 2021-02-06 18:41:30 | 2021-02-06 18:41:48 | +16465536825 | GMT |
| 7189783581 | 7187057655 | 2021-02-08 19:43:25 | 2021-02-08 19:44:45 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-08 19:43:26 | 2021-02-08 19:43:26 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-08 19:44:56 | 2021-02-08 19:55:04 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-08 19:55:58 | 2021-02-08 20:00:09 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-08 21:13:40 | 2021-02-08 21:13:40 | +17187057655 | GMT |
| 7189783581 | 9736586764 | 2021-02-09 00:17:09 | 2021-02-09 00:20:48 | +19736586764 | GMT |
| 7189783581 | 7187057655 | 2021-02-09 08:07:24 | 2021-02-09 08:51:23 | +17187057655 | GMT |
| 7189783581 | 3158883180 | 2021-02-09 19:52:05 | 2021-02-09 19:52:20 | +13158883180 | GMT |
| 7189783581 | 3158883180 | 2021-02-09 19:53:08 | 2021-02-09 19:53:12 | +13158883180 | GMT |
| 7189783581 | 3476507895 | 2021-02-10 01:43:36 | 2021-02-10 01:43:39 | +13476507895 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:23:52 | 2021-02-10 14:26:03 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:26:58 | 2021-02-10 14:29:09 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:30:02 | 2021-02-10 14:32:14 | +19084605216 | GMT |
| 7189783581 | 3476507819 | 2021-02-10 14:33:05 | 2021-02-10 14:33:14 | +13476507819 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:34:22 | 2021-02-10 14:34:45 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:35:30 | 2021-02-10 14:35:31 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:36:33 | 2021-02-10 14:38:45 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:39:32 | 2021-02-10 14:41:43 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:42:38 | 2021-02-10 14:44:49 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:45:50 | 2021-02-10 14:48:01 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:48:24 | 2021-02-10 14:48:26 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:49:33 | 2021-02-10 14:51:45 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:52:09 | 2021-02-10 14:52:10 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:53:04 | 2021-02-10 14:55:15 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:56:08 | 2021-02-10 14:58:19 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:58:37 | 2021-02-10 14:58:53 | +19084605216 | GMT |
| 7189783581 | 9084605216 | 2021-02-10 14:59:42 | 2021-02-10 15:01:53 | +19084605216 | GMT |
| 7189783581 | 8003320317 | 2021-02-10 16:22:40 | 2021-02-10 16:26:46 | +18003320317 | GMT |
| 7189783581 | 3157953154 | 2021-02-11 16:20:28 | 2021-02-11 16:20:43 | +13157953154 | GMT |
| 7189783581 | 3476507895 | 2021-02-12 01:13:55 | 2021-02-12 01:13:55 | +13476507895 | GMT |
| 7189783581 | 3476507895 | 2021-02-12 01:13:57 | 2021-02-12 01:16:40 | +13476507895 | GMT |
| 7189783581 | 8056377243 | 2021-02-12 03:37:20 | 2021-02-12 03:37:20 | +18056377243 | GMT |
| 7189783581 | 7187127895 | 2021-02-12 23:48:56 | 2021-02-12 23:48:56 | +17187127895 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 7187127895 | 2021-02-12 23:50:46 | 2021-02-13 00:08:13 | +17187127895 | GMT |
| 7189783581 | 7187127895 | 2021-02-13 00:08:48 | 2021-02-13 00:12:43 | +17187127895 | GMT |
| 7189783581 | 9086038177 | 2021-02-14 18:27:08 | 2021-02-14 18:27:24 | +19086038177 | GMT |
| 7189783581 | 9086038177 | 2021-02-14 18:28:51 | 2021-02-14 18:28:55 | +19086038177 | GMT |
| 7189783581 | 9086038177 | 2021-02-14 18:29:06 | 2021-02-14 18:29:10 | +19086038177 | GMT |
| 7189783581 | 9086038177 | 2021-02-14 18:29:19 | 2021-02-14 18:32:48 | +19086038177 | GMT |
| 7189783581 | 9086038177 | 2021-02-14 18:33:40 | 2021-02-14 18:36:49 | +19086038177 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 19:29:54 | 2021-02-14 19:29:54 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 19:34:42 | 2021-02-14 19:37:52 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 19:38:36 | 2021-02-14 19:40:06 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 19:40:16 | 2021-02-14 19:42:05 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 19:42:58 | 2021-02-14 19:46:40 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 19:47:13 | 2021-02-14 19:48:10 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 19:48:33 | 2021-02-14 19:49:32 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 20:37:32 | 2021-02-14 20:49:26 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 20:50:20 | 2021-02-14 20:52:07 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 20:53:17 | 2021-02-14 20:57:04 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-14 21:01:38 | 2021-02-14 21:04:12 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:16:33 | 2021-02-15 18:17:24 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:17:36 | 2021-02-15 18:18:23 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:19:41 | 2021-02-15 18:22:31 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:23:26 | 2021-02-15 18:24:59 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:25:43 | 2021-02-15 18:26:07 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:26:15 | 2021-02-15 18:26:41 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:28:13 | 2021-02-15 18:28:18 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:29:15 | 2021-02-15 18:30:52 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:36:57 | 2021-02-15 18:36:57 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:37:02 | 2021-02-15 18:48:08 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 18:49:02 | 2021-02-15 18:50:06 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 19:16:30 | 2021-02-15 19:17:22 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 19:17:28 | 2021-02-15 19:18:27 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 22:29:30 | 2021-02-15 22:32:25 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 22:29:31 | 2021-02-15 22:29:31 | +17187057655 | GMT |
| 7189783581 | 7873562902 | 2021-02-15 22:34:28 | 2021-02-15 22:34:50 | +17873562902 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 22:35:18 | 2021-02-15 22:36:38 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 22:36:44 | 2021-02-15 22:37:27 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 22:40:02 | 2021-02-15 22:41:17 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-15 22:41:26 | 2021-02-15 22:43:10 | +17187057655 | GMT |
| 7189783581 | 8007239182 | 2021-02-15 22:49:52 | 2021-02-15 22:49:52 | +18007239182 | GMT |
| 7189783581 | 8007239182 | 2021-02-15 22:49:53 | 2021-02-15 23:00:27 | +18007239182 | GMT |
| 7189783581 | 7187057655 | 2021-02-16 17:19:34 | 2021-02-16 17:25:08 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-16 17:25:18 | 2021-02-16 17:29:12 | +17187057655 | GMT |
| 7189783581 | 7184806882 | 2021-02-16 17:37:04 | 2021-02-16 17:39:54 | +17184806882 | GMT |
| 7189783581 | 6098152950 | 2021-02-16 20:41:30 | 2021-02-16 20:41:30 | +16098152950 | GMT |
| 7189783581 | 6098152950 | 2021-02-16 20:41:31 | 2021-02-16 20:43:03 | +16098152950 | GMT |
| 7189783581 | 7188550912 | 2021-02-17 17:20:53 | 2021-02-17 17:20:53 | +17188550912 | GMT |
| 7189783581 | 7184806882 | 2021-02-17 17:22:56 | 2021-02-17 17:25:48 | +17184806882 | GMT |
| 7189783581 | 8664931640 | 2021-02-17 17:26:45 | 2021-02-17 18:01:46 | +18664931640 | GMT |

| originating_number | terminating_number | call_connect_time | call_disconnect_time | dialed_digits | time_zone |
|---|---|---|---|---|---|
| 7189783581 | 7185967263 | 2021-02-17 18:11:54 | 2021-02-17 18:11:54 | +17185967263 | GMT |
| 7189783581 | 7185967263 | 2021-02-17 19:11:41 | 2021-02-17 19:11:41 | +17185967263 | GMT |
| 7189783581 | 7185967263 | 2021-02-17 19:11:53 | 2021-02-17 19:11:53 | +17185967263 | GMT |
| 7189783581 | 7187057655 | 2021-02-17 19:38:53 | 2021-02-17 19:40:44 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-17 19:38:54 | 2021-02-17 19:38:54 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-17 19:40:52 | 2021-02-17 19:41:33 | +17187057655 | GMT |
| 7189783581 | 7187057655 | 2021-02-17 19:41:39 | 2021-02-17 19:43:01 | +17187057655 | GMT |
| 7189783581 | 7189224228 | 2021-02-17 19:53:12 | 2021-02-17 19:56:57 | +17189224228 | GMT |
| 7189783581 | 7327194875 | 2021-02-18 01:04:31 | 2021-02-18 01:06:37 | +17327194875 | GMT |
| 7189783581 | 7327194875 | 2021-02-18 01:07:28 | 2021-02-18 01:09:33 | +17327194875 | GMT |
| 7189783581 | 7327194875 | 2021-02-18 01:10:13 | 2021-02-18 01:12:18 | +17327194875 | GMT |
| 7189783581 | 7327194875 | 2021-02-18 01:13:10 | 2021-02-18 01:15:15 | +17327194875 | GMT |
| 7189783581 | 7327194875 | 2021-02-18 01:15:52 | 2021-02-18 01:17:58 | +17327194875 | GMT |
| 7189783581 | 7327194875 | 2021-02-18 01:19:13 | 2021-02-18 01:21:18 | +17327194875 | GMT |
| 7189783581 | 7327194875 | 2021-02-18 01:28:30 | 2021-02-18 01:28:30 | +17327194875 | GMT |
| 7189783581 | 7327194875 | 2021-02-18 01:28:34 | 2021-02-18 01:30:39 | +17327194875 | GMT |
| 7189783581 | 7327194875 | 2021-02-18 01:31:19 | 2021-02-18 01:33:24 | +17327194875 | GMT |
| 7189783581 | 6093374439 | 2021-02-18 01:34:24 | 2021-02-18 01:37:30 | +16093374439 | GMT |
| 7189783581 | 7184806882 | 2021-02-18 15:13:14 | 2021-02-18 15:13:14 | +17184806882 | GMT |
| 7189783581 | 7184806882 | 2021-02-18 15:13:23 | 2021-02-18 15:18:29 | +17184806882 | GMT |
| 7189783581 | 7187127895 | 2021-02-18 19:05:09 | 2021-02-18 19:05:09 | +17187127895 | GMT |
| 7189783581 | 7187127895 | 2021-02-18 19:05:11 | 2021-02-18 19:09:47 | +17187127895 | GMT |
| 7189783581 | 2018393021 | 2021-02-19 17:17:33 | 2021-02-19 17:17:33 | +12018393021 | GMT |
| 7189783581 | 5512165374 | 2021-02-19 17:18:05 | 2021-02-19 17:18:11 | +15512165374 | GMT |
| 7189783581 | 7327194875 | 2021-02-19 17:21:28 | 2021-02-19 17:21:34 | +17327194875 | GMT |
| 7189783581 | 5163746838 | 2021-02-19 19:49:24 | 2021-02-19 19:49:24 | +15163746838 | GMT |
| 7189783581 | 5163746838 | 2021-02-19 19:49:27 | 2021-02-19 19:53:35 | +15163746838 | GMT |
| 7189783581 | 5162950111 | 2021-02-19 19:57:09 | 2021-02-19 19:58:44 | +15162950111 | GMT |
| 7189783581 | 5162950111 | 2021-02-19 19:58:52 | 2021-02-19 20:01:43 | +15162950111 | GMT |
| 7189783581 | 8336974829 | 2021-02-20 18:17:06 | 2021-02-20 18:40:53 | +18336974829 | GMT |
| 7189783581 | 6098152950 | 2021-02-22 20:03:19 | 2021-02-22 20:04:37 | +16098152950 | GMT |
| 7189783581 | 2013932763 | 2021-02-22 21:30:49 | 2021-02-22 21:30:49 | +12013932763 | GMT |
| 7189783581 | 2013932763 | 2021-02-22 21:30:50 | 2021-02-22 21:31:23 | +12013932763 | GMT |
| 7189783581 | 3159291014 | 2021-02-23 16:10:00 | 2021-02-23 16:10:00 | +13159291014 | GMT |
| 7189783581 | 3159291014 | 2021-02-23 16:10:34 | 2021-02-23 16:10:34 | +13159291014 | GMT |
| 7189783581 | 9735285776 | 2021-02-23 16:39:53 | 2021-02-23 16:39:53 | +19735285776 | GMT |
| 7189783581 | 3475518901 | 2021-02-24 17:43:18 | 2021-02-24 17:43:25 | +13475518901 | GMT |
| 7189783581 | 8556102427 | 2021-02-24 20:40:15 | 2021-02-24 20:40:15 | +18556102427 | GMT |
| 7189783581 | 8556102427 | 2021-02-24 20:40:16 | 2021-02-24 20:49:23 | +18556102427 | GMT |
| 7189783581 | 6098152950 | 2021-02-26 19:11:27 | 2021-02-26 19:11:27 | +16098152950 | GMT |
| 7189783581 | 6098152950 | 2021-02-26 19:11:28 | 2021-02-26 19:12:42 | +16098152950 | GMT |

© 2021 Charter Communications

# Attachment 4 to Complaint

| The Laws Of New York (/LEGISLATION/LAWS/ALL) / Consolidated Laws
(/LEGISLATION/LAWS/CONSOLIDATED) / Civil Practice Law &amp; Rules
(/LEGISLATION/LAWS/CVP) / Article 3: Jurisdiction And Service, Appearance And Choice Of
Court (/LEGISLATION/LAWS/CVP/A3) /

PREV
SECTION 320
Defendant's Appearance
(/Legislation/Laws/CVP/320/)

NEXT
SECTION 322
Authority For Appearance Of Attorney In Real
Property Action (/Legislation/Laws/CVP/322/)

# Section 321

Attorneys

**Civil Practice Law & Rules (CVP)**

SHARE



(a) Appearance in person or by attorney. A party, other than one specified in section 1201 of this chapter, may prosecute or defend a civil action in person or by attorney, except that a corporation or voluntary association shall appear by attorney, except as otherwise provided in sections 1809 and 1809-A of the New York city civil court act, sections 1809 and 1809-A of the uniform district court act and sections 1809 and 1809-A of the uniform city court act, and except as otherwise provided in section 501 and section 1809 of the uniform justice court act. If a party appears by attorney such party may not act in person in the action except by consent of the court.

(b) Change or withdrawal of attorney. 1. Unless the party is a person specified in section 1201, an attorney of record may be changed by filing with the clerk a consent to the change signed

by the retiring attorney and signed and acknowledged by the party. Notice of such change of attorney shall be given to the attorneys for all parties in the action or, if a party appears without an attorney, to the party.

2. An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct.

(c) Death, removal or disability of attorney. If an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs.

PREV
SECTION 320
Defendant's Appearance (/Legislation/Laws/CVP/320/)

NEXT
SECTION 322
Authority For Appearance Of Attorney In Real Property Action (/Legislation/Laws/CVP/322/)

# St. John's Law Review

Volume 60
Number 1 *Volume 60, Fall 1985, Number 1*

Article 10

## CPLR 321: Remedy of Recission Available to Party Who Violates Statute by Negotiating Settlement Pro Se Without Effectively Discharging an Attorney of Record

Joseph S. Nicotra

Follow this and additional works at: https://scholarship.law.stjohns.edu/lawreview

This Recent Development in New York Law is brought to you for free and open access by the Journals at St. John's Law Scholarship Repository. It has been accepted for inclusion in St. John's Law Review by an authorized editor of St. John's Law Scholarship Repository. For more information, please contact selbyc@stjohns.edu.

CPL that authorize the issuance of eavesdropping warrants for a period of interception no longer than thirty days. Stressing the importance of strictly construing eavesdropping statutes, the court held that the thirty days begins to run on the day the warrant is issued unless the issuing court specifies another date of commencement in the warrant. The members of Volume 60 hope that the cases considered in *The Survey* will be of help and interest to the New York bench and bar.

## CIVIL PRACTICE LAW AND RULES

*CPLR 321: Remedy of rescission available to party who violates statute by negotiating settlement pro se without effectively discharging an attorney of record*

CPLR 321[1] provides that a party to a civil action who appears[2] by counsel is prohibited from acting for himself in the action except by permission of the court.[3] Further, if a party wishes to ap-

---

[1] *See* CPLR 321 (Supp. 1986). Section 321(a) of the CPLR provides:
(a) A party, other than one specified in section 1201, may prosecute or defend a civil action in person or by attorney, except that a corporation . . . shall appear by attorney, except as otherwise provided in section 1809 of the New York city civil court act, the uniform district court act, the uniform city court act and the uniform justice court act. If a party appears by attorney he may not act in person in the action except by consent of the court.
*Id.*; WK&M ¶ 32L.01 (1985).
Courts generally have stated that the purpose of § 321 is to avoid confusion regarding the identity of the individual who has authority to act in an ongoing litigation. *See infra* note 28 and accompanying text.
Section 321(a) of the CPLR was adopted substantially unchanged from CPA 236. *See* FOURTH REP. 190; FINAL REP. 281; SIXTH REP. 119; CPLR 321, commentary at 411 (1972). Several older cases construing CPA 236 are treated in this survey to aid in an analysis of the corresponding CPLR section.
[2] *See* CPLR 320(a). A formal appearance is made when a party either "serve[s] an answer or a notice of appearance," or "mak[es] a motion which has the effect of extending the time to answer." *Id.*
[3] *See* CPLR 321(a); H. WACHTELL, NEW YORK PRACTICE UNDER THE CPLR 66-67 (5th ed. 1976); *accord* Carlisle v. County of Nassau, 64 App. Div. 2d 15, 19, 408 N.Y.S.2d 114, 117 (2d Dep't 1978) (although party represented by counsel at trial may not act, he may help plan trial strategy). *Compare* Chase Manhattan Bank (N.A.) v. O'Flynn, N.Y.L.J., June 22, 1984, at 12, col. 5 (Sup. Ct. N.Y. County June 21, 1984) (despite contention that such was delay tactic, defendant who properly discharged his attorney could act on his own behalf) *with* Cann v. Cann, 204 Misc. 1069, 1071, 127 N.Y.S.2d 55, 58 (Sup. Ct. N.Y. County 1954) (once defendant represented by counsel, counsel can be served on defendant's behalf).
The rule against pro se representation by a party represented by counsel predates the codification of civil procedure in New York. *See* Webb v. Dill, 18 Abb. Pr. 264, 264 (Sup. Ct. 1st Dist. 1865). This principle is closely related to the premise permitting a party to retain only one attorney of record in a particular action. *Cf.* Dobbins v. County of Erie, 58 App.

pear pro se, but already has an attorney of record, he may do so
only by discharging the attorney in the manner prescribed by sec-
tion 321.[4] Accordingly, the general rule in New York is that absent
a proper discharge of a party's attorney of record, a party's subse-
quent acts in a judicial proceeding will be deemed ineffective.[5] Re-

Div. 2d 733, 733, 395 N.Y.S.2d 865, 866-67 (4th Dep't 1977) (mem.) (second attorney not
formally substituted for attorney of record lacked standing to make motion to dismiss);
Kitsch v. Riker Oil Co., 23 App. Div. 2d 502, 503, 256 N.Y.S.2d 536, 536 (2d Dep't 1965)
(mem.) (second attorney prohibited from applying for relief to court when plaintiff already
represented by counsel); Jackson v. Trapier, 42 Misc. 2d 139, 141, 247 N.Y.S.2d 315, 316
(Sup. Ct. Queens County 1964) (prohibiting two attorneys from representing insured party).
Thus, an attorney who is not the attorney of record has no authority to represent a party in
an action. *See Dobbins*, 58 App. Div. 2d at 733, 395 N.Y.S.2d at 866-67; *Kitsch*, 23 App. Div.
2d at 503, 256 N.Y.S.2d at 536; *Trapier*, 42 Misc. 2d at 141, 247 N.Y.S.2d at 316. *But see*
Deacon's Bench, Inc. v. Hoffman, 88 App. Div. 2d 734, 735, 451 N.Y.S.2d 851, 862 (3d Dep't
1982) (mem.) (accepting improperly substituted attorney's appearance because of untimely
objection of opposing party and absence of prejudice); Palmer v. Palmer, 62 Misc. 2d 73, 75-
76, 308 N.Y.S.2d 562, 565-66 (Family Ct. Dutchess County 1969) (late filing of notice of
substitution of attorneys excused because opposing party not prejudiced and denial would
cause delay).

   [4] CPLR 321(b); *see, e.g.*, Chase Manhattan Bank (N.A.) v. O'Flynn, N.Y.L.J., June 22,
1984, at 12, col. 5 (Sup. Ct. N.Y. County June 21, 1984) (section 321(a) not applicable
"where a party pro se is substituted upon dismissal of its attorney"). *But cf.* Antoinette D.
v. Christopher M., 54 App. Div. 2d 564, 564, 387 N.Y.S.2d 19, 20 (2d Dep't 1976) (mem.)
(affirming family court decision which allowed petitioner to conduct own case while repre-
sented by absent attorney).

   Two methods are prescribed by CPLR 321(b) for discharging an attorney:

      1. . . . an attorney of record may be changed by filing with the clerk a consent to
      the change signed by the retiring attorney and signed and acknowledged by the
      party. . . .

      2. An attorney of record may withdraw or be changed by order of the court in
      which the action is pending. . . .

*Id.; see also* WK&M ¶ 321.11, at 3-399 to 3-400 (1985). Both methods of discharge require
that all parties or their attorneys in the action be notified. CPLR 321(b). To obtain a court
order allowing withdrawal, a motion is made for an order to show cause as to why an attor-
ney should not be withdrawn. *See* Universal Elevator Co. v. Jordan Elevator Co., N.Y.L.J.,
Aug. 27, 1981, at 1, col. 4 (Sup. Ct. N.Y. County Aug. 26, 1981). Several earlier cases cited
herein may refer to CPA 56, from which CPLR 321 was derived.

   [5] *See, e.g.*, Johnson v. Antonopoulos, 213 App. Div. 324, 325, 210 N.Y.S. 589, 590 (2d
Dep't 1925) (declaring stipulation agreement ineffective); Sterns v. Stevans, 20 Misc. 2d 417,
419, 194 N.Y.S.2d 367, 369 (Sup. Ct. Nassau County 1959) (refusing to consider telegram
directed to court by defendant). The general rule is that until an attorney of record is effec-
tively discharged, such an attorney "is authorized to act for all purposes incidental to the
entry and enforcement of the judgment; as to the adverse parties his authority continues
unabated." Hendry v. Hilton, 283 App. Div. 168, 172, 127 N.Y.S.2d 454, 458 (2d Dep't 1953);
*see also* Ohlquist v. Nordstrom, 143 Misc. 502, 504, 257 N.Y.S. 711, 713-14 (Sup. Ct.
Chatauqua County 1932) (attorney's power continues until formal dismissal), *aff'd*, 238 App.
Div. 766, 261 N.Y.S. 1039 (4th Dep't), *aff'd*, 262 N.Y. 696, 188 N.E. 125 (1933). This concept
is most often applied in cases in which the adverse party serves papers on the original attor-
ney of record. *See, e.g.*, Hess v. Tyszko, 46 App. Div. 2d 980, 980, 362 N.Y.S.2d 287, 289 (3d

cently in *Moustakas v. Bouloukos*,[6] the New York Supreme Court, Appellate Division, Second Department, held that a plaintiff who improperly discharged his attorney of record and subsequently entered into a settlement agreement with the defendant, could rely on CPLR 321 as a basis to rescind the settlement.[7]

In *Moustakas*, both the plaintiff and the defendant were 50% shareholders in each of two corporations.[8] As a result of a conflict between the parties, three separate lawsuits were commenced in the Supreme Court, Nassau County.[9] The plaintiff, Moustakas, brought a shareholder's derivative action and a special proceeding seeking dissolution of one of the corporations, while the defendant appeared on behalf of himself and the other corporation.[10] At the outset of the litigation, both parties were represented by counsel.[11] However, while the actions were pending, the plaintiff sought to dismiss his attorney by means of a handwritten letter informing him of the discharge.[12] One month later, the plaintiff met pro se with the defendant, who was accompanied by counsel, at which time the parties entered into a written agreement settling the litigation.[13] Subsequently, the plaintiff brought an action to rescind the settlement.[14] The Supreme Court, Nassau County, held for the plaintiff,[15] and the Appellate Division, Second Department, af-

---

Dep't 1974) (until attorney properly discharged, service upon that attorney is valid); Cann v. Cann, 204 Misc. 1069, 1071-72, 127 N.Y.S.2d 55, 58 (Sup. Ct. Kings County 1953) (service upon attorney valid until attorney properly discharged). Nevertheless, if a party intentionally serves an attorney whom he realizes has been "informally discharged" that party should be subject to discipline for a "breach of professional ethics." WK&M ¶ 321.11, at 3-400 to 3-401 (1985).

[6] 112 App. Div. 2d 981, 492 N.Y.S.2d 793 (2d Dep't 1985) (mem.)

[7] *See id.* at 984, 492 N.Y.S.2d at 795.

[8] *Id.* at 982, 492 N.Y.S.2d at 794.

[9] *Id.* The three actions leading to the settlement underlying the *Moustakas* cases were: a proceeding brought by Moustakas for the dissolution of Seacrest Diner, Inc.; a shareholder's derivative action brought by Moustakas against Bouloukos and Seacrest; and a shareholder's derivative action commenced by Bouloukos against Moustakas and Imperial Diner, Inc. *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.* Moustakas executed the settlement agreement personally, and as president of Seacrest Diner, Inc. *Id.* The plaintiff's attorney was informed of the settlement in a letter from the defendant's attorney two weeks later; the court found it significant that the defendant's attorney referred to Moustakas as the "client" of the plaintiff's attorney. *Id.*

[14] *Id.*

[15] *Id.* at 982-83, 492 N.Y.S.2d at 794.

firmed the decision.[16]

In a memorandum opinion, the Second Department observed that an attorney of record in a pending action may be dismissed only in accordance with the procedure prescribed by law.[17] Therefore, the letter delivered by the plaintiff to his attorney did not effectuate a discharge because it did not meet the standards set forth in CPLR 321(b)(2).[18] The court further stated that because the plaintiff did not effectively discharge his attorney of record, he could not act pro se in the settlement of the pending suits without consent of the court.[19] The court interpreted section 321 as protecting the very party who had improperly discharged his attorney and proceeded to deal with the adverse party, who was represented by counsel.[20] In addition, the court held that section 321(a) of the CPLR prohibited the plaintiff from representing a corporation in the settlement because a corporationn may appear only by counsel.[21] Moreover, the Appellate Division noted that by communicating directly with the plaintiff, who was still legally bound by counsel, the attorney for the defendant violated the New York Code of

---

[16] *Id.*

[17] *Id.* at 983, 492 N.Y.S.2d at 795; *see also* CPLR 321(b). The court noted that a client can dismiss his attorney at any time with or without cause. 112 App. Div. 2d at 983, 492 N.Y.S.2d at 795; *see* Demov, Morris, Levin & Sheen v. Glantz, 53 N.Y.2d 555, 556-57, 428 N.E.2d 387, 389, 444 N.Y.S.2d 55, 57 (1983) (dismissing plaintiff's cause of action for fraud and breach of retainer agreement against former client). The right to dismiss, however, is subject to some restrictions and qualifications. *See, e.g., In re* Weitling, 266 N.Y. 184, 186, 194 N.E. 401, 402 (1935) (attorney entitled to fair and reasonable compensation for services rendered); Local 2, Int'l Union of Police v. Davis, 27 App. Div. 2d 650, 651, 276 N.Y.S.2d 837, 838 (1st Dep't 1967) (mem.) (termination procedure of CPLR 321 applicable only to representations in action, not to retainer agreement).

[18] *See* 112 App. Div. 2d at 983, 492 N.Y.S.2d at 792.

[19] *Id.*

[20] *See id.* at 984, 492 N.Y.S.2d at 795.

[21] *Id.; accord* Lefkowitz v. Therapeutic Hypnosis, Inc., 52 App. Div. 2d 1017, 1017, 383 N.Y.S.2d 868, 869 (3d Dep't 1976) (mem.) (individual who was not attorney could not appear on behalf of corporate defendant); W.T. Grant Co. v. Payne, 64 Misc. 2d 797, 798, 315 N.Y.S.2d 910, 911-12 (Steuben County Ct. 1970) (reversing default judgment against defendant because plaintiff corporation was not represented by counsel); WK&M ¶ 321.05, at 3-394 to 3-394.1. The rationale underlying the requirement that a corporation may only appear by counsel is that "a corporation is a hydra-headed entity and its shareholders are insulated from personal responsibility. There must therefore be a designated spokesman accountable to the Court." Austrian, Lance & Stewart, P.C. v. Hastings Properties, Inc., 87 Misc. 2d 25, 26, 385 N.Y.S.2d 466, 467 (Sup. Ct. N.Y. County 1976). *But see* Employment Claim Control Serv. Corp. v. Workmen's Compensation Bd., 35 N.Y.2d 492, 498, 323 N.E.2d 689, 692, 364 N.Y.S.2d 149, 152 (1974) (cautiously allowing controlled use of non-lawyers to represent employers in workers compensation proceedings).

Professional Responsibility.[22]

As stated by the court in *Moustakas*,[23] CPLR 321 generally has been used to protect the rights of adverse parties.[24] Most significantly, the statute ensures that a party knows the identity of the opposing party's attorney, thereby facilitating the service of documents.[25] Furthermore, because an attorney of record remains servable as the agent of his client until he is discharged[26] by either a stipulation filed with the court or by a court order,[27] an adverse party is also protected from losing jurisdiction over a party during an ongoing action.[28] The awareness of the parties and the court as to whether an individual or his attorney has the authority to act at any given time is necessary to avoid chaos in judicial proceedings.[29]

---

[22] *See* 112 App. Div. 2d at 983, 492 N.Y.S.2d at 795; *see also* N.Y.S.B.A. CODE OF PROFESSIONAL RESPONSIBILITY DR 7-104(a)(1) (McKinney 1975). DR 7-104(a)(1) provides:

    (A) During the course of his representation of a client a lawyer shall not:

    (1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

    (2) Give advice to a person who is not represented by a lawyer, other than the advice to secure counsel, if the interest of such person are or have a reasonable possibility of being in conflict with the interests of his client.

*Id.*

[23] *See* 112 App. Div. 2d at 984, 492 N.Y.S.2d at 795.

[24] *See infra* notes 25-29 and accompanying text.

[25] *See* CPLR 321(b)(1), (2) (notice of attorney change must be given to all parties in the action); Kitsch v. Riker Oil Co., 23 App. Div. 2d 502, 503, 258 N.Y.S.2d 536, 536 (2d Dep't 1965) (mem.) (CPLR 321 prohibits party from being represented by more than one attorney); Jackson v. Trapier, 42 Misc. 2d 139, 141, 247 N.Y.S.2d 315, 316 (Sup. Ct. Queens County 1964) (if more than one attorney "plaintiff would be required to serve duplicate papers"); Title Guar. & Trust Co. v. Uniform Fibrous Talc Co., 127 Misc. 183, 187, 215 N.Y.S. 437, 441 (Sup. Ct. Bronx County 1926) ("[t]his rule is designed to . . . insure to an opposing party that an attorney assuming to act for a party is authorized to do so, to the end that such party may know upon whom necessary notices or papers may be served"). *See generally* CPLR 2103(b) (Supp. 1984-1985) ("Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon his attorney").

[26] *See supra* note 5 (cases upholding validity of service upon original attorney improperly discharged).

[27] *See* CPLR 321(b); *supra* note 4 (text and dicussion of CPLR 321(b)).

[28] *See, e.g.,* Cann v. Cann, 204 Misc 1069, 1071-72, 127 N.Y.S.2d 55, 58 (Sup. Ct. N.Y. County 1954) (defendant prohibited from escaping jurisdiction of the court because his attorney of record was not properly dicharged and remained servable).

[29] *See* WK&M ¶ 321.07, at 3-396. It has been stated that § 321 of the CPLR was designed to "avoid the confusion which would otherwise result if other litigants and the courts were not aware of whom was in charge of the case." *Id.*; *see, e.g.,* Jackson v. Trapier, 42 Misc. 2d 139, 141, 247 N.Y.S.2d 315, 316 (Sup. Ct. Queens County 1964) (representation by more than one attorney would create "chaos in the the courts"); Webb v. Dill, 18 Abb.

*ST. JOHN'S LAW REVIEW*       [Vol. 60:191

It is submitted that the *Moustakas* decision is justifiable to the extent that the language of section 321[30] and case law[31] do not preclude an interpretation protecting the very party who has inappropriately discharged his attorney.[32] Furthermore, although no court has expressly construed section 321 as offering the protection afforded in *Moustakas*, several early cases have stated that parties may seek recission of settlements they improperly negotiated without informing their attorneys of record.[33]

However, while the Second Department's interpretation of section 321 may be consistent with the apparent plain meaning of the statute, it is submitted that the decision imprudently allows a party to benefit from his own violation of a statute[34]—a consequence that several courts have chosen to avoid when applying the corporate representation provision of section 321.[35] Indeed, courts

---

Pr. 264, 264 (Sup. Ct. 1st Dist. 1865) (courts require proceedings to be through attorney who appears, otherwise there would be "great confusion in the Administration of Justice").

[30] *See supra* notes 1-2.

[31] *See supra* notes 4, 25, 27, 28 (cases discussing the purposes of CPLR 321); *cf.* Barles v. Johnson Elec. Corp., 44 Misc. 2d 918, 919, 255 N.Y.S.2d 350, 352 (Sup. Ct. Queens County 1964) ("one attorney of record" requirement necessary to protect client from "bearing the brunt" of disagreements among his counselors).

[32] *See* CPLR 321 (Supp. 1984-1985). The wording of CPLR 321 does not limit application of the statute to the protection of adverse parties. *See id.* In fact, § 321(b) requires that notice of an attorney change must be given to *all* parties in an action. *See supra* note 4 (discussion and text of CPLR 321(b)). It is suggested that by definition, this would include notifying fellow plaintiffs or defendants who in most cases would be friendly parties.

Section 321(a) states that "[i]f a *party* appears by attorney he may not act in person in the action except by consent of the court." CPLR 321(a) (emphasis added). It is submitted that the statute, without further qualification, unambiguously declares ineffective the acts of *any* party who already is represented by counsel. Accordingly, the court's decision is consistent with the statute if the "plain meaning" method of statutory interpretation is applied. *See In re* Estate of Kleefeld, 55 N.Y.2d 253, 259, 433 N.E.2d 521, 524, 448 N.Y.S.2d 456, 459 (1982) ("[t]his court should not ignore the words of the statute, clear on its face, to reach a different result through judicial interpretation"); 2A J. SUTHERLAND, STATUTORY CONSTRUCTION § 46.01, at 74 (Sands 4th ed.) (if language is clear, unambiguous and uncontrolled by other statutory provisions, court can not give it different meaning).

[33] *See, e.g.,* Johnson v. Antonopoulos, 213 App. Div. 324, 325, 210 N.Y.S. 589, 590 (2d Dep't 1925) (defendant not permitted to raise as defense stipulation signed by plaintiff improperly acting pro se); Anderson v. Anderson, N.Y.L.J., Dec. 15, 1964, at 16, col. 3 (Sup. Ct. Bronx County Dec. 14, 1964) (dictum) (party who improperly signs stipulation pro se may move to have such stipulation set aside).

[34] In a situation resembling *Moustakas*, one court ruled that a defendant corporation should not be permitted to benefit from the wilful disregard by its president of the rule that a court proceeding should be handled by a member of the bar of that particular jurisdiction. *See* Packer v. First Multifund of America, Inc., N.Y.L.J., July 29, 1975, at 10, col. 6 (Sup. Ct. N.Y. County July 28, 1975).

[35] *See, e.g.,* King Shell Serv. Station v. Robert S. Douglas Co., 106 Misc. 2d 57, 59, 430 N.Y.S.2d 484, 486 (J. Ct. Weschester County 1980) (improper appearance by one party

have asserted that CPLR 321 "is not intended to penalize the adverse party for the corporation's improper appearance."[36] Additionally, the decision is inconsistent with the policy of liberal construction officially espoused by the CPLR to "secure the just, speedy . . . determination of every civil judicial proceeding."[37]

Notwithstanding this inconsistency with public policy, by applying the plain meaning of CPLR 321, the court could not have reached any other conclusion absent a legislative amendment.

*Joseph S. Nicotra*

---

should not penalize opposing party); Cohn v. Warschauer Sick Support Soc. Bnei Israel Sup., 19 N.Y.S.2d 742, 743 (Sup. Ct. App. T. 2d Dep't 1940) (corporation cannot move to set aside judgment on ground that corporation was not represented by counsel).

It is submitted that the facts in *Moustakas* are analogous to those in *King Shell* and *Cohn* because the plaintiff, relying on his own violation of CPLR 321, endeavored to nullify prior actions that presumably did not give rise to a desired result. In contrast to earlier cases, however, the court in *Moustakas* permitted the plaintiff to rescind the settlement agreement, *see* 112 App. Div. 2d at 982-83, 492 N.Y.S. at 795, thus failing to uphold the legal maxim prohibiting a party from benefiting from his own wrongdoing. The influence of this legal maxim is deeply rooted in many areas of the law. *See, e.g.,* Ross v. Ross, 84 App. Div. 2d 569, 570, 443 N.Y.S.2d 419, 420 (2d Dep't 1981) (mem.) (appellate court refused to grant husband divorce from wife he wrongfully abandoned), *aff'd,* 55 N.Y.2d 999, 434 N.E.2d 717, 449 N.Y.S.2d 481 (1982); People v. Velez, 124 Misc. 2d 612, 614, 477 N.Y.S.2d 78, 79 (Sup. Ct. Bronx County 1984) (no violation of speedy trial rights when computer failed to reveal prior arrests because of defendant's use of alias); Continental Metals Corp. v. Municipal Warehouse Co., 112 Misc. 2d 923, 926, 447 N.Y.S.2d 849, 851-52 (Sup. Ct. N.Y. County 1982) (in event of intentional taking of bailed property, bailee deprived of contractual benefit of shortened time to sue), *aff'd,* 92 App. Div. 2d 47, 459 N.Y.S.2d 406 (1st Dep't 1983).

