UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAURICE OPARAJI,

            Plaintiff,

-against-

HOME RETENTION CORP.; BORCHERT AND LASPINA, P.C.; ROBERT W. FROMMER; AKERMAN LLP; JORDAN M SMITH,

            Defendants.

Case No.: 21-CV-2758 (ENV) (LB)

# BORCHERT DEFENDANTS' RESPONSE TO PLAINTIFF OPARAJI'S RESPONSE AND OBJECTIONS TO JUDGE LOIS BLOOM'S REPORT AND RECOMMENDATION

Defendant Borchert and Laspina, P.C. and Defendant Robert W. Frommer (collectively, "Borchert Defendants") respectfully submit this Response to Plaintiff Maurice Oparaji's Response and Objections to Judge Lois Bloom's Report and Recommendation, dated January 11, 2022 ("Bloom Report"). For the below reasons, Judge Bloom's report should be adopted in full and Plaintiff's complaint should be dismissed in its entirety against the Borchert Defendants.

This instant action was commenced by prolific *pro se* litigant Maurice Oparaji concerning an underlying foreclosure. This instant matter seeks to assert claims against the Borchert Defendants, attorneys who served as counsel to CitiMortgage – Plaintiff's mortgagor - and as 'of counsel' to Akerman LLP as regards the related foreclosure action. Plaintiff alleges that the Borchert Defendants violated the Telephone Communications Protection Act, improperly appeared as counsel in the related action, and assisted in the introduction of fraudulent documents to the Court.

On June 23, 2021, the Borchert Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On January 11, 2022, Judge Lois Bloom issued a detailed Report and Recommendation concerning the Borchert Defendants' motion to dismiss and a similar motion filed by the Akerman Defendants. In sum, Judge Lois Bloom recommended that, as regards the Borchert Defendants, Plaintiff's complaint be dismissed in its entirety.

Plaintiff Oparaji has now filed numerous objections to Judge Bloom's report that are all without merit. Instead, Plaintiff Oparaji merely regurgitates his initial arguments without identifying an error of law or judgment on the part of Judge Bloom. As outlined below, Judge Bloom's decision was well-reasoned and properly recommended the dismissal of all claims against the Borchert Defendants.

## BRIEF FACTUAL BACKGROUND

This action stems from a default on a home loan secured by a mortgage on a property located at 245-11 133rd Road in Rosedale, New York. Plaintiff Oparaji and his wife defaulted on their loan, resulting in a foreclosure action being commenced in Queens County Supreme Court. This foreclosure action was eventually settled, with the Oparajis agreeing to reinstate their loan, and to reimburse CitiMortgage for all real property taxes CitiMortgage had paid on their behalf.

As outlined in the Borchert Defendants' original moving papers, Plaintiff Oparaji has since spent thirteen years seeking to reverse the impact of this foreclosure. After successfully defending against numerous actions commenced by Plaintiff Oparaji, CitiMortgage commenced a second action to foreclose the Oparajis' mortgage in March 2019. Plaintiff Oparaji thereafter removed the action to federal court in April 2019. The federal court entered an Order in August 2019 remanding the action back to state court. This action is still pending in the Supreme Court

of New York, County of Queens, and is styled as *CitiMortgage, Inc., successor by merger to ABN AMRO Mortgage Group Inc. v. Maurice Oparaji*, Index No.: 704318/2019 ("Pending Action").

When the Pending Action was temporarily removed to federal court, the Borchert Defendants appeared as co-counsel for CitiMortgage in the federal action. This brief appearance has unfortunately put the Borchert Defendants in Plaintiff's cross-hairs and has made them subject to his ongoing frivolous and litigious conduct.

As best can be gleaned by Plaintiff Oparaji's current allegations against the Borchert Defendants, he claims that they (1) directed agents from Defendant Home Retention Corp. to contact him in violation of the Telephone Communications Protection Act; (2) improperly appeared in the Pending Action; and (3) introduced fraudulent documents in the Pending Action.

## **BORCHERT DEFENDANTS' MOTION TO DISMISS**[1]

The Borchert Defendants' pending motion to dismiss argues that Plaintiff Oparaji has failed to put forth facts to sustain a cause of action against the Borchert Defendants for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.S. § 227. The motion argues that Plaintiff Oparaji has failed to put forth facts tending to show that the conduct of co-Defendant Home Retention Corp. was in violation of the TCPA. There are no facts pled tending to show that Defendant Home Retention Corp. used any automatic dialing system to contact Plaintiff.

Further, even if this Court were to find that Plaintiff Oparaji has sufficiently plead a violation of the TCPA as against Defendant Home Retention Corp., the motion argues that the complaint contains no factual allegations raising an inference that Defendant Frommer exercised

---

[1] The Borchert Defendants' motion to dismiss consists of a (1) Notice of Motion; (2) the Declaration of Catherine M. Ryan ("Ryan Dec."), dated June 23, 2021, and exhibits attached thereto; (3) a brief in support of the Borchert Defendants' motion to dismiss; and (4) the Declaration of Catherine M. Ryan concerning rules applicable to *pro se* litigants.

