UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
MAURICE OPARAJI,                                     :
                                                     :
                              Plaintiff,             :
                                                     :          MEMORANDUM & ORDER
            -against-                                :
                                                     :          1:21-cv-2758 (ENV) (LB)
                                                     :
HOME RETENTION CORP., BORCHERT AND                   :
LASPINA, P.C., ROBERT W. FROMMER,                    :
AKERMAN LLP, and JORDAN M. SMITH,                    :
                                                     :
                              Defendants.            :
-------------------------------------------------------------- x

VITALIANO, D.J.

Plaintiff Maurice Oparaji, who is proceeding *pro se*, filed this action alleging violations of

§ 227 of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as well as various

claims under New York law. *See* Compl., Dkt. 1. Defendants Borchert and Laspina, P.C. and

Robert W. Frommer (the "Borchert Defendants") and defendants Akerman LLP and Jordan Smith

(the "Akerman Defendants") separately moved to dismiss the complaint pursuant to Federal Rules

of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. 12 (Borchert Defendants); Dkt. 20 (Akerman

Defendants). A fifth defendant, Home Retention Corp. ("HRC"), failed to respond to the

complaint, prompting Oparaji to move for default judgment against it. *See* Dkt. 34.

On January 11, 2022, Magistrate Judge Lois Bloom issued a Report and Recommendation

("R&R") recommending that defendants' motions to dismiss be granted. *See* R&R, Dkt. 35. The

R&R also recommended that Oparaji's motion for default judgment against HRC be granted in

part and denied in part. *See id.* Oparaji filed his objections to the R&R on January 24, 2022,

contending, in largely conclusory language, that dismissal is inappropriate. *See* Pl.'s Objs., Dkt.

37. On February 7, 2022, the moving defendants filed their opposition to those objections. *See*

1

Dkt. 39 (Akerman Defendants); Dkt. 40 (Borchert Defendants).  For the following reasons, the R&R is adopted in its entirety as the opinion of the Court.

<u>Background</u>

Oparaji is currently a party to a state court mortgage foreclosure proceeding regarding his residence, which is located in Rosedale, New York.  *CitiMortgage, Inc., v. Oparaji*, No. 704318/2019 (Queens Cnty. Sup. Ct., Jan. 27, 2023); *see* R&R at 3–5.[1]  CitiBank, the mortgagor, is represented in the foreclosure action by defendants Borchert & Laspina, P.C. and Akerman LLP. *Id.* at 4.  Oparaji singles out defendants Robert W. Frommer and Jordan Smith, who work, respectively, for Borchert and for Akerman.  *Id.*

In short, Oparaji alleges that a representative of HRC called him on or before December 1, 2020, and "told him that Robert W. Frommer directed [the representative] to call [Oparaji] because [Oparaji] is looking to sell his property," *i.e.*, his Rosedale residence.  Compl. ¶ 13.  Oparaji informed the representative that he was not interested in selling the property.  *Id.* ¶¶ 13. Nevertheless, on April 27, 2021, plaintiff alleges another representative of HRC called him and told him that "Jordan Smith informed her that plaintiff is seeking to refinance his existing loan." *Id.* ¶ 16.  Plaintiff also alleges that he told neither Frommer nor Smith that he was interested in selling his property or in refinancing his loan and that his "residential telephone number" is listed on the "National Do Not Call Registry."  *Id.* ¶¶ 15, 17–20.

<u>Legal Standard</u>

When reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] All citations to pages of the parties' briefing refer to the Electronic Case Filing System ("ECF") pagination.

magistrate judge."  28 U.S.C. § 636(b)(1).  Where a party has filed a written objection to any of the magistrate judge's findings or recommendations, the reviewing district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  But "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  *Howell v. Port Chester Police Station*, No. 09 Civ. 1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (quoting *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)) (alterations original).

