UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MAURICE OPARAJI,

                      Plaintiff,            **REPORT AND RECOMMENDATION**
                                                                        **21 CV 2758 (ENV)(LB)**

   -against-

HOME RETENTION CORP.,

                      Defendant.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      *Pro se* plaintiff Maurice Oparaji filed this action on May 14, 2021 against five defendants alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et. seq., violations of the New York Telephone Consumer Protection Act ("New York TCPA"), conspiracy, intentional misrepresentation, negligent misrepresentation, and willful misconduct. Compl., ECF No. 1. The Court granted defendants' motion and dismissed plaintiff's claims against all defendants except Home Retention Corp. ("HRC" or "defendant"). Oparaji v. Home Retention Corp., No. 21-CV-2758, 2023 WL 2155764, at *7 (E.D.N.Y. Feb. 22, 2023).[1] The Court granted plaintiff's motion for a default judgment against HRC on his claim that defendant violated § 227(c)(5) of the TCPA, but denied his request for damages without prejudice. Id. With the Court's leave, plaintiff supplemented his request for damages on his TCPA claim. ECF No. 44. That request has been referred to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's request for damages on his TCPA claim against defendant should be granted in part and denied in part.

---

[1] The Clerk of Court is respectfully directed to send plaintiff a copy of the attached unreported cases cited herein.

1

**BACKGROUND**

Familiarity is assumed with the factual and procedural history of this case. In relevant part, plaintiff alleges that defendant placed multiple unwanted telephone calls to his residential telephone number, which has been on the national do not call registry ("DNCR") since June 12, 2016, to solicit plaintiff to refinance or sell his property. Compl. ¶¶ 18-20, 22, 24-25. After defendant failed to respond to plaintiff's complaint, the Court granted plaintiff's motion for a default judgment on his claim that defendant violated § 227(c)(5) of the TCPA but found that plaintiff failed to establish damages. Oparaji v. Home Retention Corp., No. 21-CV-2758, 2022 WL 987560, at *14 (E.D.N.Y. Jan. 11, 2022), report and recommendation adopted, 2023 WL 2155764 (E.D.N.Y. Feb. 22, 2023). The Court found no support for plaintiff's claim for actual damages and found an insufficient basis to award statutory damages "because plaintiff [had] not sufficiently articulated the number of violations attributed to defendant Home Retention Corp." Id.

The Court directed plaintiff to "file **new** supporting documents supplementing his argument for damages." Oparaji, 2023 WL 2155764, at *7 (emphasis added). As Judge Vitaliano stated, "plaintiff is being given an opportunity to supplement the record with sufficient support for the Court to award damages. He should take the opportunity to do so." Id. at *6.[2] Plaintiff filed the instant supplement. ECF No. 44.

**DISCUSSION**

**I.    Damages Under the TCPA**

In relevant part, § 227(c)(5) of the TCPA makes it unlawful for any person or entity to initiate more than one telephone solicitation to a residential telephone number that is on the

---

[2] Plaintiff appealed Judge Vitaliano's Order. ECF No. 42. The Second Circuit dismissed plaintiff's appeal for lack of jurisdiction. ECF No. 47.

national do-not-call registry ("DNCR") within any 12-month period. See 47 U.S.C. § 227(c)(5) (providing a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection"); 47 C.F.R. § 64.1200(c) (providing that "[n]o person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry"). The Court has already determined that defendant violated plaintiff's rights under the TCPA. However, this does not automatically entitle plaintiff to his asserted damages. While a default is "deemed to constitute a concession of all well pleaded allegations of liability," it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks and citation omitted); see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Id. at 155 (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court, however, does not need to hold a hearing, as "detailed affidavits and documentary evidence" may be sufficient. Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

For violations of § 227(c)(5), a plaintiff may "recover for actual monetary loss" or "receive up to $500 in damages for each such violation, whichever is greater. . . ." 47 U.S.C. §

