```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
MAURICE OPARAJI,                                            :
                                                            :
                              Plaintiff,                    :
                                                            :         MEMORANDUM & ORDER
                -against-                                   :
                                                            :         21-cv-2758-ENV-LB
                                                            :
                                                            :
HOME RETENTION CORP.,                                       :
                                                            :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- x
```

VITALIANO, D.J.

On May 14, 2021, plaintiff Maurice Oparaji, proceeding *pro se*, filed the instant action alleging, *inter alia*,[1] violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq.*, arising from repeated solicitation calls made to his phone number by five defendants.[2] Compl., Dkt. 1, at 1–3. On February 22, 2023, the Court granted plaintiff's motion for a default judgment against HRC on his claim that HRC violated § 227(c)(5) of the TCPA, after which plaintiff, with leave, supplemented his request for statutory damages. *See* Default J. Order at 15; Pl.'s Damages Aff., Dkt. 44.

On September 26, 2023, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") recommending that plaintiff's request for damages be granted in part and denied in part. *See* R&R, Dkt. 48, at 1. On October 10, 2023, Oparaji filed timely objections to the R&R, seeking rejection of the R&R insofar as he requests additional damages beyond what

---

[1] Plaintiff also sought to bring claims for conspiracy, intentional and negligent misrepresentation, and willful misconduct, as well as claims under New York's General Business Law § 399. Compl., Dkt. 1, at 1. All of those causes of action were dismissed. Default J. Order, Dkt. 41.

[2] Upon their motion, the TCPA and state law claims against the other four defendants were dismissed, leaving only Home Retention Corporation ("HRC"). *See* Default J. Order at 15.

1

Magistrate Judge Bloom recommended the Court award. *See* Pl.'s Objs., Dkt. 49, at 9–10. For the following reasons, the R&R is adopted in its entirety as the opinion of the court.

## Background[3]

As against HRC, Oparaji alleged that he received numerous solicitation calls to his residential phone number, which was listed on the National Do-Not-Call Registry during the relevant period. Compl. ¶¶ 18–20, 22, 24–25. HRC failed to respond to plaintiff's complaint, and, in due course, this Court granted plaintiff's motion for default judgment on his § 227(c)(5) claim but found that he failed to support his claim for actual damages and insufficiently articulated the number of violations attributable to HRC to warrant a statutory damages award. Default J. Order at 14.

With solicitude, the Court granted plaintiff leave to supplement his request for damages, *see id.* at 15, which he did, *see* Pl.'s Damages Aff. Upon referral of the supplemented request for default judgment, Magistrate Judge Bloom issued a R&R recommending that plaintiff be: (1) awarded statutory damages for sixteen of the fifty-five calls for which he sought relief, totaling $8,000; (2) denied treble damages; and (3) awarded costs in the amount of $530, instead of plaintiff's requested $2,405. *See* R&R at 11. On October 10, 2023, Oparaji filed timely objections to the R&R, requesting the Court reject the portions of the R&R that reduced his claimed damages. *See* Pl.'s Objs. at 6.

## Legal Standard

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[3] The parties' familiarity with the factual and procedural history of this case is assumed and repeated here only to the extent relevant to this Order.

magistrate judge." 28 U.S.C. § 636(b)(1).  Where no party has objected to a magistrate judge's report and recommendation, clear error review applies.  *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Com. Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).  However, where a timely objection is made to any of the magistrate judge's findings or recommendations, the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Objections by *pro se* litigants "are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest'"; however, such objections must still "be specific and clearly aimed at particular findings in the magistrate judge's R&R, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *See Howell v. Port Chester Police Station*, No. 09 Civ. 1651 (CS) (LMS), 2010 WL 930981, a *1 (S.D.N.Y. Mar. 15, 2010) (first quoting *Milano v. Astrue*, No. 05-cv-6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008); and then quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010)).  Put simply, generalized, conclusory, or irrelevant objections that fail to raise new concerns are insufficient, even when filed by *pro se* litigants, and are therefore reviewed for clear error.  *See, e.g.*, *Hazen v. Perlman*, No. 05-cv-1262 (NAM) (RFT), 2008 WL 4186329, at *10 (N.D.N.Y Sept. 9, 2008).