Clearly, if this maxim was disregarded, the effect "would be to place premium on deceit and fraud." *Velez,* 124 Misc. 2d at 614, 477 N.Y.S.2d at 79. Similarly, "it would be a perversion of our adversary system if a litigant could be deprived of a victory because of the dereliction of his or her opponent." Cuevas v. Cuevas, 110 App. Div. 2d 873, 880, 488 N.Y.S.2d 725, 730-31 (2d Dep't 1985) (Titone, J., dissenting) (quoting Department of Social Servs. v. Toustam C.D., 97 App. Div. 2d 831, 831, 468 N.Y.S.2d 908, 908 (2d Dep't 1983) (mem.)).

[36] King Shell Serv. Station v. Robert S. Douglas Co., 106 Misc. 2d 57, 59, 430 N.Y.S.2d 484, 486 (J. Ct. Westchester County 1980) (quoting Cohn v. Warschauer Sick Support Soc. Bnei Israel Sup., 19 N.Y.S.2d 742, 743 (Sup. Ct. App. T. 2d Dep't 1940)).

[37] CPLR 104 (1972); *see* Coonradt v. Walco, 55 Misc. 2d 557, 558, 285 N.Y.S.2d 421, 424 (Sup. Ct. Albany County 1967) ("procedural rules should be primarily a means to the end of securing the just resolution of controversies on the merits and at a minimum of expense and delay"). It is submitted that the *Moustakas* decision contravenes the CPLR philosophy by creating a vehicle by which litigation between parties can be prolonged. Instead, the CPLR should be used to "expedit[e] and streamlin[e] the practice of law and the work of the courts." Burbell v. Burman, 44 Misc. 2d 749, 750, 255 N.Y.S.2d 56, 58 (Sup. Ct. Bronx County 1964).



# Attachment 5 to Complaint

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM          INDEX NO. 704318/2019
NYSCEF DOC. NO. 153                                    RECEIVED NYSCEF: 11/02/2020

Dated:     Whitestone, New York
           November 2, 2020

                          Borchert & LaSpina, P.C.

                          By:_____
                                Robert W. Frommer, Esq.
                                *Of Counsel to Akerman LLP,*
                                *Counsel of record for Plaintiff*
                                19-02 Whitestone Expressway, Suite 302
                                Whitestone, New York 11357
                                (718) 767-3333


     TO:   Maurice Oparaji
           *Defendant, Pro Se*
           245-11 133 Road
           Rosedale, NY 11422

           Ada Oparaji
           *Defendant, Pro Se*
           12 Boylan Street
           Newark, NJ 07106

           Akerman LLP
           *Counsel for Plaintiff*
           520 Madison Avenue, 20th Floor
           New York, NY 10022
           Attn:  Jordan Smith, Esq.

3

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 154

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC.,

Index No.
704318/2019

**AFFIRMATION**

Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE
OPARAJI A/K/A MAURICE UD OPARAJI,
ADA PATIENCE OPARAJI A/K/A ADA P.
OPARAJI A/K/A ADA OPARAJI, THE
UNITED STATE OF AMERICA INTERNAL
REVENUE SERVICE DEPARTMENT OF
THE TREASURY, HARRIET BEIZER AND
"John Doe" and/or "Jane Doe" #1-10
inclusive, the last ten names being fictitious
and unknown to plaintiff, the persons or
parties intended being the tenants,
occupants, persons, corporations or heirs
at law, if any, having or claiming an interest
in or lien upon the premises described in the
complaint,

Defendants.
-------------------------------------------------------------X

1

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 154

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

8.     Generally, even the merits of the proposed amendment will not be considered on a motion to amend. <u>Sunshine v. Green Bus Lines, Inc.</u>, 41 Misc.2d 1037, 247 N.Y.S.2d 369 (Sup. 1963).

9.     Based on the foregoing, the instant motion should be granted its entirety.

**WHEREFORE,** plaintiff requests that it be granted leave to interpose an amended complaint in the form annexed hereto as Exhibit "A" and that plaintiff be granted such other, further and different relief as this court deems just and proper.

Dated:     Whitestone, New York
           November 2, 2020

                                         _____
                                         Robert W. Frommer, Esq.

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 153

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------x
CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC.,

Index No.
704318/2019

**NOTICE OF MOTION
TO AMEND**

Assigned to:
Hon. Janice A. Taylor
IAS Part 15

                              Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE
OPARAJI A/K/A MAURICE UD OPARAJI,
ADA PATIENCE OPARAJI A/K/A ADA P.
OPARAJI A/K/A ADA OPARAJI, THE
UNITED STATE OF AMERICA INTERNAL
REVENUE SERVICE DEPARTMENT OF
THE TREASURY, HARRIET BEIZER AND
"John Doe" and/or "Jane Doe" #1-10
inclusive, the last ten names being fictitious
and unknown to plaintiff, the persons or
parties intended being the tenants,
occupants, persons, corporations or heirs
at law, if any, having or claiming an interest
in or lien upon the premises described in the
complaint,

                              Defendants.
-------------------------------------------------------------x

Motion by:          Borchert & LaSpina, P.C.,

                    Of Counsel to Akerman LLP,

1

1 of 3

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 153

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

Counsel of record for Plaintiff

Date time and

Place of Hearing:   November 24, 2020, at 9:30 A.M., IAS Part 15, at the Supreme Court, Queens County, 88-11 Sutphin Boulevard, Jamaica, New York.

Oral Argument

Requested:   Yes [X]         No [ ]

Supporting Papers:   Affirmation Exhibits.

Relief Demanded:   An Order:

(a)   Granting leave to plaintiff to amend the complaint in the form annexed hereto as Exhibit "A" pursuant to CPLR 3025(b); and

(b)   granting such other, further and different relief to plaintiff as this Court deems just and proper.

Pursuant to CPLR §2214 (b), answering and/or opposing affidavits, if any, are to be served upon the undersigned at least seven (7) days before the return date of this motion.

2

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 153

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

Dated:     Whitestone, New York
           November 2, 2020

                    Borchert & LaSpina, P.C.

             By:_____
                    Robert W. Frommer, Esq.
                    *Of Counsel to Akerman LLP,*
                    *Counsel of record for Plaintiff*
                    19-02 Whitestone Expressway, Suite 302
                    Whitestone, New York 11357
                    (718) 767-3333


TO:   Maurice Oparaji
      *Defendant, Pro Se*
      245-11 133 Road
      Rosedale, NY 11422

      Ada Oparaji
      *Defendant, Pro Se*
      12 Boylan Street
      Newark, NJ 07106

      Akerman LLP
      *Counsel for Plaintiff*
      520 Madison Avenue, 20th Floor
      New York, NY 10022
      Attn: Jordan Smith, Esq.

3

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 154

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------x
CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC.,

Index No.
704318/2019

**AFFIRMATION**

Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE
OPARAJI A/K/A MAURICE UD OPARAJI,
ADA PATIENCE OPARAJI A/K/A ADA P.
OPARAJI A/K/A ADA OPARAJI, THE
UNITED STATE OF AMERICA INTERNAL
REVENUE SERVICE DEPARTMENT OF
THE TREASURY, HARRIET BEIZER AND
"John Doe" and/or "Jane Doe" #1-10
inclusive, the last ten names being fictitious
and unknown to plaintiff, the persons or
parties intended being the tenants,
occupants, persons, corporations or heirs
at law, if any, having or claiming an interest
in or lien upon the premises described in the
complaint,

Defendants.
----------------------------------------------------------x

1

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 154

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

Robert W. Frommer, Esq., an attorney admitted to practice law in and before the courts of the State of New York, affirms that the following statements are true and accurate and subject to the penalties of perjury:

1.     I am a principal of the law firm of Borchert & LaSpina, P.C., of counsel to Akerman LLP, the counsel of record for plaintiff in this action. As such, I am fully familiar with the facts and circumstances recited herein.

2.     I submit this affirmation in support of plaintiff's motion pursuant to CPLR 3025(b) for leave to interpose an amended complaint in the form annexed hereto as Exhibit "A". A copy of the proposed amended complaint is annexed hereto as Exhibit "A". A copy of the original complaint is annexed hereto as Exhibit "B".

3.     The difference between the original complaint and the proposed amended complaint is that the proposed amended complaint has added a cause of action on the theory of equitable subrogation.

4.     The equitable subrogation claim is founded in the payoff of a prior mortgage as well as the payment of taxes and carrying charges. The HUD-1 statement from plaintiff's mortgage shows the payoff of that prior

2

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 154

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

mortgage in the sum of $251,748.82.  A copy of that HUD-1 statement is annexed hereto as Exhibit "C".

5.    Equitable subrogation is a well-established and meritorious doctrine in this State.  Great Eastern Bank v. Chang, 227 A.D.2d 589, 643 N.Y.S.2d 203 (2d Dept. 1996); King v. Pelkofski, 20 N.Y.2d 326, 282 N.Y.S.2d 753 (1967); Long Island City Savings and Loan Assoc'n v. Skow, 25 A.D.2d 880, 270 N.Y.S.2d 234 (2d Dept. 1966).

6.    Granting this motion will not prejudice any other parties.  No depositions have been conducted and the assertion of a meritorious claim is not prejudicial.  Dolan v. Garden City Union Free School. District, 113 A.D.2d 781, 493 N.Y.S.2d 217 (2d Dept. 1985).

7.    The law of this state emphatically provides that leave to amend the pleadings is to be liberally granted.  CPLR 3025(b); Siegel, N.Y. Practice, 2d Edition § 237, at 352 (1991 & Supp. 1997); Thompson v. Alleva, 76 A.D.2d 1022, 429 N.Y.S.2d 481 (3d Dept. 1980).

3

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 154

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

8.    Generally, even the merits of the proposed amendment will not be considered on a motion to amend.  Sunshine v. Green Bus Lines, Inc., 41 Misc.2d 1037, 247 N.Y.S.2d 369 (Sup. 1963).

9.    Based on the foregoing, the instant motion should be granted its entirety.

**WHEREFORE,** plaintiff requests that it be granted leave to interpose an amended complaint in the form annexed hereto as Exhibit "A" and that plaintiff be granted such other, further and different relief as this court deems just and proper.

Dated:    Whitestone, New York
          November 2, 2020

                                        Robert W. Frommer, Esq.

4

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

Exhibit A

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------x
CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC.,

        Index No.
        704318/2019

                  Plaintiff,

**AMENDED
COMPLAINT**

-against-

MAURICE H. OPARAJI A/K/A MAURICE
OPARAJI A/K/A MAURICE UD OPARAJI,
ADA PATIENCE OPARAJI A/K/A ADA P.
OPARAJI A/K/A ADA OPARAJI, THE
UNITED STATE OF AMERICA INTERNAL
REVENUE SERVICE DEPARTMENT OF
THE TREASURY, HARRIET BEIZER AND
"John Doe" and/or "Jane Doe" #1-10
inclusive, the last ten names being fictitious
and unknown to plaintiff, the persons or
parties intended being the tenants,
occupants, persons, corporations or heirs
at law, if any, having or claiming an interest
in or lien upon the premises described in the
complaint,

               Defendants.
------------------------------------------------------------x

     Plaintiff, as and for its amended complaint against the above-

captioned defendants, alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
### (Mortgage Foreclosure)

1

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

Plaintiff CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., (hereinafter referred to as "CITIMORTGAGE"), by its attorneys, complains and alleges, upon information and belief, as follows:

1.     This is an action to foreclose a mortgage lien on the premises described herein.

2.     The plaintiff is the mortgagee and the holder of the subject note and mortgage and if not the owner, has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject note and mortgage. See attached note incorporated herein, Foreclosing party or creditor ("Noteholder"), directly or through an agent, has possession of the promissory note. The promissory note is either made payable to the Foreclosing Party or has been duly indorsed.

2

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

3.      Where applicable, the plaintiff has complied with all of the provisions of the Banking Law § 595-a and rules and regulations promulgated thereunder, Banking Law § 6-1 or 6-in as applicable to the subject loan, and RPAPL § 1304, as amended.

4.      The plaintiff, assignee or mortgage loan servicer, has timely complied with the provisions of RPAPL § 1306.

5.      A ninety (90) day pre-foreclosure notice ("90 Day Notice") was sent to MAURICE II. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI on September 10, 2014 to the address of the property, at 245-11 133RD RD, ROSEDALE, County of Queens, City and State of New York 11422 and to the Borrowers' last known address which is 245-11 133RD RD, ROSEDALE, NY 11422, by registered or certified and first class mail. The certified mailing bore United States Postal Service Tracking Number 9207 1901 0808 9006 1470 28. **A copy of the 90 Day Notices sent to the said defendant are  annexed hereto as Exhibit "B" and made a part hereof.**

3

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

6.     A ninety (90) day pre-foreclosure notice ("90 Day Notice") was also sent to ADA PATIENCE OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI on September 10, 2014 to the address of the property, at 245-11 133RD RD, ROSEDALE, County of Queens, City and State of New York 11422 and to the Borrowers' last known address which is 245-11 133RD RD, ROSEDALE, NY 11422, by registered or certified and first class mail. The certified mailing bore United States Postal Service Tracking Number 9207 1901 0808 9006 1449 80. **A copy** of **the 90 Day Notices sent to said defendant are annexed hereto as Exhibit "C" and made a part hereof.**

7.     The plaintiff, assignee or mortgage loan servicer, has timely filed with the Superintendent of the New York State Banking Department the name, address, last known telephone number of the borrower and the amount claimed as due and owing on the mortgage. **A copy of the Proof of Filing Statement is annexed hereto as Exhibit "D" and made a part hereof.**

8.     A demand for payment of the mortgage arrears was made by correspondence. This Notice complies with the default procedures both as to form and timing as set forth in the mortgage. The Notice demanded

4

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

payment at least 30 days after the date in which the Notice was mailed to the mortgagor by certified and regular class mail. **A copy of the Demand Letters are annexed hereto as Exhibit "E" and made a part hereof.**

9.    The title of the 90 Day Notice was typed in at least fourteen (14) point font. The text following the title of the 90 Day Notice was typed in at least fourteen (14) point font.

10.    Plaintiff is, and at all times relevant herein was, a corporation authorized to conduct business in the State of New York, with its principal place of business do CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., located at 1000 TECHNOLOGY DRIVE, OFALLON, MISSOURI.

11.    The premises, which are the subject of this action, are situated at 245-11 133rd Road, Rosedale, County of Queens, City and State of New York 11422 and are designated on the tax map for Queens County, New York as Block13209  and Lot 80  and more particularly described in Exhibit "A" annexed hereto  (the "Premises").

5

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

12.   MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI is named as Defendant because he is the purported owner of record of the Premises and is obligor on a certain note secured by a mortgage on the Premises. Upon information and belief, said defendant's last known residence is at the Premises.

13.   ADA PATIENCE OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI is named as Defendant because she is the purported owner of record of the Premises. Upon information and belief, said defendant's last known residence is at the Premises.

14.   "John Doe" and/or "Jane Doe" # 1-10 inclusive, are fictitious and unknown to plaintiff. They are named as defendants to designate any and all tenants, occupants, persons, corporations or heirs at law, if any, having or claiming an interest in or lien upon the Premises.

15.   The following are made party defendants herein solely because they may have or claim to have a lien affecting the Premises:

6

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

**HARRIET BEIZER**
**THE UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE**
**DEPARTMENT OF THE TREASURY**

The above liens are subject and subordinate to the lien of the Plaintiffs

mortgage. **See, copy of Mortgage/Judgment Schedules attached hereto**

**as Exhibit "F" and made part hereof.**

16.  On or about March 31, 2004, defendant MAURICE H. OPARAJI

A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, ("Defendant")

executed and delivered to ABN AMRO MORTGAGE GROUP, INC. a Note

(the "Note"), whereby the Defendant agreed to pay to ABN AMRO

MORTGAGE GROUP, INC. or its transferees the sum of $264,700.00, plus

increases in principal, if any, with interest thereon, installments of principal

and interest to be paid monthly, in substantially equal payments on the same

date of each month until maturity, all as provided in the Note. **A copy of the**

**Note is annexed hereto as Exhibit "G" and made a part hereof.**

17.  As collateral security for the payment of the Note, defendants

MAURICE  1²1. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD

OPARAJI AND ADA PATIENCE OPARAJI A/K/A ADA P. OPARAJI A/K/A

ADA OPARAJI executed, acknowledged, and delivered to ABN AMRO

7

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

MORTGAGE GROUP, INC. a mortgage dated March 31, 2004, in the principal amount of $264,700.00 (the "Mortgage"), which was recorded in the Office of the City Register of Queens County on October 20, 2004 in CRFN 2004000648680, and the **mortgage recording tax was duly paid. A copy of said documents are annexed hereto as Exhibit "H" and made a part hereof.**

18.   The Premises encumbered by said Mortgage, with all appurtenances thereto, is bounded and fully described in Exhibit "A" annexed hereto and made part hereof.

19.   The Note provides, inter alia, for the payment of late charges in case of default of any installment which has become due and remained unpaid in excess of 15 days and further provides, inter alia, for the payment of all costs and expenses, including attorney's fees in the event the Note is referred to an attorney for collection.

20.   The Mortgage obligates the Defendants, inter alia, to pay, on a monthly basis, to plaintiff, at plaintiff's option, an amount equal to 1/12 of the annual taxes, assessments, ground rents, and hazard and mortgage

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

insurance premiums to become due in connection with the Premises pursuant to the Mortgage.

21.    The Mortgage provides, inter alia, for the payment of late charges in case of default of any installment which has become due and remained unpaid in excess of 15 days.

22.    The Mortgage provides, inter alia, that in the event of a default in the payment of any principal or interest that might become due thereon, plaintiff may declare the entire indebtedness secured by the Mortgage immediately due and payable and commence an action to foreclose the Defendants' rights in the Premises and sell them pursuant to applicable law.

23.    The Note and Mortgage obligates the Defendants, inter alia, to pay plaintiffs reasonable attorney's fees in the event of a default and in any action to foreclose the Mortgage.

24.    The Defendants defaulted under the terms of the Note and Mortgage by omitting and failing to make monthly payments of principal and interest due from December 1, 2010 through date.

9

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

25.    As a result of the foregoing and in accordance with its rights under the Note and Mortgage, plaintiff has elected to exercise its option to demand immediate payment in full of the amounts outstanding under the Note and Mortgage and has notified the Defendants of its decision to demand immediate payment in full.

26.    As a result of the Defendants' failure to pay the obligation under the Note and Mortgage, there is now due and owing to plaintiff on the principal of the Mortgage the sum of $235,604.36 together with accrued interest from November 1, 2010 at the present rate of 5.250% as stated in the Note and Mortgage, and such other payments as are set forth in the Note and Mortgage. Notwithstanding the foregoing, plaintiff seeks the unpaid principal balance, interest arrears, escrows and such other payments as may be due under the note and mortgage as may be collected under applicable New York law. Plaintiff does not seek to sue or collect on any debt that may be barred under the statute of limitations.

27.    In order to protect its security, plaintiff may be compelled during the pendency of this action to pay sums for premiums on insurance policies,

10

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

real estate taxes, assessments, water charges and sewer rents which are or may become liens on the mortgaged premises, and other charges which may be necessary for the protection of the mortgaged premises, and the plaintiff prays that any sum or sums so paid, together with interest from the date of payment, shall be added to the plaintiffs claim and be deemed secured by said Note and Mortgage and adjudged a valid lien on the mortgaged premises, and that the plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

28.    The Mortgage provides that, in the case of foreclosure, the mortgaged Premises may be sold in one parcel.

29.    The mortgaged premises under foreclosure herein is to be sold subject to any state of facts an accurate survey would show; and to covenants, restrictions, reservations, easements and agreements of record, if any, and any violations thereof; and to building restrictions and zoning ordinances of the town or municipality in which said mortgaged premises are situated, if any, and any violations thereof; and to conditional bills of sale, security agreements and financing statements filed in connection with said mortgaged premises, if any, but only to the extent that any of the foregoing

11

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

are not barred or foreclosed by this action; and to existing tenancies, if any, except such tenants who are parties defendants to this action; and to all unpaid real estate taxes, assessments, water charges and sewer rents, which are liens upon the premises but are not due or payable as of the time of the sale. In addition, the purchaser of the mortgaged premises at the foreclosure sale shall be required to pay all applicable local and state transfer taxes, deed stamps or other taxes due in connection with the transfer of the mortgaged premises.

30.    The plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and all present and future defaults under the Note and Mortgage and occurring prior to the discontinuance of this action are fully paid.

31.    In the event the plaintiff possesses any other liens against the mortgaged premises either by way of a junior mortgage or otherwise, the plaintiff requests that such other liens shall not be merged into the cause of

12

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

action set forth in this complaint, but that the plaintiff shall be permitted to enforce said other liens and seek determination of the priority thereof in any independent action or proceeding including without limitation any surplus money proceeding.

32.   No prior action or proceeding has been commenced or is now pending to enforce the terms of the Mortgage, or any part thereof except to the extent made in the original complaint filed in this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Action to Determine Title/Equitable Subrogation/Equitable Mortgage/Equitable Lien)

33.   Plaintiff repeats, restates and realleges each of the foregoing allegations as if fully set forth herein.

34.  This cause of action is brought in equity and under the provisions of Article 15 of the Real Property and Proceedings Law for a determination of Plaintiff's mortgage and lien interests and claims in and to the premises in Queens County, New York known as 245-11 133rd Road, Rosedale, New York and by a Queens County tax map designation of Block 13209  and Lot

13

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

80 and more particularly described in Exhibit "A" annexed hereto ("Premises").

35.  Defendant Maurice H. Oparaji a/k/a Maurice Oparaji a/k/a Maurice UD Oparaji ("Maurice Oparaji") claims to have an ownership interest or other interest in the Premises.

36.  Defendant Ada Patience Oparaji a/k/a Ada P. Oparaji a/k/a Ada Oparaji ("Ada Oparaji") claims to have an ownership interest or other interest in the Premises.

37.  On October 24, 2003, Maurice Oparaji and Ada Oparaji executed and delivered a mortgage to Citibank, N.A. encumbering the Premises as security for a loan and debt in the principal sum of $252,000.00.  That mortgage was recorded against the Premises on July 2, 2004 ("Citibank Mortgage").  A copy of the recorded Citibank Mortgage is annexed hereto as **Exhibit "I"**.

38.  As noted in the first cause of action in this complaint, the mortgage plaintiff seeks to foreclose in this action is dated March 31, 2004 and was

14

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

recorded in the Office of the City Register of the City of New York on October 20, 2004.   A copy of that mortgage is annexed hereto as **Exhibit "H"** ("Plaintiff's Mortgage").

39.   Plaintiff's Mortgage was executed and delivered by both Maurice Oparaji and Ada Oparaji to ABN Amro Mortgage Group, Inc. with the full intent to encumber the Premises as set forth in Plaintiff's Mortgage and as security for the annexed note.

40.   Citimortgage, Inc. is the successor by merger to ABN Amro Mortgage Group, Inc. as set forth above. See **Exhibit "J"** annexed hereto.

41.   $251,748.82 of the proceeds of Plaintiff's Mortgage paid off and satisfied the Citibank Mortgage.

42.   The Citibank Mortgage was satisfied of record by written instrument dated November 15, 2004 and recorded in the Office of the City Register of the City of New York  on December 3, 2004.   A copy of that recorded document is annexed hereto as **Exhibit "K"**.

15

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

43.  Plaintiff and plaintiff's predecessors in interest have paid taxes and other carrying charges to the benefit of the Premises and which payments have had the effect of benefitting the defendants.

44.  Plaintiff's Mortgage is a valid, first priority mortgage and lien encumbering the Premises and the interests of all defendants are subject and subordinate thereto.

45. Plaintiff is entitled to be subrogated to the position of the Citibank Mortgage and all prior mortgages and liens that were paid off, satisfied and discharged with the proceeds of Plaintiff's Mortgage  by virtue of the doctrine of assignment by equitable subrogation and the doctrine of unjust enrichment and to have a corresponding equitable lien on the Premises with interest thereon from March 31, 2004 and continuing.

46.  Plaintiff is entitled to be subrogated to the position of the taxes and other carrying charges affecting the Premises by virtue of the doctrine of assignment by equitable subrogation and the doctrine of unjust enrichment with interest thereon from the dates of payment and continuing Citibank Mortgage and all prior mortgages and liens that were paid off, satisfied and

16

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

discharged with the proceeds of Plaintiff's Mortgage by virtue of the doctrine of assignment by equitable subrogation and to have a corresponding equitable lien on the Premises with interest thereon from March 31, 2004 and continuing.

47. Plaintiff further seeks and is entitled to judgment declaring that Plaintiff holds a first priority equitable mortgage and equitable lien encumbering all of the defendants' interests in the Premises in accordance with the terms of the Citibank Mortgage in which Plaintiff has rights as aforesaid.

48. The defendants herein claim, or it appears from the public records and the allegations of this complaint, that the defendants might claim an estate or interest in the Premises adverse to Plaintiff.

49. The defendants herein are of full age and sound mind and are not absentees, infants, incompetents, or alcohol abusers.

17

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

50.  A judgment herein will not affect a person or persons not in being or ascertained at the commencement of this action, who by any contingency contained in a device or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the Premises.

51.   There are no persons not in being or ascertained at the commencement of this action, who by any contingency contained in any devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the Premises; and every person in being who have been entitled to such estate or interest if such event had happened immediately before the commencement of this action is named as a party hereto.

52.  None of the parties to this action are unknown and none are infants, or incompetent to manage themselves or their affairs.

53.  No personal claim is made, in this action, against any defendant other than a defendant who shall assert a claim adverse to the claim of Plaintiff set forth in this complaint.

18

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

54. Plaintiff further seeks and is entitled to a judgment to the effect that the Plaintiff's Mortgage and lien is a valid encumbrance on the Premises and that the interests of all defendants are subject and subordinate to Plaintiff's Mortgage and lien on the Premises.

55. Plaintiff has no adequate remedy at law.

56. If Plaintiff's Mortgage and lien interest in the Premises is not established superior to all defendants herein, then all defendants will have reaped a windfall and become unjustly enriched all to the detriment, damage and hardship of Plaintiff.

57. No previous application for the relief requested herein has been made to this or any other court except to the extent requested in the original complaint filed in this action.

**WHEREFORE,** plaintiff demands judgment as follows:

19

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

**(I)     On the First Cause of Action,**

A.     That each and all of the defendants in this action, and any and all persons claiming by, through and under any of them, subsequent to the commencement of this action and the filing of the notice of pendency of this action, may be forever barred and foreclosed of any and all right, title and interest, claim, lien and equity of redemption in the mortgage Premises;

B.     That the Court direct that the Premises can be sold according to law, in one parcel or otherwise as equity may require;

C.     That the monies arising from the sale of the Premises may be brought into Court or paid to the plaintiff in accordance with RPAPL§ 1354.

D.     That the monies due to plaintiff on the Mortgage may be adjudged and computed;

E.     That plaintiff may be paid the amount adjudged to be due on the Mortgage with interest at the time of such payment, together with any monies advanced and paid pursuant to any term or provision of the Mortgage so as to protect the lien of the Mortgage, and together with taxes, insurance premiums and all other charges and liens paid thereon with interest upon said amount from the date of the respective payments and advances, together with all amounts due by virtue of statutory costs, allowances and attorney's fees, together with any reasonable attorney's fees over and above the amounts covered by the statutory attorney's fees, together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

F.     That if the proceeds of the sale of the Premises are insufficient to pay the amount found due to plaintiff as set forth in the immediately preceding paragraph, the officer making the sale be required by the judgment of sale herein to specify the amount of such deficiency in the report of sale so that application may be made by plaintiff to the Court pursuant to Section 1371 of the Real Property Actions and Proceedings Law for a deficiency judgment against the defendant, MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, which will include the amount of any such deficiency, unless discharged in bankruptcy;

G.     If the Court, upon such application shall so direct, plaintiff should have judgment against the defendant, MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, for the amount of such deficiency, unless discharged in bankruptcy;

H.     That plaintiff be awarded reasonable attorney's fees as provided in the Note and Mortgage, as well as the costs and disbursements of this action; and

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 156

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

I.     That plaintiff has such other and further relief as may be just and proper; and

(II)     **On the Second Cause of Action,**
(a) declaring that Plaintiff's Mortgage validly encumbers the Premises and is superior to all claims and interests of the defendants, and directing the Queens County Clerk and the Office of the City Register of the City of New York to record the Judgment of this Court granting the relief requested herein and/or otherwise reflect in the real property records and indices thereof the Mortgage and lien interests of Plaintiff, and (b) declaring that the interests of the defendants are subject and subordinate to Plaintiff's Mortgage and lien and interests, and (c) declaring Plaintiff to be equitably subrogated to the position of the Citibank Mortgage with all applicable interest from the date of payment and continuing and that Plaintiff be equitably subrogated to the position of all   liens, obligations, and mortgages that encumbered the Premises that Plaintiff and Plaintiff's predecessors in interest paid off and satisfied or reduced in amount with applicable interest thereon from the dates of payment and continuing, and declaring Plaintiff to be equitably subrogated to the position of all real estate taxes and other carrying charges paid by Plaintiff and by Plaintiff's predecessors in interest with applicable interest thereon from the dates of payment and continuing,    and (d) declaring Plaintiff to have a first priority equitable mortgage and equitable lien encumbering the Premises with applicable  interest from the dates of payment and continuing for all of the foregoing, and awarding costs and disbursements to Plaintiff as against any defendant that answers the second cause of action; and

(III)    granting such other and further relief to Plaintiff as the Court may deem just and proper.

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

Dated:       November 2, 2020

Akerman LLP

By: _____
        Jordan M. Smith, Esq.  (jordan.smith@akerman.com)
        Stefan Canizares, Esq. (stefan.canizares@akerman.com)
*Attorneys for Plaintiff*
520 Madison Avenue, 20th Floor
New York, New York 10022
(212) 880-3800

Borchert & LaSpina, P.C.

By: _____
        Robert W. Frommer, Esq.
*Of Counsel to Akerman LLP*
19-02 Whitestone Expressway, Suite 302
Whitestone, New York 11357
(718) 767-3333

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 156

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

I.     That plaintiff has such other and further relief as may be just and proper; and

(II)     **On the Second Cause of Action,**
(a) declaring that Plaintiff's Mortgage validly encumbers the Premises and is superior to all claims and interests of the defendants, and directing the Queens County Clerk and the Office of the City Register of the City of New York to record the Judgment of this Court granting the relief requested herein and/or otherwise reflect in the real property records and indices thereof the Mortgage and lien interests of Plaintiff, and (b) declaring that the interests of the defendants are subject and subordinate to Plaintiff's Mortgage and lien and interests, and (c) declaring Plaintiff to be equitably subrogated to the position of the Citibank Mortgage with all applicable interest from the date of payment and continuing and that Plaintiff be equitably subrogated to the position of all  liens, obligations, and mortgages that encumbered the Premises that Plaintiff and Plaintiff's predecessors in interest paid off and satisfied or reduced in amount with applicable interest thereon from the dates of payment and continuing, and declaring Plaintiff to be equitably subrogated to the position of all real estate taxes and other carrying charges paid by Plaintiff and by Plaintiff's predecessors in interest with applicable interest thereon from the dates of payment and continuing,  and (d) declaring Plaintiff to have a first priority equitable mortgage and equitable lien encumbering the Premises with applicable  interest from the dates of payment and continuing for all of the foregoing, and awarding costs and disbursements to Plaintiff as against any defendant that answers the second cause of action; and

(III)     granting such other and further relief to Plaintiff as the Court may deem just and proper.

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 157

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

Exhibit B

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 157

INDEX NO. 704318/2019

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM
NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/02/2020
INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO
ABN AMRO MORTGAGE GROUP, INC.,

Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI
A/K/A MAURICE UD OPARAJI, ADA PATIENCE
OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI,
THE UNITED STATES OF AMERICA INTERNAL
REVENUE SERVICE DEPARTMENT OF THE
TREASURY, HARRIET BEIZER and "John Doe" and/or
"Jane Doe" # 1-10 inclusive, the last ten names being fictitious
and unknown to plaintiff, the persons or parties intended being
the tenants, occupants, persons, corporations or heirs at law, if
any, having or claiming an interest in or lien upon the premises
described in the complaint,

Defendants.

Index No.
Date Filed:

**SUMMONS**

Plaintiff designates
Queens County as the
place of trial based on
the location of the
mortgaged premises in
this action.

**We are attempting to collect a debt, and any information obtained will be used for**

**that purpose.**

To the above-named defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if this

summons is not personally delivered to you within the State of New York) or within (60) days

after service of this summons if it is the United States of America; and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

- 1 -

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

INDEX NO. 704318/2019

NYSCEF DOC. NO. 167

RECEIVED NYSCEF: 11/02/2020

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

INDEX NO. 704318/2019

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 03/12/2019

## NOTICE

### YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.  Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.  Sending a payment to your mortgage company will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

### NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT

This is an action to foreclose a mortgage lien on the premises described herein.

The object of the above captioned action is to foreclose a Mortgage to secure $264,700.00 and interest, recorded in the Office of the City Register of Queens County on October 20, 2004 in CRFN 2004000648680, covering premises known as 245-11 133RD RD, ROSEDALE, COUNTY OF QUEENS, CITY AND STATE OF NEW YORK 11422 (BLOCK 13209 AND LOT 80).

-2-

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM          INDEX NO. 704318/2019

NYSCEF DOC. NO. 157                                       RECEIVED NYSCEF: 11/02/2020

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM           INDEX NO. 704318/2019

NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 03/12/2019

The relief sought in the within action is a final judgment directing the sale of the premises described above. The Plaintiff also seeks a deficiency judgment against the Defendant, MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, for any debt secured by said Mortgage which is not satisfied by the proceeds of the sale of said premises, unless discharged in bankruptcy.

Dated: Roslyn Heights, New York
　　　3·18, 2019

DAVID A. GALLO & ASSOCIATES LLP

By:

DAVID A. GALLO, ESQ.
*Attorneys for Plaintiff*
99 Powerhouse Road - First Floor
Roslyn Heights, NY 11577
(516) 583-5330
(516) 583-5333 - fax

TO:   MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD
      OPARAJI
      245-11 133RD RD
      ROSEDALE, NY 11422

      ADA PATIENCE OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI
      245-11 133RD RD
      ROSEDALE, NY 11422

      THE UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE
      DEPARTMENT OF THE TREASURY
      10 METROTECH CENTER
      625 FULTON STREET
      BROOKLYN, NY 11201

      HARRIET BEIZER
      108-18 QUEENS BLVD.
      FOREST HILLS, NY 11375

- 3 -

NYSCEF DOC. NO. 152

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CITIMORTGAGE, INC., SUCCESSOR BY MERGER
TO ABN AMRO MORTGAGE GROUP, INC.,

                              Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI
A/K/A MAURICE UD OPARAJI, ADA PATIENCE
OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA
OPARAJI, THE UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE DEPARTMENT
OF THE TREASURY, HARRIET BEIZER and "John
Doe" and/or "Jane Doe" # 1-10 inclusive, the last ten
names being fictitious and unknown to plaintiff, the
persons or parties intended being the tenants, occupants,
persons, corporations or heirs at law, if any, having or
claiming an interest in or lien upon the premises
described in the complaint,

                          Defendants.

Index No.

**VERIFIED COMPLAINT**

**MORTGAGE FORECLOSURE**

      Plaintiff CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO

MORTGAGE GROUP, INC., (hereinafter referred to as "CITIMORTGAGE"), by its attorneys,

David A. Gallo & Associates LLP, complains and alleges, upon information and belief, as follows:

      1.     This is an action to foreclose a mortgage lien on the premises described herein.

      2.     The plaintiff is the mortgagee and the holder of the subject note and mortgage and

if not the owner, has been delegated the authority to institute a mortgage foreclosure action by the

owner and holder of the subject note and mortgage. See attached note incorporated herein.

Foreclosing party or creditor ("Noteholder"), directly or through an agent, has possession of the

promissory note. The promissory note is either made payable to the Foreclosing Party or has been

duly indorsed.

- 1 -

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2020

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2019

3.      Where applicable, the plaintiff has complied with all of the provisions of the Banking Law § 595-a and rules and regulations promulgated thereunder, Banking Law § 6-l or 6-m as applicable to the subject loan, and RPAPL § 1304, as amended.

4.      The plaintiff, assignee or mortgage loan servicer, has timely complied with the provisions of RPAPL § 1306.

5.      A ninety (90) day pre-foreclosure notice ("90 Day Notice") was sent to MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI on September 10, 2014 to the address of the property, at 245-11 133RD RD, ROSEDALE, County of Queens, City and State of New York 11422 and to the Borrowers' last known address which is 245-11 133RD RD, ROSEDALE, NY 11422, by registered or certified and first class mail. The certified mailing bore United States Postal Service Tracking Number 9207 1901 0808 9006 1470 28. A copy of the 90 Day Notices sent to the Borrower are annexed hereto and made a part hereof.

6.      A ninety (90) day pre-foreclosure notice ("90 Day Notice") was also sent to ADA PATIENCE OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI on September 10, 2014 to the address of the property, at 245-11 133RD RD, ROSEDALE, County of Queens, City and State of New York 11422 and to the Borrowers' last known address which is 245-11 133RD RD, ROSEDALE, NY 11422, by registered or certified and first class mail. The certified mailing bore United States Postal Service Tracking Number 9207 1901 0808 9006 1449 80. A copy of the 90 Day Notices sent to the Borrower are annexed hereto and made a part hereof.

7.      The plaintiff, assignee or mortgage loan servicer, has timely filed with the Superintendent of the New York State Banking Department the name, address, last known telephone number of the borrower and the amount claimed as due and owing on the mortgage. A copy of the Proof of Filing Statement is annexed hereto and made a part hereof.

-2-

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 153

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 704318/2019
INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020
RECEIVED NYSCEF: 03/12/2019

8.    A demand for payment of the mortgage arrears was made by correspondence. This Notice complies with the default procedures both as to form and timing as set forth in the mortgage. The Notice demanded payment at least 30 days after the date in which the Notice was mailed to the mortgagor by certified and regular class mail. **A copy of the Demand Letters are annexed hereto and made a part hereof.**

9.    The title of the 90 Day Notice was typed in at least fourteen (14) point font. The text following the title of the 90 Day Notice was typed in at least fourteen (14) point font.

10.    Plaintiff is, and at all times relevant herein was, a corporation authorized to conduct business in the State of New York, with its principal place of business c/o CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., located at 1000 TECHNOLOGY DRIVE, O'FALLON, MISSOURI.

11.    The premises, which are the subject of this action, are situated at 245-11 133RD RD, ROSEDALE, COUNTY OF QUEENS, CITY AND STATE OF NEW YORK 11422 (the "Premises").

12.    MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI is named as Defendant because he is the purported owner of record of the Premises and is obligor on a certain note secured by a mortgage on the Premises. Upon information and belief, said defendant's last known residence is at the Premises.

13.    ADA PATIENCE OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI is named as Defendant because she is the purported owner of record of the Premises. Upon information and belief, said defendant's last known residence is at the Premises.

- 3 -

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 157

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020
INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

14.    "John Doe" and/or "Jane Doe" # 1-10 inclusive, are fictitious and unknown to plaintiff.  They are named as defendants to designate any and all tenants, occupants, persons, corporations or heirs at law, if any, having or claiming an interest in or lien upon the Premises.

15.    The following are made party defendants herein solely because they may have or claim to have a lien affecting the Premises:

HARRIET BEIZER
THE UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE DEPARTMENT
OF THE TREASURY

The above liens are subject and subordinate to the lien of the Plaintiff's mortgage. See, copy of Mortgage/Judgment Schedules attached hereto and made part hereof.

16.    On or about March 31, 2004, defendant MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, ("Defendant") executed and delivered to ABN AMRO MORTGAGE GROUP, INC. a Note (the "Note"), whereby the Defendant agreed to pay to ABN AMRO MORTGAGE GROUP, INC. or its transferees the sum of $264,700.00, plus increases in principal, if any, with interest thereon, installments of principal and interest to be paid monthly, in substantially equal payments on the same date of each month until maturity, all as provided in the Note. A copy of the Note is annexed hereto and made a part hereof.

17.    As collateral security for the payment of the Note, defendants MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI AND ADA PATIENCE OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI executed, acknowledged, and delivered to ABN AMRO MORTGAGE GROUP, INC. a mortgage dated March 31, 2004, in the principal amount of $264,700.00 (the "Mortgage"), which was recorded in the Office of the City Register of Queens County on October 20, 2004 in CRFN 2004000648680,

-4-

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

INDEX NO. 704318/2019

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

RECEIVED NYSCEF: 704318/2020

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 03/12/2019

and the mortgage recording tax was duly paid. A copy of said documents are annexed hereto and made a part hereof.

18.    The Premises encumbered by said Mortgage, with all appurtenances thereto, is bounded and fully described in Schedule A annexed hereto and made part hereof.

19.    The Note provides, inter alia, for the payment of late charges in case of default of any installment which has become due and remained unpaid in excess of 15 days and further provides, inter alia, for the payment of all costs and expenses, including attorney's fees in the event the Note is referred to an attorney for collection.

20.    The Mortgage obligates the Defendants, inter alia, to pay, on a monthly basis, to plaintiff, at plaintiff's option, an amount equal to 1/12 of the annual taxes, assessments, ground rents, and hazard and mortgage insurance premiums to become due in connection with the Premises pursuant to the Mortgage.

21.    The Mortgage provides, inter alia, for the payment of late charges in case of default of any installment which has become due and remained unpaid in excess of 15 days.

22.    The Mortgage provides, inter alia, that in the event of a default in the payment of any principal or interest that might become due thereon, plaintiff may declare the entire indebtedness secured by the Mortgage immediately due and payable and commence an action to foreclose the Defendants' rights in the Premises and sell them pursuant to applicable law.

23.    The Note and Mortgage obligates the Defendants, inter alia, to pay plaintiff's reasonable attorney's fees in the event of a default and in any action to foreclose the Mortgage.

24.    The Defendants defaulted under the terms of the Note and Mortgage by omitting and failing to make monthly payments of principal and interest due from December 1, 2010 through date.

- 5 -

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM          INDEX NO. 704318/2019

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM          RECEIVED NYSCEF: 03/12/2020

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 03/12/2019

25.     As a result of the foregoing and in accordance with its rights under the Note and Mortgage, plaintiff has elected to exercise its option to demand immediate payment in full of the amounts outstanding under the Note and Mortgage and has notified the Defendants of its decision to demand immediate payment in full.

26.     As a result of the Defendants' failure to pay the obligation under the Note and Mortgage, there is now due and owing to plaintiff on the principal of the Mortgage the sum of $235,604.36 together with accrued interest from November 1, 2010 at the present rate of 5.250% as stated in the Note and Mortgage, and such other payments as are set forth in the Note and Mortgage.  Notwithstanding the foregoing, plaintiff seeks the unpaid principal balance, interest arrears, escrows and such other payments as may be due under the note and mortgage as may be collected under applicable New York law.  Plaintiff does not seek to sue or collect on any debt that may be barred under the statute of limitations.

27.     In order to protect its security, plaintiff may be compelled during the pendency of this action to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the mortgaged premises, and other charges which may be necessary for the protection of the mortgaged premises, and the plaintiff prays that any sum or sums so paid, together with interest from the date of payment, shall be added to the plaintiff's claim and be deemed secured by said Note and Mortgage and adjudged a valid lien on the mortgaged premises, and that the plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

28.     The Mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in one parcel.

-6-

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
NYSCEF DOC. NO. 157
FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020
INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2019

29.    The mortgaged premises under foreclosure herein is to be sold subject to any state of facts an accurate survey would show; and to covenants, restrictions, reservations, easements and agreements of record, if any, and any violations thereof; and to building restrictions and zoning ordinances of the town or municipality in which said mortgaged premises are situated, if any, and any violations thereof; and to conditional bills of sale, security agreements and financing statements filed in connection with said mortgaged premises, if any, but only to the extent that any of the foregoing are not barred or foreclosed by this action; and to existing tenancies, if any, except such tenants who are parties defendants to this action; and to all unpaid real estate taxes, assessments, water charges and sewer rents, which are liens upon the premises but are not due or payable as of the time of the sale.  In addition, the purchaser of the mortgaged premises at the foreclosure sale shall be required to pay all applicable local and state transfer taxes, deed stamps or other taxes due in connection with the transfer of the mortgaged premises.

30.    The plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and all present and future defaults under the Note and Mortgage and occurring prior to the discontinuance of this action are fully paid.

31.    In the event the plaintiff possesses any other liens against the mortgaged premises either by way of a junior mortgage or otherwise, the plaintiff requests that such other liens shall not be merged into the cause of action set forth in this complaint, but that the plaintiff shall be permitted to enforce said other liens and seek determination of the priority thereof in any independent action or proceeding including without limitation any surplus money proceeding.

- 7 -

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM        INDEX NO. 704318/2019
NYSCEF DOC. NO. 152                                   RECEIVED NYSCEF: 11/02/2020

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM        INDEX NO. 704318/2019
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 03/12/2019

32.     No prior action or proceeding has been commenced or is now pending to enforce the terms of the Mortgage, or any part thereof.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

A.     That each and all of the defendants in this action, and any and all persons claiming by, through and under any of them, subsequent to the commencement of this action and the filing of the notice of pendency of this action, may be forever barred and foreclosed of any and all right, title and interest, claim, lien and equity of redemption in the mortgage Premises;

B.     That the Court direct that the Premises can be sold according to law, in one parcel or otherwise as equity may require;

C.     That the monies arising from the sale of the Premises may be brought into Court or paid to the plaintiff in accordance with RPAPL§ 1354.

D.     That the monies due to plaintiff on the Mortgage may be adjudged and computed;

E.     That plaintiff may be paid the amount adjudged to be due on the Mortgage with interest at the time of such payment, together with any monies advanced and paid pursuant to any term or provision of the Mortgage so as to protect the lien of the Mortgage, and together with taxes, insurance premiums and all other charges and liens paid thereon with interest upon said amount from the date of the respective payments and advances, together with all amounts due by virtue of statutory costs, allowances and attorney's fees, together with any reasonable attorney's fees over and above the amounts covered by the statutory attorney's fees, together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

F.     That if the proceeds of the sale of the Premises are insufficient to pay the amount found due to plaintiff as set forth in the immediately preceding paragraph, the officer making the sale be required by the judgment of sale herein to specify the amount of such deficiency in the

- 8 -

INDEX NO. 704318/2019
RECEIVED NYSCEF: 11/02/2020

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 157

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2019

report of sale so that application may be made by plaintiff to the Court pursuant to Section 1371 of the Real Property Actions and Proceedings Law for a deficiency judgment against the defendant, MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, which will include the amount of any such deficiency, unless discharged in bankruptcy;

G.   If the Court, upon such application shall so direct, plaintiff should have judgment against the defendant, MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, for the amount of such deficiency, unless discharged in bankruptcy;

H.   That plaintiff be awarded reasonable attorney's fees as provided in the Note and Mortgage, as well as the costs and disbursements of this action; and

I.   That plaintiff has such other and further relief as may be just and proper.

Dated: Roslyn Heights, New York
       5/12, 2019

                                        DAVID A. GALLO & ASSOCIATES LLP

                                        By: _____
                                        DAVID A. GALLO, ESQ.
                                        *Attorneys for Plaintiff*
                                        99 Powerhouse Road - First Floor
                                        Roslyn Heights, NY 11577
                                        (516) 583-5330
                                        (516) 583-5333 - fax

-9-

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM
FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

## VERIFICATION

STATE OF ___NEW JERSEY___ )
                                        ) ss.:
COUNTY OF ___MERCER___ )

   ___WILMA MYIOW___, being duly sworn, deposes and says that I am a Vice President Document Execution for Cenlar FSB servicer of CitiMortage, Inc. I have read the statements of fact contained in the Complaint herein, and all the exhibits annexed thereto, and the contents thereof are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and that, as to those matters, I believe them to be true.

   I am authorized to sign this affidavit on behalf of Plaintiff. As part of my job responsibilities, I am personally familiar with the records maintained in connection with the servicing of the instant loan, which are securely maintained in an electronic system. The information in the Complaint is taken from Plaintiff's business records (the "Business Records").

   I have personal knowledge of the recording-keeping practices and procedures for creating and maintaining these Business Records. Such Business Records are: (a) made at or near the time of the occurrence of the matters set forth therein by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) are kept and entered by authorized employees in the course of regularly conducted business activities; and (c) it is the regular practice to make such records.

-10-

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 158

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

Exhibit C

**FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM**

NYSCEF DOC. NO. 158

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

**A. Settlement Statement**

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-0265

**B. Type of Loan**

| 1. ☐ FHA | 2. ☐ FmHA | 3. ☐ Conv. Unins. | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower | E. Name & Address of Seller | F. Name & Address of Lender |
|---|---|---|
| Maurice Opaniji | | ABN AMRO Mortgage Group, Inc. |
| | | 2600 W. Big Beaver Road |
| 245-11 133rd Street | | Troy, MI 48084 |
| Rosedale, New York 11422 | | |

| G. Property Location | H. Settlement Agent |
|---|---|
| 245-11 133rd Street | John A Caminiti, Esq. |
| Rosedale, New York 11422 | |

| | Place of Settlement | I. Settlement Date |
|---|---|---|
| | 1293 Richmond Road | 03/31/04 |
| | Staten Island, New York 10304 | Disburse Date: 4/3/2004 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 12,019.10 | 403. | |
| 104. Payoff to Citibank | 251,748.82 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | 263,797.92 | **420. Gross Amount Due To Seller** | |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reduction In Amount Due To Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 264,700.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by Seller | | Adjustments for items unpaid by Seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | 264,700.00 | **520. Total Reduction Amount Due Seller** | |
| **300. Cash At Settlement From or To Borrower** | | **600. Cash At Settlement To or From Seller** | |
| 301. Gross amount due from borrower (line 120) | 263,797.92 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | 264,700.00 | 602. Less reduction amount due seller (line 520) | |
| **303. CASH FROM BORROWER** TO | $902.08 | **603. CASH TO SELLER** | |

SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4794, Form 6252 and/or Schedule D (Form 1040).
SUBSTITUTE 1099: The information contained in Blocks E, G, H, I and on line 401 (or, if Form 401 is established, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

Software and Added Formatting © 2003 Aza Star Software, Inc. All Rights Reserved. (877)279-5658 www.HudUsa.com          Page 1 of 3          Form HUD-1 (3/86)

FILED: QUEENS COUNTY CLERK 11/02/2020 03:46 PM

NYSCEF DOC. NO. 158

INDEX NO. 704318/2019

RECEIVED NYSCEF: 11/02/2020

| L. Settlement Charges | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price $ @ % = $ | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $ to | | | |
| 702. $ to | | | |
| 703. Commission paid at Settlement | | | |
| 704. to | | | |
| 800. Items Payable In Connection With Loan | | | |
| 801. Loan Origination Fee .75 % Park Place Home Mortgage Corp. | | 1,985.25 | |
| 802. Loan Discount % | | | |
| 803. Application Fee to    to Park Place Home Mortgage Corp. | | 350.00 | |
| 804. Deferred Premium to    to Park Place Home Mortgage Corp.    poc $ 1,323.50 L | | | |
| 805. Lender's Administration Fee    to ABN AMRO Mortgage Group, Inc. | | 375.00 | |
| 806. Mortgage Ins. Application Fee    to | | | |
| 807. Assumption Fee    to | | | |
| 808. to | | | |
| 809. to | | | |
| 810. to | | | |
| 811. to | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | |
| 901. Interest from 04/05/04 to 04/01/04 @ $ 38.6000 / day | | -154.40 | |
| 902. Mortgage Insurance Premium for months to | | | |
| 903. Hazard Insurance Premium for years to | | | |
| 904. to | | | |
| 905. to | | | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance months @ $ per month | | | |
| 1002. Mortgage Insurance months @ $ per month | | | |
| 1003. City Property Taxes months @ $ per month | | | |
| 1004. County Property Taxes months @ $ per month | | | |
| 1005. Assessments months @ $ per month | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Acct Adjustment | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee    to | | | |
| 1102. Abstract or Title Search    to CJP Abstract LLC. | | 500.00 | |
| 1103. Title Examination    to | | | |
| 1104. Municipal Searches to    to CJP Abstract LLC. | | 400.00 | |
| 1105. Endorsement to    to CJP Abstract LLC. | | 201.00 | |
| 1106. Bankruptcy Searches to    to CJP Abstract LLC. | | 125.00 | |
| 1107. Attorney's fees    to John A Caminiti, Esq. | | 950.00 | |
| (includes above line numbers:                    ) | | | |
| 1108. Title Insurance    to CJP Abstract LLC. | | 1,255.00 | |
| (includes above line numbers:                    ) | | | |
| 1109. Lender's coverage $ 264,700.00 | | | |
| 1110. Owner's coverage $ | | | |
| 1111. Courier Charges to    to CJP Abstract LLC. | | 95.00 | |
| 1112. Pick up Fee to    to CJP Abstract LLC. | | 275.00 | |
| 1113. to | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording fees: Deed $ ; Mortgage $ 325.00 ; Releases $ 220.00 | | 545.00 | |
| 1202. City/county tax/stamps: Deed $ ; Mortgage $ 4,607.25 | | 4,607.25 | |
| 1203. State tax/stamps: Deed $ ; Mortgage $ | | | |
| 1204. Mortgage Tax to    to CJP Abstract LLC.    poc $ 661.75 L | | | |
| 1205. | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Wire/Courier Fee to    to John A Caminiti, Esq. | | 175.00 | |
| 1302. R/E Taxes to    to CJP Abstract LLC. | | | |
| 1303. Water/Sewer to    to CJP Abstract LLC. | | 465.00 | |
| 1304. to | | | |
| 1305. to | | | |
| 1400. Total Settlement Charges (enter on line 103, Section J and 502, Section K) | | 13,049.10 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief it is a true and accurate account of all receipts and disbursements made on my account or by me in this transaction. My I further certify that I have received a copy of this HUD-1 Settlement Statement.

_(signature)_

Buyer/Borrower Maurice Drame

Seller

Buyer/Borrower

Seller

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

_(signature)_                    01/31/04

Settlement Agent John A Caminiti, Esq.                    Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction include a fine and imprisonment. For details, see: Title 18 U.S. Code Section 1001 and Section 1010.

Software and Added Formats by © 2003 Alta Star Software, Inc. (877)279-8898 www.HudIts.com                    Page 2 of 2                    Form HUD-1 (3/86)



# Attachment 6 to Complaint

# Uniform Residential Loan Application   #044029475

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA ☐ FHA | ☑ Conventional ☐ USDA/Rural Housing Service | ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|

| Amount $ 204,700 | Interest Rate 6.250 % | No. of Months 360/360 | Amortization Type: ☑ Fixed Rate ☐ GPM | ☐ Other (explain): ☐ ARM (type): |
|---|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | No. of Units |
|---|---|
| 245-11 133rd Street,   Rosedale, NY 11422   County: Queens | 1 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| Single Family Home | 1950 |

| Purpose of Loan | ☐ Purchase ☐ Construction | ☑ Refinance ☐ Construction-Permanent | ☐ Other (explain): | Property will be: ☑ Primary Residence ☐ Secondary Residence ☐ Investment |
|---|---|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
|  | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made |  |
|---|---|---|---|---|---|
| 1999 | $ 250,000 | $ 252,000 | Limited Cash-Out Rate/Term | Cost $ |  |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| Maurice Opara[i] | Single man | ☑ Fee Simple ☐ Leasehold (show expiration date) |

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) |
|---|

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | Maurice Opara[i] | Co-Borrower's Name (include Jr. or Sr. if applicable) |
| Social Security Number / Home Phone (incl. area code) / DOB (MM/DD/YYYY)/Yrs. School | ███████  ███████████  14 | Social Security Number / Home Phone (incl. area code) / DOB (MM/DD/YYYY)/Yrs. School |
| ☐ Married ☑ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Co-Borrower) no. ages | ☐ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Borrower) no. ages |
| Present Address (street, city, state, ZIP) ☑ Own ☐ Rent ____ No. Yrs. | 245-11 133rd Street Rosedale, NY 11422 | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. |
| Mailing Address, if different from Present Address |  | Mailing Address, if different from Present Address |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer ☑ Self Employed | Yrs. on this job 10 | Name & Address of Employer ☐ Self Employed | Yrs. on this job |
| New Star Enterprises 167-05 Hillside Avenue Jamaica, NY 11432 | Yr(s) 2 mth(s) employed in this line of work/profession 10 |  | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business Computer Programmer | Business Phone (incl. area code) 718-518-01██ | Position/Title/Type of Business | Business Phone (incl. area code) |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
|  | Monthly Income |  | Monthly Income |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
|  | Monthly Income |  | Monthly Income |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

PAGE  02                         PARK PLACE                    21212876682          03/24/2004  16:52

Citi0175

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income | $ 6,200.00 | | $ 6,200.00 | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | 1,840.00 | 1,461.69 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | 100.00 | 100.00 |
| Dividends/Interest | | | | Real Estate Taxes | 225.00 | 178.85 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income" below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 6,200.00 | $ | $ 6,200.00 | Total | $ 2,165.00 | $ 1,740.54 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income   Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed ☑ Jointly ☐ Not Jointly

| ASSETS Description | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | Name and address of Company CITIBANK N A | $ Payment/Months | |
| List checking and savings accounts below Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 70873080 | * 1,840 /240 | 251,195 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Name and address of Company DISCOVER FINANCIAL S | $ Payment/Months | $ |
| | | Acct. no. 001100242037 | 42 | 2,053 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Name and address of Company PC RICHARDS | $ Payment/Months | $ |
| | | Acct. no. 601017032109 | 25 | 837 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Name and address of Company | $ Payment/Months | $ |
| | | Acct. no. | | |
| Acct. no. Stocks & Bonds (Company name/ number & description) | $ | Name and address of Company | $ Payment/Months | $ |
| | $ | Acct. no. | | |
| Life insurance net cash value Face amount $ | $ | Name and address of Company | $ Payment/Months | $ |
| Subtotal Liquid Assets | $ | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | 425,000 | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) | $ | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to | $ | |
| Other Assets (itemize) | $ | Job Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 07 | |
| Total Assets a. | $ 425,000 | Net Worth (a minus b) $ 170,918 | Total Liabilities b. | $ 254,080 |

Freddie Mac Form 65   01/04      Page 2 of 4      Fannie Mae Form 1003   01/04
Calyx Form 1003 Loanapp2.frm 01/04

PAGE 83                    PARK PLACE              2122876652      03/24/2004 16:52

Citi0176

## VII. ASSETS AND LIABILITIES (cont.)

### Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 245-15 133rd Street Rosedale, NY 11422 | SFR | $ 425,000 | $ 282,000 | $ | 1,840 | $ 328 | $ |
| Totals | | 425,000 | $ 282,000 | $ | 1,840 | $ 328 | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | 281,180.00 |
| e. Estimated prepaid items | 388.00 |
| f. Estimated closing costs | 11,615.35 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 283,683.35 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 284,700.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 284,700.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | (1,002.33) |

## VIII. DECLARATIONS

# Uniform Underwriting and Transmittal Summary

## I. Borrower and Property Information

Borrower Name: Maurice Oserall
Co-Borrower Name:
SSN:
SSN:

Property Address: 248-11 133rd Street, Rosedale, NY 11422

Property Type
- ☐ 1 unit
- ☐ 2-4 units
- ☐ Condominium
- ☐ PUD   ☐ Co-op
- ☐ Manufactured Housing
  - ☐ Single Wide   ☐ Multiwide

Project Classification
- ☐ A/II Condo   ☐ B PUD   ☐ 1 Co-op
- ☐ B/II Condo   ☐ E PUD   ☐ 2 Co-op
- ☐ C/II Condo
Project Name:

Occupancy Status
- ☑ Primary Residence
- ☐ Second Home
- ☐ Investment Property

Additional Property Information
Number of Units: 1
Sales Price: $
Appraised Value: $ 380,000

Property Rights
- ☑ Fee Simple
- ☐ Leasehold

0644039475

## II. Mortgage Information

Amortization Type
- ☑ Fixed-Rate—Monthly Payments
- ☐ Fixed-Rate—Biweekly Payments
- ☐ Balloon
- ☐ ARM (type)
- ☐ Other (specify)

Loan Type
- ☑ Conventional
- ☐ FHA
- ☐ VA
- ☐ USDA/RHS
- ☐

Loan Purpose
- ☐ Purchase
- ☐ Cash-Out Refinance
- ☑ Limited Cash-Out Refinance (Fannie)
- ☐ No Cash-Out Refinance (Freddie)
- ☐ Home Improvement
- ☐ Construction to Permanent

Lien Position
- ☑ First Mortgage
Amount of Subordinate Financing
(if HELOC, include balance and credit limit)
- ☐ Second Mortgage

Note Information
Original Loan Amount: $ 284,700
Initial P&I Payment: $ 1,481.68
Initial Note Rate: 5.250 %
Loan Term (in months): 360/360

Mortgage Originator
- ☐ Seller
- ☐ Broker
- ☐ Correspondent

Buydown
- ☐ Yes
- ☑ No
Terms

Broker/Correspondent Name and Company Name:

If Second Mortgage
Owner of First Mortgage
- ☐ Fannie Mae   ☐ Freddie Mac
- ☐ Seller/Other
Original Note Amount of First Mortgage

## III. Underwriting Information

Underwriter's Name:
Appraiser's Name/License #:
Appraisal Company Name:

Stable Monthly Income

| | Borrower | Co-borrower | Total |
|---|---|---|---|
| Base Income | $ 6,200.00 | $ | $ 6,200.00 |
| Other Income | $ | $ | $ |
| Positive Cash Flow (subj. property) | $ | $ | $ |
| Total Income | $ 6,200.00 | $ | $ 6,200.00 |

Qualifying Ratios
Primary Housing Expense/Income: 33.472 %
Total Obligations/Income: 34.700 %
Debt-to-Housing Gap Ratio (Freddie): %

Qualifying Rate
- ☑ Note Rate   5.250 %
- ☐ ___ % Above Note Rate
- ☐ ___ % Below Note Rate
- ☐ Bought-Down Rate
- ☐ Other

Risk Assessment
- ☐ Manual Underwriting
- ☐ AUS
AUS Recommendation
☐ LP/DU Case ID/LP AUS Key#
LP Doc Class (Freddie)
Representative Credit/Indicator Score

Underwriter Comments

Loan-to-Value Ratios
LTV: 75.020 %
CLTV/TLTV: 75.020 %
HCLTV/HTLTV: %

Level of Property Review
- ☐ Exterior/Interior
- ☐ Exterior Only
- ☐ No Appraisal
Form Number

Escrow (T&I)
- ☑ Yes   ☐ No

Community Lending/Affordable Housing Initiative   ☐ Yes  ☑ No
Home Buyers/Homeownership Education Certificate in file  ☐ Yes  ☑ No

Present Housing Payment: $ 2,195.00
Proposed Monthly Payments

Borrower's Primary Residence:
First Mortgage P&I: $ 1,481.68
Second Mortgage P&I: $
Hazard Insurance: $ 100.00
Taxes: $ 175.88
Mortgage Insurance: $
HOA Fees: $
Lease/Ground Rent: $
Other: $
Total Primary Housing Expense: $ 1,740.54

Other Obligations:
Negative Cash Flow (subject property): $
All Other Monthly Payments: $ 67.00
Total All Monthly Payments: $ 1,807.54

Borrower Funds to Close
Required:
Verified Assets:

Source of Funds
No. of Months Reserves
Interested Party Contributions: %

## IV. Seller, Contract, and Contact Information

Seller Name:
Seller Address:
Seller Loan No.:
Investor Loan No.:
Seller Loan No.:
Master Commitment No.:
Contract No.:

Contact Name:
Contact Title:
Contact Phone Number:                ext.
Contact Signature:
Date:

Freddie Mac Form 1077  01/04
Calyx Form Transum_2004.frm  01/04

Page 1 of 1

Fannie Mae Form 1008  01/04

Citi0178

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when [ ] the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or [ ] the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | [ ] VA [ ] FHA | [x] Conventional [ ] USDA/Rural Housing Service | [ ] Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|

| Amount $ 204,700 | Interest Rate 5.250 % | No. of Months 360/360 | Amortization Type: [x] Fixed Rate [ ] GPM | [ ] Other (explain): [ ] ARM (type): |
|---|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) 245-11 133rd Street,  Rosedale, NY 11422   County: Queens | No. of Units 1 |
|---|---|

Legal Description of Subject Property (attach description if necessary)
1 Fam Res

Mobile Family Home

Year Built 1965

| Purpose of Loan | [ ] Purchase [x] Refinance | [ ] Construction [ ] Construction-Permanent | [ ] Other (explain): | Property will be: [x] Primary Residence [ ] Secondary Residence [ ] Investment |
|---|---|---|---|---|

Complete this line if construction or construction-permanent loan.
| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | (Total (a+b) |
|---|---|---|---|---|---|
| 0 | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.
| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements [ ] made [ ] to be made |
|---|---|---|---|---|
| 1999 | $ 250,000 | $ 252,000 | Limited Cash-Out Rate/Term | Cost: $ |

| Title will be held in what Name(s)   Maurice Oparaji | Manner in which Title will be held Single man | Estate will be held in: [x] Fee Simple [ ] Leasehold (show expiration date) |
|---|---|---|

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) Maurice Oparaji | | Co-Borrower's Name (include Jr. or Sr. if applicable) |
| Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School 14 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |

| [ ] Married [x] Unmarried (include single, divorced, widowed) [ ] Separated | Dependents (not listed by Co-Borrower) no.   ages | [ ] Married [ ] Unmarried (include single, divorced, widowed) [ ] Separated | Dependents (not listed by Borrower) no.   ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) [x] Own [ ] Rent ___ No. Yrs. | Present Address (street, city, state, ZIP) [ ] Own [ ] Rent ___ No. Yrs. |
|---|---|
| 245-11 133rd Street Rosedale, NY 11422 | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:
| Former Address (street, city, state, ZIP) [ ] Own [ ] Rent ___ No. Yrs. | Former Address (street, city, state, ZIP) [ ] Own [ ] Rent ___ No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer [x] Self Employed Yrs. on this job ___ yr(s) 2 mth(s) New Star Enterprises 167-10 Hillside Avenue Jamaica, NY 11432 | Yrs. employed in this line of work/profession | Name & Address of Employer [ ] Self Employed Yrs. on this job | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business  Computer Programmer | Business Phone (incl. area code)  718-618-016 | Position/Title/Type of Business | Business Phone (incl. area code) |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:
| Name & Address of Employer [ ] Self Employed | Dates (from-to) | Name & Address of Employer [ ] Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer [ ] Self Employed | Dates (from-to) | Name & Address of Employer [ ] Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Freddie Mac Form 65   01/04
Calyx Form 1003 Loanappl.frm 01/04

Page 1 of 4

Fannie Mae Form 1003   01/04

Citi0179

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | 6,200.00 | | 6,200.00 | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | 1,840.00 | 1,481.68 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | 100.00 | 100.00 |
| Dividends/Interest | | | | Real Estate Taxes | 225.00 | 170.86 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | $ 6,200.00 | $ | $ 6,200.00 | Total | $ 2,165.00 | 1,740.54 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income  Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.  Completed ☑ Jointly ☐ Not Jointly

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Description | | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
| Cash deposit toward purchase held by: | $ | | | |
| | | Name and address of Company | $ Payment/Months | |
| List checking and savings accounts below | | CITIBANK N A | | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 76972060 | 1,840/240 | 251,195 |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | DISCOVER FINANCIAL S | | |
| | | Acct. no. 601100243037 | 42 | 2,053 |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | PC RICHARDS | | |
| | | Acct. no. 659197032109 | 28 | 837 |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Stocks & Bonds (Company name/ number & description) | $ | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value | $ | | | |
| Face Amount $ | | | | |
| Subtotal Liquid Assets | $ | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 428,000 | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) | $ | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | Job Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 67 | |
| Total Assets a. | $ 428,000 | Net Worth (a minus b) ▶ $ 170,915 | Total Liabilities b. | $ 264,085 |

PAGE 04/...                     PARK PLACE                     2122207663     11:59   03/18/2004

Citi0180

## VI. ASSETS AND LIABILITIES (cont.)

Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, R if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 223-11 143rd Street Rosedale, NY 11422 | S | SFR | 426,000 | 262,000 | | 1,840 | 325 | |
| | | | | | | | | |
| Totals | | 426,000 | 252,000 | | 1,840 | 325 | |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | 251,198.90 |
| e. Estimated prepaid items | |
| f. Estimated closing costs | 11,516.35 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 262,711.25 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) | |
| | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 264,700.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 264,700.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | (1,988.75) |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower | Co-Borrower |
|---|---|---|
| | Yes No | Yes No |
| a. Are there any outstanding judgments against you? | ☐ ☑ | ☐ ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ ☑ | ☐ ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ ☑ | ☐ ☐ |
| d. Are you a party to a lawsuit? | ☐ ☑ | ☐ ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | ☐ ☑ | ☐ ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ ☑ | ☐ ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ ☑ | ☐ ☐ |
| h. Is any part of the down payment borrowed? | ☐ ☑ | ☐ ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ ☑ | ☐ ☐ |
| j. Are you a U.S. citizen? | ☑ ☐ | ☐ ☐ |
| k. Are you a permanent resident alien? | ☐ ☑ | ☐ ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☑ ☐ | ☐ ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☑ ☐ | ☐ ☐ |
| (1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)? | PR | |
| (2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☑ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American | Race: | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander   ☐ White | | ☐ Native Hawaiian or Other Pacific Islander   ☐ White |
| Sex: | ☐ Female   ☑ Male | Sex: | ☐ Female   ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | Jeremy Shapiro | PARK PLACE HOME MORTGAGE |
| ☐ Face-to-face interview | Interviewer's Signature          Date | 228 E. 84th Street, Suite 404 New York, NY 10022 |
| ☐ Mail | | (P) 212-207-6077 |
| ☑ Telephone | Interviewer's Phone Number (incl. area code) | (F) 818-207-6662 |
| ☐ Internet | 888-802-0002 | |

| Freddie Mac Form 65   01/04 | Page 5 of 4 | Fannie Mae Form 1003   01/04 |
|---|---|---|

Calyx Form Loanapp2.frm 01/04

Citi0181

## Uniform Underwriting and Transmittal Summary

### I. Borrower and Property Information

Borrower Name: Maurice Overall    SSN: ____
Co-Borrower Name: ____    SSN: ____
Property Address: 248-11 133rd Street, Rosedale, NY 11422

| Property Type | Project Classification | Occupancy Status | Additional Property Information |
|---|---|---|---|
| ☐ 1 unit | ☐ PUD Condo ☐ 2E PUD ☐ 1 Co-op | ☑ Primary Residence | Number of Units ____ |
| ☐ 2-4 units | ☐ B/II Condo ☐ P PUD ☐ 2 Co-op | ☐ Second Home | Sales Price $ ____ |
| ☐ Condominium | ☐ C/II Condo | ☐ Investment Property | Appraised Value $ 360,000 |
| ☐ PUD ☐ Co-op | Project Name ____ | | Property Rights |
| ☐ Single Wide ☐ Multiwide | | | ☑ Fee Simple ☐ Leasehold |

### II. Mortgage Information

| Loan Type | Amortization Type | Loan Purpose | Lien Position |
|---|---|---|---|
| ☑ Conventional | ☑ Fixed-Rate - Monthly Payments | ☐ Purchase | ☑ First Mortgage |
| ☐ FHA | ☐ Fixed-Rate - Biweekly Payments | ☐ Cash-Out Refinance | Amount of Subordinate Financing $ ____ |
| ☐ VA | ☐ Balloon | ☑ Limited Cash-Out Refinance (Fannie) | |
| ☐ USDA/RHS | ☐ ARM (type) | ☐ No Cash-Out Refinance (Freddie) | (If HELOC, include balance and credit limit) |
| | ☐ Other (specify) | ☐ Home Improvement | ☐ Second Mortgage |
| | | ☐ Construction to Permanent | |

Note Information    Mortgage Originator    Buydown    If Second Mortgage
Original Loan Amount $ 288,000    ☐ Seller    ☐ Yes    Owner of First Mortgage
Initial P&I Payment $ 1,469.88    ☐ Broker    ☑ No    ☐ Fannie Mae  ☐ Freddie Mac
Initial Note Rate 6.250 %    ☐ Correspondent    Terms    ☐ Seller/Other
Loan Term (in months) 360/360    Broker/Correspondent Name and Company Name:    Original Loan Amount of First Mortgage

### III. Underwriting Information

Underwriter's Name ____    Appraiser's Name/License # ____    Appraisal Company Name ____

| Stable Monthly Income | Borrower | Co-Borrower | Total | | |
|---|---|---|---|---|---|
| Base Income | $ 6,200.00 | $ | $ 6,200.00 | Present Housing Payment | $ 2,189.00 |
| Other Income | $ | $ | $ | Proposed Monthly Payments | |
| | | | | Borrower's Primary Residence | |
| Positive Cash Flow (subject property) | $ | $ | $ | First Mortgage P&I | $ 1,469.88 |
| Total Income | $ 6,200.00 | $ | $ 6,200.00 | Second Mortgage P&I | $ |
| | | | | Hazard Insurance | $ 159.00 |
| Qualifying Ratios | | Loan-to-Value Ratios | | Taxes | $ 225.00 |
| Primary Housing Expense/Income | 34.497 % | LTV 78.000 % | | Mortgage Insurance | $ |
| Total Obligations/Income | 35.78 % | TLTV/TLTV 78.000 % | | HOA Fees | $ |
| Debt-to-Housing Gap Ratio (Freddie) | % | HCLTV/HTLTV | | Lease/Ground Rent | $ |
| | | | | Other | $ |
| Qualifying Rate | | Level of Property Review | | Total Primary Housing Expense | $ 1,799.88 |
| ☑ Note Rate | 6.250 % | ☐ Interior/Exterior | | Other Obligations | |
| ☐ ____ % Above Note Rate | | ☑ Exterior Only | | Negative Cash Flow (subject property) | $ |
| ☐ ____ % Below Note Rate | | ☐ No Appraisal | | All Other Monthly Payments | $ 97.00 |
| ☐ Bought-Down Rate | % | Form Number: | | Total All Monthly Payments | $ 1,819.88 |
| ☐ Other | % | | | | |
| | | | | Borrower Funds to Close | |
| Risk Assessment | | Escrow (T&I) | | Required | $ |
| ☐ Manual Underwriting | | ☑ Yes ☐ No | | Verified Assets | $ |
| ☐ AUS | | | | | |
| ☐ DU ☐ LP ☐ Other ____ | | | | Source of Funds | |
| AUS Recommendation ____ | | | | No. of Months Reserves | |
| DU Case (D/LP AUS Key) ____ | | | | Interested Party Contributions | % |
| LP Doc Class (Freddie) ____ | | | | | |
| Representative Credit/Indicator Score ____ | | Community Lending/Affordable Housing Initiative ☐ Yes ☑ No | | | |
| | | Home Buyers/Homeownership Education Certificate in file ☐ Yes ☑ No | | | |

Underwriter Comments ____

### IV. Seller, Contract, and Contact Information

Seller Name ____    Contact Name ____
Seller Address ____    Contact Title ____
    Contact Phone Number ____ ext. ____
Seller No. ____    Investor Loan No. ____    Contact Signature ____
Seller Loan No. ____
Master Commitment No. ____
Contract No. ____    Date ____

Freddie Mac Form 1077  01/04    Page 1 of 1    Fannie Mae Form 1008  01/04
Calyx Form Transum_2004.frm  01/04

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when □ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification, but his or her liabilities must be considered because □ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | □ VA  □ FHA | ☑ Conventional  □ USDA/Rural Housing Service | □ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|

| Amount $ 265,000 | Interest Rate 8.250 % | No. of Months 360/360 | Amortization Type: | ☑ Fixed Rate  □ GPM | □ Other (explain): □ ARM (type): |
|---|---|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) 248-11 133rd Street, Rosedale, NY 11422  County: Queens | No. of Units 1 |
|---|---|

Legal Description of Subject Property (attach description if necessary)  Single Family Home  Year Built 1956

| Purpose of Loan | □ Purchase □ Construction  ☑ Refinance □ Construction-Permanent | □ Other (explain): | Property will be:  ☑ Primary Residence □ Secondary Residence □ Investment |
|---|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired 1998 | Original Cost $ 250,000 | Amount Existing Liens $ 262,000 | Purpose of Refinance  Limited Cash-Out Rate/Term | Describe Improvements □ made □ to be made  Cost: $ |
|---|---|---|---|---|

| Title will be held in what Name(s)  Maurice Oparaji | Manner in which Title will be held  Single man | Estate will be held in: ☑ Fee Simple □ Leasehold (show expiration date) |
|---|---|---|

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

## III. BORROWER INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable)  Maurice Oparaji | | | Co-Borrower's Name (include Jr. or Sr. if applicable) | |

| Social Security Number ███ | Home Phone (incl. area code) ███ | DOB (MM/DD/YYYY) | Yrs. School 14 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) Yrs. School |
|---|---|---|---|---|---|---|

| □ Married □ Unmarried (include single, divorced, widowed) ☑ Separated | Dependents (not listed by Co-Borrower) no.  ages | □ Married □ Unmarried (include single, divorced, widowed) □ Separated | Dependents (not listed by Borrower) no.  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☑ Own □ Rent  8 No. Yrs.  248-11 133rd Street  Rosedale, NY 11422 | Present Address (street, city, state, ZIP) □ Own □ Rent  No. Yrs. |
|---|---|

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) □ Own □ Rent  No. Yrs. | Former Address (street, city, state, ZIP) □ Own □ Rent  No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer  New Star Enterprises  107-05 Hillside Avenue  Jamaica, NY 11432 | ☑ Self Employed | Yrs. on this job 6  Yrs. employed in this line of work/profession 5 | Name & Address of Employer | □ Self Employed | Yrs. on this job  Yrs. employed in this line of work/profession |

| Position/Title/Type of Business  Computer Programmer | Business Phone (incl. area code) 718-512-0124 | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer | □ Self Employed | Dates (from-to) | Name & Address of Employer | □ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

| Name & Address of Employer | □ Self Employed | Dates (from-to) | Name & Address of Employer | □ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

Freddie Mac Form 65   01/04  CalyxForm 1003 Loanappl.frm 01/04

Page 1 of 4

Fannie Mae Form 1003   01/04

Citi0183

# GOOD FAITH ESTIMATE

Applicant: Maurice Oparaji
Property Addr: 245-11 131st Street, Rosedale, NY 11422
Prepared By: PARK PLACE HOME MORTGAGE   Ph 212-807-4077
228 E. 54th Street Suite 404, New York, NY 10022

Application No: OPARAJI
Date Prepared: 02/26/2004
Loan Program: 30 Year Fixed

The information provided below indicates estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates—actual charges may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at settlement.

Total Loan Amount $   242,620   Interest Rate   5.950 %   Term   360 / 360   mths

| 800 | ITEMS PAYABLE IN CONNECTION WITH LOAN: | | $ | |
|---|---|---|---|---|
| 801 | Loan Origination Fee | 0.750% | | 1,899.00 |
| 802 | Loan Discount | | | |
| 803 | Appraisal Fee | | | |
| 804 | Credit Report | | | |
| 805 | Lender's Inspection Fee | | | |
| 806 | Mortgage Broker Fee | | | |
| 808 | Tax Related Service Fee | | | |
| 810 | Processing Fee | | | |
| 811 | Underwriting Fee | | | 600.00 |
| 812 | Wire Transfer Fee | | | |
| | Park Place Application Fee | | | 750.00 |

| 1100 | TITLE CHARGES: | | $ | |
|---|---|---|---|---|
| 1101 | Closing or Escrow Fees | | | 550.00 |
| 1105 | Document Preparation Fee | | | 250.00 |
| 1106 | Notary Fees | | | |
| 1107 | Attorney Fees | | | 850.00 |
| 1108 | Title Insurance | | | 4,596.00 |
| | Estimated Title Charges | | | 300.00 |
| | Courier Fee | | | 80.00 |

| 1200 | GOVERNMENT RECORDING & TRANSFER CHARGES: | | $ | |
|---|---|---|---|---|
| 1201 | Recording Fees | | | 200.00 |
| 1202 | City/County Tax/Stamps | | | |
| 1203 | State Tax/Stamps | Queens Mortgage Stamps | | 4,055.00 |

| 1300 | ADDITIONAL SETTLEMENT CHARGES: | | $ | |
|---|---|---|---|---|
| 1302 | Pest Inspection | | | |

| | | Estimated Closing Costs | | 11,930.00 |

| 900 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | $ | |
|---|---|---|---|---|
| 901 | Interest for | days @ $ | 30.7817 | per day |
| 902 | Mortgage Insurance Premium | | | |
| 903 | Hazard Insurance Premium | | | |
| 904 | | | | |
| 905 | VA Funding Fee | | | |

| 1000 | RESERVES DEPOSITED WITH LENDER: | | $ | |
|---|---|---|---|---|
| 1001 | Hazard Insurance Premiums | months @ $ | 100.00 | per month |
| 1002 | Mortgage Ins. Premium Reserves | months @ $ | | per month |
| 1003 | School Tax | months @ $ | | per month |
| 1004 | Taxes and Assessment Reserves | months @ $ | 220.00 | per month |
| 1006 | Flood Insurance Reserves | months @ $ | | per month |
| | | months @ $ | | per month |
| | | months @ $ | | per month |

| | | Estimated Prepaid Items/Reserves | |
|---|---|---|---|
| TOTAL ESTIMATED SETTLEMENT CHARGES | | | 11,625.00 |
| COMPENSATION TO BROKER  (Not Paid Out of Loan Proceeds): | | | |

| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE: | | | TOTAL ESTIMATED MONTHLY PAYMENT: | |
|---|---|---|---|---|
| Purchase Price/Payoff (+) | 250,247.00 | New 1st Mortgage (-) | Principal & Interest | 1,443.16 |
| Loan Amount (-) | 242,000.00 | Sub (+) Amount | Other Financing (P & I) | |
| Est. Closing Costs (+) | 11,930.00 | New 2nd Mtg Closing Cost (+) | Hazard Insurance | 100.00 |
| Est. Prepaid Items/Reserves (+) | | | Real Estate Taxes | 220.00 |
| Amount Paid by Seller (-) | 0.00 | | Mortgage Insurance | |
| Reserves from Lender (+) | 199,000.00 | | Homeowner Assn. Dues | |
| | | | Other | |
| Total Est. Funds needed to close | | 269,873.00 | Total Monthly Payment | 1,763.16 |

☐ This Good Faith Estimate is being provided by _____ a mortgage broker, and no lender has been obtained. These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender, if your application is to purchase a residential real property and the lender will take a first lien on the property. The undersigned acknowledges receipt of the booklet "Settlement Costs" and if applicable the Consumer Handbook on ARM Mortgages.

Applicant  Maurice Oparaji                Date                Applicant                Date

PAGE 39                PARK PLACE                212287XXXX                03/15/2004  14:41

Citi0186



Attachment 7 to Complaint

FILED: QUEENS COUNTY CLERK 04/27/2021 03:09 PM
NYSCEF DOC. NO. 245

INDEX NO. 704318/2019
RECEIVED NYSCEF: 04/27/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------- x
CITIMORTGAGE, INC. SUCCESSOR BY MERGER
TO ABN AMRO MORTGAGE GROUP, INC.,

         Plaintiff,

-against-

MAURICE H. OPARAJI., *et al.*,

         Defendants.
---------------------------------------------------------------x

Index No. 704318/2019

**AFFIRMATION OPPOSING
MOTION TO ENJOIN**

<u>**Motion Seq. No. 10**</u>

   Jordan M. Smith, pursuant to CPLR 2106 and under the penalties of perjury, affirms as follows:

   1.  I am an attorney at law, and partner in Akerman LLP, the co-counsel of record for the plaintiff, CitiMortgage, Inc., successor by merger to ABN Amro Mortgage Group, Inc., in this foreclosure action and am admitted to practice law in the State of New York.  I have reviewed relevant parts of the loan and litigation files and am fully familiar with the facts of this case.  I submit this affirmation in opposition to so much of defendant Maurice Oparaji's motion for injunctive relief, motion sequence number 8, as seeks personal relief against me.

   2.  Mr. Oparaji has no substantive grounds for an injunctive relief in this case.  The factual and legal reasons why his motion is frivolous are set forth in the Affirmation in Opposition of Robert Frommer, submitted simultaneously with this affirmation on behalf of our mutual client, CitiMortgage, Inc., as well as for his law firm and himself.  I respectfully incorporate the points in that affirmation by reference here.

   3.  I submit this separate affirmation only to make clear that I oppose the personal injunctive relief Mr. Oparaji has sought against me.  As noted in several prior filings in this case, Mr. Oparaji's serial motion practice is part of long-term project of harassment by litigation that

51728816;1          {30752772;2}1

FILED: QUEENS COUNTY CLERK 04/27/2021 03:09 PM

NYSCEF DOC. NO. 245

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/27/2021

he has carried out against CitiMortgage and its counsel over the last decade. *See* NYSCEF Doc. Nos. 40, 59, 81, 194 (each setting out the history of litigation concerning Mr. Oparaji's loan defaults going back to 2007).

WHEREFORE, affirmant Jordan M. Smith requests that defendant Maurice Oparaji's motion to enjoin him from filing in this case be denied in its entirety together with such other, further, and different relief as the Court deems just and proper.

Dated: New York, New York
       April 27, 2021

AKERMAN LLP

By: _____

Jordan M. Smith
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Tel: 212-880-3800
jordan.smith@akerman.com
*Co-counsel for Plaintiff CitiMortgage, Inc.*

## CERTIFICATION OF COMPLIANCE

This affirmation complies with the word count limitation of Section 202.8-b of the Uniform Rules for N.Y. State Trial Courts because it contains 440 words, exclusive of the caption, table of contents, table of authorities, and signature block.

Dated: April 27, 2021
       New York, New York

Jordan M. Smith, Esq.

51728816;1

{30752772;2}2



Attachment 8 to Complaint

FILED: QUEENS COUNTY CLERK 04/27/2021 03:09 PM

NYSCEF DOC. NO. 244

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/27/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC.,

                               Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE
OPARAJI A/K/A MAURICE UD OPARAJI,
ADA PATIENCE OPARAJI A/K/A ADA P.
OPARAJI A/K/A ADA OPARAJI, THE
UNITED STATE OF AMERICA INTERNAL
REVENUE SERVICE DEPARTMENT OF
THE TREASURY, HARRIET BEIZER AND
"John Doe" and/or "Jane Doe" #1-10
inclusive, the last ten names being fictitious
and unknown to plaintiff, the persons or
parties intended being the tenants,
occupants, persons, corporations or heirs
at law, if any, having or claiming an interest
in or lien upon the premises described in the
complaint,

                          Defendants.
-----------------------------------------------------------X

Index No.
704318/2019

**AFFIRMATION
IN OPPOSITION**

Assigned to: Hon.
Janice A. Taylor

Motion No. 10

Return Date: 5/18/21

1

FILED: QUEENS COUNTY CLERK 04/27/2021 03:09 PM

NYSCEF DOC. NO. 244

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/27/2021

Robert W. Frommer, Esq., an attorney admitted to practice law in and before the courts of the State of New York, affirms that the following statements are true and accurate and subject to the penalties of perjury:

1.      I am a principal of the law firm of Borchert & LaSpina, P.C., of counsel to Akerman LLP, the counsel of record for plaintiff in this action.  As such, I am fully familiar with the facts and circumstances recited herein.

2.      I submit this affirmation in opposition to the motion of defendant Maurice Oparaji ("defendant") to declare the filings made by this firm and by Akerman LLP null and void, to enjoin Jordan M. Smith, Esq. and me from future filings in this action, and for sanctions against Jordan M. Smith and me and for other relief.

3.      The motion is completely lacking in merit.

4.      The motion is founded on the false premises that this firm cannot appear of counsel to plaintiff's counsel of record and  that Akerman LLP cannot be substituted in as counsel in this action.

2

5.      Defendant takes the position that this firm and Akerman LLP are not authorized to represent the plaintiff due to an alleged prohibition on multiple firms representing the same party.

6.      Plaintiff was initially represented in this action by David A. Gallo & Associates LLP.   When this action was (temporarily and improperly) removed to federal court, Akerman LLP appeared for plaintiff in the federal court and this firm appeared as co-counsel for plaintiff in the federal court. Those appearances in federal court were without objection.  The substitution provisions of CPLR 321 do not apply in federal court, which has no equivalent statute or rule governing the voluntary substitution of counsel. When the federal court remanded the action to this court in August 2019 (NYSCEF Doc. #29), Akerman LLP and this firm continued to actively represent plaintiff and litigate with defendant.  In August 2020, defendant alleged for the first time that only the Gallo firm may represent plaintiff (NYSCEF Doc. # 131) without a formal substitution.

7.      A consent to change attorney form substituting in Akerman LLP and this firm was filed (NYSCEF Doc. # 146).  Defendant then objected (NYSCEF Doc. # 149) that multiple firms cannot be counsel of record for plaintiff notwithstanding that defendant had been litigating with our firms for

3

quite some time. A new consent to change attorney form was filed substituting Akerman LLP as the sole counsel of record for plaintiff (NYSCEF Doc. #150) and this firm then appeared of counsel to Akerman LLP in this action (NYSCEF Doc. # 152). Defendant still objected (NYSCEF Doc. #151) although he has no basis for that objection. CPLR 321(b) does not require that an opposing party approve of the change of counsel.

8.    It appears that defendant now takes the position that all work done by Akerman LLP and this firm is a nullity. That is not accurate and the Second Department has specifically rejected such gamesmanship on such issues. U.S. Bank, N.A. v. Ambroise, 189 A.D.3d 1299, 1300 (2d Dep't 2020); Diamadopolis v. Balfour, 152 A.D.2d 532 (2d Dep't 1989). The situation here is similar to that in Sperry Associates Federal Credit Union v. John, 160 A.D.3d 1007 (2d Dep't 2018), where a defendant filed a motion through a new counsel before that counsel had formally filed a CPLR 321 consent to change of attorney form. The Second Department reiterated that a "technical failure to comply" with CPLR 321(b) "does not render the acts of the new attorney a nullity." Id. at 1009. As a result, "belated compliance" with the law was no basis to deny defendant's motion. Id. at 1009.

4

FILED: QUEENS COUNTY CLERK 04/27/2021 03:09 PM

NYSCEF DOC. NO. 244

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/27/2021

9.     Defendant also appears to take the position that plaintiff may never change counsel notwithstanding plaintiff's right to counsel of its choosing.  Defendant has tried similar meritless challenges to an adverse parties' rights to be represented by counsel of their own choosing before. See, e.g., Oparaji v. United Home Mortgage, 2010 NY Slip Op 51660(U), 29 Misc.3d 126(A) (App. Term, 1st Dept. 2010).

10.     It should be noted that Maurice Oparaji is a prolific, serial litigator and that the court will be inundated with a deluge of burdensome and meritless filings if it does not take a firm hand with him now.  See NYSCEF Doc. No. 179 filed in this action (two lists of slip decisions involving Oparaji) incorporated herein by reference.

11.     It must also be noted that defendant Maurice Oparaji has registered for electronic filing in this case via the NYSCEF system. Therefore, he is able to serve papers on both law firms at no extra inconvenience or expense.

12.     Based on the foregoing, defendant's instant motion should be denied in its entirety.

FILED: QUEENS COUNTY CLERK 04/27/2021 03:09 PM
NYSCEF DOC. NO. 244

INDEX NO. 704318/2019
RECEIVED NYSCEF: 04/27/2021

WHEREFORE, plaintiff requests that the defendant's instant motion be denied in its entirety together with such, other further and different relief to plaintiff as this court deems just and proper.

Dated:     Whitestone, New York
          April 26, 2021

                       Robert W. Frommer, Esq.

6

FILED: QUEENS COUNTY CLERK 04/27/2021 03:09 PM
NYSCEF DOC. NO. 244

INDEX NO. 704318/2019
RECEIVED NYSCEF: 04/27/2021

## CERTIFICATE OF COMPLIANCE

The foregoing affirmation was prepared on a computer. A proportionally spaced typeface was used, as follows:

Name of typeface: Arial

Point Size:          14

Line Spacing:       Double

Pursuant to rule 22 NYCRR 202.8-b, the total number of words in the annexed affirmation, excluding the caption, any table of contents, any table of authorities and signature block is 695 words.

Dated:      Whitestone, New York
            April 26, 2021

                        Borchert & LaSpina, P.C.

            By:  _____
                        Robert W. Frommer, Esq.
                        19-02   Whitestone   Expressway,
                        Suite 302
                        Whitestone, NY 11357
                        Tel. (718) 767-3333



# Attachment 9 to Complaint

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM

NYSCEF DOC. NO. 193

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------ x
CITIMORTGAGE, INC. SUCCESSOR BY MERGER
TO ABN AMRO MORTGAGE GROUP, INC.,

                            Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI
A/K/A MAURICE UD OPARAJI, ADA PATIENCE
OPARAJI A/K/A ADA PATIENCE OPARAJI A/K/A
ADA OPARAJI, THE UNITED STATES OF
AMERICA INTERNAL REVENUE SERVICE
DEPARTMENT OF THE TREASURY, HARRIET
BEIZER AND "John Doe" and/or "Jane Doe" #1-10
inclusive, the last ten names being fictitious and
unknown to the plaintiff, the persons or parties intended
being the tenants, occupants, persons, corporations or
heirs at law, if any having or claiming an interest in or
lien upon premises described in the complaint,

                         Defendants.
------------------------------------------------------------ x

Index No. 704318/2019

**NOTICE OF MOTION FOR
PROTECTIVE ORDER**

**Assigned to Hon. Janice Taylor**

**IAS Part 15**

| | |
|---|---|
| MOTION BY: | Plaintiff CitiMortgage, Inc. |
| DATE, TIME & PLACE: | Tuesday, April 6, 2021, at 9:30 a.m.<br>Supreme Court of the State of New York<br>County of Queens, Courtroom 41<br>88-11 Sutphin Boulevard<br>Jamaica, New York 11435<br>IAS Part 15 |
| RELIEF REQUESTED: | Pursuant to CPLR 3103, a protective order preventing defendants Maurice Oparaji and Ada Oparaji from taking excessive numbers of depositions and from claiming the right to take depositions of person not in control of plaintiff and not relevant to the action; providing alternative means of providing information sought by defendants in discovery; other and further relief as may be just and proper |

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM

NYSCEF DOC. NO. 193

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2021

SUPPORTING PAPERS:                    Affirmation in Support dated March 12, 2021, with
                                      annexed exhibits A through T, including recitation
                                      of compliance with 22 NYCRR 202.7

ANSWERING PAPERS:                     Movant requests answering papers and any notice
                                      of cross-motion seven days prior to the return date
                                      pursuant to CPLR 2214(b).

Dated: New York, New York
       March 12, 2021          **AKERMAN LLP**

                               By:   _/s/ Jordan M. Smith_
                                     Jordan M. Smith
                                     1251 Avenue of the Americas, 37th Floor
                                     New York, NY 10020
                                     Tel: 212-880-3800
                                     jordan.smith@akerman.com
                                     *Co-counsel for Plaintiff CitiMortgage, Inc.*

                                          and

                               **BORCHERT & LASPINA, P.C.**
                               Robert W. Frommer, Esq.
                               19-02 Whitestone Expressway, Suite 302
                               Whitestone, New York 11357
                               Tel. (718) 767-3333
                               rfrommer@blpcny.com
                               *Co-counsel for Plaintiff CitiMortgage, Inc.*

To:    Mr. Maurice Oparaji
       245-11 133rd Road
       Rosedale, NY 11422
       *Plaintiff pro se*

       Ada Oparaji
       12 Boylan Street
       Newark, NJ 07106
       *Defendant pro se*

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM

NYSCEF DOC. NO. 194

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------- x
CITIMORTGAGE, INC. SUCCESSOR BY MERGER
TO ABN AMRO MORTGAGE GROUP, INC.,

                                    Plaintiff,

-against-

MAURICE H. OPARAJI., *et al.*,

                                  Defendants.
----------------------------------------------------------------- x
ADA OPARAJI, MAURICE OPARAJI,

                                  Counter-Plaintiffs,

-against-

CITIMORTGAGE, INC., ABN AMRO MORTGAGE
GROUP, INC., CITIBANK, N.A., RICHARD M.
BABECK, TERRY JOHNSON,

                                  Counter-Defendants.
----------------------------------------------------------------- x

Index No. 704318/2019

**CITIMORTGAGE INC.'S
AFFIRMATION SUPPORTING
ITS MOTION FOR A
PROTECTIVE ORDER**

        Jordan M. Smith, pursuant to CPLR 2106 and under the penalties of perjury,

affirms as follows:

        1.      I am an attorney at law, and partner in Akerman LLP, the attorneys of record

for the plaintiff, CitiMortgage, Inc., successor by merger to ABN Amro Mortgage Group,

Inc., in this foreclosure action and am admitted to practice law in the State of New York.

I have reviewed relevant parts of the loan and litigation files and am fully familiar with the

facts of this case.  I submit this affirmation in support of CitiMortgage's motion for a

protective order and for such other relief as the Court deems just.

51728816;1                         {30752772;2}1

## I.   INTRODUCTION

2.      *Pro se* defendants Maurice and Ada Oparaji propounded improper notices to take oral depositions of over 100 individuals, most of whom have no conceivable connection to this case and are not even under the control of plaintiff CitiMortgage, Inc.  Such overbroad requests are part of the Oparajis' multi-year harassment campaign against CitiMortgage and its employees.  To require CitiMortgage to produce these witnesses—or any of them—would be unduly burdensome.  The Court should enter a protective order barring the noticed oral depositions and, if anything, allowing the Oparajis to propound interrogatories or a reasonable number of written questions to CitiMortgage pursuant to CPLR 3108.

## II.      FACTUAL BACKGROUND

3.      CitiMortgage has been litigating issues concerning the Oparajis' loan for over 12 years, including numerous appeals and proceedings from Civil Court to the Court of Appeals.

### *The 2011 Civil Court Action*

4.      This action stems from a default on a home loan secured by a mortgage on the property located at 245-11 133rd Road in Rosedale, New York.  The Oparajis defaulted on their mortgage loan, resulting in a foreclosure action being commenced in Queens County Supreme Court styled *ABN Amro Mortgage Group, Inc. v. Maurice Oparaji, et al.*, Index No. 6889/2007. That foreclosure action was settled, whereby the Oparajis agreed to reinstate their loan, and to reimburse CitiMortgage for all real property taxes CitiMortgage had paid on their behalf.  The Oparajis were sent a written demand in April 2018 to reimburse CitiMortgage, as successor-by-merger to ABN Amro Mortgage Group, for the real property taxes they agreed to repay in the stipulation of settlement.  The Oparajis failed to reimburse CitiMortgage for the property taxes.

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM

NYSCEF DOC. NO. 194

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2021

5.    The Oparajis commenced an action against CitiMortgage in Queens County Civil Court on April 8, 2011, claiming it breached the settlement of the 2007 foreclosure action.[1]  By order entered July 17, 2012, the Civil Court granted Citi defendants summary judgment and dismissed the complaint.[2]  Mr. Oparaji appealed to the Appellate Term, which by order dated April 9, 2014, reversed summary judgment on the grounds Mr. Oparaji was not properly served with the motion papers.[3]

6.    CitiMortgage moved for summary judgment a second time in May 2014, this time effecting proper service of the motion papers on Mr. Oparaji.  By order dated August 18, 2014, the Civil Court granted CitiMortgage summary judgment.[4]  Mr. Oparaji moved to renew and reargue, which was denied by order entered November 28, 2014.[5]

7.    Mr. Oparaji appealed, and in May 2017 the Appellate Term affirmed the order granting summary judgment on grounds CitiMortgage "established its prima facie entitlement to judgment as a matter of law dismissing the complaint and that appellant did not raise a triable issue of fact in opposition."[6]  Mr. Oparaji moved to reargue the Appellate Term's decision and for permission to appeal to this Court.  The Appellate Term entered a decision and order on September 28, 2017, denying this motion in its entirety.[7]

8.    Not satisfied, Mr. Oparaji moved the Appellate Division for permission to appeal the Appellate Term's decision affirming summary judgment.  The Appellate Division denied leave

---

[1] A true copy of the April 2011 complaint is attached as **Exhibit A.**
[2] A true copy of the July 2012 decision is attached as **Exhibit B.**
[3] A true copy of the April 2014 decision is attached as **Exhibit C.**
[4] A true copy of the August 2014 decision is attached as **Exhibit D.**
[5] A true copy of the November 2014 decision is attached as **Exhibit E.**
[6] A true copy of the May 2017 decision is attached as **Exhibit F.**
[7] A true copy of the September 2017 decision and order is attached as **Exhibit G.**

51728816;1                                    {30752772;2}3

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM
NYSCEF DOC. NO. 194

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2021

to appeal in December 2017.[8] Mr. Oparaji then moved to reargue and for leave to appeal to the Court of Appeals, which was denied by decision and order dated March 15, 2018.[9] Mr. Oparaji moved to reargue again, which was denied by decision and order dated July 27, 2018.[10]

9.       Mr. Oparaji moved the Court of Appeals directly for permission to appeal. The Court of Appeals dismissed Mr. Oparaji's motion in November 2018 because that Court lacks jurisdiction to entertain a motion for leave to appeal an order of the Appellate Division in an action originating in the Civil Court of the City of New York.[11]

### The 2018 Supreme Court Action

10.      Mr. Oparaji commenced another action in April 2018 asserting the same general causes of action made in the April 2011 complaint.[12] The Supreme Court (Hon. Pam Jackson Brown) entered an order in October 2018 dismissing the complaint in its entirety as against the Citi defendants.[13] That order is currently on appeal before the Second Department. He also moved to reargue and the court denied that motion as well by order dated May 15, 2019.[14] Mr. Oparaji also appealed that order.

### The 2019 Federal Action

11.      Ms. Oparaji commenced an action against ABN Amro Mortgage Group, Citibank, N.A., Terry Johnson, and Richard Babeck in U.S. District Court for the Eastern District of New York in March 2019. A second amended complaint was filed on July 12, 2019. All allegations

---

[8] A true copy of the December 2017 decision and order is attached as **Exhibit H.**
[9] A true copy of the March 2018 decision and order is attached as **Exhibit I.**
[10] A true copy of the July 2018 decision and order is attached as **Exhibit J.**
[11] A true copy of the November 2018 decision and order is attached as **Exhibit K.**
[12] A true copy of the April 2018 complaint is attached as **Exhibit L.**
[13] A true copy of the October 2018 dismissal order is attached as **Exhibit M.**
[14] A true copy of the order dated May 15, 2019 order is attached as **Exhibit N.**

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM
NYSCEF DOC. NO. 194

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2021

arise out of the mortgage loan at issue in this foreclosure. The Court dismissed Ms. Oparaji's claims against CitiMortgage by order dated September 22, 2020.[15]

*The 2019 Foreclosure Action*

12.     CitiMortgage commenced this action to foreclose the Oparajis' mortgage in March 2019. [NYSCEF Doc. No. 1.]

13.     Ada Oparaji answered the complaint on April 8, 2019, and purported to counterclaim against CitiMortgage, ABN Amro Mortgage Group, Inc., Citibank, N.A., Richard M. Babeck, and Terry Johnson as counter-defendants. [NYSCEF Doc. No. 10.] Maurice Oparaji answered the complaint on April 9, 2019. Although he does not list them in his caption, Mr. Oparaji purports to name CitiMortgage, Inc., ABN Amro Mortgage Group, Inc., Citibank, N.A., Richard M. Babeck, and Terry Johnson as counter-defendants. [NYSCEF Doc. No. 12.]

14.     Ms. Oparaji removed the action to federal court in April 2019. [NYSCEF Doc. No. 14.] Mr. Oparaji consented to removal. [NYSCEF Doc. No. 16.] The federal court entered an order in August 2019 remanding the action to this Court. [NYSCEF Doc. No. 29.]

15.     Mr. Oparaji served CitiMortgage with 30 requests to produce on August 26, 2019. [NYSCEF Doc. No. 36.] Mr. Oparaji also served notices of deposition purporting to demand eight different people appear to be deposed at the Queens County Courthouse. [NYSCEF Doc. No. 35] Seven of those individuals are not employed by CitiMortgage. [*See* Affidavit of Elizabeth Cate, dated August 28, 2020 (**Cate Aff.**) ¶ 6]

16.     CitiMortgage responded to the requests for production on September 13, 2019, producing documents in response to 13 of the 30 requests, and asserting specific and particular

---

[15] A true copy of the Memorandum & Order dated September 22, 2020, is attached as **Exhibit O**.

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM
NYSCEF DOC. NO. 194

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2021

objections to the remainder. [Oparaji Aff., Exs. C and D.]  CitiMortgage rejected the notice of deposition because it was not directed to any party to this proceeding, no notice of subpoena was served, and because it was not noticed for a proper location. [Oparaji Aff., Ex. D.]

17.     Mr. Oparaji moved to compel disclosure, strike pleadings, and preclude the use of evidence, which was filed with the court on October 25, 2019.  [NYSCEF Doc. No. 79] CitiMortgage opposed on November 6, 2019, explaining Mr. Oparaji failed to demonstrate the discovery sought was material or necessary to this action, or the impropriety of CitiMortgage's objection and production.  A preliminary conference had not been held at the time of the motion and CitiMortgage had not, and still has not, disobeyed a prior order.  The court denied this motion by order dated February 6, 2020. [NYSCEF Doc. No. 117]

18.     Ms. Oparaji served her Notice of Deposition on December 16, 2019, identifying nine individuals she seeks to depose, none of whom are current employees of CitiMortgage, and also requesting the identifying information of 114 additional individuals so she could take the deposition of all 114 of them at the Queens County Courthouse. [NYSCEF Doc. No. 103.] [Cate Aff. ¶ 7]

19.     The Court held a preliminary conference on December 19, 2019, which Stefan Canizares, Esq., an attorney at Akerman LLP, attended.  Mr. Oparaji attended the conference, purporting to represent both his wife and himself.  During the conference, he was extremely combative, even going so far as to rip documents out of the hands of co-counsel, Stacy Spodick, as she attempted to correct a date agreed upon by the referee.  At the conference, CitiMortgage's deadline to respond to discovery was extended to January 31, 2020, with depositions scheduled for April 10, 2020. When CitiMortgage's counsel explained to the court referee deposition notices served by Mr. Oparaji were improper in substance and improperly served upon CitiMortgage when

51728816;1                            {30752772;2}6

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM

NYSCEF DOC. NO. 194

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2021

subpoenas should have been served upon non-parties, the referee informed CitiMortgage it should move for a protective order to address such issues.

20.      Mr. Oparaji served yet another deposition notice on February 20, 2021, again purporting to notice seven individuals for depositions.  [NYSCEF Doc. No. 186.]

21.      Following the delay in foreclosure litigation due to the COVID-19 restrictions, CitiMortgage now moves for a protective order barring these unduly burdensome deposition requests and, in the alternative, requiring any deposition be conducted by a corporate representative upon written questions pursuant to CPLR 3108.

### III.      LEGAL STANDARD

21.      CPLR 3101(a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action."  "However, the principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure." *Pascual v. Rustic Woods Homeowners Ass'n, Inc.*, 173 A.D.3d 757, 758 (2d Dep't 2019).

22.      Under CPLR 3103, the "court may at any time on its own initiative, or on motion of any party or of any person from whom or about whom discovery is sought, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device…to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts."

### IV.      ARGUMENT

### CITIMORTGAGE CONFERRED IN GOOD FAITH

23.      CitiMortgage has complied with its duty to confer in good faith to resolve the issues raised in this motion as required under 22 NYCRR § 202.7(a) and (c).  Our firm, as counsel for CitiMortgage, sent Mr. and Ms. Oparaji's letters by mail and email on January 30, 2020, informing them their deposition notices were improper and offering to proceed by interrogatories or written

51728816;1                              (30752772;2)7

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM
NYSCEF DOC. NO. 194

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2021

questions.[16] We reminded the Oparajis the court referee suggested we move for a protective order at the preliminary conference and informed the Oparajis we would do so if they refused to withdraw the improper deposition notices. Neither responded in any way.

After Mr. Oparaji served his latest deposition notice, I sent him a letter by mail and email dated March 8, 2021, advising of the infirmities in the notice and again offering him the opportunity obtain relevant information or testimony by interrogatory or deposition on written questions.[17] Mr. Oparaji has not responded at all.

### THE COURT SHOULD ENTER A PROTECTIVE ORDER

24.     The Oparajis' notices of deposition to an extensive list of individuals, most of whom are not under CitiMortgage's control, are improper for several reasons, and the Court should grant this motion for a protective order barring the Oparajis from deposing the listed individuals.

25.     First, "[i]t is well established that a corporation has the right in the first instance to determine which of its representatives will appear for an examination before trial." *Pisano v. Door Control, Inc.*, 268 A.D.2d 416, 416 (2d Dep't. 2000). CitiMortgage should not be burdened with producing any particular person or persons, when it has the right to determine which of its representatives will be deposed. To require CitiMortgage to expend resources to prepare multiple individuals to sit for depositions when it already routinely identifies corporate representatives in such situations who are knowledgeable about all of CitiMortgage's processes and practices is costly and unduly burdensome.

26.     Second, these notices are not targeted or limited in any manner. Mr. Oparaji noticed a deposition for eight individuals, while Ms. Oparaji's first notice lists the name of nine individuals

---

[16] True copies of the letters sent to the Oparajis are attached as **Exhibit P**.
[17] A true copy of the letter dated March 8, 2021, sent to Mr. Oparaji is attached as **Exhibit Q**.

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM

NYSCEF DOC. NO. 194

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2021

to depose and additionally seeks the deposition testimony of over one hundred more individuals whom she expects CitiMortgage to locate. [NYSCEF Doc. Nos. 35, 103] To that, Mr. Oparaji added seven more individuals in his February 2020 notice. [NYSCEF Doc. No. 186.] The Oparajis cannot demonstrate how it can be relevant or necessary to depose all of these individuals. They simply seek to delay the foreclosure through the use of time-consuming, overly burdensome discovery.

27.     Third, most of the individuals noticed for deposition are not employees or in any way under the control of CitiMortgage. Only one of these individuals, Natasha Stringer, is currently employed by CitiMortgage. [Cate Aff. ¶¶ 6-7] She is a business representative and has no connection to the relevant issues in this matter. The Oparajis have not conducted even a minimal level of diligence. For example, Ms. Oparaji's notices of deposition list David Schneider as the President and Chief Operating Officer of CitiMortgage and Paul Ince as the Chief Financial Officer of CitiMortgage, Inc. as the first two individuals to depose. Neither of these individuals has worked for CitiMortgage in recent memory. The other CitiMortgage members listed on her notice are Donna (incorrectly spelled as Donne) Englert and Vera Pucci. Ms. Englert is no longer employed by CitiMortgage and Vera Pucci is listed as a member of CitiMortgage's office in New York. CitiMortgage does not have an office in New York. It's unclear who this individual is or the relevance of the individual to the matter.[18] The rest of the individuals listed are purportedly associated with ABN Amro Mortgage Group's former offices. ABN Amro Mortgage Group merged into CitiMortgage in 2007.[19] The other 114 individuals she seeks to depose are from a web link from a Netherlands newspaper regarding 114 employees of ABN Amro, a separate entity.

---

[18] True copies of the LinkedIn profiles of David Schnieder, Paul Ince, and Donna Englert are attached as **Exhibit R.**

[19] A true copy of the merger certificate dated August 29, 2007 is attached as **Exhibit S.**

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM

NYSCEF DOC. NO. 194

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2021

The 114 employees are not listed. CitiMortgage would presumably need to embark on a quest to identify these 114 individuals of a Netherlands-based entity "focused on the retail market in the Netherlands and on private banking in the Netherlands and various countries in Europe and Asia..."[20] If the Oparajis seek to depose these nonparty witnesses, they must comply with CPLR 3106(b) by serving each individual with a subpoena. *Apple Bank for Sav. v. Noah's Route 110, Inc.*, 210 A.D.2d 277, 277 (2d Dep't 1994).

28.     Fourth, discovery demands are "palpably improper" where they seek irrelevant information or are overbroad and burdensome. *Pascual v. Rustic Woods Homeowners Ass'n, Inc.*, 173 A.D.3d 757, 758 (2d Dep'. 2019).  "Where the discovery demands are overbroad, the appropriate remedy is to vacate the entire demand rather than to prune it." *Id. Berkowitz v. 29 Woodmere Blvd. Owners', Inc.*, 135 A.D.3d 798, 799 (2d Dep't 2016); *Stepping Stones Assocs., L.P. v. Scialdone*, 148 A.D.3d 855, 856 (2d Dep't 2017).  There can be no justification for the Oparajis to demand to depose over one hundred individuals in this mortgage foreclosure action, most of whom are no longer employed by CitiMortgage and some of whom never were.  These demands are palpably improper.

29.     Fifth, Mr. Oparaji has a history of abusing the judicial system.  In a separate action, the First Department enjoined him from filing any further litigation due to his abuse. *See Oparaji v. Yablon*, 159 A.D.3d 539, 539 (1st Dept 2018) ("Plaintiffs are enjoined from commencing any further litigation relating to this matter without permission of this Court. The Clerk of this Court is directed to accept no filings from plaintiffs as to this matter without prior leave of the Court."). His long history of scorched-earth litigation connected with this loan is set forth in paragraphs 4 through 11 of this affirmation.

---

[20] A true copy of ABN Amro's historical profile is attached as **Exhibit T**.

51728816;1                     {30752772;2}10

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM
NYSCEF DOC. NO. 194

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2021

30.     It remains unclear what knowledge the individuals the Oparajis purport to notice may have in the litigation or why the Oparajis claim to need this discovery. CitiMortgage has demonstrated it will be costly and unduly burdensome to contact and/or prepare any number of these individuals for a deposition. This is particularly concerning where the defendants seeking the deposition are *pro se* and not attorneys, and presumably less familiar with the procedural aspects of a deposition, as well as the scope of relevant inquiry. The Court should enter a protective order barring these sweeping deposition notices.

**THE COURT MAY ORDER DEPOSITION ON WRITTEN QUESTIONS**

31.     Should the Court permit the Oparajis to depose a CitiMortgage representative, we respectfully request the Court order the deposition be conducted upon written questions pursuant to CPLR 3108. It is appropriate for the Court to require defendants to proceed by written questions where "the burden of [a party's] proposed discovery outweighs its likely benefit." *See Espinal v. Coughlin*, No. 98CIV2579(RPP), 1999 WL 1063186, at *1 (S.D.N.Y. Nov. 23, 1999); *Fowler v. Fischer*, No. 13-CV-6546-FPG-JWF, 2017 WL 1194377, at *2 (W.D.N.Y. Mar. 30, 2017) (denying *pro se* prisoner's motion to conduct oral depositions when other discovery devices are available based on consideration of "logistical and financial realities"). A deposition upon written questions will protect the Oparajis' right to seek discovery while reducing to a reasonable level the amount of time and expense CitiMortgage will be required to expend were it otherwise required to produce any number of the over one hundred individuals the Oparajis seek to depose for oral examination. Given the Oparajis' expansive view of discovery, should the Court direct a deposition on written questions or interrogatories, CitiMortgage respectfully requests they be limited to a 30 questions or interrogatories.

51728816;1                {30752772;2}11

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM
NYSCEF DOC. NO. 194

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2021

## V.  CONCLUSION

32.    The Oparjis' notices of deposition are palpably improper.  The demand to depose over one hundred individuals is overbroad and unduly burdensome by any objective measure. CitiMortgage has proven good cause for a protective order.  In the alternative, should the Court nevertheless permit a deposition, CitiMortgage respectfully requests the Court require it be conducted by written questions to a representative designated by CitiMortgage.

Dated: New York, New York
       March 12, 2021

**AKERMAN LLP**

By:    */s/ Jordan M. Smith*
       Jordan M. Smith
       1251 Avenue of the Americas, 37th Floor
       New York, NY 10020
       Tel: 212-880-3800
       jordan.smith@akerman.com
       *Co-counsel for Plaintiff CitiMortgage, Inc.*

            and

**BORCHERT & LASPINA, P.C.**
Robert W. Frommer, Esq.
19-02 Whitestone Expressway, Suite 302
Whitestone, New York 11357
Tel. (718) 767-3333
rfrommer@blpcny.com
*Co-counsel for Plaintiff CitiMortgage, Inc.*

FILED: QUEENS COUNTY CLERK 03/12/2021 12:58 PM
NYSCEF DOC. NO. 194

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2021

## CERTIFICATION OF COMPLIANCE

This memorandum of law complies with the word count limitation of Section 202.8-b of the Uniform Rules for N.Y. State Trial Courts because it contains 3,157 words, exclusive of the caption, table of contents, table of authorities, and signature block.

Dated: March 12, 2021
New York, New York

/s/ Jordan M. Smith
Jordan M. Smith, Esq.

51728816;1

{30752772;2}13



Attachment 10 to Complaint

FILED: QUEENS COUNTY CLERK 10/15/2020 03:39 PM
NYSCEF DOC. NO. 146

INDEX NO. 704318/2019
RECEIVED NYSCEF: 10/15/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>MAURICE OPARAJI, *et al.*,<br><br>Defendants. | Index No.  704318/2019<br><br>**CONSENT TO CHANGE OF ATTORNEYS** |

WHEREAS, plaintiff CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN

AMRO MORTGAGE GROUP, INC. desires that AKERMAN LLP and BORCHERT &

LaSPINA, P.C. represent it in this action,

THEREFORE, we, the undersigned, do hereby consent and agree that the attorneys of

record for the plaintiff, DAVID A. GALLO & ASSOCIATES LLP, be changed, and that the

following attorneys be substituted in their place as attorneys of record for such plaintiff:

> AKERMAN LLP
> 520 Madison Ave., 20th Floor
> New York, NY 10022
> Tel: (212) 880-3800
>
> and
>
> BORCHERT & LaSPINA, P.C.
> 19-02 Whitestone Expressway, Suite 302
> Whitestone, New York 11357
> Tel:  (718) 767-3333

Dated:   9-28-2020

*(All signatures appear on next page.)*

54476374;1

FILED: QUEENS COUNTY CLERK 10/15/2020 03:39 PM

NYSCEF DOC. NO. 146

INDEX NO. 704318/2019

RECEIVED NYSCEF: 10/15/2020

**Withdrawing Attorneys:**

By: _/s/ Robert M. Link, Esq._
**DAVID A. GALLO & ASSOCIATES LLP**
99 Powerhouse Road, First Floor
Roslyn Heights, NY 11577
(516) 583-5330

By: _____

**Plaintiff:**

_Terry White_, says that s/he is the _VP_ of plaintiff in the within action, and that s/he has read the foregoing Consent to Change of Attorneys.

**CITIMORTGAGE, INC.**
1000 Technology Drive
O'Fallon, MO 63368

STATE OF _Missouri_ )
                              ) ss.:
COUNTY OF _St Charles_ )

On the _28th_ day of _September_ in the year _2020_ before me, the undersigned, a Notary Public in and for said State, personally appeared _TERRY WHITE_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

RENEE J. LUDWIG
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 09450337
My Commission Expires Feb 4, 2023

54476374;1

FILED: QUEENS COUNTY CLERK 10/30/2020 05:28 PM

NYSCEF DOC. NO. 150

INDEX NO. 704318/2019

RECEIVED NYSCEF: 10/30/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC.,<br><br>               Plaintiff,<br><br>   -against-<br><br>MAURICE OPARAJI, *et al.*,<br><br>               Defendants. | Index No.  704318/2019<br><br>**CONSENT TO CHANGE OF ATTORNEYS** |

     WHEREAS, plaintiff CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. desires that AKERMAN LLP and BORCHERT & LaSPINA, P.C. represent it in this action,

     THEREFORE, we, the undersigned, do hereby consent and agree that the attorneys of record for the plaintiff, DAVID A. GALLO & ASSOCIATES LLP, be changed, and that the following attorneys be substituted in their place as attorneys of record for such plaintiff:

        AKERMAN LLP
        520 Madison Ave., 20th Floor
        New York, NY 10022
        Tel: (212) 880-3800

Dated: _10/27/2020_

*(All signatures appear on next page.)*

54476374;1

**Withdrawing Attorneys:**

By: */s/ Robert M. Link*

**DAVID A. GALLO & ASSOCIATES LLP**
99 Powerhouse Road, First Floor
Roslyn Heights, NY 11577
(516) 583-5330

**Plaintiff:**

By: _____

_Terry white_ , says that s/he is the _Vice President_ of plaintiff in the within action, and that s/he has read the foregoing Consent to Change of Attorneys.

**CITIMORTGAGE, INC.**
1000 Technology Drive
O'Fallon, MO 63368

STATE OF _Missouri_ )
                         ) ss.:
COUNTY OF _St. Charles_ )

On the _27th_ day of _October_ in the year _2020_ before me, the undersigned, a Notary Public in and for said State, personally appeared _TERRY WHITE_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Renee J. Ludwig_

RENEE J. LUDWIG
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 09450337
My Commission Expires Feb 4, 2023

54476374;1

# Attachment 11 to Complaint

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through November 4, 2020.

---

Selected Entity Name: PARK PLACE HOME MORTGAGE CORP.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | PARK PLACE HOME MORTGAGE CORP. |
| **DOS ID #:** | 1923504 |
| **Initial DOS Filing Date:** | MAY 18, 1995 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | INACTIVE - Dissolution (Mar 31, 2008) |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
PARK PLACE HOME MORTGAGE CORP.
11426 VENTURA BLVD
STE B
STUDIO CITY, CALIFORNIA, 91604

**Chief Executive Officer**

JOE COSTA
11426 VENTURA BLVD
STE B
STUDIO CITY, CALIFORNIA, 91604

**Principal Executive Office**

PARK PLACE HOME MORTGAGE CORP.
11426 VENTURA BLVD
STE B
STUDIO CITY, CALIFORNIA, 91604

**Registered Agent**

MARKET INTELLIGENCE CORPORATION
712 5TH AVE., 46TH FL
NEW YORK, NEW YORK, 10019

This office does not record information regarding the
names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate of
incorporation, however this information is not
recorded and only available by viewing the certificate.

### *Stock Information

**# of Shares  Type of Stock  $ Value per Share**

200          No Par Value

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
| --- | --- | --- |
| MAY 18, 1995 | Actual | PARK PLACE HOME MORTGAGE CORP. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York
State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us



# Attachment 12 to Complaint

𝔖upreme 𝔊ourt of the 𝔖tate of 𝔑ew 𝔜ork
𝔄ppellate 𝔇ivision: 𝔖econd 𝔍udicial 𝔇epartment

D13910
O/hu

_____AD3d_____

A. GAIL PRUDENTI, P.J.
HOWARD MILLER
ROBERT W. SCHMIDT
STEPHEN G. CRANE
REINALDO E. RIVERA, JJ.

2005-05583                                                 OPINION & ORDER

In the Matter of John A. Caminiti, an attorney
and counselor-at-law, resignor.

(Attorney Registration No. 2933695)

Resignation tendered pursuant to 22 NYCRR 691.9 by John A. Caminiti, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 27, 1999.

John A. Caminiti, Staten Island, N.Y., resignor pro se.

Diana Maxfield Kearse, Brooklyn, N.Y., for the Grievance Committee for the Second and Eleventh Judicial Districts.

PER CURIAM.                                   John A. Caminiti has submitted an affidavit dated September 11, 2006, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Caminiti avers that his resignation is freely and voluntarily tendered,

February 27, 2007                                              Page 1.
MATTER OF CAMINITI, JOHN A.

that he is not being subjected to coercion or duress, and that he is fully aware of the implications of its submission.

Mr. Caminiti acknowledges that the Grievance Committee is currently investigating seven complaints of professional misconduct against him concerning, inter alia, allegations of failure to safeguard client funds and property, failure to monitor trust accounts, and engaging in conflicts of interest. He further acknowledges that if charges were predicated upon the misconduct under investigation, he could not necessarily defend himself on the merits against them.

Mr. Caminiti's resignation is submitted subject to any application which could be made by the Grievance Committee for the Second and Eleventh Judicial Districts for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90(6-a). He acknowledges the continuing jurisdiction of the Appellate Division, Second Department to make such an order and he specifically waives the opportunity afforded him by Judiciary Law § 90(6-a)(f) to be heard in opposition thereto.

Inasmuch as the proffered resignation complies with all pertinent Court Rules, it is accepted, and, effective immediately, John A. Caminiti is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RIVERA, JJ., concur.

ORDERED that pursuant to Judiciary Law § 90, effective immediately, John A. Caminiti is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

ORDERED that John A. Caminiti shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

ORDERED that pursuant to Judiciary Law § 90, effective immediately, John A. Caminiti is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

February 27, 2007                                                                                    Page 2.
MATTER OF CAMINITI, JOHN A.

ORDERED that if the resignor, John A. Caminiti, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10(f).

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RIVERA, JJ., concur.

ENTER:

*James Edward Pelzer*

James Edward Pelzer
Clerk of the Court

SUPREME COURT, STATE OF NEW YORK
APPELLATE DIVISION SECOND DEPT
I, JAMES EDWARD PELZER, Clerk of the Appellate Division of the Supreme Court, Second Judicial Department, do hereby certify that I have compared this copy with the original filed in my office on 2-12-7 2-00 and that this copy is a correct transcription of said original.
IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of this Court on 1/3/2020

February 27, 2007                                                                    Page 3.

MATTER OF CAMINITI, JOHN A.

# Attachment 13 to Complaint

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM
NYSCEF DOC. NO. 39

INDEX NO. 704318/2019
RECEIVED NYSCEF: 09/05/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------x
CITIMORTGAGE, INC. SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC.,

                Plaintiff,

         -against-

MAURICE H. OPARAJI. A/K/A MAURICE
OPARAJI A/K/A MAURICE UD OPARAJI, ADA
PATIENCE OPARAJI A/K/A ADA P. OPARAJI,
THE UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE
DEPARTMENT OF THE TREASURY, HARRIET
BEZIER and "John Doe" and/or "Jane Doe," #1-10
inclusive, the last ten names being fictitious and
unknown to plaintiff, the persons or parties
intended being the tenants, occupants, persons,
corporations or heirs at law, if any, having or
claiming an interest in or lien upon the premises
described in the complaint,

             Defendants.
------------------------------------------------------------x
ADA OPARAJI, MAURICE OPARAJI,

          Counter-Plaintiffs,

       -against-

CITIMORTGAGE, INC., ABN AMRO
MORTGAGE GROUP, INC., CITIBANK, N.A.,
RICHARD M. BABECK, TERRY JOHNSON,

         Counter-Defendants.
------------------------------------------------------------x

Index No. 704318/2019

**NOTICE OF CROSS-MOTION**

Mot. Seq. No. 2

MOTION BY:

Plaintiff CitiMortgage, Inc. successor by merger to
ABN Amro Mortgage Group, Inc. and Purported
Additional Parties Citibank, N.A. and Terry
Johnson

50049028;1

- 1 -

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM

NYSCEF DOC. NO. 39

INDEX NO. 704318/2019

RECEIVED NYSCEF: 09/05/2019

| | |
|---|---|
| DATE, TIME & PLACE: | Tuesday, September 10, 2019, at 9:30 a.m.<br>Queens County Supreme Court<br>88-11 Sutphin Boulevard, Courtroom 41<br>Jamaica, New York 11435<br>**Hon. Janice A. Taylor, Part 15** |
| RELIEF REQUESTED: | (1) Injunction preventing further motions by *pro se* defendant Maurice Oparaji and Ada Oparaji without leave of the Court; (2) other and further relief as may be just and proper. |
| SUPPORTING PAPERS: | Affirmation dated September 5, 2019, with exhibits A through P thereto; all pleadings and other filing on the NYSCEF system for this case |
| TYPE OF ACTION: | Residential mortgage foreclosure with counterclaims by defendants |

Dated: September 5, 2019
      New York, New York

**AKERMAN LLP**

By:         _/s/ Jordan M. Smith___
        Jordan M. Smith
        Joseph M. DeFazio
        666 Fifth Avenue, 20th Floor
        New York, New York 10103
        (212) 880-3838
        Email: joseph.defazio@akerman.com
                  jordan.smith@akerman.com
        *Attorneys for Plaintiff CitiMortgage, Inc. successor by merger to ABN Amro Mortgage Group, Inc. and Purported Additional Parties Citibank, N.A. and Terry Johnson*

        and

        Robert W. Frommer, Esq.
        Borchert & LaSpina, P.C.
        19-02 Whitestone Expressway, Suite 302
        Whitestone, NY 11357
        *Co-Counsel for CitiMortgage, Inc.*

- 2 -

50049028;1

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM

NYSCEF DOC. NO. 39

INDEX NO. 704318/2019

RECEIVED NYSCEF: 09/05/2019

TO:     Ms. Ada Oparaji (by UPS overnight)
        12 Boylan Street
        Newark, NJ 07106
        *Defendant Pro Se*

        Mr. Maurice Oparaji (by UPS overnight)
        245-11 133rd Road
        Rosedale, NY 11422
        *Defendant Pro Se*

50049028;1

- 3 -

Case 1:21-cv-02758-ENV-LB   Document 1   Filed 05/14/21   Page 229 of 329 PageID #: 229

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM
NYSCEF DOC. NO. 40

INDEX NO. 704318/2019
RECEIVED NYSCEF: 09/05/2019

5.      The Oparajis commenced an action against CitiMortgage in Civil Court on April 8, 2011, claiming it breached the settlement of the 2007 foreclosure action.[2]  By order entered July 17, 2012, the Civil Court (Hon. Anna Culley) granted Citi defendants summary judgment and dismissed the complaint.[3]  Mr. Oparaji appealed to the Appellate Term, which by order dated April 9, 2014, reversed summary judgment on the grounds Mr. Oparaji was not properly served with the motion papers.[4]

6.      CitiMortgage moved for summary judgment a second time in May 2014, this time effecting proper service of the motion papers on Mr. Oparaji.  By order dated August 18, 2014, the Civil Court (Hon. Jodi Orlow) granted CitiMortgage summary judgment.[5]  Mr. Oparaji moved to renew and reargue, which was denied by order entered November 28, 2014.[6]

7.      Mr. Oparaji appealed and in May 2017 the Appellate Term affirmed the order granting summary judgment on grounds CitiMortgage "established its prima facie entitlement to judgment as a matter of law dismissing the complaint and that appellant did not raise a triable issue of fact in opposition."[7]  Mr. Oparaji moved to reargue the Appellate Term's decision and for permission to appeal to this Court.  The Appellate Term entered a decision and order on September 28, 2017, denying this motion in its entirety.[8]

8.      Not satisfied, Mr. Oparaji moved the Appellate Division for permission to appeal the Appellate Term's decision affirming summary judgment.  The Appellate Division denied

---

[2] A true copy of the April 2011 complaint is attached as **Exhibit A**.
[3] A true copy of the July 2012 decision is attached as **Exhibit B**.
[4] A true copy of the April 2014 decision is attached as **Exhibit C**.
[5] A true copy of the August 2014 decision is attached as **Exhibit D**.
[6] A true copy of the November 2014 decision is attached as **Exhibit E**.
[7] A true copy of the May 2017 decision is attached as **Exhibit F**.
[8] A true copy of the September 2017 decision and order is attached as **Exhibit G**.

49922047;2

-3-

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM

NYSCEF DOC. NO. 40

INDEX NO. 704318/2019

RECEIVED NYSCEF: 09/05/2019

**WHEREFORE,** your affirmant prays for an order denying any default judgment in favor of the Oparajis, barring the Oparajis from filing any further *pro se* actions against the CitiMortgage arising out of their mortgage loan without first seeking leave of the appropriate Administrative Justice, and for such other relief as the Court deems just and proper.

Dated: New York, New York
　　　September 5, 2019

　　　　　　　　　　　　　　　　　　　　　　/s/ Jordan M. Smith
　　　　　　　　　　　　　　　　　　　　　Jordan M. Smith

　　　　　　　　　　　　　　　　　　　　*Attorneys for CitiMortgage, Inc. successor by merger to ABN Amro Mortgage Group, Inc. and Purported Additional Parties Citibank, N.A. and Terry Johnson*

-10-

49922047;2

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM

NYSCEF DOC. NO. 40

INDEX NO. 704318/2019

RECEIVED NYSCEF: 09/05/2019

**WHEREFORE,** your affirmant prays for an order denying any default judgment in favor of the Oparajis, barring the Oparajis from filing any further *pro se* actions against the CitiMortgage arising out of their mortgage loan without first seeking leave of the appropriate Administrative Justice, and for such other relief as the Court deems just and proper.

Dated: New York, New York
      September 5, 2019

                              /s/ Jordan M. Smith
                               Jordan M. Smith

                               *Attorneys for CitiMortgage, Inc. successor by merger to ABN Amro Mortgage Group, Inc. and Purported Additional Parties Citibank, N.A. and Terry Johnson*

49922047;2

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM
NYSCEF DOC. NO. 40

INDEX NO. 704318/2019
RECEIVED NYSCEF: 09/05/2019

25.    This court should follow the First Department's lead and prevent further abuse of the judicial process by the Oparajis. They have harassed CitiMortgage for over a decade with his groundless accusations about his home mortgage loan—with constant frivolous motions for reargument or for leave to appeal. When the Appellate Division finally denied leave to appeal to the Court of Appeals in March 2018 Citi thought this abuse was finally over. Not so. Mr. Oparaji immediately commenced another action in April 2018. Ms. Oparaji commenced her own federal action March 2019.

26.    The Oparajis now bring these meritless counterclaims and Mr. Oparaji has filed a frivolous motion for default against unserved non-parties and CitiMortgage, whose answer from May he attaches to the motion for default. Once denied, Mr. Oparaji will, as he always does, appeal and move to reargue in order to harass CitiMortgage and its counsel. This need not continue. The Oparajis should be barred from filing any further *pro se* actions or motions arising out of their mortgage loan without first seeking leave of the appropriate Administrative Justice.

## CONCLUSION

27.    Because the Oparajis have failed to name or serve the new counterclaim defendants no default may lie against them. Instead, the Oparajis should be barred from filing any further *pro se* actions arising out of their mortgage loan without leave of the appropriate Administrative Justice.

Mr. Oparaji also appears throughout the United States federal reporter. *See, e.g., Oparaji v. NE Auto-Marine Terminal*, 565 U.S. 1189 (2012); *Oparaji v. Atlantic Container Line*, 562 U.S. 1214 (2011); *Oparaji v. New York Mortgage Company LLC*, 559 U.S. 954 (2010); *Oparaji v. New York City Dep't of Educ.*, 552 U.S. 918 (2007); *Oparaji v. United Fed. of Teachers*, 552 U.S. 912 (2007); *Oparaji v. NE Auto-Marine Terminal*, 437 Fed. Appx. 190 (3d Cir. 2011); *Oparaji v. Atlantic Container Line*, 363 Fed. Appx. 778 (2d Cir. 2010); *Oparaji v. Virgin Atlantic Airways, Ltd.*, 258 Fed. Appx. 374 (2d Cir. 2007); *Oparaji v. New York City Dep't of Educ.*, 172 Fed. Appx. (2d Cir. 2006).

49922047;2

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM
NYSCEF DOC. NO. 40

INDEX NO. 704318/2019
RECEIVED NYSCEF: 09/05/2019

2019, a copy of which Mr. Oparaji attaches to his moving papers. (*Id.*, Ex. 3.) Therefore, CitiMortgage is not in default, having answered the counterclaims three months before Mr. Oparaji served this motion. (*Id.*)

### The Oparajis Should be Barred from Further Pro Se Filings.

23.    "[W]hile public policy mandates free access to the courts, a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will." *Graham v. Rawley*, 145 A.D.3d 721, 722-23 (2d Dep't 2016). The Oparajis have a history of abusing the judicial process.

24.    The First Department recently enjoined Mr. Oparaji from filing any further litigation in another matter due to his abuse. *See Oparaji v. Yablon*, 159 A.D.3d 539 (1st Dep't 2018) ("Plaintiffs are enjoined from commencing any further litigation relating to this matter without permission of this Court. The Clerk of this Court is directed to accept no filings from plaintiffs as to this matter without prior leave of the Court.").[18]

---

[18] Mr. Oparaji is a prolific litigant. His name appears throughout the New York Reports. *See, e.g., Oparaji v. Books & Rattles*, 29 N.Y.3d 918 (2017); *Oparaji v. New York Mortgage Co., LLC*, 13 N.Y.3d 765 (2009); *Oparaji v. Vessup*, 158 A.D.3d 686 (2d Dep't 2018); *Oparaji v. 245-02 Merrick Blvd., LLC*, 149 A.D.3d 1092 (2d Dep't 2017); *Oparaji v. Books & Rattles*, 147 A.D.3d 1165 (3d Dep't 2017); *Oparaji v. New York Mortgage Co., LLC*, 55 A.D.3d 429 (1st Dep't 2008); *Oparaji v. Scheiner*, 50 A.D.3d 753 (2d Dep't 2008); *Oparaji v. Duran*, 18 A.D.3d 725 (2d Dep't 2005); *Oparaji v. Madison Queens-Guy Brewer, LLC*, 302 A.D.2d 439 (2d Dep't 2003); *Oparaji v. Weston*, 293 A.D.2d 592 (2d Dep't 2002); *Oparaji v. Alabi*, 39 Misc. 3d 138(A) (App. Term 1st Dep't 2013); *Oparaji v. United Home Mortg., Inc.*, 29 Misc. 3d 126(A) (App. Term 1st Dep't 2010); *Oparaji v. Blvd. Auto Wrecking, Inc.*, 20 Misc. 3d 138(A) (App. Term 2d Dep't 2008); *Oparaji v. United Home Mortg., Inc.*, 16 Misc. 3d 131(A) (App. Term 1st Dep't 2007); *Oparaji v. Hickson*, 12 Misc. 3d 127(A) (App. Term 2d Dep't 2006); *Oparaji v. Holmes*, 10 Misc.3d 145(A) (App. Term 2d Dep't 2006); *Oparaji v. Pep Boys*, 5 Misc.3d 138(A) (App. Term 2d Dep't 2004); *Oparaji v. Carver Fed. Sav. Bank*, 2002 WL 1311650(App. Term 2d Dep't 2002); *Oparaji v. New York Mortgage Co., LLC*, 24 Misc. 3d 1230(A) (Sup. Ct. Bronx Co. 2007).

49922047;2

-8-

**FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM**
NYSCEF DOC. NO. 40

INDEX NO. 704318/2019
RECEIVED NYSCEF: 09/05/2019

New York ever issue a summons.  Neither Citibank nor Ms. Johnson ever became parties to this action.  They cannot be defaulted.

20.    Mr. Oparaji is also not entitled to a default judgment because he never effected service of process on Citibank or Ms. Johnson.  "On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice[.]"  CPLR 3215(f).  "Adequate proof that a defendant was properly served with process is a prerequisite to the entry of a default judgment against that defendant."  *Cordero v. Barreiro-Cordero*, 129 A.D.3d 899, 900 (2d Dep't 2015).

21.    As stated, no summonses ever issued to Citibank, N.A. or Terry Johnson.  No proofs of service as required by CPLR 306 are filed.  In the absence of proof of service, no default judgments as to these counter-defendants may enter.  Mr. Oparaji includes an affidavit of service of his amended counterclaims with his current motion papers as Exhibit 2.  Even that affidavit does not state a summons was served and so fatally undermines his claim to have made adequate service as to the third parties Citibank and Johnson.  It does not even claim service of anything on Citibank.

22.    Mr. Oparaji is also not entitled to a default judgment against plaintiff/counter-defendant CitiMortgage, Inc., successor-by-merger to ABN Amro Mortgage Group, Inc.  "Except where otherwise prescribed by law or order of the court, there shall be an answer or reply to an amended or supplemental pleading if an answer or reply is required to the pleading being amended or supplemented.  Service of such an answer or reply shall be made within twenty days after service of the amended or supplemental pleading to which it responds."  CPLR 3025(d).  At the time Mr. Oparaji amended his counterclaims, on or about May 16, 2019, the case was pending in federal court. CitiMortgage timely answered the counterclaims on May 29,

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM
NYSCEF DOC. NO. 40

INDEX NO. 704318/2019
RECEIVED NYSCEF: 09/05/2019

16.     Ada Oparaji filed an amended answer with counterclaim in the federal court on May 15, 2019.[16]   Maurice Oparaji also filed an amended answer with counterclaims in the federal court on May 16, 2019.[17]   CitiMortgage answered Mr. Oparaji's counterclaims on May 29, 2019.  (Oparaji Motion, Ex. 3)  Despite CitiMortgage's answer, the Oparajis moved the federal court for entry of default.  The federal court entered an order on August 14, 2019 remanding this action to this Court without ruling on the motion for default.  [NYSCEF Doc. No. 29.]

17.     Mr. Oparaji moves for a default judgment against ABN Amro Mortgage Group, Inc., Citibank, N.A., Richard M. Babeck, and Terry Johnson for failure to respond.  [NYSCEF Doc. No. 32.]  The motion should be denied and the Oparajis enjoined from further *pro se* filings.

## ARGUMENT

### *No Default Judgment May Enter*

18.     "When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him."  CPLR 3215(a).  No default against Citibank, N.A. or Terry Johnson may enter because neither was properly added as a defendant to this action, and there is no proof of service on either.

19.     "Where a person not a party is alleged to be liable a summons and answer containing the counterclaim [] shall be filed, whereupon he or she shall become a defendant."  Fed. R. Civ. P. 14; *compare* CPLR 1007.  Mr. Oparaji never filed any summonses with his answer containing the counterclaim, nor did the U.S. District Court of the Eastern District of

---

[16] A true copy of Ms. Oparaji's May 2019 amended answer is attached as **Exhibit O**.
[17] A true copy of Mr. Oparaji's May 2019 amended answer is attached as **Exhibit P**.

49922047;2

-6-

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM

NYSCEF DOC. NO. 40

INDEX NO. 704318/2019

RECEIVED NYSCEF: 09/05/2019

*The 2019 Foreclosure Action*

12.     CitiMortgage, Inc. commenced this action to foreclose the Oparajis' mortgage in March 2019. [NYSCEF Doc. No. 1.]

13.     Ada Oparaji answered the complaint on April 8, 2019 naming CitiMortgage, Inc., ABN Amro Mortgage Group, Inc., Citibank, N.A., Richard M. Babeck, and Terry Johnson as counter-defendants.  [NYSCEF Doc. No. 10.]  The affidavit of service states the answer with counterclaim was served on CitiMortgage, Inc., ABN Amro Mortgage Group, Inc., Richard M. Babeck and Terry Johnson on April 8, 2019.  [NYSCEF Doc. No. 11.]  The affidavit does not state the method of service, nor is there any proof of service on Citibank, N.A.  [*Id.*]

14.     Maurice Oparaji answered the complaint on April 9, 2019.  Although he does not list them in his caption, Mr. Oparaji purports to name CitiMortgage, Inc., ABN Amro Mortgage Group, Inc., Citibank, N.A., Richard M. Babeck, and Terry Johnson as counter-defendants. [NYSCEF Doc. No. 12.] The affidavit of service states the answer with counterclaim was served on CitiMortgage, Inc., ABN Amro Mortgage Group, Inc., Richard M. Babeck, and Terry Johnson on April 9, 2019.  [NYSCEF Doc. No. 13.]  The affidavit does not state the method of service, nor is there any claim of service on Citibank, N.A.  [*Id.*]

15.     Ms. Oparaji filed notice of removal to federal court in April 2019 on the basis of diversity jurisdiction.  [NYSCEF Doc. No. 14.]  Mr. Oparaji consented to removal.  [NYSCEF Doc. No. 16.]

49922047;2

-5-

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM
NYSCEF DOC. NO. 40

INDEX NO. 704318/2019
RECEIVED NYSCEF: 09/05/2019

permission to appeal in December 2017.[9]  Mr. Oparaji then moved to reargue and for leave to appeal to the Court of Appeals, which was denied by decision and order dated March 15, 2018.[10] Mr. Oparaji moved to reargue again, which was denied by decision and order dated July 27, 2018.[11]

9.       Mr. Oparaji moved the Court of Appeals directly for permission to appeal. The Court of Appeals dismissed the motion in November 2018 because that Court lacks jurisdiction to entertain a motion for leave to appeal an order of the Appellate Division in an action originating in the Civil Court of the City of New York.[12]

**The 2018 Supreme Court Action**

10.       Mr. Oparaji commenced another action in April 2018 asserting the same general causes of action made in the April 2011 complaint.[13]  The Supreme Court (Hon. Pam Jackson Brown) entered an order in October 2018 dismissing the complaint in its entirety as against the Citi defendants.[14]  That order is currently on appeal before the Second Department.

**The 2019 Federal Action**

11.       Ms. Oparaji commenced an action against ABN Amro Mortgage Group, Citibank, N.A., Terry Johnson, and Richard Babeck in U.S. District Court for the Eastern District of New York in March 2019. A second amended complaint was filed on July 12, 2019.[15]  All allegations arise out of the mortgage loan at issue in this foreclosure.  A motion to dismiss the second amended complaint remains pending before the federal court.

---

[9] A true copy of the December 2017 decision and order is attached as **Exhibit H.**

[10] A true copy of the March 2018 decision and order is attached as **Exhibit I.**

[11] A true copy of the July 2018 decision and order is attached as **Exhibit J.**

[12] A true copy of the November 2018 decision and order is attached as **Exhibit K.**

[13] A true copy of the April 2018 complaint is attached as **Exhibit L.**

[14] A true copy of the October 2018 dismissal order is attached as **Exhibit M.**

[15] A true copy of the July 2019 second amended complaint is attached as **Exhibit N.**

-4-

49922047;2

FILED: QUEENS COUNTY CLERK 09/05/2019 01:12 PM
NYSCEF DOC. NO. 40

INDEX NO. 704318/2019
RECEIVED NYSCEF: 09/05/2019

5.      The Oparajis commenced an action against CitiMortgage in Civil Court on April 8, 2011, claiming it breached the settlement of the 2007 foreclosure action.[2]  By order entered July 17, 2012, the Civil Court (Hon. Anna Culley) granted Citi defendants summary judgment and dismissed the complaint.[3]  Mr. Oparaji appealed to the Appellate Term, which by order dated April 9, 2014, reversed summary judgment on the grounds Mr. Oparaji was not properly served with the motion papers.[4]

6.      CitiMortgage moved for summary judgment a second time in May 2014, this time effecting proper service of the motion papers on Mr. Oparaji.  By order dated August 18, 2014, the Civil Court (Hon. Jodi Orlow) granted CitiMortgage summary judgment.[5]  Mr. Oparaji moved to renew and reargue, which was denied by order entered November 28, 2014.[6]

7.      Mr. Oparaji appealed and in May 2017 the Appellate Term affirmed the order granting summary judgment on grounds CitiMortgage "established its prima facie entitlement to judgment as a matter of law dismissing the complaint and that appellant did not raise a triable issue of fact in opposition."[7]  Mr. Oparaji moved to reargue the Appellate Term's decision and for permission to appeal to this Court.  The Appellate Term entered a decision and order on September 28, 2017, denying this motion in its entirety.[8]

8.      Not satisfied, Mr. Oparaji moved the Appellate Division for permission to appeal the Appellate Term's decision affirming summary judgment.  The Appellate Division denied

---

[2] A true copy of the April 2011 complaint is attached as **Exhibit A.**
[3] A true copy of the July 2012 decision is attached as **Exhibit B.**
[4] A true copy of the April 2014 decision is attached as **Exhibit C.**
[5] A true copy of the August 2014 decision is attached as **Exhibit D.**
[6] A true copy of the November 2014 decision is attached as **Exhibit E.**
[7] A true copy of the May 2017 decision is attached as **Exhibit F.**
[8] A true copy of the September 2017 decision and order is attached as **Exhibit G.**

49922047;2

-3-



# Attachment 14 to Complaint

FILED: QUEENS COUNTY CLERK 01/09/2020 01:52 PM
NYSCEF DOC. NO. 110

INDEX NO. 704318/2019
RECEIVED NYSCEF: 01/09/2020

Short Form Order

NEW YORK SUPREME COURT - QUEENS COUNTY

Present:  HONORABLE   JANICE A. TAYLOR      IAS Part  15
                          Justice
-------------------------------------------x
CITIMORTGAGE, INC. SUCCESSOR BY MERGER
TO ABN AMRO MORTGAGE GROUP INC.,

                          Plaintiff(s),            Index No.:704318/19

                                                   Motion Date:9/10/19

           - and -                                 Motion Cal. No.: 13

                                                   Motion Seq. No: 1
ADA OPARAJI, MAURICE OPARAJI,

                          Defendant(s).
-------------------------------------------x
ADA OPARAJI, MAURICE OPARAJI,


                    Counter-claimants

           - and -

CITIMORTGAGE, INC., ABN AMRO MORTGAGE
GROUP INC., CITIBANK, N.A., RICHARD M.
BABECK, TERRY JOHNSON,

                    Counter-defendant(s).
-------------------------------------------x

FILED
JAN -9 2020
COUNTY CLERK
QUEENS COUNTY

The following papers numbered 1 - 10   read on this motion by
defendants  for  an  order  granting  a  default  judgment  on  the
counterclaim; and a cross-motion by plaintiff for an order
preventing the defendants from making further motions.

                                                   Papers
                                                   Numbered

Notice of Motion-Affirmation-Exhibits-Service........  1 - 4
Notice of Cross-Motion-Affirmation-Exhibits-Service...  5 - 8


     Upon the foregoing papers it is ORDERED that the motion and
cross-motion are considered together and decided as follows:

     The instant motion is denied for the movants' failure to
submit a  working copy  that comports with the Part Rules of the
undersigned.  The instant application is denied with leave to renew
upon  submission  of  a  working  copy  that  complies  with  the

FILED: QUEENS COUNTY CLERK 01/09/2020 01:52 PM
NYSCEF DOC. NO. 110

INDEX NO. 704318/2019
RECEIVED NYSCEF: 01/09/2020

requirements of the Part Rules for IAS Part 15.

The cross-motion is also denied as the plaintiff has offered this court no legal basis for the relief sought.

Dated: January 7, 2020

JANICE A. TAYLOR, J.S.C.

H:\Decisions - Part 15\Decisions-2020\Default\704318-19_citimortgage_default_xmotion_SFO.wpd

FILED

JAN - 9 2020

COUNTY CLERK
QUEENS COUNTY

2

# Attachment 15 to Complaint

FILED: QUEENS COUNTY CLERK 04/23/2019 02:58 PM

NYSCEF DOC. NO. 25

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/23/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS



*2727775*

INDEX # 704318/2019

CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN
AMRO MORTGAGE GROUP, INC.,
                              PLAINTIFF(S)

                              against

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A
MAURICE UD OPARAJI, ET AL
                              DEFENDANT(S)

AFFIDAVIT OF
SERVICE BY MAIL

STATE OF NEW YORK
COUNTY OF SUFFOLK        ss:

Rita Daley being duly sworn, deposes and says :

I am not a party to this action, am over the age of eighteen years, and reside in the State of New York.

On 04/23/2019, I enclosed a copy of the Settlement Conference Request for Judicial Intervention in this action in a first class mail post-sealed envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt and deposited the envelope in an official depository under the exclusive care and custody of the U.S Postal Service within New York State, addressed to the following defendant at the last known address set forth below:

> Name:MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI
> Address245-11 133RD ROAD , ROSEDALE, NY 11422

The foregoing statements are true, under penalty of perjury.

Sworn to before me on : 4/03/19

_____
NOTARY

_____
Rita Daley

LAUREN MONTENEGRO
Notary Public, State of New York
No. 01MO6283797
Qualified in Suffolk County
Commission Expires June 17, 2021

Alstate Process Service Inc. - 60 Burt DriveDeer Park, NY 11729 - Tel: 631/667-1800 - Fax:
631/667-0302

DAVID A. GALLO & ASSOCIATES LLP - 99 POWERHOUSE ROADROSLYN HEIGHTS, NY
11577516-277-6900
Client File:7613.70

1 of 1



# Attachment 16 to Complaint

**FILED: QUEENS COUNTY CLERK 04/23/2019 02:58 PM**

NYSCEF DOC. NO. 27

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/23/2019

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (7/2012)

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |
| | Judge Assigned |
| | RJI Date |

SUPREME _____ COURT, COUNTY OF QUEENS

Index No: _7̲0̲4̲3̲8̲2̲0̲1̲9̲_  Date Index Issued: _3̲/̲1̲2̲/̲1̲9̲_

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO
MORTGAGE GROUP, INC.

Plaintiff(s)/Petitioner(s)

-against-

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, ADA PATIENCE
OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI, THE UNITED STATES OF AMERICA INTERNAL
REVENUE SERVICE DEPARTMENT OF THE TREASURY, HARRIET BEIZER and "John Doe" and/or
"Jane Doe" # 1-10 inclusive, the last ten names being fictitious and unknown to plaintiff, the persons or
parties intended being the tenants, occupants, persons, corporations or heirs at law, if any, having or
claiming an interest in or lien upon the premises described in the complaint

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING:   Check ONE box only and specify where indicated.

**MATRIMONIAL**

☐ Contested

NOTE: For all Matrimonial actions where the parties have children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum. For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**

☐ Asbestos
☐ Breast Implant
☐ Environmental: _____
(specify)
☐ Medical, Dental, or Podiatric Malpractice
☐ Motor Vehicle
☐ Products Liability: _____
(specify)
☐ Other Negligence: _____
(specify)
☐ Other Professional Malpractice: _____
(specify)
☐ Other Tort: _____
(specify)

**OTHER MATTERS**

☐ Certificate of Incorporation/Dissolution   [see NOTE under Commercial]
☐ Emergency Medical Treatment
☐ Habeas Corpus
☐ Local Court Appeal
☐ Mechanic's Lien
☐ Name Change
☐ Pistol Permit Revocation Hearing
☐ Sale or Finance of Religious/Not-for-Profit Property
☐ Other: _____
(specify)

**COMMERCIAL**

☐ Business Entity (including corporations, partnerships, LLCs, etc.)
☐ Contract
☐ Insurance (where insurer is a party, except arbitration)
☐ UCC (including sales, negotiable instruments)
☐ Other Commercial: _____
(specify)

NOTE: For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the COMMERCIAL DIV RJI Addendum.

**REAL PROPERTY:**   How many properties does the application include? _____
☐ Condemnation
☒ Mortgage Foreclosure (specify):   ☒ Residential   ☐ Commercial
   Property Address: 245-11 133RD RD, ROSEDALE, NY 11422
   NOTE: For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the FORECLOSURE RJI Addendum.
☐ Tax Certiorari - Section: _____ Block: _____ Lot: _____
☐ Tax Foreclosure
☐ Other Real Property: _____
(specify)

**SPECIAL PROCEEDINGS**

☐ CPLR Article 75 (Arbitration)   [see NOTE under Commercial]
☐ CPLR Article 78 (Body or Officer)
☐ Election Law
☐ MHL Article 9.60 (Kendra's Law)
☐ MHL Article 10 (Sex Offender Confinement-Initial)
☐ MHL Article 10 (Sex Offender Confinement-Review)
☐ MHL Article 81 (Guardianship)
☐ Other Mental Hygiene: _____
(specify)
☐ Other Special Proceeding: _____

## STATUS OF ACTION OR PROCEEDING:   Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ☒ | ☐ | If yes, date filed: _3̲/̲1̲2̲/̲1̲9̲_ |
| Has a summons and complaint or summons w/notice been served? | ☒ | ☐ | If yes, date served: _4̲/̲1̲1̲/̲2̲0̲1̲9̲_ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: __/__/__ |

**FILED: QUEENS COUNTY CLERK 04/23/2019 02:58 PM**

NYSCEF DOC. NO. 27

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/23/2019

**NATURE OF JUDICIAL INTERVENTION:**   Check ONE box only AND enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Note of Issue and/or Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____/_____/_____
- ☐ Notice of Motion          Relief Sought: _____    Return Date: _____/_____/_____
- ☐ Notice of Petition        Relief Sought: _____    Return Date: _____/_____/_____
- ☐ Order to Show Cause       Relief Sought: _____    Return Date: _____/_____/_____
- ☐ Other Ex Parte Application    Relief Sought: _____
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☒ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

**RELATED CASES:**   List any related actions.  For Matrimonial actions, include any related criminal and/or Family Court cases.
If additional space is required, complete and attach the RJI Addendum.  If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES:**   For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided.
If additional space is required, complete and attach the RJI Addendum.

| Un-Rep | Parties:<br>List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff) | Attorneys and/or Unrepresented Litigants:<br>Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case.  For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Name:<br>See 2 in Addendum<br><br>Role(s):<br>Plaintiff | David A. Gallo<br>David A. Gallo & Associates LLP<br>99 Powerhouse Road, Roslyn Heights, NY 11577<br>(516) 583-5330      (516) 583-5333      dgallo@msgrb.com | ☐ YES<br><br>☒ NO |  |
| ☒ | Name:<br>ee 1 in Addendum<br><br>Role(s): |  | ☐ YES<br><br>☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES<br><br>☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES<br><br>☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES<br><br>☐ NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated: 3 , 12 , 19

_____
SIGNATURE

1716034
**ATTORNEY REGISTRATION NUMBER**

David A. Gallo
**PRINT OR TYPE NAME**

# Attachment 17 to Complaint

FILED: QUEENS COUNTY CLERK 08/26/2019 10:19 AM
NYSCEF DOC. NO. 33

INDEX NO. 704318/2019
RECEIVED NYSCEF: 08/26/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC.,

Index No.
704318/2019

Plaintiff,

**NOTICE OF
APPEARANCE**

-against-

MAURICE OPARAJI, et al.,

Defendants.
------------------------------------------------------------X

**PLEASE TAKE NOTICE** that Borchert & LaSpina, P.C. of 19-02 Whitestone Expressway, Suite 302, Whitestone, New York 11357 hereby appears as co-counsel for plaintiff Citimortgage, Inc., successor by merger to ABN Amro Mortgage Group, Inc. for the limited purpose of contesting the allegations by defendants Maurice Oparaji and Ada Oparaji that they did not sign the subject note and mortgage or that their signatures on same are forged and demands service of all papers and pleadings in this action.

1

FILED: QUEENS COUNTY CLERK 08/26/2019 10:19 AM
NYSCEF DOC. NO. 33

INDEX NO. 704318/2019
RECEIVED NYSCEF: 08/26/2019

Dated:     Whitestone, New York
           August 20, 2019

                         Borchert & LaSpina, P.C.

                         By: _____
                                 Robert W. Frommer, Esq.
                                 *Co-Counsel for Plaintiff*
                                 19-02 Whitestone Expressway, Suite 302
                                 Whitestone, New York 11357
                                 Tel. (718) 767-3333
                                 Email:    rfrommer@blpcny.com


TO:   Akerman LLP
      *Co-Counsel for Plaintiff*
      666 Fifth Avenue, 20th Floor
      New York, NY 10103
      Attn: Jordan Smith, Esq.

      Maurice Oparaji
      *Defendant, Pro Se*
      245-11 133 Road
      Rosedale, NY 11422

      Ada Oparaji
      *Defendant, Pro Se*
      12 Boylan Street
      Newark, NJ 07106

                                   2

FILED: QUEENS COUNTY CLERK 08/26/2019 10:19 AM

NYSCEF DOC. NO. 33

INDEX NO. 704318/2019

RECEIVED NYSCEF: 08/26/2019

## AFFIRMATION OF SERVICE

Robert W. Frommer, an attorney admitted to practice law before the courts of the State of New York and before the United States District Courts for the Eastern and Southern Districts of New York affirms the truth of the following pursuant to CPLR 2106:

I am over 18 years of age and I am not a party to this action.

On August 20, 2019, I served the within Notice of Appearance upon:

Akerman LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103
Attn: Jordan Smith, Esq.

Maurice Oparaji
245-11 133 Road
Rosedale, NY 11422

Ada Oparaji
12 Boylan Street
Newark, NJ 07106

the address designated for that purpose by depositing true copies of same enclosed in a postpaid properly addressed wrapper, by First Class Mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.


Dated:      Whitestone, New York
            August 20, 2019

                                    Robert W. Frommer, Esq.

3



# Attachment 18 to Complaint

FILED: QUEENS COUNTY CLERK 08/27/2019 03:55 PM
NYSCEF DOC. NO. 35

INDEX NO. 704318/2019
RECEIVED NYSCEF: 08/27/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC., et al.

**Index No. 704318/2019**

Plaintiffs,

**NOTICE OF DEPOSITION**

-against-

ADA OPARAJI, MAURICE OPARAJI,

Defendants.

ADA OPARAJI, MAURICE OPARAJI

Counter-claimants,

-against-

**FILED**

**AUG 2 7 2019**

**COUNTY CLERK**
**QUEENS COUNTY**

CITIMORTGAGE, INC; ABN AMRO
MORTGAGE GROUP, INC; CITIBANK, N.A.;
RICHARD M. BABECK; TERRY JOHNSON

Counter-defendants,

SIRS:

**PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice

Law and Rules, the testimony, upon oral examination of followings:

1. William P. Beckmann, 1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368;

2. Richard M. Babeck, 200 Water Street, New York, New York 10038.

3. Terry Johnson, 399 Park Avenue, New York, New York 10043

4. Vera Mucci, 399 Park Avenue, New York, New York 10043

5. Jane Hong, Sutton Alliance, 515 Rockaway Avenue, Valley Stream, NY 115

6. Richard F. Geary, 4242 N Harlem Ave, Norridge, IL 60706-1231

7. MARGARET A. BEZY, 3290 6th Ave Unit 3e, San Diego, CA 4130

8. Natasha Stringer, 825 Wayland Drive, O'Fallon, MO 63366

1

FILED: QUEENS COUNTY CLERK 08/27/2019 03:55 PM
NYSCEF DOC. NO. 35

INDEX NO. 704318/2019
RECEIVED NYSCEF: 08/27/2019

The deposition of these individuals named above, as adverse parties, will be taken before a notary public who is not an attorney or employee of any attorney, for any party of prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the Queens Supreme Court, 88-11 Sutphin Boulevard, Jamaica, New York, on Monday, October 28, 2019; Tuesday October 29, 2019; Wednesday, October 30, 2019; and Thursday, October 31, 2019, with respect to evidence material and necessary in the prosecution/defense of this action.

DATED: Queens, New York
        August 26, 2019

Maurice Oparaji
245-11 133 Road
Rosedale, New York 11422
Tel: (347) 650-7895
mroparaji@yahoo.com

Jordan M. Smith
Akerman Senterfitt
666 FIFTH AVENUE, 20th Floor
New York, New York 10103
Tel: (212) 880-3800 Fax: (212) 880-8965
Email: jordan.smith@akerman.com

Ada Oparaji
12 Boylan Street
Newark, New Jersey 07106
(347) 276-6451
Email: queenoparaji@yahoo.com

2



# Attachment 19 to Complaint

FILED: QUEENS COUNTY CLERK 08/27/2019 03:55 PM

NYSCEF DOC. NO. 38

INDEX NO. 704318/2019

RECEIVED NYSCEF: 08/27/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC., et al.

Index No. 704318/2019

                                    Plaintiffs,

-against-

**AFFIDAVIT OF SERVICE**

ADA OPARAJI,  MAURICE OPARAJI,
                                    Defendants.

ADA OPARAJI, MAURICE OPARAJI
                            Counter-claimants,

-against-

CITIMORTGAGE, INC; ABN AMRO
MORTGAGE GROUP, INC; CITIBANK, N.A.;
RICHARD M. BABECK; TERRY JOHNSON
                            Counter-defendants,

FILED

AUG 2 7 2019

COUNTY CLERK
QUEENS COUNTY

**PRINCE OPARAJI**, being duly sworn, hereby certify that I am over

eighteen years of age, a resident of Queens County, City and State of New York;

and that I am not a party to this action.

    That on August 26, 2019 I serve a copy of the within Defendant/Counter-

claimant, Maurice Oparaji's REQUESTS FOR ADMISSIONS, NOTICE TO

PRODUCE, NOTICE OF DEPOSITION, upon:

    Jordan M. Smith
    Akerman Senterfitt
    666 FIFTH AVENUE, 20th Floor
    New York, New York 10103
    Tel: (212) 880-3800 Fax: (212) 880-8965
    Email: jordan.smith@akerman.com

1

# Attachment 20 to Complaint

LAW OFFICES OF
## BORCHERT & LASPINA, P. C.
A PROFESSIONAL CORPORATION

19-02 WHITESTONE EXPRESSWAY • SUITE 302
WHITESTONE, NEW YORK 11357
TEL (718) 767-3333
FAX (718) 767-3309
E-MAIL - law@blpcny.com

GREGORY M. LASPINA
ROBERT W. FROMMER
EDWARD A. VINCENT
JASON P. SACKOOR

B. CAROL LENTI

HELMUT BORCHERT
OF COUNSEL

March 13, 2020

Ada Oparaji
245-11 133 Road
Rosedale, NY 11422

Maurice Oparaji
245-11 133 Road
Rosedale, NY 11422

Re:   Citimortgage, Inc. v. Oparaji, et al..
      Index No: 704318/2019

Dear Mr. and Ms. Oparaji:

Enclosed please find additional copies of the documents Bates Stamped as Citi0001
through Citi0174.

Very truly yours,

Robert W. Frommer

cc:   **Via Email**
      Jordan.Smith@akerman.com
      Jordan M. Smith, Esq.
      Akerman LLP



# Attachment 21 to Complaint

FILED: QUEENS COUNTY CLERK 10/25/2019 04:08 PM
NYSCEF DOC. NO. 79

INDEX NO. 704318/2019
RECEIVED NYSCEF: 10/25/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

| | |
|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., et al. | **Index No. 704318/2019** |
| Plaintiff, | **Hon. Justice Janice Taylor** |
| against- | **Courtroom: 41** |
| ADA OPARAJI,  MAURICE OPARAJI, | **NOTICE OF MOTION TO COMPEL AND PRECLUDE** |
| Defendants. | **CAL #: 3 - Returnable: 11/12/2019** |

ADA OPARAJI, MAURICE OPARAJI,

Defendant/Counter-claimant,

-against-

CITIMORTGAGE, INC; ABN AMRO
MORTGAGE GROUP, INC; CITIBANK, N.A.;
RICHARD M. BABECK; TERRY JOHNSON,

Counter-defendants,

---

**PLEASE TAKE NOTICE**, that upon the affidavit of Maurice Oparaji

sworn to on 23[th] day of October, 2019; upon attached NOTICE TO PRODUCE

AND NOTICE OF DEPOSITION, dated September 10, 2019; and upon attached

Maurice Oparaji and Ada Oparaji's Affidavit of Forgery sworn to on October 23,

2019; Maurice Oparaji will move this Court on **November 12, 2019**, before the

Honorable Janice Taylor, Justice of Supreme Court of State of New York, at 9:30

A.M at the County Courthouse, located at 88-11 Sutphin Boulevard, Jamaica, New

York 11435, or as soon thereafter as parties, for an Order Compelling discovery

or in the alternative an Order of the Court Precluding the Plaintiff/Counter

FILED: QUEENS COUNTY CLERK 10/25/2019 04:08 PM
NYSCEF DOC. NO. 79

INDEX NO. 704318/2019
RECEIVED NYSCEF: 10/25/2019

Defendants from offering evidence at trial of the undisclosed demands in this

action; and such other and further relief as this Court may seem just and

proper.


Dated: Queens, New York
October 23, 2019

Maurice Oparaji
245-11 133 Road,
Rosedale, NY
(718) 978-3581


**TO**: Akerman LLP,
Attorneys for plaintiff/ Counter-defendant CitiMortgage, Inc.
666 Fifth Avenue, 20th Floor
New York, New York 10103
212-880-3800

2

FILED: QUEENS COUNTY CLERK 10/25/2019 04:08 PM
NYSCEF DOC. NO. 79

INDEX NO. 704318/2019
RECEIVED NYSCEF: 10/25/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., et al. | Index No. 704318/2019 |
| Plaintiffs, | AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL AND PRECLUDE |
| against- | |
| ADA OPARAJI, MAURICE OPARAJI, | |
| Defendants. | RETURN DATE: **November 12, 2019** |

ADA OPARAJI, MAURICE OPARAJI

Counter-claimants,

-against-

CITIMORTGAGE, INC; ABN AMRO
MORTGAGE GROUP, INC; CITIBANK, N.A.;
RICHARD M. BABECK; TERRY JOHNSON

Counter-defendants,

Maurice Oparaji, being duly sworn, deposes and says as follows:

1. I am the plaintiff in the above titled action. As such, I have personal knowledge
   with the facts of this action and the proceedings heretofore.

2. Plaintiff respectfully submits this Affidavit In Support of Motion, pursuant to
   CPLR 3126(3), striking defendants' answer for failure to provide discovery; or in
   the alternative, pursuant to CPLR 3126, precluding defendants from introducing
   evidence related to the information demanded in plaintiff's NOTICE TO
   PRODUCE AND NOTICE OF DEPOSITION or in the alternative, pursuant to

1

FILED: QUEENS COUNTY CLERK 10/25/2019 04:08 PM

NYSCEF DOC. NO. 79

INDEX NO. 704318/2019

RECEIVED NYSCEF: 10/25/2019

CPLR 3124, compelling defendants to respond to plaintiff's within NOTICE TO PRODUCE AND NOTICE OF DEPOSITION, dated September 10, 2019.

3. Defendant/Counter-claimant Maurice Oparaji's efforts and good faith to resolve the documents requested have met with evasion and game playing at every turn.

4. When Defendant/Counter-claimant Maurice Oparaji did not received the discovery demands from the Plaintiffs/Counter Defendants, on October 10, 2019, Defendant/Counter-claimant Maurice Oparaji made efforts to resolve the documents requested; Defendant/Counter-claimant Maurice Oparaji called Plaintiffs/Counter Defendants' counsel on 212-880-3800 and left a message, but Plaintiffs/Counter Defendants' counsel did not return his call; hence, this motion.

5. This motion is based on all of the pleadings, files, discovery notices, and records herein.

6. Defendant/Counter-claimant Maurice Oparaji has previously served and filed a Demand for Discovery (the "Demand") on dated September 10, 2019.

7. A copy of the Demand is annexed as Exhibit "A". The Demand called for the plaintiffs to produce certain documents required to be disclosed to the Defendant/Counter-claimant Maurice Oparaji and made available for inspection.

2

FILED: QUEENS COUNTY CLERK 10/25/2019 04:08 PM
NYSCEF DOC. NO. 79

INDEX NO. 704318/2019
RECEIVED NYSCEF: 10/25/2019

Defendant/Counter-claimant Maurice Oparaji seeks an Order compelling the

Plaintiffs/Counter Defendants to turn over the following records:

1. **PRODUCED**
2. **PRODUCED THE MORTGAGE ONLY - FAILED to** produce a copy of October 24, 2003 Promissory Note.
3. Produce a copy of March 31 and April 1, 2004 Original Mortgage and Promissory Note.
4. Provide an itemized accounting/validation of that the debt that plaintiff/Counter-Defendant CitiMortgage, Inc claims unpaid.
5. Provide all monies reflected in the unapplied holding account.
6. All documents which are related to the subject loan transaction including but not limited to the Notes, security agreements, mortgages, assignments, allonges, insurance agreements, pooling and servicing agreements and any and all other documents that relate or reference in any way the loan, or Plaintiff's ability to service the loan, which is the subject of this instant litigation.
7. All documents which show the exact date that Plaintiff came into possession of the Note(s) in question.
8. All documents which show that Plaintiff/Counter-Defendant CitiMortgage or its agents held, received, or was in possession of the original note on or before March 12, 2019.
9. All agreements, contracts, or other documents which support the responses Plaintiff/Counter-Defendant CitiMortgage or its agents made to Defendant/Counter-claimant's First Set of Admissions.
10. If the Plaintiff claims that this mortgage and note are held in trust and the Plaintiff is associated with said trust, please produce any relevant mortgage loan schedule which should include the Mortgagor's name, loan identification number, the property address, etc. Please also produce any exceptions schedule which shows what mortgages were not transferred into the trust.
11. Any corporate resolution, power of attorney, contract, or document which shows that all parties which are able to act as servicing agent or otherwise authorized to act on behalf of Plaintiff/Counter-Defendant CitiMortgage with regard to the note or mortgage attached to the complaint.
12. All correspondence generated by any party concerning the loan transaction, mortgage or note in question, and instant foreclosure, from the May 1, 2007 until the date of responding to this request.
13. All telephone log sheets, computer printouts and any other internal memoranda or notes concerning this account.

3

FILED: QUEENS COUNTY CLERK 10/25/2019 04:08 PM
NYSCEF DOC. NO. 79

INDEX NO. 704318/2019
RECEIVED NYSCEF: 10/25/2019

14. All executed or unexecuted, recordable or non-recordable assignments associated in any way with the subject loan including, but not limited to, assignments, transfers, allonges or any other document that purports to transfer the interest in the subject note and mortgage to any party from the date of its inception until the date of answering these requests for production.

15. All contracts between the Plaintiff and any person or entity responsible for servicing the mortgage and/or note.

16. All contracts, agreements and any other documents which show how and when the note and mortgage that are at dispute in this transaction came into possession of the Plaintiff/Counter-Defendant CitiMortgage or to another party.

17. All notices sent to Defendant/Counter-claimant, Maurice Oparaji pursuant to the Mortgage.

18. All documents which show the (1) name of the computer system that holds, processes, creates documents, prepares data, maintain, analysis, and otherwise contain the documents, information, data compilations, codes, and records of Defendant/Counter-claimant, Maurice Oparaji's purported mortgage, note, payment history,  indebtedness, lender placed insurance, hazard insurance, late charges, appraisal, property inspections, brokers price opinions, title charges, title updates, etc., (2) the date of the system was created, (3) who maintains the system, (4) who developed the system, (5) what tasks the system performs, (6) who has access to the system, (7) how often the system is audited for accuracy, (8) how information is boarded or input into the system, (9) who boards the information into the system, and (10) where the server to the system is located.

19. Any and all bailee letters or other documents or data compilations which show who owned, held, serviced, or otherwise had any rights to enforce the note or mortgage attached to Plaintiff/Counter-Defendant CitiMortgage's complaint.

20. All documents that borrower sent to lender, or its successors and assigns that designates a substitute address by which notices should be sent under the mortgage.

21. All assignments of mortgage upon which Plaintiff/Counter-Defendant CitiMortgage relies on.

22. All documents that Plaintiff/Counter-Defendant CitiMortgage intends to rely on at trial

23. A copy of the mortgage loan schedule which reference the instant note or mortgage.

24. A copy of all Requests for Release of Documents which reference the instant note or mortgage.

25. All written notices to either Defendant or Defendants which notify them of the assignment of the note at issue to another entity.

26. All communications regarding or relating to the creation of the Assignment of Mortgage.

4

FILED: QUEENS COUNTY CLERK 10/25/2019 04:08 PM
NYSCEF DOC. NO. 79

INDEX NO. 704318/2019
RECEIVED NYSCEF: 10/25/2019

27. All communications and instructions between Richard M. Babeck or Citibank, N.A. and ABN Amro Mortgage Group, Inc.

28. Provide name, address, and phone number, of the Notary Public who notarized the mortgagors at page 10 of 10 of the March 31, 2004 mortgage attached to the complaint, dated April 1, 2004.

29. Provide all documents that Plaintiff/Counter-Defendant CitiMortgage is the mortgage and holder of the subject note and mortgage.

30. Provide all documents, including Mortgage disclosure under the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), Closing Disclosure, Loan Estimate, good faith, and closing documents to the March 31, 2004 mortgage. . (**EXHIBIT A**); see also **EXHIBIT C.**

8. Defendant/Counter-claimant Maurice Oparaji seeks an Order compelling the Plaintiffs/Counter Defendants to produce the following individuals for deposition:

1. William P. Beckmann, 1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368;
2. Richard M. Babeck, 200 Water Street, New York, New York 10038
3. Terry Johnson, 399 Park Avenue, New York, New York 10043
4. Vera Mucci, 399 Park Avenue, New York, New York 10043
5. Jane Hong, Sutton Alliance, 515 Rockaway Avenue, Valley Stream, NY 115
6. Richard F. Geary, 4242 N Harlem Ave, Norridge, IL 60706-1231
7. MARGARET A. BEZY, 3290 6th Ave Unit 3e, San Diego, CA 4130
8. Natasha Stringer, 825 Wayland Drive, O'Fallon, MO 63366. (**EXHIBIT B**); see also **EXHIBIT D.**

9. In 2015 at the Civil Court of the City of New York, Defendant/Counter-claimant Maurice Oparaji made similar demands, but these plaintiffs/Counter Defendants think they above the law. The Court should

5

FILED: QUEENS COUNTY CLERK 10/25/2019 04:08 PM
NYSCEF DOC. NO. 79

INDEX NO. 704318/2019
RECEIVED NYSCEF: 10/25/2019

take Judicial Notice of Maurice Oparaji and Ada Oparaji's Affidavit of Forgery sworn to on October 23, 2019 and exhibits annexed hereto.

10. A copy of Maurice Oparaji and Ada Oparaji's Affidavit of Forgery sworn to on October 23, 2019, including exhibits is annexed hereto.

11. The Defendant/Counter-claimant Maurice Oparaji respectfully requests the right to make any and all further motions as may be necessary, based upon information and disclosure which may result from the granting of the request made herein, and/or information received from any record within a reasonable time.

**WHEREFORE**, the affiant, upon the foregoing grounds respectfully requests this Court to grant the relief sought herein, and for such other and further relief as to this Court may seem just and proper.

MAURICE OPARAJI

Sworn to before me
this 23 day of October 2019

NOTARY PUBLIC
GREGG McLEOD
Notary Public - State of New York
No. 01MC6393923
Qualified in Nassau County
My Comm. Expires Sep. 27, 2020

6

8 of 61



# Attachment 22 to Complaint

FILED: QUEENS COUNTY CLERK 01/06/2020 10:47 AM
NYSCEF DOC. NO. 108

INDEX NO. 704318/2019
RECEIVED NYSCEF: 01/06/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC., et al.

                  Plaintiffs,

    -against-

ADA OPARAJI,  MAURICE OPARAJI,

                  Defendant

**Index No. 704318/2019**

**AFFIDAVIT OF SERVICE**

ADA OPARAJI, MAURICE OPARAJI

                  Counter-claimants,

    -against-

CITIMORTGAGE, INC; ABN AMRO
MORTGAGE GROUP, INC; CITIBANK, N.A.;
RICHARD M. BABECK; TERRY JOHNSON
                  Counter-defendants,

FILED

JAN – 6 2020

COUNTY CLERK
QUEENS COUNTY

      **PRINCE OPARAJI**, being duly sworn, hereby certify that I am over

eighteen years of age, a resident of Queens County, City and State of New York;

and that I am not a party to this action.

      That on January 6, 2020 I serve a copy of the within Defendant/Counter-

Claimant, Ada Oparaji's Combined Demands for Disclosure of Witness Expects

and Party Statements, upon:

1

FILED: QUEENS COUNTY CLERK 01/06/2020 10:47 AM
NYSCEF DOC. NO. 108

INDEX NO. 704318/2019
RECEIVED NYSCEF: 01/06/2020

Robert W. Frommer
19-02 Whitestone Expwy, Suite 302
Whitestone, NY 11357
Tel: 718-767-3333
Email: rfrommer@blpcny.com

Jordan Michael Smith
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel: (212) 880-3800
Email: jordan.smith@akerman.com

Maurice Oparaji
245-11 133 Road
Rosedale, New York 11422
Tel: (347) 650-7895
Email: mroparaji@yahoo.com

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office of the United States Postal Service within the State of New York; also Via

Email: rfrommer@blpcny.com, jordan.smith@akerman.com, mroparaji@yahoo.com

PRINCE OPARAJI

Sworn to before me
this 6th day of January, 2020

NOTARY PUBLIC

TRACEY RAMGATTIE
Notary Public - State of New York
No. 01RA6248847
Qualified in Queens County
My Comm. Expires Oct. 17, 2023

2

2 of 2

# Attachment 23 to Complaint

**FILED: QUEENS COUNTY CLERK 04/23/2019 02:58 PM**

NYSCEF DOC. NO. 22

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/23/2019



*2727756*

## Affidavit of Service by Mail
**PURSUANT TO CPLR 3215**

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS**

| | |
|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC.,<br><br>-against-<br><br>MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, ET AL | Att File: 7613.70<br>Internal Id: 2727756<br>Index: 704318/2019<br>S & C Filed: 03/12/2019 |

**State of New York
County of Suffolk        ss.:**

**Joseph Leggio** being duly sworn, deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the State of New York.

That on   *4-22-19*   Deponent mailed a copy of the **SUMMONS and 1303 Notice** in this action on those defendants listed below by first class mail in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt.

Defendant(s):        MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI
                              245-11 133RD ROAD , ROSEDALE, NY 11422

Said mailing(s) was made to the Defendant(s) place of residence.

The foregoing statements are true, under penalty of perjury.

Sworn to before me on : *4/23/19*

Joseph Leggio

SUSAN R. RAMIREZ
Notary Public, State of New York
No. 01RA5002939
Qualified in Suffolk County
Commission Expires Oct. 13, 2022

Alstate Process Service Inc. - 60 Burt DriveDeer Park, NY 11729 - Tel: 631/667-1800 - Fax: 631/667-0302
DAVID A. GALLO & ASSOCIATES LLP - 99 POWERHOUSE ROADROSLYN HEIGHTS, NY 11577516-277-6900



# Attachment 24 to Complaint

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

| | |
|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., et al. | **Index No. 704318/2019** |
| Plaintiff, | |
| against- | **Judicial Notice for Plaintiff/Counter-Defendant's Failure to Appear at the 5/5/2021 VIRTUAL CONFERENCE** |
| ADA OPARAJI,  MAURICE OPARAJI, | |
| Defendants, | |
| | |
| ADA OPARAJI, MAURICE OPARAJI, | |
| Defendants/Counter-claimants, | |
| -against- | |
| CITIMORTGAGE, INC; ABN AMRO MORTGAGE GROUP, INC; CITIBANK, N.A RICHARD M. BABECK; TERRY JOHNSON, | |
| Counter-defendants. | |

The Clerk's Office
Queens County Supreme Court, Civil Term
88-11 Sutphin Blvd.,
Jamaica, NY 11435

I am the defendant/counter-claimant in the above titled action. As such, I have personal knowledge with the facts of this action, from the Court's record, David Gallo of David A. Gallo & Associates LLP, 99 Powerhouse Road, Roslyn Heights, NY 11577, 516-583-5330, dgallo@msgrb.com, is still the attorney of record in this matter.

Defendant/Counter-claimant Maurice Oparaji believes in the rule of law; as a result, the appearance of Jordan M. Smith of Akerman LLP who has not been

1

substituted in accordance with CPLR §321(b) should be disregarded. (*Kitsch v. Riker Oil Co.*, 23 AD2d 502).

The undersigned Maurice Oparaji defendant/counter-claimant, requests that the Court take judicial notice of the contents of this case; no record of consent to change, no substitute of attorney, and no Order of the Court to withdraw or be changed. Jordan M. Smith of Akerman LLP is not the attorney of record.

The undersigned Maurice Oparaji defendant/counter-claimant attached herein a Foreclosure Settlement Conference Status Form dated 5/5/2021 as Exhibit "A"

**RESPECTFULLY SUBMITTED** this 11ᵗʰ day of May 11, 2021.

Maurice Oparaji
Defendant/Counter-claimant
245-11 133 Road
Rosedale, NY 11422
(347) 650-7895

Copy to:

David Gallo
David A. Gallo & Associates LLP
99 Powerhouse Road. First Floor
Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com

Ada Oparaji
Defendant/Counter-claimant
12 Boylan Street
Newark, New Jersey 07106
queenoparaji@yahoo.com

# EXHIBIT A.

# FORECLOSURE SETTLEMENT CONFERENCE STATUS FORM

**Supreme Court of the State of New York County of** Queens

Citimortgage _____ **Plaintiff(s),** *v.*   Index No.: 704318/2019

Maurice Oparaji _____ **Defendant(s)**   # of prior conferences _____

A Residential Foreclosure Conference was held on May 5, 2021

---

## Appearances For Plaintiff(s) ("P")  ☐Retained Counsel ☐Per Diem

Jordan Smith _____   jordan.smith@akerman.com/212-880-3838
_____ *Name:* _____   _____ *Email/Phone:* _____

Akerman LLP _____
_____ *Law Firm:* _____   _____ *Loan Servicer:* _____

## For Defendant(s) ("D") ☐Unrepresented ☐Retained Counsel ☐Limited Representation ☐Other

Maurice Oparaji _____   mroparaji@yahoo.com/347-650-7895
_____ *Name:* _____   _____ *Email/Phone:* _____

_____ *Law Firm:* _____   _____ *Servicer Provider:* _____

Other:_____

---

☐ Defendant Filed and Served an Answer, Default Vacated     ☐ Defendant did NOT file an Answer

☐ On _____ [date], **D** submitted an initial/updated modification/short sale package to **P**.

☐ On _____ [date], **P** requested that **D** submit the following additional documents:

_____

☐ **P** did not comply with this Court's prior directive dated _____, in that: _____

_____

☐ **D** did not comply with this Court's prior directive dated _____, in that: _____

_____

---

### FOLLOWING A SETTLEMENT CONFERENCE, IT IS HEREBY DIRECTED THAT:

☐ By _____ [date], **P** shall provide to **D** a loan modification/short sale application.

☐ By _____ [date], **D** shall submit to **P** a completed loan modification/short sale application.

☐ By _____ [date], **P** shall send Missing Document Letter, if necessary.

☐ By _____ [date], **D** shall respond to the Missing Document Letter.

☐ Other: AO 157/20 and 341/20: Defendant Maurice Oparaji stated he has no hardship due to COVID-19.

Defendant Ada Oparaji did not appear.  Plaintiff to mail and e-mail this form to defendant Ada Oparaji and submit proof of service.

Adjourned for appearance of defendant Ada Oparaji.

Defendant objected to the appearance of Akerman LLP arguing they are not counsel of record.  Objection is noted.

---

☐ Case Settled by loan modification (FSCLMR) (FSCLMU) ☐ Case Dismissed (FSCDISMR) (FSCDISMU) _____

☐ Case Settled other than loan modification (FSCOTR) (FSCOTU)
    ☐ loan reinstatement  ☐ loan satisfaction  ☐ MHA  ☐ short sale  ☐ Deed in Lieu

☐ Case Discontinued. **P** shall file a Notice of Discontinuance and serve a Certified Copy of such Discontinuance, upon **D** within (45) days of the date herein. (FSCDISCR) (FSCDISCU)

☐ Case is not settled and **P** may proceed with the action. Unless otherwise directed by the Court, failure to proceed will result in dismissal of the action. (FSCCNSR) (FSCCNSU)

☐ Stayed pending other outcome (FSCSTAYR) (FSCSTAYU)

☐ **D** failed to appear at the scheduled conference, **P** to proceed with action. (FSCDFTR) (FSCDFTU)

**The court directs an adjournment to** May 25, 2021 _____ **at** 9:30 a.m.

☑ **For a further conference.**    ☐ **Trial modification.** (FSCCTDR) (FSCCTDU)

| Directed by: *Daniel S Gordon* | P acknowledges receipt by signing below: | D acknowledges receipt by signing below: |
|---|---|---|
| Date: 5/5/2021 | | |
| Revised 01.01.17 | *Signature* | *Signature* |

LINK TO AO 157/20 - AO 341/20 CONFERENCES

Yahoo Mail - Index #: 704318/2019; CITIMORTGAGE, INC., ...          https://mail.yahoo.com/d/folders/2/messages/249559?.intl=za&g...

## Index #: 704318/2019; CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. v. MAURICE H. OPARAJI et al

From: prince oparaji (mroparaji@yahoo.com)

To:   dgallo@msgrb.com; queenoparaji@yahoo.com

Date: Tuesday, May 11, 2021, 3:54 PM EDT

David Gallo
David A. Gallo & Associates LLP
99 Powerhouse Road. First Floor
Roslyn Heights, NY 11577
516-583-5330
dgallo@msgrb.com

Ada Oparaji
Defendant/Counter-claimant
12 Boylan Street
Newark, New Jersey 07106
queenoparaji@yahoo.com

Dear Sir/Madam:

Attached herein, please find a copy of the request that the Court take judicial notice of the contents of this case; no record of consent to change, no substitute of attorney, and no Order of the Court to withdraw or be changed. Jordan M. Smith of Akerman LLP is not the attorney of record.

/s/Maurice Oparaji

 2021_05_11_15_42_29.pdf
181.9kB

 

# NYSCEF - Queens County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 05/11/2021 04:02 PM. Please keep this notice as a confirmation of this filing.

**704318/2019**

**CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. v. MAURICE H. OPARAJI et al**

**Assigned Judge: CC COMPLIANCE**

## Documents Received on  05/11/2021 04:02 PM

| Doc # | Document Type |
|---|---|
| 249 | FORECLOSURE -SETTLEMENT CONFERENCE INELIGIBLE AFFIRMATION |
|  | Request that the Court take judicial notice of the contents of this case; no record of consent to change, no substitute of attorney, and no Order of the Court to withdraw or be changed. Jordan M. Smith of Akerman LLP is not the attorney of record. |
| 250 | PROOF OF SERVICE |
|  | Proof of Service |

## Filing User

Maurice Oparaji | mroparaji@yahoo.com | 718-978-3581
245-11 133 Road, Rosedale, NY 11422

## E-mail Notifications

An email regarding this filing has been sent to the following on 05/11/2021 04:02 PM:

**STEFAN M. CANIZARES - stefan.canizares@akerman.com**
**ROBERT W. FROMMER - rfrommer@blpcny.com**
**DAVID A. GALLO - efilings@msgrb.com**
**Maurice Oparaji - mroparaji@yahoo.com**
**BETH P. SCHWARTZ - beth.schwartz@usdoj.gov**
**VICTOR M. SERBY - serbyv@gmail.com**
**JORDAN M. SMITH - jordan.smith@akerman.com**

---

**Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov**
Phone: 718-298-0173, 718-298-0601     Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 2

 

# NYSCEF - Queens County Supreme Court
# Confirmation Notice

**704318/2019**
**CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. v. MAURICE H. OPARAJI et al**
**Assigned Judge: CC COMPLIANCE**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Respondent | ADA PATIENCE OPARAJI | No consent on record. |
| Respondent | John Doe | No consent on record. |
| Respondent | if any, having or claiming an interest in or lien upon | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov**
Phone: 718-298-0173, 718-298-0601      Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 2 of 2



# Attachment 25 to Complaint

FILED: QUEENS COUNTY CLERK 04/09/2019 04:55 PM
NYSCEF DOC. NO. 13

INDEX NO. 704318/2019
RECEIVED NYSCEF: 04/09/2019

**STATE OF NEW YORK SUPREME COURT**
**COUNTY OF QUEENS**                    **Index No. 704318/2019**

CITIMORTGAGE, INC., SUCCESSOR BY
MERGER TO ABN AMRO MORTGAGE
GROUP, INC., et al.

                              Plaintiffs,

           -against-

ADA OPARAJI, MAURICE OPARAJI, et al
                           Defendants.

                         **AFFIDAVIT OF SERVICE**

       PRINCE OPARAJI, being duly sworn, deposes and says that I am not a party to this action, am over 18 years of age and resides in Queens County, City and State of New York; that on the 9th day of April, 2019, I served defendant Maurice Oparaji's Verified Answer with Counterclaim, Notice of Opt-Out from participation in action subject to mandatory electronic filing, and attachments, upon:

DAVID A. GALLO & ASSOCIATES LLP,
Attorneys for Plaintiff
99 Powerhouse Road – First Floor
Roslyn Heights, NY 11577

ABN Amro Mortgage Group, Inc
329 Hempstead Turnpike
West Hempstead, NY 11552

Richard M. Babeck
200 Water Street
New York, New York 10038

Terry Johnson
399 Park Avenue
New York, New York 10043

Ada Oparaji
12 Boylan Street
Newark, New Jersey 07106

Sworn to before me
this 9 day of April, 2019

_____
NOTARY PUBLIC

_____
PRINCE OPARAJI

GREGG McLEOD
Notary Public - State of New York
No. 01MC6193923
Qualified in Nassau County
My Comm. Expires Sep. 22, 2020

FILED
APR 09 2019
COUNTY CLERK
QUEENS COUNTY

1 of 1



# Attachment 26 to Complaint

FILED: QUEENS COUNTY CLERK 04/05/2019 05:01 PM
NYSCEF DOC. NO. 9

INDEX NO. 704318/2019
RECEIVED NYSCEF: 04/05/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

AFFIDAVIT OF SERVICE



*2729318*

Index no :704318/2019

| Plaintiff(s): | CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., |
| Defendant(s): | MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, ET AL |

STATE OF NEW YORK
COUNTY OF SUFFOLK      ss.:

Joseph Leggio, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the STATE OF NEW YORK.

On 04/03/2019 at 3:46 PM, deponent served the within 1303 NOTICE-Help for Homeowners in Foreclosure in bold fourteen-point type and printed on colored paper, that is other than the color of the summons and verified complaint, and the title of the notice printed in bold twenty-point type in compliance with RPAPL Sect 1303.; SUMMONS AND VERIFIED COMPLAINT AND NOTICE OF PENDENCY AND E-FILE NOTICE; CERTIFICATE OF MERIT bearing Index Number 704318/2019 and date of filing of 03/12/2019 on MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD-OPARAJI at 245-11 133RD ROAD, ROSEDALE, NY 11422 in the manner indicated below:

AFFIXED TO DOOR: By taping a true copy of each to the door of said premises, which is defendant's place of residence within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion after having attempted personal delivery on;

3/22@3:21PM;3/25@2:04PM;4/3@3:46PM - YELLOW SIDED RESIDENCE/BLACK DOOR / LAST KNOWN ADDRESS

On 04-5-19 deponent enclosed a copy of above mentioned documents to MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD-OPARAJI at said defendant's actual place of residence, at 245-11 133RD ROAD,ROSEDALE, NY 11422 in a 1st Class postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office.

Sworn to and subscribed before me on 4-5-19      X _____
                                                       Joseph Leggio
                                                       License#: 1273575
                                                       Alstate Process Service Inc.
ILIANA JAZMIN WOLLNEY                                   60 Burt Drive
Notary Public, State of New York                       Deer Park, NY 11729
No. 01WO6246283                                        631/667-1800
Notary Public,      Qualified in Suffolk County
                    Commission Expires Aug. 8, 2019    DAVID A. GALLO & ASSOCIATES LLP
                                                       99 POWERHOUSE ROAD
                                                       FIRST FLOOR
                                                       ROSLYN HEIGHTS, NY 11577
                                                       516-277-6900

                                                       Atty File#: 7613.70

1 of 1

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO
ABN AMRO MORTGAGE GROUP, INC.,

Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI
A/K/A MAURICE UD OPARAJI, ADA PATIENCE
OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI,
THE UNITED STATES OF AMERICA INTERNAL
REVENUE SERVICE DEPARTMENT OF THE
TREASURY, HARRIET BEIZER and "John Doe" and/or
"Jane Doe" # 1-10 inclusive, the last ten names being fictitious
and unknown to plaintiff, the persons or parties intended being
the tenants, occupants, persons, corporations or heirs at law, if
any, having or claiming an interest in or lien upon the premises
described in the complaint,

Defendants.

Index No.
Date Filed:

SUMMONS

Plaintiff designates
Queens County as the
place of trial based on
the location of the
mortgaged premises in
this action.

**We are attempting to collect a debt, and any information obtained will be used for that purpose.**

To the above-named defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York) or within (60) days after service of this summons if it is the United States of America; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

- 1 -

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

NYSCEF DOC. NO. 1

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

## NOTICE

## YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.  Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.  Sending a payment to your mortgage company will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

## NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT

This is an action to foreclose a mortgage lien on the premises described herein.

The object of the above captioned action is to foreclose a Mortgage to secure $264,700.00 and interest, recorded in the Office of the City Register of Queens County on October 20, 2004 in CRFN 2004000648680, covering premises known as 245-11 133RD RD, ROSEDALE, COUNTY OF QUEENS, CITY AND STATE OF NEW YORK 11422 (BLOCK 13209 AND LOT 80).

- 2 -

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM
NYSCEF DOC. NO. 1

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2019

The relief sought in the within action is a final judgment directing the sale of the premises described above. The Plaintiff also seeks a deficiency judgment against the Defendant, MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, for any debt secured by said Mortgage which is not satisfied by the proceeds of the sale of said premises, unless discharged in bankruptcy.

Dated: Roslyn Heights, New York
_____3:12____, 2019

DAVID A. GALLO & ASSOCIATES LLP

By: _____
DAVID A. GALLO, ESQ.
*Attorneys for Plaintiff*
99 Powerhouse Road - First Floor
Roslyn Heights, NY 11577
(516) 583-5330
(516) 583-5333 - fax

TO:    MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD
       OPARAJI
       245-11 133RD RD
       ROSEDALE, NY 11422

       ADA PATIENCE OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI
       245-11 133RD RD
       ROSEDALE, NY 11422

       THE UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE
       DEPARTMENT OF THE TREASURY
       10 METROTECH CENTER
       625 FULTON STREET
       BROOKLYN, NY 11201

       HARRIET BEIZER
       108-18 QUEENS BLVD.
       FOREST HILLS, NY 11375

- 3 -

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

NYSCEF DOC. NO. 2

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CITIMORTGAGE, INC., SUCCESSOR BY MERGER
TO ABN AMRO MORTGAGE GROUP, INC.,

Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI
A/K/A MAURICE UD OPARAJI, ADA PATIENCE
OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA
OPARAJI, THE UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE DEPARTMENT
OF THE TREASURY, HARRIET BEIZER and "John
Doe" and/or "Jane Doe" # 1-10 inclusive, the last ten
names being fictitious and unknown to plaintiff, the
persons or parties intended being the tenants, occupants,
persons, corporations or heirs at law, if any, having or
claiming an interest in or lien upon the premises
described in the complaint,

Defendants.

Index No.

**NOTICE OF PENDENCY**

**NOTICE IS HEREBY GIVEN** that an action has been commenced and is pending in this Court upon a verified complaint of the above named Plaintiff against the above named Defendants for the foreclosure of a Mortgage dated March 31, 2004, executed by MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI and ADA PATIENCE OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA OPARAJI, as Mortgagors, to ABN AMRO MORTGAGE GROUP, INC., as Mortgagee, to secure the sum of $264,700.00 recorded in the Office of the City Register of Queens County on October 20, 2004 in CRFN 2004000648680, covering premises known as 245-11 133RD RD, ROSEDALE, COUNTY OF QUEENS, CITY AND STATE OF NEW YORK 11422 (BLOCK 13209 AND LOT 80).

**NOTICE IS FURTHER GIVEN** that the mortgaged premises affected by said foreclosure action, at the time of the commencement of said action and at the time of the filing of

- 1 -

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM
NYSCEF DOC. NO. 2

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

this notice, was identified as BLOCK 13209 AND LOT 80 and situated at 245-11 133RD RD,

ROSEDALE, COUNTY OF QUEENS, CITY AND STATE OF NEW YORK 11422, and is more

particularly described in said Mortgage and in Exhibit A attached hereto and made a part hereof.

The Clerk of the County of Queens is directed to index this notice to the names of all of

the above Defendants.

Dated: Roslyn Heights, New York
       3.12, 2019

DAVID A. GALLO & ASSOCIATES LLP

By: _____
    DAVID A. GALLO, ESQ.
    *Attorneys for Plaintiff*
    99 Powerhouse Road - First Floor
    Roslyn Heights, NY 11577
    (516) 583-5330
    (516) 583-5333 - fax

-2-

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

NYSCEF DOC. NO. 2

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

# *Intracoastal Abstract Co., Inc.*

Search No.:        MSGF-301511Q
State              NEW YORK
Town/City:         Rosedale
County             Queens
Tax Designation    Block 13209 Lot 80
Street No.:        245-11 133rd Road, Rosedale, N.Y.

## SCHEDULE A
## DESCRIPTION OF PREMISES

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of 133rd Road (Gordon Place) (60 feet wide) with the easterly side of 245th Street (60 feet wide), as said street and road are shown on the Final Topographical Map for the City of New York, Borough of Queens;

RUNNING THENCE northerly along the easterly side of 245th Street, 78.34 feet;

THENCE southerly along a line forming an interior angle of 15 degrees 17 minutes 45 seconds with the easterly side of 245th Street, 26.19 feet;

THENCE northeasterly along a line forming an interior angle of 274 degrees 52 minutes 35 seconds with the preceding course, 77.86 feet;

THENCE southerly along a line forming an interior angle of 69 degrees 49 minutes 40 seconds with the preceding course, 79.91 feet to the northerly side of 133rd Road;

THENCE westerly along the northerly side of 133rd Road, 80 feet to the point or place of BEGINNING.

**FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM**

NYSCEF DOC. NO. 2

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC.,

Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, et al.,

Defendant(s)

**NOTICE OF PENDENCY**

Signature (Rule 130-1.1-a)

David A. Gallo, Esq.

**DAVID A. GALLO & ASSOCIATES LLP**
Attorneys for Plaintiff
99 Powerhouse Road - First Floor
Roslyn Heights, NY 11577
(516) 583-5330
Our file #: 7613.70

To:

Attorney(s) for

Service of a copy of the within _____ is hereby admitted.
Dated: _____

Attorney's for:

Sir:-Please take notice
:: NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on          2019
⊠ NOTICE OF SETTLEMENT
that an order          of which the within is a true copy will be presented for
settlement to the HON.                              one of the judges
of the within named court, at
on          2019  at          M.
Dated,

Yours, etc.
DAVID A. GALLO & ASSOCIATES LLP
Office & P.O. Address
99 Powerhouse Road - First Floor
Roslyn Heights, NY 11577
(516) 583-5330

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM
NYSCEF DOC. NO. 3

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CITIMORTGAGE, INC., SUCCESSOR BY MERGER
TO ABN AMRO MORTGAGE GROUP, INC.,

Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI
A/K/A MAURICE UD OPARAJI, ADA PATIENCE
OPARAJI A/K/A ADA P. OPARAJI A/K/A ADA
OPARAJI, THE UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE DEPARTMENT
OF THE TREASURY, HARRIET BEIZER and "John
Doe" and/or "Jane Doe" # 1-10 inclusive, the last ten
names being fictitious and unknown to plaintiff, the
persons or parties intended being the tenants, occupants,
persons, corporations or heirs at law, if any, having or
claiming an interest in or lien upon the premises
described in the complaint,

Defendants.

**Index No.**

**CERTIFICATE OF MERIT
PURSUANT TO CPLR 3012-B**

1.     I am an attorney at law duly licensed to practice in the State of New York, and am
affiliated with the law firm of DAVID A. GALLO & ASSOCIATES LLP, attorney for plaintiff,
CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP,
INC., in this action.

2.     This residential foreclosure action involves a home loan, as such term is defined in
Real Property Actions and Proceedings Law §1304. Upon information and belief, Defendant,
Maurice H. Oparaji A/K/A Maurice Oparaji A/K/A Maurice Ud Oparaji And Ada Patience Oparaji
A/K/A Ada P. Oparaji A/K/A Ada Oparaji, is a resident of the property subject to foreclosure.

3.     I have reviewed the facts of this case and reviewed pertinent documents, including
the mortgage, security agreement and note or bond underlying the mortgage executed by
defendant, all instruments of assignment (if any), and all other instruments of indebtedness
including any modification, extension, and consolidation.

4.     I have consulted about the facts of this case with the following representatives of
plaintiff:

| Name | Title |
|---|---|
| WILMA MYIOW | VICE PRESIDENT DOCUMENT EXECUTION FOR CENLAR FSB SERVICER OF CITIMORTGAGE, INC., |

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

NYSCEF DOC. NO. 3

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

5.      Upon this review and consultation, to the best of my knowledge, information, and belief, I certify that there is a reasonable basis for the commencement of this action, and that plaintiff is the creditor entitled to enforce rights under these documents.

6.      Listed in Exh. A and attached hereto are copies of the following documents not otherwise included as attachments to the summons and complaint:   the mortgage, security agreement and note or bond underlying the mortgage executed by the defendant; all instruments of assignment (if any); and any other instrument of indebtedness, including any modification, extension, and consolidation. (Check box if no documents are attached in Exh. A: ☐.)

7.      Listed in Exh. B and attached hereto are supplemental affidavits attesting that certain documents as described in paragraph 5 supra are lost, whether by destruction, theft, or otherwise.   (Check box if no documents are attached in Exh. B: ☐.)

8.      I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated: Roslyn Heights, New York
        3\12 , 2019

                                       DAVID A. GALLO & ASSOCIATES LLP

                          By: _____
                                       DAVID A. GALLO, ESQ.
                                       *Attorneys for Plaintiff*
                                       99 Powerhouse Road - First Floor
                                       Roslyn Heights, NY 11577
                                       (516) 583-5330
                                       (516) 583-5333 - fax

**FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM**
NYSCEF DOC. NO. 3

INDEX NO. 704318/2019
RECEIVED NYSCEF: 03/12/2019

**Index No.:**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC.,

Plaintiff,

-against-

MAURICE H. OPARAJI A/K/A MAURICE OPARAJI A/K/A MAURICE UD OPARAJI, et al.,

Defendant(s)

## CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-b

Signature (Rule §30-1.1(a))

David A. Gallo, Esq.

**DAVID A. GALLO & ASSOCIATES LLP**
Attorneys for Plaintiff
99 Powerhouse Road - First Floor
Roslyn Heights, NY 11577
(516) 583-5330
Our file #: 7613.70

To:
Attorney(s) for

Service of a copy of the within _____ is hereby admitted.
Dated: _____

Attorney's for:

Sir:-Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    2019
☐ NOTICE OF SETTLEMENT
that an order                    of which the within is a true copy will be presented for
settlement to the HON.                    one of the judges
of the within named court, at
on          2019    at          M.
Dated,

Yours, etc.
DAVID A. GALLO & ASSOCIATES LLP
Office & P.O. Address
99 Powerhouse Road - First Floor
Roslyn Heights, NY   11577
(516) 583-5330

FILED: QUEENS COUNTY CLERK 03/12/2019 04:49 PM

NYSCEF DOC. NO. 4

INDEX NO. 704318/2019

RECEIVED NYSCEF: 03/12/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Queens

### STATEMENT OF AUTHORIZATION FOR
### ELECTRONIC FILING
#### (Single Attorney Authorizing Individual Filing Agent)

I, *David A. Gallo*, Esq., ( Attorney Registration No. _____ ) am an authorized user of the New York State Courts Electronic Filing System ("NYSCEF") (User ID _____ ). I hereby authorize *Rosemary A. LaManna* of * _____ ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on my behalf and at my direction in any e-filed matter in which I am counsel of record through the NYSCEF system, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which I have previously consented to e-filing, to any mandatory matter in which I have recorded my representation, and to any matter in which I may authorize the filing agent to record my consent or representation in the NYSCEF system.

This authorization extends to any and all documents I generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which I am counsel of record, shall be deemed to accompany any document filed in that matter by the filing agent.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account I maintain with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until I revoke it in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: 7/25/14

X _____
Signature

Print Name: David A. Gallo

Firm/Department: Sweeney, Gallo, et al.

Street Address: 95-25 Queens Blvd,

City, State and Zip Code: Rego Park NY 11374

Phone: 718-459-9000

E-Mail Address: Cynthia@msgrb.com

(6/6/13)

*Alstate Process Service Inc./Allcounty Legal Support Inc.

1 of 1



Attachment 27 to Complaint



New York

## MORTGAGE

**Words Used Often In This Document**

(A) "Mortgage." This document, which is dated May 10, 1993 will be called the "Mortgage."

(B) "Borrower." MAURICE OPARAJI and ADA OPARAJI residing at 84-18 ROCKAWAY BEACH BLVD., FAR ROCKAWAY, NY 11693 will sometimes be called "Borrower" and sometimes simply "I" or "me."

(C) "Lender." CITIBANK, N.A. will be called "Lender." Lender is a corporation or association which was formed and which exists under the laws of the United States of America. Lender's Address is 399 PARK AVENUE, NEW YORK, NY. 10043.

(D) "Note." The note signed by Borrower and dated May 10, 1993 will be called the "Note." The Note shows that I may owe Lender up to ONE HUNDRED TWELVE THOUSAND FIVE HUNDRED DOLLARS AND 00 CENTS($112,500.00) plus interest, which I have promised to pay in monthly payments of principal and interest and to pay in full by June 1, 2023. A copy of the Note is annexed hereto as Exhibit A and is made a part of this Mortgage. If your loan is an Adjustable Rate Mortgage.
(E) "Property." The property that is described below in the section titled "Description Of The Property." will be called the "Property."

**Borrower's Transfer To Lender Of Rights In The Property**

I mortgage, grant and convey the Property to Lender subject to the terms of this Mortgage. This means that, by signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender those rights to protect Lender from possible losses that might result if I fall to:

(A) Pay all the amounts that I owe Lender as stated in the Note;

(B) Pay, with interest, any amounts that Lender spends under this Mortgage, to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my other promises and agreements under this Mortgage.

**Description Of The Property**

I give Lender rights in the Property described in (A) through (J) below:

(A) The property which is located at 249-11 133RD ROAD, ROSEDALE, NY 11422. This property is in Queens County in the State of New York. It has the following legal description:

SEE SCHEDULE "A" DESCRIPTION OF PROPERTY ATTACHED HERETO

PREMISES HEREIN ARE IMPROVED BY A ONE-FAMILY OR TWO-FAMILY RESIDENCE ONLY.

THIS IS A PURCHASE MONEY MORTGAGE SECURING SAID PREMISES DEEDED TO MORTGAGOR THIS DATE AND INTENDED TO BE RECORDED SIMULTANEOUSLY WITH SAID DEED.

Section 58

Lot 90

Block 13249

District/Volume

Citi0001

REEL: 590 PG 2273

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of 133rd Road (Gordon Place) (60 feet wide) with the easterly side of 245th Street (60 feet wide), as said street and road are shown on The Final Topographical Map for the City of New York, Borough of Queens;

running thence NORTHERLY along the easterly side of 245th Street, 78.34 feet;

thence SOUTHERLY along a line forming an interior angle of 15 degrees 17 minutes 45 seconds with the easterly side of 245th Street, 26.19 feet;

thence NORTHEASTERLY along a line forming an interior angle of 274 degrees 52 minutes 35 seconds with the preceding course, 77.86 feet;

thence SOUTHERLY along a line forming an interior angle of 69 degrees 49 minutes 40 seconds with the preceding course, 79.91 feet to the northerly side of 133rd Road;

thence WESTERLY along the northerly side of 133rd Road, 80 feet to the point or place of BEGINNING.

Citi0002

If this property is a condominium, the following must be completed: This property is part of a condominium project known as _____ (called the "Condominium Project). This property includes my unit and all of my rights in the common elements of the Condominium Project.

If this property is in a planned unit development, the following must be completed: This property is in a development which is a planned unit development known as _____ (called the "PUD"). The PUD was created by _____)

(B) All buildings and other improvements that are located on the property described in paragraph (A) of this Section;

(C) All rights in other property that I have as owner of the property described in paragraph (A) of this Section. These rights are known as "easements, rights and appurtenances attached to the property";

(D) All rents or royalties from the property described in paragraph (A) of this Section;

(E) All mineral, oil and gas rights and profits, water, water rights and water stock that are part of the property described in paragraph (A) of this Section;

(F) All rights that I have in the land which lies in the streets or roads in front of, or next to, the property described in paragraph (A) of this Section;

(G) All fixtures that are now or in the future will be on the property described in paragraphs (A) and (B) of this Section, and all replacements of and additions to those fixtures, except for those fixtures, replacements or additions that under the law are "consumer goods" and that I acquire more than ten days after the date of the Note. Usually, fixtures are items that are physically attached to buildings, such as hot water heaters;

(H) All of the rights and property described in paragraphs (B) through (F) of this Section that I acquire in the future;

(I) All replacements of or additions to the property described in paragraphs (B) through (F) and paragraph (H) of this Section; and

(J) All of the amounts that I pay to Lender under Paragraph 2 below.

**Borrower's Right To Mortgage The Property and Borrower's Obligation To Defend Ownership Of The Property**

I promise that except for the "exceptions" listed in any title insurance policy which insures Lender's rights in the Property: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

**UNIFORM PROMISES** I promise and I agree with Lender as follows:

1. **Borrower's Promise to Pay Principal and Interest Under the Note And To Fulfill Other Payment Obligations**

I will promptly pay to Lender when due: principal and interest under the Note and late charges and prepayment charges as stated in the Note.

2. **Agreements About Monthly Payments For Taxes and Insurance**

(A) Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance
I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay these amounts to Lender unless Lender tells me, in writing, that I do not have to do so, or unless the law requires otherwise. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

The amount of each of my payments under this Paragraph 2 will be the sum of the following:

(i)     One-twelfth of the estimated yearly taxes, assessments and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus

(ii)     One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus

(iii)     One-twelfth of the estimated yearly premium for mortgage insurance (if any).

Citi0003



**Condominium and PUD Assessments**

If the property includes a unit in a Condominium Project or in a PUD, I will promptly pay, when they are due, all assessments imposed by the owners association or other organization that governs the Condominium Project or PUD. That association or organization will be called the "Owners Association."

**5.    Borrower's Obligation To Obtain And Keep Hazard Insurance On The Property**

**(A) Generally**

I will obtain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. It is possible that the insurance policy will have provisions that may limit the insurance company's obligation to pay claims if the amount of coverage is too low. These provisions are known as "co-insurance requirements." Lender may not require me to  obtain an amount of coverage that is more than the larger of the following two amounts: either (i) the amount that I owe to Lender under the Note and under this Mortgage; or (ii) the amount necessary to satisfy the co-insurance requirements.

I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals.

I will pay the premiums on the insurance policies either by making payments to Lender, as described in Paragraph 2 above, or by paying the insurance company directly when the premium payments are due, if Lender requires, I will promptly give Lender all receipts of paid premiums and all renewal notices that I receive.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "proceeds." The proceeds will be used to repair or to restore the damaged Property unless: (a) it is not economically possible to make the repairs or restoration or (b) the use of the proceeds for that purpose would lessen the protection given to Lender by this Mortgage; or (c) Lender and I have agreed in writing not to use the proceeds for that purpose. If the repair or restoration is not economically possible or if it would lessen Lender's protection under this Mortgage, then the proceeds will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage, if any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. The use of proceeds to reduce the amount that I owe to Lender will not be a prepayment that is subject to the prepayment charge provisions, if any, under the Note.

If I abandon the Property, or if I do not answer within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed or, if it is not mailed, on the date the notice is delivered.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and under Paragraphs 1 and 2 above. However Lender and I may agree in writing to those delays or changes.

If Lender acquires the Property under Paragraph 20 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However Lender's rights in those proceeds will not be greater than the amount that I owe to Lender under the Note and under this Mortgage immediately before the Property is acquired by Lender or sold.

**(B) Agreements that Apply to Condominiums and PUD's**

(i) If the Property includes a unit in a Condominium Project, the Owners Association may maintain a hazard insurance policy which covers the entire Condominium Project. That policy will be called the "master policy"   So long as the master policy remains in effect and meets the requirements stated in this Paragraph 5: (a) my obligation to obtain and to keep hazard insurance on the Property is satisfied; (b) I will not be required to include an amount for hazard insurance premiums in my monthly payment of funds to Lender under Paragraph 2 above; and (c) if there is a conflict concerning the use of proceeds, between (1) the terms of this Paragraph 5, and (2) the law or the terms of the declaration, by-laws, regulations or other documents creating or governing the Condominium Project,

Citi0005



REEL: 5 9 0 PG 2 2 7 1

then that law or the terms of those documents will govern the use of proceeds. I will promptly give Lender notice if the master policy is interrupted or terminated. During any time that the master policy is not in effect the terms of (a), (b) and (c) of this subparagraph 5(B)(ii) will not apply.

(iii) If the Property includes a unit in a Condominium Project, it is possible that proceeds will paid to me instead of being used to repair or to restore the Property. I give Lender my rights to those proceeds. If the Property includes a unit in a PUD, it is possible that proceeds will be paid to me instead of being used to repair or to restore the common areas or facilities of the PUD, I give Lender my rights to those proceeds. All of the proceeds described in this subparagraph 5(B) (iii) will be paid to Lender and will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. If any of those proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. The use of proceeds to reduce the amount that I owe to Lender will not be a prepayment that is subject to the prepayment charge provisions, if any, under the Note.

6.  Borrower's Obligation to Maintain The Property And To Fulfill Obligations in Lease, And Agreements About Condominiums And PUD's

(A) Agreements about Maintaining the Property and Keeping Promises in Lease
I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease.

(B) Agreements that Apply to Condominiums and PUD's
If the Property is a unit in a Condominium Project or in a PUD, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the Condominium Project or PUD. Also, I will not divide the Property into smaller parts that may be owned separately (known as "partition or subdivision"). I will not consent to certain actions unless I have first given Lender notice and obtained Lender's consent in writing. Those actions are:

(i) The abandonment or termination of the Condominium Project or PUD, unless, in the case of a condominium, the abandonment or termination is required by law;

(ii) Any significant change to the declaration, by-laws or regulations of the Owners Association, trust agreement, articles of incorporation, or other documents that create or govern the Condominium Project or PUD, including, for example, a change in the percentage of ownership rights, held by unit owners, in the Condominium Project or in the common areas or facilities of the PUD;

(iii) A decision by the Owners Association to terminate professional management and to begin self-management of the Condominium Project or PUD; and

(iv) The transfer, release, grant or lien, partition or subdivision of all or part of the common areas and facilities of the PUD. However, this provision does not apply to the transfer by the Owners Association of rights to use those common areas and facilities for utilities and other similar or related purposes;

7.  Lender's Right To Take Action To Protect The Property

If: (A) I do not keep my promises and agreements made in the Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of those actions.

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. However, if payment of interest at that rate would violate the law, I will pay interest on the amounts spent by Lender under this Paragraph 7 at the highest rate that the law allows. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this Paragraph.

Although Lender may take action under this Paragraph 7, Lender does not have to do so.

8.  Lender's Right To Inspect The Property

Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

Item 15 2 513 06/94, 401 X7Rev b. 4RLPkg. 10 Pkging of v 89
PAGE 6 OF 9

| | | |
|---|---|---|
| 9. | Agreements About Condemnation Of The Property | A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender any right (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender. |

If all of the Property is taken, the proceeds will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, the amount that I owe to Lender will only be reduced by the amount of proceeds multiplied by the following amount: (i) the total amount that I owe to Lender under the Note and under this Mortgage immediately before the taking, divided by (ii) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me. The use of proceeds to reduce the amount that I owe to Lender will not be a prepayment that is subject to the prepayment charge provisions, if any, under the Note.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed or, if it is not mailed, on the date the notice is delivered.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to those delays or changes.

Condemnation of Common Areas of PUD
If the Property includes a unit in a PUD, the promises and agreements in this Paragraph 9 will apply to a condemnation, or sale to avoid condemnation, of the PUD's common areas and facilities as well as of the Property.

| | | |
|---|---|---|
| 10. | Continuation Of Borrower's Obligations | Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage unless the conditions stated in Paragraph 18 below have been met. |

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

| | | |
|---|---|---|
| 11. | Continuation Of Lender's Rights | Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment in Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage. |

| | | |
|---|---|---|
| 12. | Lender's Ability To Enforce More Than One Of Lender's Rights | Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once. |

| | | |
|---|---|---|
| 13. | Obligations Of Borrowers And of Persons Taking Over Borrower's Rights Or Obligations; Agreements Concerning Captions | Subject to the terms of Paragraph 18 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. |

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of the Mortgage, and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage.

The captions and titles of this Mortgage are for convenience only. They may not be used to interpret or to define the terms of this Mortgage.

Item 46/143 with 401 al Nov 1-91 Pag 5916dng of 4-90
PAGE 8 of 9

CM0007

| 14. | Agreements About Giving Notices Required Under This Mortgage | Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it addressed to me at the address stated in the section above titled "Description Of The Property". A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it to Lender's address stated in Paragraph (C) of the section above titled "Words Used Often In This Document". A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14. |
|-----|-----|-----|
| 15. | Agreements About Uniform Mortgage And Law That Governs This Mortgage | This is a "Uniform Mortgage." It contains "uniform promises" that are in mortgages used all over the country and also "non-uniform promises" that vary, to a limited extent, in different parts of the country.<br><br>The law that applies in the place that the Property is located will govern this Mortgage. (The foregoing sentence shall not limit the applicability of federal law to this Mortgage.) If any term of this Mortgage or of the Note conflicts with the law, all other terms of the Mortgage and of the Note will remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and of the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced. |
| 16. | Borrower's Copy Of The Note And Of This Mortgage | I will be given a copy of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records. |
| 17. | Agreements That Apply to VA Loans | A loan that is guaranteed or insured by the United States Veterans Administration is known as a "VA loan." If the loan that I promise to pay in the Note is a VA loan, then my rights and obligations, as well as those of Lender, are governed by that law which is known as Title 38 of the United States Code and the Regulations made under that Title (called the "VA Requirements"). One or more terms of this Mortgage, or of other documents that are signed in connection with my VA loan, might conflict with the VA Requirements. For example, the prepayment terms in the Note or Paragraph 10 of this Mortgage might conflict with the VA Requirements. Lender and I agree that if there is a conflict, the conflicting terms of this Mortgage or other documents are modified or eliminated as much as is necessary to make all of the conflicting terms agree with the VA Requirements. |
| 18. | Borrower's Obligations To Pay Mortgage Insurance Premiums | If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay the premiums in the manner described in Paragraph 2 above. |

**NON-UNIFORM PROMISES:** I also promise and agree with Lender as follows:

| 19. | Agreements About Assumption Of This Mortgage And About Lender's Rights If Borrower Transfers The Property Without Meeting Certain Conditions | If I sell or transfer all or part of the Property or any rights in the Property, any person to whom I sell or transfer the Property may take over all of my rights and obligations under this Mortgage (known as an "assumption of the Mortgage") if certain conditions are met. Those conditions are: (A) I give Lender notice of the sale or transfer; (B) Lender agrees that the person's credit is satisfactory; (C) the person agrees to pay interest on the amount owed to Lender under the Note and under this Mortgage at whatever rate Lender requires; and (D) the person signs an assumption agreement that is acceptable to Lender and that obligates the person to keep all of the promises and agreements made in the Note and in this Mortgage. If I sell or transfer the Property and each of the conditions in (A), (B), (C) and (D) of this Paragraph 19 is satisfied, Lender will release me from all of my obligations under the Note and under this Mortgage.<br><br>If I sell or transfer the Property and the conditions in (A), (B), (C) and (D) of this Paragraph 19 are not satisfied, I will still be fully obligated under the Note and under this Mortgage and Lender may require immediate Payment in Full, as that phrase is defined in Paragraph 20 below. However, Lender will not have the right to require Immediate Payment in Full as a result of certain transfers. Those transfers are: (i) the creation of liens or other claims against the Property that are inferior to this Mortgage; (ii) a transfer of rights in household appliances, to a person who provides me with the money to buy those appliances, in order to protect that person against possible losses; (iii) a transfer of the Property to surviving co-owners, following the death of a co-owner, when the transfer is automatic according to law; (iv) leasing the Property for a term of three years or less, as long as the lease does not include an option to buy.<br><br>If Lender requires Immediate Payment in Full under this Paragraph 19, Lender will send me in the manner described in Paragraph 14 above, a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or, if it is not mailed, the date the notice is delivered. If I do not make the |

Citi0008



REEL 3590 PG 2281

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However this does not give me the right to occupy the Property.

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receivers fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

Paragraph 23 has been intentionally deleted.

24. **Lender's Obligation To Discharge This Mortgage When The Note And The Mortgage Are Paid in Full**

When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

25. **Agreements About New York Lien Law**

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will(A) hold all amount, which I receive and which I have a right to receive from Lender under the Note as a "trust fund", and (B) use those amount to pay for that construction or work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 25.

By signing this Mortgage I agree to all of this above.

WITNESSES:

MAURICE OPARAJI   by his/her
attorney in fact ADA OPARAJI   Borrower

ADA OPARAJI   Borrower

_____  Borrower

_____  Borrower

_____  Borrower

STATE of New York  }
                   } ss.:
COUNTY of QUEENS   }

On this 10th day of May, 1993, before me personally came ADA OPARAJI to me known and known to me to be the individual(s) described in and who executed the foregoing instrument and, they duly acknowledged to that they executed the same.

Notary Public

PAGE 9 OF 9

(Space Below This Line Reserved For Lender and Recorder)



MORTGAGE RIDER — CITICORP ● CITIBANK

New York

## RIDER ATTACHED TO AND FORMING PART OF MORTGAGE TO CITIBANK, N.A.

Type of Loan:  [ X ]  Purchase Money Mortgage

[  ]  Refinance

MADE BY  MAURICE OPARAJI and ADA OPARAJI, residing at 61-10 ROCKAWAY BEACH BLVD., FAR ROCKAWAY, NY  11691

DATED May 10, 1991

**26. Agreements About Conflicting Provisions In This Mortgage And This Rider**

This Rider is a writing attached to the Mortgage and the provisions contained in this Rider are part of the Mortgage. I agree that if the provisions that are contained in this Rider are in conflict with the terms in the printed Mortgage and the Note, then the provisions of this Rider will control over the provisions in the printed Mortgage and the Note. If the Mortgage is assigned by the Lender, all or any portion of this Rider may, at the option of the assignee, be deemed null and void.

**27. Lender's Rights If Borrower Fails To Keep Promises And Agreements**

The provisions of this Paragraph 27 shall supercede and take the place of the provisions of Paragraph 20 of the Mortgage:

If any of the events stated in subparagraphs (A) through (I) occur, Lender may require that I pay immediately the entire amount then unpaid under the Note and/or secured by the Mortgage or this Rider. Lender may do this without making a further demand for payment. This requirement will be called "Immediate Payment in Full."

If Lender requires Immediate Payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender, or another person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs allowed by law.

Lender may require Immediate Payment In Full if:

(A) I fail to pay any amounts I owe to Lender under the Note, the Mortgage and/or this Rider within fifteen (15) days after the due date for such payment; or

(B) I fail to keep any other promise or agreement made in the Mortgage and/or this Rider; or

(C) without Lender's prior written consent (i) I assign the rents from all or any part of the Property, or (ii) I receive or collect rent from any tenant of all or any part of the Property for more than one month in advance; or

(D) I fail to comply with any requirement, order or notice of a violation of a law or ordinance within three (3) months after the requirement, order or notice is issued by a governmental department claiming authority over the Property; or

(E) Lender applies to two or more fire insurance companies lawfully doing business in the State of New York and these insurance companies refuse to issue policies insuring the buildings on the Property; or

(F) any fixture or article of personal property that is covered by the Mortgage is wholly or partially removed, demolished or destroyed. A "fixture" is personal property that is attached to land or a building. However these cannot be a demand for an Immediate Payment In Full if (i) the personal property or fixture that is removed, demolished or destroyed is promptly replaced by similar property that is at least equal in quality and condition, and (ii) I am the sole owner of this replacement property and it is free from any lien or claim; or

(G) any law is passed (i) deducting from the value of the land for the purpose of taxation any lien on the land or (ii) changing in any way the taxation of mortgages or debts secured by a mortgage for state or local purposes, and thirty (30) days have elapsed after passage of any such law; or

(H) I use the Property for any unlawful purpose, or if the Property is used for any purpose by which the risk of fire or other hazard is increased, unless Lender gives written consent prior to these unauthorized uses; or

(I) a lawsuit is begun for foreclosure and sale or any other action or proceeding is begun to collect any lien that is inferior to the Mortgage.

**28. Lender's Rights According To Section 254 Of The New York Real Property Law**

Lender will be entitled to certain rights and advantages according to a law known as Section 254 of the New York Real Property Law ("Section 254"). The provisions of the Mortgage and this Rider will be construed as provided in Section 254, except that Section 254 will not apply to Paragraph 6 of the Mortgage or Paragraph 28 of this Rider. All of Lender's rights and advantages as set forth in the Mortgage or this Rider are supplemental to, and do not replace, any of Lender's rights under Section 254. None of Lender's rights shall be to the exclusion of any other rights, and nothing Lender does shall be construed to be an election to enforce any one right to the exclusion of any other rights.

CITI0011

| 38. | Hazard Insurance Proceeds | If any hazard insurance proceeds are received because of damage to the Property, Lender may use the proceeds to repay all amounts I owe under the Note, the Mortgage, or this Rider; or Lender may use or make available to me all or part of the proceeds to repair the damage to the Property; or I may use the proceeds for any other purpose Lender approves of (but Lender does not have to see to the proper use of any proceeds paid over to me). In the event of loss or damage to the Property, if I do not promptly make proof of loss to the insurance company, Lender is hereby appointed my attorney-in-fact with full and absolute authority to (i) make such proof of loss, (ii) compromise and settle any claim for loss, and (iii) give release or acquittance to the insurance company in connection with such settlement of any claim for insurance proceeds. Lender's appointment as my attorney-in-fact is irrevocable and coupled with an interest, with full power of substitution, and shall not be affected by my subsequent disability or incompetence. Each insurance company concerned is hereby authorized and directed to pay such proceeds directly to Lender instead of jointly to me and Lender. If hazard insurance proceeds are used to repay the sums I owe under the Note, the Mortgage, or this Rider such proceeds shall be applied to those installments of principal that coming due. |
| 39. | Condemnation Proceeds | If any proceeds are payable with respect to the Property because of an exercise of eminent domain, condemnation, or other taking, the right to such proceeds and the use of such proceeds shall be governed by, and applied in accordance with, the provisions of Paragraph 38 of this Rider as if such proceeds were hazard insurance proceeds. |
| 40. | Lender's Right Of Set-Off | If I am in default under the Note, the Mortgage or this Rider in addition to any other rights that Lender has under the Note, the Mortgage or this Rider, Lender shall have such rights of set-off as may be permitted by applicable law. |
| 41. | Warranty of Title | The following sentence contained on page 2 of the Mortgage is hereby deleted: I promise that except for the "exceptions" listed in any title insurance policy which insures Lender's rights in the Property: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property. The following sentence is hereby added to and shall take the place of the foregoing: I promise that except for the "exceptions" listed in the title report or title abstract for the Property, updated to the date of the Mortgage, which has been delivered to the Lender: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; (C) there are no outstanding claims or charges against the Property; and (D) the Mortgage constitutes a valid first lien on the Property. |
| 42. | No Oral Modification Of The Mortgage | The Mortgage and this Rider may not be changed or ended orally. |
| 43. | Purchase Money Mortgage | If the Type of Loan is designated on page 1 as a "purchase money mortgage" that means this Mortgage was made by the purchaser of property to obtain all or a part of the money required to purchase the Property. |
| 44. | Governing Law | The Mortgage and this Rider shall be governed by federal law; where federal law is silent, the laws of New York will be applied. In the event of a conflict between any provision of the Mortgage or this Rider and any applicable federal statute, law or regulation of New York statute, law or regulation, to the extent of such conflict applicable federal law shall govern, or if federal law is silent, applicable New York law shall govern. In such event, the conflicting provision of the Mortgage or this Rider shall be without effect. All other provisions of the Mortgage and this Rider will remain fully effective and enforceable. The Note shall be construed in accordance with the applicable provisions of the Note. |

*Maurice Oparaji by*
*Ada Oparaji his Atty in fact*

MAURICE OPARAJI  by his/her  attorney     _____ Borrower
In fact ADA OPARAJI     Borrower

*Ada Oparaji*

ADA OPARAJI     Borrower     _____ Borrower

_____ Borrower     _____ Borrower

PAGE 3 OF 3

Citi00013



REEL 5 9 0 PG 2 2 8 5

ACKNOWLEDGEMENT FOR ATTORNEY-IN-FACT

State of New York }
                      } ss.:
County of QUEENS _____ }

On this 10th day of MAY, 1991, before me personally came ADA
OPARAJI to me known to be the individual described in and who
executed the foregoing instrument, and to me known to be the
Attorney-in-fact of MAURICE OPARAJI, the individuals described in,
and who by said Attorney-in-fact executed the said instrument, and
duly acknowledged that   he / she   executed the same as the act
and deed of said MAURICE OPARAJI by virtue of a Power of Attorney
dated MARCH 23, 1991.

                                        _____
                                            Notary Public



# Attachment 28 to Complaint



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2004020600730001001E0F2A

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 3 |
|---|---|

**Document ID: 2004020600730001**   Document Date: 01-28-2004   Preparation Date: 02-06-2004
Document Type: SATISFACTION OF MORTGAGE
Document Page Count: 1

| PRESENTER: | RETURN TO: |
|---|---|
| VERDUGO TRUSTEE SERVICE CORPORATION<br>P.O. BOX 9443, DEPT. 1020<br>GAITHERSBURG, MD  20898-9443<br>866-558-3662 | MAURI OPARAJI<br>24511 133RD ROAD<br>ROSEDALE, NY 11422-1419 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 13209 | 80 | Entire Lot | 245-11 133 ROAD |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

QUEENS  Year: 1993   Reel: 3590   Page: 2272

**PARTIES**

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| MAURICE OPARAJI | CITIBANK, N.A. |

x   Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage | | | Recording Fee: $ | 42.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | Affidavit Fee:  $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 0.00 |
| TAXES: | | | NYS Real Estate Transfer Tax: | |
| County (Basic): | $ | 0.00 | $ | 0.00 |
| City (Additional): | $ | 0.00 | | |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed        04-13-2004 14:43
City Register File No.(CRFN):
**2004000222167**

*Rochelle Patrico*

*City Register Official Signature*

Case 1:21-cv-02758-ENV-LB   Document 1   Filed 05/14/21   Page 313 of 329 PageID #: 313



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

2004020600730001001C0DAA

RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)          PAGE 2 OF 3

Document ID: 2004020600730001          Document Date: 01-28-2004          Preparation Date: 02-06-2004

Document Type: SATISFACTION OF MORTGAGE

PARTIES

MORTGAGER/BORROWER:

ADA OPARAJI

12/28/2019, 12:40 PM

Recording Requested By:
VERDUGO TRUSTEE SERVICE CORPORATION

When Recorded Return To:

MAURI OPARAJI
24511 133RD RD
ROSEDALE, NY 11422-1419

### SATISFACTION OF MORTGAGE

CITIMORTGAGE, INC. #:0011158525 "OPARAJI" Lender ID:172/0011158525  Queens, New York

KNOW ALL MEN BY THESE PRESENTS that CITIBANK, N.A., BY AND THROUGH IT'S ATTORNEY IN FACT CITIMORTGAGE, INC. FKA CITICORP MORTGAGE, INC., whose address is 5280 CORPORATE DRIVE, MC 22-528-1020, FREDERICK, MD 21703, holder of a certain mortgage evidencing an indebtedness in the amount of $112,500.00 plus interest, whose parties, dates and recording information are below, does hereby acknowledge that it has received full payment and satisfaction of the same, and in consideration thereof, does hereby satisfy and discharge said mortgage.

Mortgagor:  MAURICE OPARAJI AND ADA OPARAJI
Mortgagee:  CITIBANK, N.A.
Dated:  05/10/1993 Recorded:  06/15/1993  In Book/Reel/Liber: 3590 Page/Folio: 2272 as Instrument No.: N/A

This Mortgage has not been assigned of records, unless stated below.

Section/Block/Lot 55-13209-80

Property Address: 245-11 133RD ROAD, ROSEDALE, NY 11422-1419

County:  Queens

State of  New York

IN WITNESS WHEREOF, CITIBANK, N.A., BY AND THROUGH IT'S ATTORNEY IN FACT CITIMORTGAGE, INC. FKA CITICORP MORTGAGE, INC., by the officer duly authorized, has duly executed the foregoing instrument.

CITIBANK, N.A., BY AND THROUGH IT'S ATTORNEY IN FACT CITIMORTGAGE, INC. FKA CITICORP MORTGAGE, INC. POA: 07/20/1988  In Book/Reel/Liber: 2641 Page/Folio: 2032
On January 28th, 2004

By: _____
MERHL GIBSON, Vice-President

STATE OF Maryland
COUNTY OF Frederick

On the 28th day of January in the year 2004 before me, the undersigned, personally appeared MERHL GIBSON, Vice-President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individuals(s) made such appearance before the undersigned in the County of Frederick, State of Maryland.

WITNESS my hand and official seal,

_____
JANE EYLER
Notary Expires: 11/01/2005
Frederick, Maryland

*TF*TFCITM*01/28/2004 09:43:00 AM* CITM\01\CITM00000XX00000000051/9431* NYQUEEN* 0011158525 NYSTATE_MORT_REL *TF*TFCITM *

# Attachment 29 to Complaint

FILED: QUEENS COUNTY CLERK 04/09/2019 04:55 PM

NYSCEF DOC. NO. 12

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/09/2019

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2003110300727001003EBC5B

## RECORDING AND ENDORSEMENT COVER PAGE    PAGE 1 OF 10

| | | |
|---|---|---|
| Document ID: 2003110300727001 | Document Date: 10-24-2003 | Preparation Date: 04-30-2004 |

Document Type: MORTGAGE
Document Page Count: 8

| PRESENTER: | RETURN TO: |
|---|---|
| PROGRESSIVE CLOSING & ESCROW COMPANY, INC. 148 DOUGHTY BLVD. INWOOD, NY 11096 516-224-5208 AS AGENT FOR CITIBANK N.A. | PROGRESSIVE CLOSING & ESCROW COMPANY, INC. 50 VANTAGE POINT DRIVE ROCHESTER, NY 14624 585-349-0200 ACAPS 1030908028940 PR83568REC331 |

### PROPERTY DATA

Borough     Block  Lot          Unit     Address
QUEENS      13209 80   Entire Lot        245-11 133 ROAD
          Property Type: DWELLING ONLY - 1 FAMILY

### CROSS REFERENCE DATA

CRFN_____  or Document ID_____  or _____ Year ____ Reel ___ Page ____ or File Number_____

### PARTIES

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| MAURICE OPARAJI 245-11 133RD RD ROSEDALE. NY 11422-1419 | CITIBANK, N.A. 399 PARK AVENUE NEW YORK, NY 10043 |

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Recording Fee: $ | 77.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 252,000.00 | Affidavit Fee:  $ | 0.00 |
| Taxable Mortgage Amount: | $ | 252,000.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 0.00 |
| TAXES: | | | NYS Real Estate Transfer Tax: | |
| County (Basic): | $ | 1,260.00 | $ | 0.00 |
| City (Additional): | $ | 2,520.00 | | |
| Spec (Additional): | $ | 0.00 | |
| TASF: | $ | 630.00 | |
| MTA: | $ | 605.00 | |
| NYCTA: | $ | 0.00 | |
| TOTAL: | $ | 5,015.00 | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed      07-02-2004 09:56
City Register File No.(CRFN):
2004000369697

*Rochelle Patrics*
*City Register Official Signature*

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/09/2019

FILED: QUEENS COUNTY CLERK 04/09/2019 04:55 PM

NYSCEF DOC. NO. 12

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
| --- | --- |

2003110300727001003CBEDB

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)      PAGE 2 OF 10**

| Document ID: 2003110300727001 | Document Date: 10-24-2003 | Preparation Date: 04-30-2004 |
| --- | --- | --- |
| Document Type: MORTGAGE | | |

**PARTIES**

MORTGAGER/BORROWER:
A.K.A. MAURICE U. OPARAJI
245-11 133RD RD
ROSEDALE, NY 11422-1419

MORTGAGER/BORROWER:
ADA OPARAJI
245-11 133RD RD
ROSEDALE, NY 11422-1419

PR83568rec331

B13209   L80
Record & Return:
*Progressive Closing & Escrow Company, Inc.*
50 Vantage Point Drive, Suite 3
Rochester, NY 14624

## MORTGAGE

**citibank**

Account #: 78672050

| [ ] FIXED (E-Day Rate)    [ X ] FIXED (Second)

# MORTGAGE

**Words Used Often In This Document**

(A) "Mortgage." This document, which is dated <u>10/24/2003</u>, will be called the "Mortgage."

(B) "Mortgagor." <u>MAURICE OPARAJI and ADA OPARAJI, HIS WIFE</u> will sometimes be called "Mortgagor" and sometimes simply "I" or "me."
24511 133Rd Rd, Rosedale, NY  11422-1419

(C) "Borrower." <u>MAURICE U OPARAJI</u> will be called "Borrower."

(D) "Lender." Citibank, N.A. will be called "Lender." Lender is a corporation or association which was formed and which exists under the laws of the United States of America. Lender's address is CITIBANK, N.A., 399 PARK AVENUE, NEW YORK, NY 10043.

(E) "Note." The note signed by Mortgagor and dated <u>10/24/2003</u> will be called the "Note." The Note shows that I owe Lender <u>$252,000.00</u> plus interest, which I have promised to pay in monthly payments of principal and interest and to pay in full by <u>10/29/2023</u>.

(F) "Property." The property that is described below in the section titled "Description Of The Property," will be called the "Property."

**Mortgagor's Transfer To Lender Of Rights In The Property**

I mortgage, grant and convey the Property to Lender subject to the terms of this Mortgage. This means that by signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:

(A) Pay all the amounts that I owe Lender as stated in the Note;

(B) Pay, with interest, any amounts that Lender spends under this Mortgage, to protect the value of the Property and Lender's rights in the Property;

(C) Keep all of my other promises and agreements under this Mortgage.

**Description Of Property**

I give Lender rights in the Property described in (A) through (I) below:

(A) The property which is located at <u>24511 133RD RD, ROSEDALE, NY  114221419</u>. This property is in <u>QUEENS</u> County in the State of New York. It has the following legal description:
SEE ATTACHED SCHEDULE A

If this property is a condominium, the following must be completed:  This property is part of a condominium project known as <u>N/A</u> (called the "Condominium Project"). This property includes my unit and all of my rights in the common elements of the Condominium Project.

If this property is in a planned unit development, the following must be completed:  This property is in a development which is a planned unit development known as <u>N/A</u> (called the "PUD"). The PUD was created by <u>N/A</u>;

(B) All buildings and other improvements that are located on the property described in Paragraph (A) of this Section;

(C) All rights in other property that I have as owner of the property described in Paragraph (A) of this Section. These rights are known as "easements, rights and appurtenances attached to the property."

(D) All rent or royalties from the property described in Paragraph (A) of this Section;

(E) All mineral, oil and gas rights and profits, water, water rights and water stock that are part of the property described in Paragraph (A) of this Section;

(F) All rights that I have in the land which lies in the streets or roads in front of, or next to the property described in Paragraph (A) of this Section;

(G) All fixtures that are now or in the future will be on the property described in Paragraphs (A) and (B) of this Section, and all the replacements of and additions to those fixtures, except for those fixtures, replacements or additions that under the law are "consumer goods" and that I acquire more than ten days after the date of the Note. Usually, fixtures are items that are physically attached to buildings such as hot water heaters;

(H) All of the rights and property described in Paragraphs (B) through (F) of this section that I acquire in the future; and

(I) All replacements of or additions to the property described in Paragraphs (B) through (F) and Paragraph (H) of this Section.

THIS PROPERTY IS OR WILL
BE PRINCIPALLY IMPROVED
BY A ONE OR TWO FAMILY DWELLING

Revised 8/30/1803
ACAPS. 1030491812NGHX01

NBS-F-S1-702-NY

1 of 7

INDEX NO. 704318/2019

NYSCEF DOC. NO. 12

RECEIVED NYSCEF: 04/09/2019

**Mortgage, continued**

citibank®

| | | |
|---|---|---|
| Mortgagor's Right To Mortgage The Property And Mortgagor's Obligation To Defend Ownership Of The Property | | I promise that except for the "Exceptions" listed in any title insurance policy which insures Lender's rights in the Property: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property.<br><br>I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights. |

**UNIFORM PROMISES:** I promise and I agree with Lender as follows:

| | | |
|---|---|---|
| 1. | Mortgagor's Promises To Pay Principal And Interest Under The Note And To Fulfill Other Obligations | I will promptly pay to Lender when due: principal and interest under the Note and late charges and prepayment charges as stated in the Note. |
| 2. | Lender's Application Of Mortgagor's Payments | Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraph 1 above in the following order and for the following purposes:<br><br>(A) First, to pay interest then due under the Note; and<br><br>(B) Next to pay principal then due under the Note. |
| 3. | Mortgagor's Obligation To Pay Charges And To Satisfy Claims Against The Property | I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.<br><br>Any claim, demand or charge that is made against the property because an obligation has not been fulfilled in known as a "lien." I will promptly pay or satisfy all liens against the Property that may be superior to this Mortgage. However, this Mortgage does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves the way in which I agree to pay that obligation or (B) I, in good faith, argue or defend against the superior lien in a lawsuit so that during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up.<br><br>**Condominium and PUD Assessments**<br>If the Property includes a unit in a Condominium Project or in a PUD, I will promptly pay, when they are due, all assessments imposed by the owners association or other organization that governs the Condominium Project or PUD. That association or organization will be called the "Owners Association." |
| 4. | Mortgagor's Obligation To Obtain, And To Keep Hazard Insurance On The Property | **(A) Generally**<br>I will obtain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. It is possible that the insurance policy will have provisions that may limit the insurance company's obligation to pay claims if the amount of coverage is too low. Those provisions are known as "co-insurance requirements." Lender may not require me to obtain an amount of coverage that is more than the larger of the following two amounts: either (i) the amount that I owe to Lender under the Note and under this Mortgage; or (ii) the amount necessary to satisfy the co-insurance requirements.<br><br>I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All insurance policies and renewals of those policies must include what is known as a "standard mortgagee clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals.<br><br>I will pay the premiums on the insurance policies by paying the insurance company directly when the premium payments are due. If Lender requires, I will promptly give Lender all receipts of paid premiums and all renewal notices that I receive.<br><br>If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, the Lender may do so.<br><br>The amount paid by the insurance company is called "proceeds." The proceeds will be used to repair or to restore the damaged Property unless: (a) it is not economically possible to make the repairs or restoration; or (b) the use of the proceeds for that purpose would lessen the protection given to Lender by this Mortgage; or (c) Lender and I have agreed in writing not to use the proceeds for that purpose. If the repair or restoration is not economically possible or if it would lessen Lender's protection under this Mortgage, then the proceeds will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. The use of proceeds to reduce the amount that I owe to Lender will not be a prepayment that is subject to the prepayment charge provision, if any, under the Note. |

2 of 7

Revised 2/04/2011
AL APS: 104040000000000

FILED: QUEENS COUNTY CLERK 04/09/2019 04:55 PM

NYSCEF DOC. NO. 12

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/09/2019

Mortgage, continued

citibank®

**4. Mortgagor's Obligation To Obtain And To Keep Hazard Insurance On The Property (continued)**

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed or, if it is not mailed, on the date the notice is delivered.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and under Paragraph 1 above. However, Lender and I may agree in writing to those delays or changes.

If Lender acquires the Property under Paragraph 19 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the amount that I owe to Lender under the Note and under this Mortgage immediately before the Property is acquired by Lender or sold.

(B) Agreements that Apply to Condominium and PUDs
(i)  If the Property includes a unit in a Condominium Project, the Owners Association may maintain a hazard insurance policy which covers the entire Condominium Project. That policy will be called the "master policy." So long as the master policy remains in effect and meets the requirements stated in this Paragraph 4: (a) my obligation to obtain and to keep hazard insurance on the Property is satisfied; and (b) if there is a conflict concerning the use of proceeds, between (1) the terms of this Paragraph 4, and (2) the law or the terms of the declaration, by-laws, regulations or other documents creating or governing the Condominium Project, the law or terms of those documents will govern the use of proceeds. I will promptly give Lender notice if the master policy is interrupted or terminated. During any time that the master policy is not in effect the terms of (a) and (b) of this subparagraph (B) (i) will not apply. (ii) If the Property includes a unit in a Condominium Project, it is possible that proceeds will be paid to me instead of being used to repair or to restore the Property. I give Lender my rights to those proceeds. If the Property includes a unit in a PUD, it is possible that proceeds will be paid to me instead of being used to repair or to restore the common areas or facilities of the PUD. I give Lender my rights to those proceeds. All of the proceeds described in this subparagraph (4) (B) (ii) will be paid to Lender and will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. If any of those proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. The use of proceeds to reduce the amount that I owe to Lender will not be a prepayment that is subject to the prepayment charge provisions, if any, under the Note.

**5. Mortgagor's Obligation To Maintain The Property And To Fulfill Obligations In Lease And Agreements About Condominiums and PUDs**

(A) Agreements About Maintaining the Property and Keeping Promises in Lease
I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease.

(B) Agreements that Apply to Condominium and PUDs
If the Property is a unit in a Condominium Project or in a PUD, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the Condominium Project or PUD. Also, I will not divide the Property into smaller parts that may be owned separately (known as "partition or subdivision"). I will not consent to certain actions unless I have first given Lender notice and obtained Lender's consent in writing. Those actions are:
   (i)  The abandonment or termination of the Condominium Project or PUD, unless, in the case of a condominium, the abandonment or termination is required by law;
   (ii) Any significant change in the declaration, by-laws or regulations of the Owner's Association, trust agreement, articles of incorporation, or other documents that create or govern the Condominium Project or PUD, including, for example, a change in the percentage of ownership of rights, held by unit owners, in the Condominium Project or in the common areas or facilities of the PUD;
   (iii) A decision by the Owners Association to terminate professional management and to begin self-management of the Condominium Project or PUD; and
   (iv) The transfer, release, creation of liens, partition or subdivision of all or part of the common areas and facilities of the PUD. (However, this provision does not apply to the transfer by the Owners Association of rights to use those common areas and facilities for utilities and other similar or related purposes).

**6. Lender's Right To Take Action To Protect The Property**

If (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 6 may include, for example, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.
I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 6. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.
I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. However, if payment of interest at that rate would violate the law, I will pay interest on the amounts spent by Lender under this Paragraph 6 at the highest rate that the law allows. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payments that are different from those in this Paragraph.
Although Lender may take action under this Paragraph 6, Lender does not have to do so.

Revised 8/30/2001
ACAPS: 1030480289491343

NBS4-S1-702-NY

3 of 7

FILED: QUEENS COUNTY CLERK 04/09/2019 04:55 PM

NYSCEF DOC. NO. 12

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/09/2019

Mortgage, continued          citibank

**7. Lender's Right To Inspect The Property**

Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before one of these inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's right in the Property.

**8. Agreements About Condemnation Of The Property**

A taking of property by any governmental authority by eminent domain is known as "condemnation." I give the Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender.

If all of the Property is taken, the proceeds will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, the amount that I owe to Lender will only be reduced by the amount of proceeds multiplied by the following amount: (i) the total amount that I owe to Lender under the Note and under this Mortgage immediately before the taking, divided by (ii) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me. The use of the proceeds to reduce the amount that I owe to Lender will not be a prepayment that is subject to the prepayment charge provisions, if any, under the Note.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed or, if it is not mailed, on the date the notice is delivered.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and under Paragraph 1 above. However, Lender and I may agree in writing to those delays or changes.

Condemnation of Common Areas of PUD
If the Property includes a unit in a PUD, the promises and agreements in this Paragraph 8 will apply to a condemnation, or sale to avoid condemnation, of the PUD's common areas and facilities as well as of the Property.

**9. Continuation Of Mortgagor's Obligations**

Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage unless the conditions stated in Paragraph 18 below have been met.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

**10. Continuation Of Lender's Rights**

Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 19 below, to demand that I make immediate Payment in Full (see Paragraph 19 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

**11. Lender's Ability To Enforce More Than One Of Lender's Rights**

Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights as well as any of Lender's other rights under the law, one at a time or all at once.

**12. Obligations Of Mortgagors And Of Persons Taking Over Mortgagor's Rights Or Obligations Agreements Concerning Captions**

Subject to the terms of Paragraph 18 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage.

If more than one person signs this Mortgage as Mortgagor, each of us is fully obligated to keep all of Mortgagor's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage.

The captions and titles of this Mortgage are for convenience only. They may not be used to interpret or to define the terms of this Mortgage.

Case 1:21-cv-02758-ENV-LB   Document 1   Filed 05/14/21   Page 322 of 329 PageID #: 322

**Mortgage, continued**

citibank*

13. **Agreements About Giving Notice Required Under This Mortgage** — Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it addressed to me at the address stated in the section above titled "Description of the Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it to Lender's address stated in Paragraph (D) of the section above titled "Words Used Often in This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph.

14. **Agreements About Uniform Mortgage And Law That Governs This Mortgage** — This is a "Uniform Mortgage." It contains "uniform promises" that are in mortgages used all over the country and also "non-uniform promises" that vary, to a limited extent, in different parts of the country. The law that applies in the place that the Property is located will govern this Mortgage. (The foregoing sentence shall not limit the applicability of federal law to this Mortgage.) If any term of this Mortgage or the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and of the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

15. **Mortgagor's Copy Of The Note And Of This Mortgage** — I will be given a copy of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

16. **Agreements That Apply to VA Loans** — A loan that is guaranteed or insured by the United States Veterans Administration is known as a "VA Loan." If the loan that I promise to pay in the Note is a VA loan, then my rights and obligations, as well as those of Lender, are governed by that law which is known as Title 38 of the United States Code and the Regulations made under that Title (called the "VA Requirements"). One or more terms of this Mortgage or of other documents that are signed in connection with the Note or Paragraph 18 of this Mortgage might conflict with the VA Requirements. For example, the prepayment terms in the Note or Paragraph 18 of this Mortgage might conflict with the VA Requirements. Lender and I agree that if there is a conflict, the conflicting terms of this Mortgage or other documents are modified or eliminated as is necessary to make all of the conflicting terms agree with the VA Requirements.

17. **Mortgagor's Obligation To Pay Mortgage Insurance Premiums** — If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to written agreement with Lender or according to law.

**NON-UNIFORM PROMISES:** I also promise and agree with Lender as follows:

18. **Agreements About Assumption Of This Mortgage And About Lender's Rights If Mortgagor Transfers The Property Without Meeting Certain Conditions** — If I sell or transfer all or part of the Property or any rights in the Property, any person to whom I sell or transfer the Property may take over all of my rights and obligations under this Mortgage (known as an "assumption of the Mortgage") if certain conditions are met. Those conditions are: (A) I give Lender notice of the sale or transfer; (B) Lender agrees that the person's credit is satisfactory; (C) the person agrees to pay interest on the amount owed to Lender under the Note and under this Mortgage at whatever rate Lender requires, and (D) the person signs an assumption agreement that is acceptable to Lender and that obligates the person to keep all of the promises and agreements made in the Note and in this Mortgage. If I sell or transfer the Property and each of the conditions in (A), (B), (C) and (D) of this Paragraph 18 is satisfied, Lender will release me from all of my obligations under the Note and under this Mortgage.

If I sell or transfer the Property and the conditions in (A), (B), (C) and (D) of this Paragraph 18 are not satisfied, I will still be fully obligated under the Note and under this Mortgage and Lender may require Immediate Payment in Full, as that phrase is defined in Paragraph 19 below. However, Lender will not have the right to require Immediate Payment in Full as a result of certain transfers. Those transfers are: (i) the creation of liens or other claims against the Property that are inferior to this Mortgage, (ii) a transfer of rights in household appliances to a person who provides me with the money to buy those appliances, in order to protect that person against possible losses, (iii) a transfer of the Property to surviving co-owners, following the death of a co-owner, when the transfer is automatic according to law, (iv) leasing the Property for a term of three years or less, as long as the lease does not include an option to buy.

If Lender requires Immediate Payment in Full under this Paragraph 18, Lender will send me, in the manner described in Paragraph 13 above, a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or, if it is not mailed, on the date the notice is delivered. If I do not make the required payment during that period, Lender may bring a lawsuit for "foreclosure and sale" under Paragraph 19 below without giving me any further notice or demand for payment. (See Paragraph 19 for a definition of "foreclosure and sale").

19. **Lender's Rights If Mortgagor Fails To Keep Promises And Agreements** — If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 19 are met, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment in Full."

Revised 8/30/2000
ACAPS: 003040802894000

INDEX NO. 704318/2019
RECEIVED NYSCEF: 04/09/2019

**FILED: QUEENS COUNTY CLERK 04/09/2019 04:55 PM**

NYSCEF DOC. NO. 12

citibank*

Mortgage, continued

| | | |
|---|---|---|
| 19. | Lender's Rights If Mortgagor Fails To Keep Promises And Agreements (continued) | If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs allowed by law. |

Lender may require Immediate Payment in Full under this Paragraph 19 only if all of the following conditions are met:

(A) I fail to keep any promise or agreement in the Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and

(B) Lender sends to me, in the manner described in Paragraph 13 above, a notice that states:
    (i)  The promise or agreement that I failed to keep;
    (ii)  The action that I must take to correct that failure;
    (iii) A date by which I must correct the failure. That date must be at least 30 days from the date on which the notice is mailed to me, or, if it is not mailed, from the date on which it is delivered to me;
    (iv) That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment in Full, and Lender or another person may acquire the Property by means of foreclosure and sale;
    (v)  That I may speak with a named representative of Lender to discuss any questions which I have about the things stated in the notice;
    (vi) That if I meet the conditions stated in Paragraph 20 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full effect as if Immediate Payment in Full had never been required; and
    (vii) That I have the right in any lawsuit for foreclosure and sale to argue that I did keep my promises and agreements under the Note and under this Mortgage, and to present any other defenses that I may have; and

(C) I do not correct the failure stated in the notice from Lender by the date stated in that notice.

| | | |
|---|---|---|
| 20. | Mortgagor's Right To Have Lender's Lawsuit For Foreclosure And Sale Discontinued | Even if Lender has required Immediate Payment in Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions: |

(A) I pay to Lender the full amount that would have been due under this Mortgage and the Note, if Lender had not required Immediate Payment in Full; and

(B) I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

(C) I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

(D) I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If I fulfill all of the conditions in this Paragraph 20, then the Note and this Mortgage will remain in full effect as if Immediate Payment in Full had never been required.

| | | |
|---|---|---|
| 21. | Lender's Rights To Rental Payments From The Property And To Take Possession Of The Property | As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment in Full under Paragraph 18 to 19 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone else, and I will not do so without Lender's consent in writing. |

If Lender requires Immediate Payment in Full under Paragraphs 18 to 19 above, or if I abandon the Property, the Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property, and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 21, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to occupy the Property.

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 21, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the costs of any necessary bonds. Lender and receiver will be obligated to account only for those rental payments that they actually receive.

FILED: QUEENS COUNTY CLERK 04/09/2019 04:55 PM

NYSCEF DOC. NO. 12

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/09/2019

Mortgage, continued

citibank®

Paragraph 22 has been intentionally deleted.

**23. Lender's Obligation To Discharge This Mortgage When The Note And This Mortgage Are Paid In Full**

When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

**24. Agreements About New York Lien Law.**

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the property official records, construction or other work on any building or other improvement located on the Property has not been completed for a least four months, I will: (A) hold all amounts, which I receive and which I have a right to receive from Lender under the Note as a "trust fund," and (B) use those amounts to pay for that construction or work before I use them for any purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

By signing this Mortgage I agree to all of the above.

Witnesses:

_____

_____

_____

_____

_____

_____

Mortgagor: MAURICE U OPARAJI                    10/24/2003
[X] Married                                      [ ] Unmarried

Mortgagor: ADA OPARAJI                          10/24/2003
[ ] Married                                      [ ] Unmarried

Mortgagor:
[ ] Married                                      [ ] Unmarried

Mortgagor:
[ ] Married                                      [ ] Unmarried

[ ] Married                                      [ ] Unmarried

[ ] Married                                      [ ] Unmarried

State of New York                    }
                                     } ss:
County of QUEENS                     }

On the 10/24/2003, before me, the undersigned, a Notary Public in and for said State, personally appeared MAURICE U OPARAJI and ADA OPARAJI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he(she)(they) executed the same in his (her)(their) capacity(ies), and that by his(her)(their) signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed this instrument.

_____
Notary Public

GLORIA MORGAN
Notary Public, State of New York
No. 01MO6085533
Qualified in Queens County
Commission Expires Dec. 18, 2006

SEAL

State, District of Columbia, Territory, Possession or Foreign Country        )
                                                                             ) ss:

On the _____ day of _____, in the year _____, before me, the undersigned, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he(she)(they) executed the same in his (her)(their) capacity(ies), that by his(her)(their) signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed this instrument, and that such individual made such appearance before the undersigned in the _____
(Insert the city or other political subdivision and the state or country or other place the acknowledgment was taken).

_____
Signature and office of individual taking acknowledgment

NBS-F-SI-702-NY
                                        1 of 7
                                                              Revised at his 2003
                                                              ACAPS- 1034866208484993

FILED: QUEENS COUNTY CLERK 04/09/2019 04:55 PM

NYSCEF DOC. NO. 12

INDEX NO. 704318/2019

RECEIVED NYSCEF: 04/09/2019

## SCHEDULE A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of 133rd Road (Gordon Place) (60 feet wide) with the easterly side of 245th Street (60 feet wide), as said street and road are shown on The Final Topographical Map for the City of New York, Borough of Queens;

RUNNING THENCE Northerly along the easterly side of 245th Street, 78.34 feet;

THENCE Southerly along a line forming an interior angle of 15 degrees 17 minutes 45 seconds with the easterly side of 245th Street, 26.19 feet;

THENCE Northeasterly along a line forming an interior angle of 274 degrees 52 minutes 35 seconds with the preceding course, 77.86 feet;

THENCE Southerly along a line forming an interior angle of 69 degrees 49 minutes 40 seconds with the preceding course, 79.91 feet to the northerly side of 133rd Road;

THENCE Westerly along the northerly side of 133rd Road, 80 feet to the point or place of BEGINNING.

THIS PROPERTY IS OR WILL
BE PRINCIPALLY IMPROVED
BY A ONE OR TWO FAMILY DWELLING

Attachment 30 to Complaint

**MAURICE OPARAJI**
245-11 133 Road
Rosedale, NY 11422
Home: 718-978-3581
Mobile: 347-650-7895
mroparaji@yahoo.com
mrmoparaji@gmail.com

October 23, 2019

The United States Attorney's Office
for the Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn NY 11201

Tel: (718)254-7000
Fax: (718)254-7508

Dear Sir/Madam:



RE: **AFFIDAVIT OF FORGERY: ABN AMRO MORTGAGE GROUP, INC
BY MAURICE OPARAJI and ADA OPARAJI**

Enclosed, please find an Affidavit of Forgery by Maurice Oparaji and Ada

Oparaji. If you have any questions, please contact Maurice Oparaji at Home: 718-

978-3581; Mobile: 347-650-7895, or via e-mail at mroparaji@yahoo.com;

mrmoparaji@gmail.com

I thank you for your kind consideration in this matter.

Most respectfully,

Maurice Oparaji

INDEX NO. 704318/2019
RECEIVED NYSCEF: 10/24/2019

FILED: QUEENS COUNTY CLERK 10/24/2019 03:20 PM
NYSCEF DOC. NO. 78

8. MAURICE OPARAJI and ADA OPARAJI immediately reported to the State of New York, Office of the Attorney General. In a letter dated August 7, 2012, File Number: 2012-1032547, Ronald Furan of the State of New York, Office of the Attorney General, Bureau of Consumer Frauds and Protection forwarded our correspondence to the District Attorney of Queens County. **Exhibit E.**

9. Investigation by the District Attorney of Queens County led to the arrest of the Citibank's representative Richard Babeck. Richard Babeck was arraigned on charges of filing False Instrument and Unlawful Practice of Law without a License. Richard Babeck pled guilty stating that he was directed by Citibank, N.A. d/b/a/ CitiMortgage, Inc to file the 03/31/2004 and 04/01/2004 Mortgage and the Note. In July 10, 2013 Richard Babeck was sentenced for filing False Instrument and Unlawful Practice of Law without a License. **Exhibit F.**

10. ABN Amro Mortgage Group, Inc has a history and patterns for document forgery. In ABN Amro Mortgage Group Inc., an Ann Arbor-based subsidiary of Chicago-based LaSalle Bank, has agreed to a settlement of $41 million with the U.S. Department of Housing and Urban Development and the Justice Department following an investigation into the falsification of documents for 28,097 loan. (https://www.crainsdetroit.com/article/20060104/SUB/601040855/abn-amro-mortgage-agrees-to-41m-settlement-with-feds-largest-fha). **Exhibit G.**

11. ABN Amro found a total of 114 employees guilty of falsifying signatures on mortgage advices. Most of them were reprimanded and a number were dismissed, including some managers. (https://nltimes.nl/2017/06/08/abn-amro-sacks-10-managers-mortgage-fraud-100-staffers-reprimanded). **Exhibit H.**

12. This affidavit of forgery is submitted by MAURICE OPARAJI and ADA OPARAJI in support of our claim that ABN Amro Mortgage Group, Inc, forged the Mortgage and Note bearing Account Number 644039475 dated 03/31/2004 and 04/01/2004 respectfully, from the Mortgage and Note signed by us on 10/24/2003.

13. Since May 24, 2012, we discovered the 03/31/2004 and 04/01/2004 Note, we have made several demands/attempts to ABN AMRO MORTGAGE GROUP, INC and CITIBANK, N.A., d/b/a/ CITIMORTGAGE to provide the 10/24/2003 Note to us, or make the Note available for us to sight and make copies, but ABN AMRO MORTGAGE GROUP and CITIBANK, N.A., d/b/a/ CITIMORTGAGE have failed to do so because the 03/31/2004 and 04/01/2004 Note was copied from the 10/24/2003 Note; that was signed and executed by Mr. and Mrs. Oparaji. **See Exhibits I; J; and K.**

2

FILED: QUEENS COUNTY CLERK 10/24/2019 03:20 PM

NYSCEF DOC. NO. 78

INDEX NO. 704318/2019

RECEIVED NYSCEF: 10/24/2019

14. Till date, ABN AMRO MORTGAGE GROUP, INC. and CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC, have not provided us with the Note signed by us on 10/24/2003.

15. We understand the forgery is subject to investigation by Local, State, and/or Federal law enforcement agencies.

16. We understand making a false sworn statement is subject to Federal and/or State Statutes and may be punishable by fine and/or imprisonment.

17. We further acknowledge that the United States Attorney's Office for the Eastern District of New York may need to disclose the contents of this affidavit to third parties, including ABN AMRO MORTGAGE GROUP, INC.; CITIBANK, N.A., d/b/a/ CITIMORTGAGE, INC.; RICHARD M. BABECK; TERRY JOHNSON, CIVIL COURT OF CITY OF NEW YORK; SUPREME COURT OF STATE OF NEW YORK, AND UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK, as part of its investigation and we hereby consent to such disclosure.

## NOTARY ACKNOWLEDGMENT

State of _New York_ County of _NASSAU_

On _October 23rd 2019_ before me, _Gregg McLeod_.

Personally appeared:

MAURICE OPARAJI

ADA OPARAJI

Personally known to me OR proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures.

WITNESS my hand and official seal

SIGNATURE OF NOTARY

GREGG McLEOD
Notary Public - State of New York
No. 01MC6193923
Qualified in Nassau County
My Comm. Expires Sep. 2_, 2020

3