4876-7825-2556.1         3

any control over Defendant Home Retention Corp.'s calls to Plaintiff beyond the conclusory claim that Defendant Frommer "directed" same. Accordingly, the Borchert Defendants cannot be held vicariously liable for Defendant Home Retention Corp.'s calls and the allegations against the Borchert Defendants concerning violations of the TCPA should be summarily dismissed.

The Borchert Defendants' motion also argues that, since the TCPA allegations fail as a matter of law and should be dismissed, the Court should thereafter decline to exercise supplemental jurisdiction over the remaining state law claims – specifically, claims that the Borchert Defendants improperly appeared and participated in the Pending Action. Accordingly, the Borchert Defendants argue that the instant matter should be dismissed against them in its entirety.

## JUDGE LOIS BLOOM'S REPORT AND RECOMMENDATION

On January 11, 2022, Judge Lois Bloom issued a detailed report outlining her recommendation as to the disposition of the pending motion. *See* Bloom Report. Judge Bloom outlined in meticulous detail the procedural history between Plaintiff Oparaji and his mortgagor, the allegations in his instant complaint, and the arguments advanced by the parties as regards the pending motion to dismiss. Ultimately, Judge Bloom recommended that the Borchert Defendants' motion to dismiss be granted and that the Court decline to exercise supplemental jurisdiction over any remaining state law claims. *See* Bloom Report, p. 2.

### A. JUDGE LOIS BLOOM CORRECTLY RECOMMENDED THE DISMISSAL OF PLAINTIFF'S TCPA CLAIMS

Under the Telephone Consumer Protection Act, it is unlawful for any person within the United States to, *inter alia*, make any call (without consent) using any automatic telephone dialing system or artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. *See Zani v. Rite Aid Hdqtrs. Corp.*, 725 F App'x 41, 42 (2d Cir. 2018).

Plaintiff claims that, in December 2020, he was contacted by Jorge Sanchez of Defendant Home Retention Corp. *See* Ryan Dec., Exhibit A, ¶ 13. According to Plaintiff Oparaji, Mr. Sanchez expressed an interest in purchasing Plaintiff's property. *Id.* Plaintiff Oparaji claims that Mr. Sanchez was directed to call him by the Borchert Defendants and that the calls were unsolicited. *Id.*

As an initial matter, the Borchert Defendants argue that Plaintiff Oparaji has failed to put forth facts tending to show that the conduct of Defendant Home Retention Corp. in contacting him was in violation of the TCPA. Plaintiff specifically alleges that he was contacted by a live agent – Jorge Sanchez – and not a prerecorded message. Further, there are no facts pled tending to show that Defendant Home Retention Corp. used any automatic dialing system to contact Plaintiff. In fact, Plaintiff claims Mr. Sanchez advised that he was contacting Plaintiff specifically at the direction of the Borchert Defendants. As there are no allegations that Defendant Home Retention Corp. used a telephone dialing system or artificial or prerecorded voice, Plaintiff has failed to sufficiently plead that the company's conduct violated the TCPA.

In her report, Judge Bloom correctly noted that Plaintiff's complaint failed to ever allege that the calls were autodialed – a requirement for asserting a claim under TCPA. In evaluating Plaintiff's TCPA claims against the Borchert Defendants, Judge Bloom found that "plaintiff has failed to state a claim against the Borchert Defendants…under the TCPA and New York's General Business Law." *See* Bloom Report, p. 12. Specifically, Judge Bloom found that Plaintiff's "complaint is devoid of any non-conclusory allegations supporting the assertions that an ATDS (automatic telephone dialing system) or prerecorded voice was used to facilitate the calls in question." *See* Bloom Report, p. 15. Judge Bloom notes that Plaintiff's allegations, on the contrary, purport to outline conversations had with live representatives of Home Retention Corp.,

not prerecorded messages. *See* Bloom Report, p. 16. In fact, Judge Bloom notes that the complaint fails to ever mention the receipt of a prerecorded phone call. *See* Bloom Report, p. 16.

However, Judge Bloom notes that Plaintiff – "perhaps aware of his complaint's factual defects" – claimed in his opposition papers that the subject calls were prerecorded. *See* Bloom Report, p. 16. However, Judge Bloom specifically found that "even if the Court were to consider the statements in Plaintiff's opposition papers, they are conclusory and plaintiff's TCPA claim under 47 U.S.C. § 227(b)(1) would still fail." *See* Bloom Report, p. 17.

Additionally, Judge Bloom found that Plaintiff had failed to even establish an agency relationship between the Borchert Defendants and Home Retention Corp., the party allegedly responsible for the calls. To hold a defendant vicariously liable for another's telemarketer's TCPA violations, a plaintiff must plausibly allege the defendant acted as the telemarketer's principal in an agency relationship. *See, e.g., Jackson v. Caribbean Cruise Line, Inc*., 88 F. Supp. 3d 129, 138-39 (E.D.N.Y. 2015) (dismissing TCPA claims against cruise line where complaint contained only conclusory allegations the cruise line had power to give interim instructions to marketer who sent text messages). To be liable for the acts of its agent, a principal must exercise control over the conduct or activities of the agent. *See Jackson v. Caribbean Cruise Line, Inc*., 88 F. Supp. 3d at 138.

Plaintiff's complaint contains no factual allegations raising an inference that Defendant Frommer exercised any control over Defendant Home Retention Corp.'s calls to Plaintiff beyond the conclusory claim that Defendant Frommer "directed" same. Plaintiff's conclusory allegations that Defendant Home Retention Corp. made the calls at issue after Defendant Frommer allegedly advised the company that Plaintiff wanted to sell his home are insufficient to support a reasonable inference of actual authority, and do not plausibly allege that Defendant Frommer

exercised any interim control over Defendant Home Retention Corp. or its conduct. *See, e.g., Jackson v. Caribbean Cruise Line, Inc.,* 88 F. Supp. 3d at 138.[2]

Accordingly, the Borchert Defendants argue that Plaintiff Oparaji fails to plausibly allege any agency relationship between Defendant Home Retention Corp. and Defendant Frommer. Therefore, the Borchert Defendants cannot be held vicariously liable for Defendant Home Retention Corp.'s calls under a theory of actual authority. *See Hale v. Teledoc Health, Inc.,* 2021 US Dist LEXIS 56967, at *5-10 (SDNY Mar. 24, 2021) Accordingly, the Borchert Defendants argue that the allegations concerning violations of the TCPA should be summarily dismissed.

In her report, Judge Bloom correctly found that Plaintiff had failed to sufficiently establish that Home Retention Corp., the company alleged to have been making the calls, was acting as an agent of the Borchert Defendants. Judge Bloom found that "plaintiff's allegations fail to establish any agency relationship between the Borchert (Defendants) and defendant Home Retention [Corp.]" *See* Bloom Report, p. 19. According to Judge Bloom, Plaintiff fails to sufficiently allege that any of these calls were placed on behalf of the Borchert Defendants or that there was "any type of formal relationship" between Home Retention Corp. and the Borchert Defendants. *See* Bloom Report, p. 20. In fact, Judge Bloom conclusively found that:

> "even construing there allegations in the light most favorable to plaintiff, they do not demonstrate that the call – or any subsequent calls – were made on behalf of any entity or person other than Home Retention Corp. At best, plaintiff's complaint suggests that the [Borchert Defendants] may have provided information to defendant Home Retention Corp., not that Home Retention Corp. was acting at

---

[2] (finding allegations of a contract between cruise line and telemarketer sending text message did not allege power to give interim instructions, and non-conclusory allegations failed to "nudge" claims "across the line from conceivable to plausible"); *Bilek v. Federal Ins. Co.*, 2020 U.S. Dist. LEXIS 122338, 2020 WL 3960445, at *5 (N.D Ill. July 13, 2020) (finding allegations that insurance company provided caller with script and directed caller to make robocalls on its behalf were insufficient to allege interim control over telemarketers); *Bank v. Vivint Solar, Inc.*, 2019 U.S. Dist. LEXIS 48033, 2019 WL 1306064, at *4-*5 (EDNY Mar. 22, 2019) (finding allegations that robocall did not promote defendant's services in particular is insufficient to allege agency relationship even though plaintiff was later transferred to live agent promoting defendant's services).

their behest. Plaintiff's assertions to the contrary are conclusory and the Court need not accept them."

*See* Bloom Report, p. 20.

Based on the above analysis, Judge Bloom properly concluded that the Borchert Defendants' motion to dismiss plaintiff's complaint for failure to state a TCPA claim under 47 U.S.C. § 227(c)(5) should be granted.

**B.    JUDGE LOIS CORRECTLY RECOMMENDED THAT THE COURT DECLINE TO EXECUTE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS**

Finally, Judge Bloom correctly recommended that this Court decline to exercise supplemental jurisdiction over the remaining state law claims. Specifically, Judge Bloom notes that "when the federal law claims have been dropped out of the lawsuits in its early stages" – as she recommends occur here – "the federal court should decline the exercise of jurisdiction" over any remaining state law claims. Accordingly, Judge Bloom recommends that the state law claims concerning the Borchert Defendants' appearance and participating in the Pending Action be dismissed without prejudice.

# CONCLUSION

For the foregoing reasons, Defendant BORCHERT AND LASPINA, P.C., and Defendant ROBERT W. FROMMER's respectfully request that this Court adopt the Report and Recommendation of Judge Lois Bloom, dated January 11, 2022, and dismiss this action against the Borchert Defendants in its entirety.

Dated: New York, New York
February 7, 2022

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: *Catherine M Ryan*
Mark K. Anesh, Esq.
Catherine M. Ryan, Esq.
*Attorneys for Defendants*
*BORCHERT AND LASPINA, P.C., and*
*ROBERT W. FROMMER*
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300