Regardless of whether they have been referred to a magistrate judge for consideration in the first instance, default judgments are regarded as extreme remedies and thus are "generally disfavored and are reserved for rare occasions."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  In line with the extreme nature of default judgements, Rule 55 of the Federal Rules of Civil Procedure provides guardrails.  It requires two steps for a plaintiff to obtain a default judgment.  *See Priestly v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. Pro. 55(a).  Second, after the clerk enters the defendant's default and the defendant fails to appear or move to set aside the default judgment under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment.  Fed. R. Civ. Pro. 55(b).  During the second of those two steps, the Court must determine if the plaintiff's well-pleaded complaint establishes a legitimate cause of action.  *See Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) (holding that a district court has discretion in deciding whether to enter a default judgment).  The

court must draw all reasonable factual inferences in favor of the plaintiff, *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 112 (E.D.N.Y. 1997), but it "need not credit the plaintiff's legal conclusions," *Miss Jones LLC v. McCormick*, No. 16 Civ. 7129 (WFK) (RER), 2017 WL 4877437, at *2 (E.D.N.Y. Aug. 9, 2017), *report and recommendation adopted*, 2017 WL 4898278 (E.D.N.Y. Oct. 27, 2017).

<u>Discussion</u>

I.    <u>Motions to Dismiss</u>

As described in the legal standards section above, objections to an R&R must not be "conclusory or general" and must not "simply reiterate[] the original arguments" in the party's prior briefing. *Howell*, 2010 WL 930981, at *1 (quoting *IndyMac*, 2008 WL 4810043, at *1). It is true that objections of *pro se* litigants "are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *Id.* (quoting *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008). But "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's R&R, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)). In other words, even for a *pro se* litigant, generalized or conclusory objections that fail to raise new concerns will not suffice. *See, e.g.*, *Green v. Dep't of Educ. of City of New York*, No. 18 Civ. 10817 (AT) (GWG), 2020 WL 5814187, at *3 (S.D.N.Y. Sept. 30, 2020), *aff'd*, 16 F.4th 1070 (2d Cir. 2021) (rejecting objections that "merely restate arguments Plaintiff made in his amended complaint" or are otherwise conclusory); *Healing Power, Inc. v. Ace Cont'l Exps.*, *Ltd.*, No. 07 Civ. 4175 (NGG) (RLM), 2008 WL 4693246, at *2 (E.D.N.Y. Oct. 17, 2008) (finding general

objections to a report and recommendation are not specific enough to constitute Rule 72(b) objection); *Hazen v. Perlman*, No. 05 Civ. 1262 (NAM) (RFT), 2008 WL 4186329, at *10 (N.D.N.Y Sept. 9, 2008) (finding that a district court should review a report and recommendation for clear error where a *pro se* plaintiff does not specifically object to any particular portion of the report).

Oparaji fails to meet even the minimal requirements that would satisfy this liberal standard. His objections can be divided into two broad groups. The first consists of a numbered list of what he describes as 28 errors in the R&R. Pl.'s Objs. at 2–20. The second consists of general arguments against the R&R, quoting at length from case law and various other sources. *Id.* at 20–33. With the exception of a few short passages about his motion for default judgment, which are separately addressed in Part III *infra*, the bulk of Oparaji's briefing, unsurprisingly, concerns defendants' motions to dismiss. Collectively, these objections are nothing more than a rehash of the arguments he originally presented to Magistrate Judge Bloom. As a consequence, in the absence of Rule 72-compliant written objections, the R&R will not be reviewed *de novo*, but for clear error.

Beginning with Oparaji's 28 purported errors, refined focus makes clear that most of them merely state in conclusory fashion purported deficiencies in the R&R and provide as support either verbatim quotes from or a naked restatement of the argument in the briefing or the R&R itself, all without any new argument whatsoever. *See* Pl.'s Objs. at 2–4, 6–19 (Objections 2, 4, 6, 9–18, 20–26). Most of the others misstate the magistrate judge's findings and recommendations or misstate the bases for those findings and recommendations. *See id.* at 2–6, 19–20 (Objections 1, 3, 7–8, 28). Notwithstanding the solicitude accorded objections of *pro se* litigants, these objections do not warrant any further consideration by the Court. With that failure to object, those findings and

recommendations are subject to clear error review, unless some other objection to them is found proper. *Pinkney*, 2008 WL 2811816, at *1; *Green*, 2020 WL 5814187, at *3.

But the two remaining objections regarding the motions to dismiss,[2] Objections 5 and 27, also do not provide the Court with any reason to subject the R&R to *de novo* review, as they do not raise viable objections to any findings or recommendations in the R&R.  Objection 5 appears to claim that, because Magistrate Judge Bloom found that the Court has subject matter jurisdiction over Oparaji's claim, it was improper for the R&R to recommend against exercising supplemental jurisdiction over the state law claims.  *See* Pl.'s Objs. at 3.  This objection misstates the law. Because the R&R determined that all of Oparaji's federal statutory claims should be dismissed, R&R at 12–21, it correctly determined that supplemental jurisdiction should be exercised only over the state law claims under General Business Law §§ 399-p and 399-q, and not over the other state law claims that were not alleged against HRC, once all of the claims over which the Court had original jurisdiction were dismissed.  *Id.* at 11–12, 21–23 & n.15; *see also Klein and Co. Futures, Inc. v. Bd. of Trade of New York*, 464 F.3d 255, 262 (2d Cir. 2006).  Objection 27, which concerns application of the appropriate standards on summary judgment, *see* Pl.'s Objs. at 19, likely stems from a misunderstanding of a warning that "the Court *may* treat the motion as one for summary judgment under Federal Rule of Civil Procedure 56," R&R at 6 n.8 (emphasis added). But because the R&R recommended that the Court grant the motions to dismiss without choosing to treat them as motions for summary judgment (and because the Court does so), this objection is moot.  Thus, none of Oparaji's 28 so-called errors raise meritorious objections to the R&R's treatment of the motions to dismiss.

---

[2] One other objection, Objection 19, concerns plaintiff's motion for default judgment, *see* Pl.'s Objs. at 16, and so is addressed in Part III *infra*.

Oparaji's second group of objections serves a less clear purpose.  It consists of several decontextualized summaries of ostensibly relevant caselaw, lengthy block quotes from the record, and restatements of TCPA's purpose.  *Id.* at 20–33.  This unstructured all-out attack on the R&R's reasoning does not adequately state any well-reasoned objection.  As above, the minimal portions concerning the motion for default judgment are discussed in Part III *infra*, while the portions concerning the motions to dismiss are discussed in this section.

Bluntly, the cases Oparaji cites do not advance his argument.  The first case he raises is *Harnage v. Lightner*, 916 F.3d 138 (2d Cir. 2019).  Pl.'s Objs. at 20–21.  But as Oparaji readily admits, that case concerns pleading requirements under Rule 8 and Rule 20, unlike this case, which concerns motions to dismiss under Rule 12, and is, at best, only tangentially related.  Standing alone, however, it offers no legitimate objection to the R&R.

Oparaji next puts on the table *In re Longhorn Securities Litigation*, 573 F. Supp. 255 (W.D. Okla. 1983), for the proposition that his complaint satisfies Rule 12.  Pl.'s Objs. at 21.  But this case is also not helpful to Oparaji.  In addition to being from out of circuit, it was also decided before the revolutionary advances in pleading standards wrought by the Supreme Court in the *Twiqbal* cases.  In the modern legal landscape, it is no longer sufficient for a complaint to be "specific enough to permit the defendants to frame their responsive pleadings." *Longhorn*, 573 F. Supp. at 264.  Rather, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  This objection does not viably challenge the dismissal order recommended by Magistrate Judge Bloom.

Wrangling up a string of quotes from the briefing, R&R, and TCPA, all presented with no new argument whatsoever, *see* Pl.'s Objs. at 21–28, the next set of quotes from case law merely restates the Rule 12(b)(6) standard.  *See id.* at 23, 28–29.  But merely stating the rules does not change how they apply to the facts in his case, which is why this objection points to no error in the R&R's finding that Oparaji failed to satisfy the operative pleading standard.

Regarding the briefing, Oparaji contends that the moving defendants "did not dispute that they directed [the representatives] to call plaintiff [and] that plaintiff is looking to sell his property."  Pl.'s Objs. at 23; *see also id.* at 31–32.  But this claim ignores the conclusion of the R&R that Oparaji failed to adequately allege an agency relationship between HRC and any of the moving defendants, instead making such allegations in conclusory fashion with no supporting arguments or evidence.  *See* R&R at 19–20.  Indeed, as the R&R noted, what little direct evidence Oparaji provides seems to cut against an agency relationship.  *See id.* at 20 ("The closest plaintiff comes to pleading any type of formal relationship between defendant Home Retention Corp. and the other defendants is when he states that on December 1, 2020, one caller 'told him that Robert W. Frommer *directed* him to call him because he is looking to sell his property.' However, that same caller 'told plaintiff that *he* wants to buy the property.'") (internal citations omitted).  This lack of factual support is fatal to even the most charitable view of Oparaji's argument.

Oparaji ends his objections with a lengthy discussion of the fact that someone who orders a hit can be charged with murder just as the hitman can.  Pl.'s Objs. at 31–33.  Interpreted in the light most favorable to him, Oparaji appears to be arguing by analogy to say that the moving defendants directed the two HRC representatives to place the calls to his number—in other words, that the moving defendants ordered the hit, so to speak.  But, as explained above, the R&R does not intimate that the moving defendants escape liability on the basis that they did not personally

place the call, but rather on the basis that Oparaji failed to adequately allege they were even in the proverbial mob—or, more concretely, to allege that there was an agency relationship between HRC and any of the moving defendants. *See* R&R at 19–20. Thus, all of Oparaji's objections to the R&R as it concerns defendants' motions to dismiss are without merit.

Accordingly, because plaintiff's purported objections entirely fail to challenge any findings in the R&R regarding defendants' motions to dismiss, the Court reviews the R&R on those issues for clear error.[3] First, Oparaji's § 227(b)(1) claims against defendants must be dismissed. Section 227(b)(1) of TCPA prohibits phone calls using an "automatic telephone dialing system" ("ATDS") or an "artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A) & (B). In order to adequately allege a violation of § 227(b)(1), a plaintiff must allege, *inter alia*, that the call they received was placed "by the use of any automatic dialing system [and/or leaving an artificial or prerecorded message]." R&R at 14 (quoting *Ford v. Bluestem Brands Inc.*, No. 18 Civ. 2695 (VB), 2019 WL 1046367, at *3 (S.D.N.Y. Mar. 5, 2019)) (alteration original). But plaintiff failed to make any such allegations. *See id.* at 15–17. The complaint alleges no facts to support an inference of defendants' use of any artificial or prerecorded voice or of ATDS, thus failing to allege a violation of § 227(b)(1). Instead, the complaint only alleges the calls came from live representatives of HRC. *See* Compl. ¶¶ 13, 16; *see also* R&R at 15–17. The Court concludes that the R&R's arguments on this point are not clearly erroneous, and as a result, dismissal of these counts is appropriate.

Second, the complaint also fails to allege any § 227(c)(5) violations by the moving defendants. Section 227(c)(5) permits a private right of action for certain violations of the

---

[3] The Court notes nevertheless that it would have reached the same conclusions had it reviewed the R&R *de novo*.

regulations promulgated by the Federal Communications Commission ("FCC") under TCPA. Such a civil action may be brought when a plaintiff receives "more than one telephone call within any 12-month period . . . [from] the same entity in violation of the regulations prescribed" by FCC. 47 U.S.C. § 227(c)(5).  Liability can be extended from the caller to another entity only if a plaintiff can adequately allege that the caller was an agent of that other entity.  *See, e.g.*, *Hale v. Teledoc Health, Inc.*, No. 20 Civ. 5425, 2021 WL 1163925, at *3–4 (S.D.N.Y. Mar 25, 2021) (holding that where a plaintiff fails to allege any agency relationship, vicarious liability under TCPA is inappropriate).

Here, Oparaji's complaint alleges that HRC's representatives received information from the moving defendants.  Compl. ¶¶ 13, 16.  But that alone does not allege an agency relationship. R&R at 19–20.  Regarding the Borchert Defendants, Oparaji does make a conclusory allegation that one HRC representative told Oparaji that "Frommer *directed* him to call" Oparaji, but he notes in the very same paragraph that the representative "told plaintiff that *he* [*i.e.*, the representative] wants to buy the property."  *Id.* at 20 (quoting Compl. ¶ 13).  This falls short of alleging control, even if read in the light most favorable to plaintiffs.  Regarding the Akerman Defendants, Oparaji falls even shorter, instead alleging only that "Smith informed [the representative] that plaintiff is seeking to refinance his existing loan."  *Id.* (quoting Compl. ¶ 16).  Thus, the complaint fails to adequately allege that any unsolicited calls were made at the direction of any of the moving defendants, as is required for liability under that provision.  Consequently, the R&R's recommendation that the § 227(c)(5) claims against the moving defendants be dismissed is not clearly erroneous and is adopted as the opinion of the Court.

The remaining claims against the moving defendants are all state law causes of action over which the Court does not have original jurisdiction.  The Court should exercise pendent jurisdiction

over those state law claims that "arise[ out of] the same set of facts" as any surviving federal law claims in the action.  R&R at 21 n.15 (quoting *Kirschner v. Klemons*, 225 F.3d 227, 239 (2d Cir. 2000)).  Although the federal law claims against the Akerman Defendants and Borchert Defendants have been dismissed as noted above, the claims against HRC under § 227(c)(5) of TCPA survive for the reasons described in Part III *infra*.  Accordingly, the Court considers the state law claims analogous to TCPA raised against the Akerman Defendants and Borchert Defendants.

The statutory provisions underlying those state law claims are General Business Law § 399-p, which prohibits calls via "automatic dialing-announcement device," and General Business Law § 399-z, which prohibits "telemarketing sales call[s]" to numbers on the national Do Not Call registry.  *Id.* at 21 (quoting Gen. Bus. Law §§ 399-p, 399-z).  Both of those claims fail for the same reasons as Oparaji's federal claims:  "plaintiff has not adequately alleged that the calls he received were prerecorded [or auto-dialed] . . . [and] has also failed to allege in non-conclusory form that the Borchert and Akerman defendants are responsible for the calls."  R&R at 22.  Additionally, the § 399-z claims also fail because the statute does not provide a private right of action.  *Id.* (citing Gen. Bus. Law § 399-z(13), (14)).  The R&R's findings on those state causes of action are not clearly erroneous, and those causes are therefore dismissed with prejudice for failure to state a claim.

Finally, plaintiff raises several additional state law claims against the Akerman Defendants and Borchert Defendants only, particularly claims of "intentional misrepresentation, fraud, negligent misrepresentation, and willful misconduct," along with "passing references to additional [state law] claims."  *Id.* at 23 (citing Compl. ¶¶ 1, 34–36, 52–54, 68, 74).  Concerning those remaining state law claims, federal district courts should decline the exercise of supplemental

jurisdiction over state law claims when the federal law claims have been dropped out of the lawsuit in its early stages.  R&R at 23; *see also Klein and Co. Futures*, 464 F.3d at 262.  Because there is no equivalent federal claim on these points against the moving defendants and there is no federal or state claim on these points against HRC, no analogous federal claim survives.  In that litigation posture, Magistrate Judge Bloom's recommendation that these remaining state law claims brought solely against the moving defendants be dismissed without prejudice to their refiling in a state court of appropriate jurisdiction is not clearly erroneous, and the Court adopts that recommendation.

II.   <u>Motion for Default Judgment Against HRC</u>

The Court now turns to the R&R as it concerns Oparaji's motion for default judgment against HRC.  Oparaji's few objections to that portion of the R&R fare no better than his other objections.  Toward the top of his list, plaintiff poses in Objection 19 that the "question of damages is for the Jury."  Pl.'s Objs. at 16.  Similarly, in his second group of objections, following a brief, non-argumentative summary of case law and procedural rules concerning default judgments, Oparaji "demands the issue as to damages be submitted to the jury."  *Id.* at 30–31.  Although these objections simply rehash existing argument and therefore are not proper objections, the Court nevertheless opts to respond to them in order to aid the *pro se* litigant in his next steps.  It is simply this:  because the Court grants plaintiff's motion for default judgment on his TCPA claim against HRC for the reasons described below, there will be no trial, and therefore no jury, on that claim.  Nevertheless, for the reasons stated in the R&R, the Court cannot simply deem Oparaji's damages calculation as true, but "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see also* R&R at 24–25, 27–29.  Oparaji does not provide any response to the

R&R's conclusion that he "does not provide any rationale, argument, or documentary evidence to support his request" for damages.  R&R at 28.  In order to prevail on any new request for damages, plaintiff must include some such argument.  Having succeeded on his motion for default judgment on the merits, plaintiff is being given an opportunity to supplement the record with sufficient support for the Court to award damages.  He should take the opportunity to do so.

Accordingly, in the absence of valid objections to this portion of the R&R, the Court reviews it for clear error, as it reviewed the portion concerning the moving defendants' motions to dismiss.[4]  Just as the R&R stated, the Court concludes that default judgment should be denied as to plaintiff's § 227(b)(1), § 399-p, and § 399-z claims; granted as to his § 227(c)(5) claim; and denied without prejudice as to his request for damages on the § 227(c)(5) claim.

Regarding the § 227(b)(1) claim, as discussed above, plaintiff's complaint fails to allege any prerecorded voice or the use of ATDS; instead, he alleges conversations with HRC's *live* representatives.  R&R at 25–26 (citing Compl. ¶¶ 13, 16).  On these pleaded facts, the claim is defeated right from the start.  Both of Oparaji's state law claims against HRC fail for essentially the same reason that those claims failed against the moving defendants:  his lack of any adequate claim that the calls were prerecorded or placed via ATDS dooms his § 399-p claims, while the lack of a private right of action in § 399-z dooms those claims.  *See* R&R at 26–27.  Consequently, there is no error, and plaintiff's motion for a default judgment regarding his claims under § 227(b)(1), § 399-p, and § 399-z are denied.

It is here, though, that Oparaji catches some wind in his sails.  His § 227(c)(5) claim adequately pleads that he was on the Do Not Call registry and that HRC made multiple offending

---

[4] Once again, the Court's conclusions as to Oparaji's motion for default judgement against HRC would have been no different on *de novo* review.

calls within 12 months.  His argument as to HRC does not face the same agency problems that his argument as to the moving defendants does, as he adequately alleges that the representatives were acting at the behest of HRC itself.  *See* Compl. ¶¶ 13, 16; R&R at 26.  Moreover, courts have held that harms such as these are sufficiently concrete to confer standing.  *See, e.g.*, *Zani v. Rite Aid Headquarters Corp.*, 246 F. Supp. 3d 835, 847 (S.D.N.Y. 2017), *aff'd*, 725 F. App'x 41 (2d Cir. 2018).  Therefore, for those reasons and the reasons stated in the R&R, plaintiff has sufficiently stated a claim for HRC's violation of the FCC's Do Not Call registry regulations, and default judgment on that claim should be granted.

Regarding damages, however, as discussed above, the Court cannot simply grant a damages request on a motion for default judgment without first "conduct[ing] an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Credit Lyonnais*, 183 F.3d at 155 (2d Cir. 1999).  In order for the Court to conduct such an inquiry, Oparaji must present the Court with evidentiary support for his calculation of damages, which he has failed to do in his complaint. In order to give plaintiff another opportunity to satisfy his "burden . . . to establish [his] entitlement to recovery," *Bravado Intern. Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189 (E.D.N.Y. 2009), the Court denies his request for damages without prejudice.  In light of his *pro se* status, plaintiff shall have 20 days from the date on which the Clerk of Court mails him a copy of this Memorandum & Order to file new supporting documents supplementing his argument for damages.  In particular, plaintiff will need to file a declaration or an affidavit, under penalty of perjury, setting forth his claimed damages.  *See* 47 U.S.C. § 227(c)(5)(B) (A plaintiff suing under § 227(c)(5) may "recover . . . actual monetary loss from such a violation, or . . . receive up to $500 in damages for each such violation, whichever is greater.").  Plaintiff is encouraged to contact the Federal Pro Se Legal Assistance Project for assistance with preparing any such filing.

<u>Conclusion</u>

In line with the foregoing, plaintiff's objections are overruled, and Magistrate Judge Bloom's R&R is adopted in its entirety as the opinion of the Court.

As a result, defendants' motions to dismiss the federal claims and the claims under New York General Business Law §§ 399-p and 399-z are granted with prejudice; defendants' motions to dismiss the other state law claims are granted without prejudice to their refiling in a state court of appropriate jurisdiction; plaintiff's motion for default judgment on his § 227(b)(1) claim and on his § 399-p and § 399-z claims is denied; plaintiff's motion for default judgment on his § 227(c)(5) claim against HRC is granted; and plaintiff's request for damages on his § 227(c)(5) claim against HRC is denied without prejudice.

Plaintiff shall have 20 days from the date the Clerk of Court mails him a copy of this Memorandum & Order to supplement his request for damages on the § 227(c)(5) claim against HRC only.

The Clerk of Court is directed to mail a copy of this Memorandum & Order to plaintiff and to note the date of the mailing on the docket.

So Ordered.

Dated: Brooklyn, New York
February 7, 2023

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

15