3

227(c)(5)(B).³ If defendant's violation was willful or knowing, "the court may, in its discretion," impose up to treble damages. Id. § 227(c)(5). To calculate an award of statutory damages under § 227(c)(5), the Court must determine (1) the number of TCPA violations plaintiff has established; (2) the appropriate amount to award for each established violation; and (3) whether an increased damages award is warranted. Id. Here, plaintiff seeks $27,500 in statutory damages and $82,500 in trebled damages for fifty-five calls that plaintiff alleges he received from defendant that violated the TCPA.⁴ ECF No. 44 at 3; id. ¶ 5. However, plaintiff's only support for how many calls defendant made to his number in violation of the TCPA is his citation to his motion for default judgment. Id. In other words, rather than use his "opportunity to supplement the record with sufficient support for the Court to award damages," Oparaji, 2023 WL 2155764, at *6, plaintiff instead chose to resubmit the same motion the Court previously found to be insufficient. Plaintiff offers no additional evidence to address a key question raised by his initial damages request: "how he knew the calls were from the defendant." Oparaji, 2022 WL 987560, at *14.

Plaintiff must establish that defendant or its agent initiated the offending calls: this is a fundamental element of a TCPA claim against defendant. See 47 C.F.R. § 64.1200(c) (prohibiting a person or entity from "initiat[ing]" telephone solicitation); Banks v. Pro Custom Solar, 416 F. Supp. 3d 171, 173 (E.D.N.Y. 2018) ("[F]or direct liability [under the TCPA], a plaintiff must allege that a defendant initiated an unlawful call in order to state a plausible claim."); Cunningham v. Channer, LLC, No. 17-CV-1305, 2018 WL 4620391, at *6 (W.D.N.Y. Sept. 26, 2018) (denying motion for default judgment on TCPA claim where "the Complaint does not allege that any

---

³ While the TCPA also provides for injunctive relief, 47 U.S.C. § 227(c)(5)(A), plaintiff only seeks damages in his supplemental affidavit.
⁴ While plaintiff describes the $27,500 figure as "[a]ctual damages," he provides no evidence that defendant's violations of the TCPA caused him actual monetary loss. Plaintiff's request, liberally construed, seeks statutory damages, as plaintiff calculated $27,500 by multiplying $500 by the alleged number of times defendant violated the TCPA by calling him (55 times). In other words, plaintiff seeks the maximum award of statutory damages he could receive under § 227(c)(5)(B).

4

Defendants made the calls in question" nor does it "adequately plead an agency relationship between any Defendant and the entity that called him"); Bell v. Surv. Sampling Int'l, LLC, No. 15-CV-1666, 2017 WL 1013294, at *6 (D. Conn. Mar. 15, 2017) (rejecting argument that plaintiff failed to plausibly allege the call at issue came from a number "associated" with defendant where plaintiff alleged the existence of "numerous other complaints" regarding defendant's use of that specific number); Simmons v. Charter Commc'ns, Inc., 222 F. Supp. 3d 121, 132 (D. Conn. 2016), aff'd, 686 F. App'x 48 (2d Cir. 2017) (granting summary judgment to defendant on section 227(c)(5) claim because plaintiff conceded that an entity other than the defendant "was responsible for physically placing each telephone call . . .").[5] As statutory damages under § 227(c)(5)(B) are a function of the number of defendant's violations of the TCPA regulations, plaintiff must establish it was defendant who initiated a given call in order for plaintiff to be entitled to statutory damages for that call under § 227(c)(5)(B).

Plaintiff's complaint describes two phone calls with defendant. First, plaintiff describes a call on December 1, 2020 with "Mr. Jorge Sanchez of Home Retention Corp. . . ." Compl. ¶ 13. Plaintiff does not state Mr. Sanchez's telephone number in his complaint or in the motion for a default judgment. However, plaintiff's phone records show six incoming calls on December 1,

---

[5] While several of these cases concern claims under § 227(b), the principle that plaintiff must connect defendant to the calls at issue holds true for claims under § 227(c) as well. Indeed, while not binding on the Court, several out-of-circuit cases squarely address § 227(c) claims on motions for default judgment. These courts have required plaintiffs to sufficiently demonstrate a link between the calls at issue and the defendant. See Horton v. Advantage One Brokers Corp., No. 22-CV-02474, 2023 WL 4188291, at *4 (N.D. Tex. June 5, 2023), report and recommendation adopted, 2023 WL 4188046 (N.D. Tex. June 26, 2023) (plaintiff's allegations that the offending calls "were made by, on behalf of, for the benefit of, with the knowledge and approval of the Defendant" does not provide a "factual basis" for finding defendant directly or vicariously liable for violating the TCPA); Heidorn v. BDD Mktg. & Mgmt. Co., LLC, No. 13-CV-00229, 2013 WL 6571629, at *15 (N.D. Cal. Aug. 19, 2013), report and recommendation adopted, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013) (requiring plaintiff to provide "some basis for concluding that the calls were from Defendant or an agent of Defendant"); Doyle v. JTT Funding, Inc., No. 18-CV-6145, 2019 WL 13037025, at *8 (C.D. Cal. Dec. 2, 2019) ("Although Plaintiff fails to provide any phone records or email evidence . . . the allegations in the Complaint . . . provide sufficient factual detail to demonstrate that the calls were conducted by or on behalf of defendant.").

2020, ECF No. 1 at 93,[6] all from a single telephone number ending in 7762. See Krady v. Eleven Salon Spa, No. 16-CV-5999, 2017 WL 6541443, at *5 (E.D.N.Y. July 28, 2017), report and recommendation adopted, 2017 WL 6542462 (E.D.N.Y. Dec. 21, 2017) (considering material annexed to plaintiff's complaint to establish the number of TCPA violations on a motion for default judgment). In light of plaintiff's *pro se* status and drawing all reasonable inferences in his favor, the Court finds that plaintiff has established that defendant used the number ending in 7762 as no other number called plaintiff's number on December 1, 2020.

Second, plaintiff alleges that, on April 27, 2021 at about 4:21 p.m., an individual named Liomar Crespo called him from a number ending in 6951, "identified herself to plaintiff as a secretary with [defendant] Home Retention Corp.[,]" and wanted to speak to plaintiff about refinancing his home loan. Compl. ¶ 16. The April 27, 2021 call is corroborated by plaintiff's phone records, which show an incoming call from the 6951 number at 4:22 p.m.[7] ECF No. 34-2 at 29. In total, plaintiff's phone records reflect ten calls from the number ending in 6951 in violation of the TCPA.[8]

To otherwise establish that defendant placed the calls at issue, plaintiff relies on his phone records, which show incoming calls from nine telephone numbers that plaintiff asserts are "Home Retention Corp's telephone numbers . . . used in calling plaintiff. . . ." ECF No. 34-1 ¶ 10(h). One of these is the 6951 number.[9] Plaintiff does not connect the other eight numbers to defendant.

---

[6] The phone records annexed to plaintiff's complaint date back to December 1, 2020, while the records annexed to his motion for default judgment date back to December 10, 2020.

[7] Plaintiff's phone records list all calls in Greenwich Mean Time (GMT).

[8] Specifically, plaintiff's phone records show two calls on January 27, 2021, one call on April 27, 2021, one call on May 19, 2021, two calls on May 21, 2021, two calls on May 24, 2021, and two calls on May 26, 2021. ECF No. 34-2 at 27, 29, 31-32. Except for the call on April 27, 2021, plaintiff does not allege the contents of these calls. However, when drawing all inferences in his favor as is required on a motion for a default judgment, plaintiff has provided sufficient evidence that defendant initiated these telephone solicitations to plaintiff's number.

[9] Without explanation, plaintiff does not list the 7762 number as one of the nine numbers he identifies as defendant's. ECF No. 34-1 ¶ 10(h).

Plaintiff does not describe calls from those telephone numbers, although he certainly could have, given that his phone records show that he answered several of the calls.[10] Nor does plaintiff state the specific dates and times of defendant's other calls in his affidavit. These omissions are all the more glaring because the Court afforded plaintiff an opportunity to supplement his damages request to provide this information. Inconsistencies in plaintiff's papers further undermine his claim: plaintiff's complaint identifies seven numbers allegedly used by defendant, compl. ¶ 21, but his default judgment motion identifies nine numbers. No. 34-1 ¶ 10(h). Plaintiff fails to establish defendant's connection to the calls from eight of the nine numbers he identifies. Therefore, the record does not establish plaintiff is entitled to statutory damages for calls from all the phone numbers he alleges to be defendant's.

In sum, plaintiff is not entitled to statutory damages for the fifty-five TCPA violations he alleges defendant committed. Liberally construed, plaintiff only establishes a basis for statutory damages against defendant for sixteen (16) calls that violated his rights under the TCPA.

Next, the Court must determine the amount of statutory damages to award for each violation. See 47 U.S.C. § 227(c)(5)(b) (providing the Court may award "**up to** $500 in damages for each such violation") (emphasis added). While "Congress has explicitly given courts discretion when awarding damages under § 227(c) for telephone solicitation violations," Echevvaria v. Diversified Consultants, Inc., No. 13-CV-4980, 2014 WL 929275, at *12 (S.D.N.Y. Feb. 28, 2014), report and recommendation adopted, 2014 WL 12783200 (S.D.N.Y. Apr. 22, 2014), the statute is silent as to what factors the Court should consider when exercising that discretion. Nor is there guidance from within this circuit: there are no cases calculating a statutory damages award

---

[10] For example, on January 13, 2021 plaintiff received a call from the number ending in 2859 that lasted approximately five minutes and on February 17, 2021 he received a call from the number ending in 4416 that lasted approximately two and a half minutes. ECF No. 34-2 at 26, 28.

solely under § 227(c)(5). Cases addressing violations of § 227(b), which governs the use of automated telephone equipment, are not helpful on this point, given that the baseline award of statutory damages for violations of § 227(b) is set at a flat $500 per violation. 47 U.S.C. §227(b)(3). The Court therefore considers out-of-circuit cases addressing damages under § 227(c)(5) which, while neither precedential nor plentiful, provide some guidance. Those courts have considered the purpose of the TCPA—which is to "prevent repeated unwanted telemarketing calls by punishing those telemarketers who fail to honor do-not-call requests"—and factors such as the "severity or minimal nature of the violation; whether there was actual damage to the victim; the extent of any intrusion into the victim's privacy; the relative financial burdens of the parties; whether there was a reasonable purpose for the violation; and whether there was any useful purpose to be served by imposing the statutory damages amount." Heidorn, 2013 WL 6571629, at *16 (N.D. Cal. Aug. 19, 2013) (quoting Charvat v. NMP, LLC, No. 09-CV-209, 2012 WL 4482945 (S.D. Ohio Sept. 27, 2012)).

Here, plaintiff alleges he was on the DNCR for years prior to defendant's violations and that he twice informed defendant that he was not interested in their services, but defendant continued to call. Compl. ¶¶ 13-14, 16, 18-19. Under these circumstances, plaintiff should be awarded $500 per violation for a total of $8000 (500 x 16) in baseline statutory damages.

Finally, the Court must determine whether an enhanced damage award is appropriate. The TCPA provides that if "defendant willfully or knowingly" violated the Act, "the court may, in its discretion" impose up to treble damages. 47 U.S.C. § 227(c)(5). "In order for a defendant's conduct to be 'willful' or 'knowing' for purposes of treble damages under the TCPA, courts in this Circuit have held that bad faith is not necessarily required; rather, it is enough for a defendant to act with knowledge that the conduct violates the law." Santiago v. Merriman River Assocs., LLC, No. 17-

8

CV-2054, 2018 WL 2465358, at *5 (D. Conn. June 1, 2018) (quotation and citation omitted) (collecting cases).

While plaintiff's presence on the DNCR suggests that defendant's conduct was knowing, Owens v. Starion Energy, Inc., No. 16-CV-01912, 2017 WL 2838075, at *7 (D. Conn. June 30, 2017), it is not sufficient to require an award of treble damages. If it were, then every violation of the do-not-call regulation, 47 C.F.R. § 64.1200(c)(2), for which a defendant is strictly liable would necessarily result in treble damages under § 227(c)(5). Indeed, the statute explicitly provides that enhanced damages are discretionary even if a violation is willful or knowing. 47 U.S.C. § 227(c)(5). Plaintiff also alleges he told defendant he was "not interested" in their offer to refinance or sell his property. Compl. ¶ 23. But plaintiff does not establish that defendant acted with knowledge that its conduct violated the law. Plaintiff does state that he told defendant to stop calling, nor does he demonstrate that defendant has previously been sued for violating the TCPA, nor that an $8000 award to plaintiff will be insufficient to deter defendant's future conduct. Under these circumstances, I find no basis to award plaintiff enhanced damages.

**II.   Costs**

In addition to statutory damages, plaintiff seeks $2405 for various costs associated with this litigation. Federal Rule of Civil Procedure 54 provides that "[c]osts—other than attorney's fees—should be allowed to the prevailing party to the extent permitted by law." Fed. R. Civ. P. 54(d)(1). The TCPA does not provide for an award of costs or attorney's fees. Klein v. Vision Lab Telecommunications, Inc., 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005). However, 28 U.S.C. § 1920 allows for the following items to be taxed as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

As the TCPA does not provide for cost shifting, the costs plaintiff "may recover are strictly limited to those listed in 28 U.S.C. § 1920. . . ." Fleming v. MaxMara USA, Inc., No. 06-CV-6357, 2010 WL 1629705, at *13 (E.D.N.Y. Apr. 21, 2010) (citation omitted). "The Court has no discretion to award costs not authorized by statute or contractual provision. But if costs are authorized, the determination of amounts is vested in the sound discretion of the district court." U.S. for Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp., 95 F.3d 153, 171 (2d Cir. 1996) (internal citation omitted).

Of the items plaintiff lists in his affidavit, plaintiff is only entitled to recover costs for service of process, the filing fee, and copying.[11] See Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 211–12 (E.D.N.Y. 2007) ("Pursuant to 28 U.S.C. § 1920 and Local Rule 54.1, taxable costs, such as filing and subpoena fees as well as monies expended for transcripts, printing, copying, and witnesses are shifted to the losing party."); Local Civil Rule 54.1(10) (providing that "the reasonable and actual fees of the . . . process server" are taxable). While plaintiff seeks to recover $595 for "Process Service with the NYS State Department" and $250 for "Local Process Service[,]" plaintiff's invoice attached to his supplemental damages request reflects $78 for service

---

[11] In addition to these costs, plaintiff seeks to recover of $750 for legal research, $185 for "Written Motions and Submissions," and $50 for postage. "Written Motions and Submissions" are not recoverable costs under § 1920. See Aptive Env't, LLC v. Vill. of E. Rockaway, New York, No. 19-CV-3365, 2022 WL 5434178, at *7 (E.D.N.Y. July 8, 2022), report and recommendation adopted, 2022 WL 4376618 (E.D.N.Y. Sept. 22, 2022) ("[L]egal research, postage, and mailing are not taxable. . . ."); Jeanty v. Cerminaro, No. 16-CV-966, 2021 WL 3856739, at *4 (N.D.N.Y. Aug. 30, 2021) ("[M]iscellaneous postage costs unrelated to service . . . do not fall into any of the categories of 'taxable costs' enumerated in 28 U.S.C. § 1920.").

on defendant.[12] ECF No. 44 at 41, 43. Therefore, plaintiff should be awarded $78 for service on defendant Home Retention Corp., and the Court takes judicial notice of the $402 filing fee. ECF No. 2. As plaintiff does not provide any support or explanation for his claimed copying costs of $173 (such as the number of pages he copied and the cost per page), the Court finds that a reduced award of $50 is reasonable based on the number of pages filed against this defendant. See U.S. for Use & Benefit of Evergreen Pipeline Const. Co., Inc., 95 F.3d at 173 (affirming district court's reduced award of photocopying costs where the prevailing party failed to "itemize those costs or explain why all those copies were necessary"). Plaintiff should therefore be awarded $530 ($78 + $402 + $50) in costs.

## CONCLUSION

For the reasons stated in this Report, plaintiff's supplemental request for damages should be granted in part and denied in part. Plaintiff should be awarded $8000 in statutory damages ($500 x 16 calls to plaintiff) against defendant for Home Retention Corp.'s violations of the TCPA and $530 in costs.[13]

---

[12] Costs associated with litigating this matter against the dismissed defendants should not be awarded. See Laboratorios Rivas, SRL v. Ugly & Beauty, Inc., No. 11-CV-5980, 2013 WL 5977440, at *18 (S.D.N.Y. Nov. 12, 2013), report and recommendation adopted, 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014) (reducing prevailing party's request because costs "derived largely from actions taken with respect to [other] defendants" should not be awarded).

[13] The Clerk of Court is respectfully directed to mail a copy of this Report to plaintiff and to defendant's last known service address: 1 Maiden Lane, 5th Floor, New York, NY, United States, 10038. ECF No. 44 at 45.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 26, 2023
　　　　Brooklyn, New York