<u>Discussion</u>

As far as the Court can discern, Oparaji lodges five objections to Magistrate Judge Bloom's R&R: (1) that Magistrate Judge Bloom did not award Oparaji statutory damages for each of the alleged fifty-five calls, Pl.'s Objs. at 7; (2) that, as part of her failure to do so, she did not in her analysis account for an email that linked an additional call from HRC to Oparaji, *id.* at 9–10; (3)

3

that she did not evaluate his claims under the New York Telephone Consumer Protection Act ("New York TCPA"), *id.* at 7; (4) that she did not recommend an award for treble damages, *id.*; and (5) that she did not recommend the Court award Oparaji's full request of alleged reimbursable costs, *id.* None of these objections warrants relief.

Boiled down, Oparaji simply disagrees with Magistrate Judge Bloom's legal conclusions. But no party is entitled to a second bite at the apple by simply restating in an objection to a R&R the very same argument made to the magistrate judge. *See Howell*, 2010 WL 930981, at *1 (quoting *Pinkney*, 2008 WL 2811816, at *1). When such objections are interposed, they are then reviewed only for clear error. *See, e.g.*, *Hazen*, 2008 WL 4186329, at *10. That is precisely what Oparaji attempts to do here. For example, in arguing that Magistrate Judge Bloom should award him treble damages and $2,405 in costs, Oparaji merely makes the same arguments that he made in his supplemental submission in support of a damages award. *Compare* Pl.'s Objs. at 10–12, *with* Pl.'s Damages Aff. at 3. Since this recommendation is free of any clear error, Oparaji's rehashed objection is dismissed.

Cut from a similar cloth, in the guise of an objection, Oparaji reasserts his claims under the New York TCPA.[4] *See* Pl.'s Objs. at 7. This claim, however, was not even before Magistrate Judge Bloom, since it was already dismissed.[5] *See* Default J. Order at 13. Oparaji's objection to a phantom ruling on a phantom claim is overruled on that ground. *See Howell*, 2010 WL 930981, at *1.

---

[4] To be sure, New York does not have a Telephone Consumer Protection Act, and so Oparaji's claims were construed under the closest analogue, New York's General Business Law § 399. *See* Dkt. 35, at 1.

[5] The sole surviving claim under consideration by Magistrate Judge Bloom on the question of damages was plaintiff's § 227(c)(5) claim.

4

Finally, Oparaji takes issue with Magistrate Judge Bloom's calculation that there were sixteen calls traceable to HRC for which he is entitled to damages. *See* Pl.'s Objs. at 7. His objection to that finding is almost entirely a rehash of the arguments he made to Magistrate Judge Bloom. However, stretching Oparaji's *pro se* objection as far as it can reasonably be understood, he makes the additional argument that Magistrate Judge Bloom overlooked an email from an agent of HRC, which indicates a call made to him on May 19, 2021. *See id.* But a review of the R&R reveals that Magistrate Judge Bloom did, in fact, incorporate the email into her analysis when she traced all phone calls using the number ending in -6951, including those occurring on May 19, 2021, to HRC. R&R at 6 n.8. What's more, Magistrate Judge Bloom's recommended statutory damages award includes fees for calls based on that email. *See id.* Upon *de novo* review of this objection as relates to the May 19, 2021 email, the Court finds no error in Judge Bloom's recommendation on this point. With respect to the balance of the objection, which is reviewed for clear error, the Court finds none. On these grounds, this objection is overruled.

Having thoroughly reviewed Magistrate Judge Bloom's R&R in accord with the standard of review applicable to each objection, the Court finds it to be correct, well-reasoned, and free of any error. As a result, in line with Magistrate Judge Bloom's recommendations, Oparaji is awarded $8,000 in statutory damages ($500 for each call) for sixteen calls made by HRC to Oparaji, and $530 in costs. R&R at 11.

Conclusion

For the reasons stated above, plaintiff's objections are dismissed, and the Court adopts Magistrate Judge Bloom's R&R in its entirety as the opinion of the Court.

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Memorandum & Order to plaintiff and note the date of the mailing on the docket, and close this case.

So Ordered.

Dated: Brooklyn, New York
May 10, 2024

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge